# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| **Daniel MARTINEZ-HERNANDEZ** | No.: |
| -PETITIONER, *PRO SE*, | Lower Agency Case No. A 216–644–998 |
| ALIEN No. 216 – 644 – 998 | *Petition for Review Under INA § 242* |

## PETITION FOR REVIEW UNDER INA § 242

Petitioner, Mr. Daniel Martinez-Hernandez is without the benefit of the assistance of counsel and is compelled to appear *Pro Se*, and hereby petitions this Court for judicial review of the decision entered by the Board of Immigration Appeals. Petitioner moves for a Petition for Review pursuant to INA § 242. *See also*, 8 U.S.C. § 1252.

Currently, Petitioner is physically detained under the full custody of the Department ("DHS/ICE") in the United States at Nevada Southern Detention Center located at 2190 East Mesquite Avenue, in Pahrump, Nevada, Zip Code 89060.

Here, Petitioner filed a timely notice of appeal to the Board ("BIA") and filed a separate written brief where the Board adopted the "IJ's" decision and dismissed the appeal. This timely Petition for Review follows.

Petitioner states and maintains that the decision of the Immigration Judge ("IJ") and Board of Immigration Appeals ("BIA") is incorrect and must be reversed, *inter alia*:

1

In this particular case, both the "IJ" and the "BIA" definitely failed to conduct a sufficient inquiry into Petitioner's mental health where there is an indicia of incompetency, and Petitioner did not have the safeguard of counsel. As such, the "IJ" and the "BIA" should have conducted a competency hearing to protect his Due Process rights. Interestingly, Petitioner points out that where there are "indicia of incompetency," the "IJ" and/or the "BIA" was required to investigate whether the Petitioner is competent for the purposes of immigration proceedings. *Matter of M-A-M-,* 25 I. & N. Dec. 474, 479-80 (BIA 2011). Relatedly, both the "IJ" and the "BIA" failed to investigate whether or not Petitioner suffered from mental incompetency, despite the obvious signs, and did not hold a competency hearing. The standard for mental incompetency "is a stringent one," under which "a person must show some inability to comprehend or to assist and participate in the proceedings, some inability to consult with or assist their counsel or their representative if *pro se,* and lack of a reasonable opportunity to present evidence and examine witnesses, including cross-examination of opposing witnesses." *Salgado,* 889 F.3d at 989; *Matter of M-A-M-,* 25 I. & N. Dec. at 474. Under this correct legal standard, this Court should grant this petitioner for review or, alternatively, remand the case back and order the "IJ" to hold a competency hearing to fully develop the record. Also, it is the "IJ's" obligation to build the record before him. *See Yang,* 277 F.3d at 162 ("[T]he IJ whose decision the Board reviews, unlike an Article III judge, is not merely the fact finder and adjudicator but also has an obligation to establish the record.").

Here, even under the forgiving substantial evidence standard, that evidence is too thin to support both the "IJ's" determination and the "BIA's" findings. This is a special case where Petitioner falls under the spectrum of a member of the *Franco-Gonzalez* class, *see Franco-Gonzalez v. Holder*, 2014 U.S. Dist. LEXIS 156812, 2014 WL 5475097 (C.D. Cal. 2014), and has a long history of mental illness. As such, this Court should grant this petition for review or remand the case back to the "IJ" with instructions to schedule a competency hearing to determine whether or not Petitioner suffers from auditory hallucinations, mental disorders, deficiencies, impairments or other psychiatric symptoms and to determine if he qualifies as a *Franco-Gonzales* class member.

This case also merits a remand as it would fully resolve the issues mentioned herein and it would benefit this Court. Further, develop the record for the Petitioner because at a competency hearing, the "IJ" can properly determine whether or not the Petitioner is truly incompetent where he cannot represent himself and order a qualified representative if found that Petitioner would have difficulties presenting evidence that is relevant to his case. *See Franco-Gonzalez v. Holder*. The scheduled competency hearing would determine whether Petitioner suffers from mental incompetency, including but not limited to, hallucinations, paranoia, disorganized thinking and behavior, depressed mood, anxious mood, insomnia, nervousness, cognitive issues, restlessness, mental defects, or mania, among other impairments. This Court should remand the case and order the "IJ" and/or the "BIA" to hold a competency inquiry, order a forensic evaluation

to assess competency, and ultimately find whether Petitioner is incompetent to represent himself, and whether the "IJ" and/or "BIA" should appoint a lawyer to represent him in removal proceedings. *Franco-Gonzalez v. Holder*, No. CV-10-0221 DMG (DTBx), 2014 U.S. Dist. LEXIS 156812, 2014 WL 5475097, at *1, 7-9 (C.D. Cal. Oct. 29, 2014) (requiring these procedures for class members, who are detainees "who have serious mental disorders or defects that may render them incompetent to represent themselves in immigration proceedings, and who presently lack counsel in their immigration proceedings"). This follows that Petitioner's mental issues and defects, *inter alia*, qualifies him as a class member under *Franco-Gonzales* and should be appointed an attorney to assist Petitioner during his removal proceedings.

Petitioner also contends that the "IJ's" and the "BIA's" failure to consider his cognitive impairment on the ground that it violates § 504 of the Rehabilitation Act, 29 U.S.C. § 794. The Petitioner establishes a § 504 claim, in part because he was not appointed counsel, and the "IJ" and the "BIA" in any event failed to consider his mental impairments, disorders or defects. As noted, Petitioner strongly showed symptoms that he has mental defects that render him incompetent.

Under § 504 of the Rehabilitation Act, "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or

activity conducted by any Executive agency. . . ." 29 U.S.C. § 794(a). In this present case, both the "IJ" and the "BIA" erroneously failed to properly inquire Petitioner's mental impairments, as required by law, and badly failed to address whether Petitioner is an affirmative member of the *Franco-Gonzalez* class action.

The elements of a § 504 claim are as follows: the Petitioner must show that "(1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance." *L. H. v. Mill Valley Sch. Dist.*, No. 15-CV-05751-HSG, 2016 U.S. Dist. LEXIS 74191, 2016 WL 3162174, at *3 (N.D. Cal. June 7, 2016) (cleaned up). "An organization that receives federal funds violates Section 504 if it denies a qualified individual with a disability a reasonable accommodation that the individual needs in order to enjoy meaningful access to the benefits of public services." *Franco-Gonzales v. Holder*, 767 F. Supp. 2d 1034, 1051 (C.D. Cal. 2010) (citing 28 C.F.R. § 35.130(b)(7)). Under this correct legal framework, this Court should overturn the "BIA's" decision or, in the alternative, remand the case back to the "IJ".

Petitioner contends, and this Court should hold that at minimum, the Petitioner does establish the third element of a § 504 claim: Petitioner was erroneously denied the fair opportunity to determine whether he qualifies for the benefits of the program solely by reason of his disability. This is a special case where Petitioner establishes this element because he had not been appointed an attorney and credibly testified that he

cannot read or write and that he never went to school. Petitioner also attested that he suffered several violent blows to the head which may have furthered his mental disability and caused further mental defects. Petitioner respectfully cites the authorities mentioned above. The agencies erred as a matter of law and discretion by failing to afford Petitioner with accommodations that comport with Due Process as Petitioner suffers from mental defects, cognitive impairments, disorders and disability.

Taken as a whole, both the "IJ" and "BIA" erroneously failed to properly consider Petitioner's cognitive impairments, mental disorder, defects and disability during the removal proceedings. As such, the "IJ" and the "BIA" both wrongfully denied relief and erroneously entered an order of removal. Relatedly, Petitioner statutorily falls directly under the Legal Framework of the *Franco-Gonzalez* class member and merits an appointed counsel because he is not competent to represent himself and does not understand the nature of the removal proceedings. At a most minimum, Petitioner merits a competency hearing to ensure his Due Process rights are protected. Here, the agencies erred as a matter of law and discretion by not protecting Petitioner's entitled Due Process rights and failed to comport with the Rehabilitation Act. Thus, this case presents pure questions of law, factual and legal issues, interpretation of law, application of law to fact, serious innovative constitutional interpretations, and violations of the Rehabilitation Act.

Petitioner respectfully prays for this Court to reasonably consider his mental incompetency issues. If the agencies took into consideration Petitioner's cognitive

impairments, it would have changed the outcome of the case. This follow that it is necessary for the agencies to hold a competency hearing to assess the level of safeguards needed to ensure due process throughout the immigration proceedings. It is important to point out that particularly, within the asylum context, this "BIA" has signaled that the Immigration Judge "should, as a safeguard, generally accept [the Peitioner's] fear of harm as subjectively genuine based on the applicant's perception of events" if there are competency issues affecting the reliability of the Petitioner's testimony. *Matter of J-R-R-A-*, 26 I. & N. Dec. 609-10 (BIA 2015).

Lastly, Petitioner suffers from memory loss, had difficulties comprehending the nature of his proceedings and showed indicia of incompetency. Petitioner did show some inability to comprehend and participate in the proceedings, and showed lack of a reasonable opportunity to present evidence and examine witnesses, including cross-examination of opposing witnesses. *See Salgado*, 889 F.3d at 989; *Matter of M-A-M-*, 25 I. & N. Dec. at 474. Petitioner received a mental health evaluation while detained at Canyon County Jail, in Caldwell, Idaho where he was diagnosed with several mental issues and can be verified with the Medical Department at Canyon County Jail.

/ / /

/ / /

/ / /

/ / /

This Ninth Circuit Court has jurisdiction to review the decision of the Immigration Judge ("IJ") and the Board of Immigration Appeals ("BIA") pursuant to INA § 242, 8 U.S.C. § 1252.

Further, venue in the Ninth Circuit Court is proper because the administrative proceedings before the Immigration Judge ("IJ") and the Board of Immigration Appeals ("BIA") took place within this judicial circuit. 8 U.S.C. § 1252(b)(2).

Here, Petitioner preserves the right to raise further issues, questions of law, constitutional interpretation claims, application of law, factual and legal issues, in his opening brief.

**Respectfully submitted on this 2nd day of May, 2024.**

**Executed in Pahrump, Nevada.**

_____
Daniel Martinez-Hernandez
Alien No. 216 – 644 – 998
Nevada Southern Detention Center
2190 East Mesquite Avenue
Pahrump, NV 89060

# CERTIFICATE OF SERVICE

PETITIONER: **DANIEL MARTINEZ-HERNANDEZ**

ALIEN No.: **216 – 644 – 998**

---

I, Daniel Martinez-Hernandez, hereby certify that on the date indicated below, I served the Assistant Chief Counsel for the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") for the Las Vegas, Nevada Local Office a true and complete copy of the foregoing documents by placing it in a pre-paid stamped envelope through the institutional internal legal system and mailing it as follows:

**Assistant Chief Counsel for DHS/ICE**
501 South Las Vegas Blvd.
Suite 200
Las Vegas, NV 89060


**Respectfully submitted,**

_/s/ D.M._                                                                          DATE: 05 / 02 / 2024
Daniel Martinez-Hernandez
Alien No. 216 – 644 – 998
Nevada Southern Detention Center
2190 East Mesquite Avenue
Pahrump, NV 89060



# USPS PRIORITY MAIL® FLAT RATE ENVELOPE

TRACKED ■ INSURED
ONE RATE ■ ANY WEIGHT

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP



EP14F October 2023
OD: 12 1/2 x 9 1/2

PRESS FIRMLY TO SEAL




PRIORITY MAIL
FLAT RATE
ENVELOPE



ZIP 89060
02 7W
0008031480 MAY 07 20

US POSTAGE from PITNEY BOWES
$ 009.8

This correspondence originated from a detention facility. The facility is not responsible for the contents herein.

FROM:

Daniel Martinez-Hernandez
Alien No. 216-644-9[?]
— N.S.D.C. —
2190 East Mesquite
Pahrump, NV 890[??]

TO:

U.S. Court of App
for the Ninth Cir
— Attn: Clerk's Office —
P.O. Box 193939
San Francisco, CA 94