

# U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*



*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

**MARTINEZ-HERNANDEZ, DANIEL SO**
**A 216644998**
**ICE CUSTUDY PAHRUMP**
**2190 E. MESQUITE AVE**
**PAHRUMP NV 89060**

**DHS/ICE Office of Chief Counsel - LVG**
**501 S. LAS VEGAS BLVD., SUITE 200**
**Las Vegas NV 89101**

**Name: MARTINEZ-HERNANDEZ, DANIE     A 216-644-998**

**Date of this Notice:     4/26/2024**

Enclosed is a copy of the Board's decision in the above-referenced case. If the attached decision orders that you be removed from the United States or affirms an Immigration Judge's decision ordering that you be removed, any petition for review of the attached decision must be filed with and received by the appropriate court of appeals within 30 days of the date of this decision.

Sincerely,

John Seiler
Acting Chief Clerk

Enclosure

Userteam: Docket

000001

**NOT FOR PUBLICATION**

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

MATTER OF:

Daniel Soloman MARTINEZ-HERNANDEZ, A216-644-998

Respondent

<div style="border:1px solid">

**FILED**

Apr 26, 2024

</div>

ON BEHALF OF RESPONDENT: Pro se

IN REMOVAL PROCEEDINGS
On Appeal from a Decision of the Immigration Court, Las Vegas, NV

Before: O'Connor, Appellate Immigration Judge

O'CONNOR, Appellate Immigration Judge

The respondent, a native and citizen of Guatemala, appeals from the decision of the Immigration Judge dated November 30, 2023, denying his application for cancellation of removal for certain nonpermanent residents pursuant to section 240A(b)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(b)(1), and his application for asylum and withholding of removal under sections 208(b)(1)(A) and 241(b)(3)(A) of the INA, 8 U.S.C. §§ 1158(b)(1)(A), 1231(b)(3)(A), and protection under the regulations implementing the Convention Against Torture ("CAT").[1] The appeal will be dismissed.

We review the findings of fact, including credibility, made by the Immigration Judge under the "clearly erroneous" standard. 8 C.F.R. § 1003.1(d)(3)(i). We review all other issues, including issues of law, discretion, or judgment, under the de novo standard. 8 C.F.R. § 1003.1(d)(3)(ii).

The respondent argues the Immigration Judge failed to conduct a sufficient inquiry into his mental competency; however, he is presumed competent, and because there were no indicia of incompetency in his proceedings, no further inquiry was required (Respondent's Br. at 38-43). *See Matter of M-A-M-*, 25 I&N Dec. 474, 477 (BIA 2011) ("Absent indicia of mental incompetency, an Immigration Judge is under no obligation to analyze a [respondent's] competency."). The respondent does not point to any examples of incompetency in the transcript, and upon review, the transcript does not demonstrate an "inability to understand and respond to questions, the inability to stay on topic, or a high level of distraction," or other indicia of incompetency. *Id.* at 479. While he testified that he never attended school and did not learn to read or write, this is insufficient to establish that he did not have "a rational and factual understanding of the nature and object of the removal proceedings," *id.*, and the ability "to perform additional functions necessary for self-representation" (Respondent's Br. at 41-42; Tr. at 24). *Franco-Gonzalez v. Holder*, No. CV-10-

---

[1] The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100–20, 1465 U.N.T.S. 85 (entered into force for United States Nov. 20, 1994). 8 C.F.R. §§ 1208.16(c)-1208.18.

A216-644-998

02211 DMG (DTBx), 2014 WL 5475097, at *6-7 (C.D. Cal Oct. 29, 2014); *Matter of J-S-S-*, 26 I&N Dec. 679, 681 (BIA 2015). To the extent he claims memory loss, "the mere inability to remember certain events and give certain testimony does not amount to mental incompetency." *Salgado v. Sessions*, 889 F.3d 982, 988 (9th Cir. 2018); *Matter of M-A-M-*, 25 I&N Dec. at 477. Additionally, he claims he "has a long history of mental illness," but does not cite to any record evidence to support this assertion, and neither his relief applications, his supporting letters, nor his testimony mention a history of mental illness (Exhs. 3-6; Respondent's Br. at 39, 43). He also claims he was diagnosed with several mental issues while detained, but he does not provide any documentation or details regarding what his diagnoses were (Respondent's Br. at 43).

On appeal, the respondent argues that he is not removable, but does not provide substantive arguments to contest his ground of removability (Respondent's Br. at 2, 22). The Immigration Judge did not err in finding him removable as charged pursuant to section 212(a)(6)(A)(i) of the INA, 8 U.S.C. § 1182(a)(6)(A)(i), because he is a noncitizen present in the United States without being admitted or paroled. He has admitted that he last entered the United States on November 5, 2002, and does not have legal status (IJ at 2; Tr. at 29; Exh. 3 at 1).

The Immigration Judge did not err in pretermitting the respondent's application for cancellation of removal. The respondent did not claim exceptional and extremely unusual hardship to a spouse, parent, or child who is a United States citizen or lawful permanent resident (IJ at 3). INA § 240A(b)(1)(D), 8 U.S.C. § 1229b(b)(1)(D). He is unmarried, there is no evidence that his parents have any legal status in the United States, and while three of his children are lawful permanent residents, they are over the age of 21 and no longer meet the definition of a "child" under section 101(b)(1)(B) of the INA, 8 U.S.C. § 1101(b)(1)(B) (IJ at 3; Tr. at 26, 30). Additionally, as a result of his conviction on August 17, 2023, for felony injury to a child, in violation of section 118-1501(1) of the Idaho Code, he spent at least 180 days confined to a penal institution, which rendered him unable to demonstrate good moral character for the requisite period (IJ at 2-3; Tr. at 49; Exh. 2 at 4-8). INA §§ 101(f)(7), 240A(b)(1)(B), 8 U.S.C. §§ 1101(f)(7), 1229b(b)(1)(B). The respondent's appeal does not meaningfully address these findings (Respondent's Br. at 7-15).

The Immigration Judge also found that the respondent is ineligible for asylum because he did not establish an exception to the one-year filing deadline (IJ at 3). Given that the respondent does not proffer appellate arguments to contest this finding, this issue has been waived. *See Matter of M-D-C-V-*, 28 I&N Dec. 18, 18 n.1 (BIA 2020) ("[B]ecause the respondent has not meaningfully challenged the Immigration Judge's denial, this issue is not properly before us.").

Additionally, the Immigration Judge did not err in finding the respondent's 2023 conviction for felony injury to a child is a particularly serious crime rendering him ineligible for withholding of removal under the INA and the CAT (IJ at 3-5). INA § 241(b)(3)(B)(ii), 8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R. 1208.16(d); *Mendoza-Garcia v. Garland*, 36 F.4th 989, 999 (9th Cir. 2022). The conviction records indicate that he sexually abused his girlfriend's daughter over a period of approximately nine years, from the age of 5 to 14 years old, and he was sentenced to a suspended term of between 2-9 years in prison, as well as 5 years of probation and ordered to pay $5,000 to the victim's family (Exh. 2 at 4-5, 9-12, 27-28); *Matter of N-A-M-*, 24 I&N Dec. 336,

2

A216-644-998

342 (BIA 2007) ("[W]e examine the nature of the conviction, the type of sentence imposed, and the circumstances and underlying facts of the conviction."), *overruled in part on other grounds by Blandino-Medina v. Holder*, 712 F.3d 1338, 1347–48 (9th Cir. 2013).

Regarding deferral of removal under the CAT, the respondent contests the Immigration Judge's finding that he did not meet his burden of proof (IJ at 7-9; Respondent's Br. at 36-38). *See* 8 C.F.R. §§ 1208.17, 1208.18(a). He testified that, while working for a bus company in Guatemala, he loaded suitcases of drugs for the Los Zetas cartel, but when he told them he did not want to cooperate anymore, the cartel threatened to kill him and his family (IJ at 5; Tr. at 32-35). During the last time he helped transport the drugs, he encountered the military; they questioned and beat him for 8 days because they wanted information on the drug traffickers (IJ at 6; Tr. at 35-38). Upon his release, four men from the cartel told him that because he lost some of the drugs, he owed them a great deal of money (IJ at 6; Tr. at 38-40). He fears that the Los Zetas cartel or the Mara Salvatrucha gang, which now controls the area around his hometown, will kill him (IJ at 6; Tr. at 40, 50). He also fears that his daughter's ex-partner, Jairo, who is a gang member, will kidnap him for ransom (IJ at 6-7; Tr. at 45-47, 49-50).

The Immigration Judge did not make any clearly erroneous factual findings, or errors of law, in determining the respondent did not establish it is more likely than not that he would be tortured in Guatemala. *See* 8 *Matter of R-A-F-,* 27 I&N Dec. 778, 779 (A.G. 2020) (discussing that the Board reviews the Immigration Judge's predictive finding of what is likely to happen in the future for clear error and whether what is likely to happen constitutes torture de novo). The respondent has not had any contact with the Los Zetas cartel for 21 years, but he heard from friends that members of the cartel joined the Jalisco New Generation Cartel ("CJNG"), which now controls the area around his hometown (IJ at 6; Tr. at 37, 39, 44). He testified that while some of these Los Zetas members may now be dead, their children may remember that he owes money, and the CJNG may want to collect (IJ at 7; Tr. at 40). Regarding the military, he testified that he does not know if they would still be interested in him given that 20 years have passed (IJ at 7, 9; Tr. at 50). While he fears torture by Jairo and the Mara Salvatrucha, he testified he has almost never spoken to Jairo, and he has not demonstrated that he any threat from either Jairo or the Mara Salvatrucha would involve acquiescence of the Guatemalan government (IJ at 8; Tr. at 51). Considering all relevant evidence, and all sources of future torture aggregately, the respondent has not demonstrated that it is more likely than not he will be tortured. *See Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1308 (9th Cir. 2015).

We need not reach the respondent's remaining arguments because the foregoing is dispositive of the appeal. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach"). Accordingly, the following order will be entered.

ORDER: The appeal is dismissed.

000004



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

| | |
|---|---|
| MARTINEZ-HERNANDEZ, DANIEL SOLOMAN<br>A216-644-998<br>IN ICE CUSTUDY PAHRUMP<br>2190 E. MESQUITE AVE<br>PAHRUMP, NV 89060 | **DHS/ICE Office of Chief Counsel - LVG**<br>**501 S. Las Vegas Blvd., Suite 200**<br>**Las Vegas, NV 89101** |

Name: MARTINEZ-HERNANDEZ, DA...          A 216-644-998

Type of Proceeding: Removal          Date of this notice: 4/9/2024

Type of Appeal: Case Appeal          Filed By: <u>Alien</u>
Appeal Filed Date: 12/20/2023

### NOTICE -- SIGNED ORAL DECISION

Enclosed for your records is a copy of the oral decision, which contains the signature of the Immigration Judge. Please be advised that the briefing due dates for both parties remain unchanged. If you are receiving this notice electronically, the signed oral decision is viewable online in the electronic record of proceedings.

### PLEASE NOTE

**WARNING**: If you indicated on the Notice of Appeal (Form EOIR-26) that you will file a brief or statement, you are expected to file a brief of statement in support of your appeal. If you fail to file the brief or statement within the time set for filing, the Board may summarily dismiss your appeal. See 8 C.F.R. § 1003.1(d)(2)(i)(E).

The Board generally does not grant more than one extension per party or per case, if detained. Therefore, if you have received an extension, you should assume that you will not be granted any further extensions.

<u>If you file your brief late</u>, you must file it along with a motion for consideration of your late-filed brief. There is no fee for such a motion. The motion must set forth in detail the reasons that prevented you from filing your brief on time. You should support the motion with affidavits, declarations, or other evidence. <u>Only one such motion will be considered by the Board.</u>

### FILING INSTRUCTIONS

Extension requests must be **RECEIVED** at the Board on or before the expiration of the initial briefing schedule. Requests for extension of briefing time <u>received after</u> expiration of the initial briefing period, <u>will not be granted</u>.

Unless you receive a Board Notice granting your extension request, your brief will remain due on the

date provided in the briefing schedule notice.

Extensions of briefing time are not favored and will only be granted for good cause. Requests filed on the same day as a brief is due are particularly disfavored and will only be granted in the most compelling circumstances. All extension requests must be in writing. Telephonic or fax requests will not be accepted.

A second briefing extension request will not be granted, except in extraordinary circumstances.

Proof of service on the opposing party at the above address is required for ALL submission to the Board of Immigration Appeals -- including correspondence, forms, briefs, motions, and other documents. If you are the Respondent or Applicant, the "Opposing Party" is the District Director for DHS at the address shown above. Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them. Any submission filed with the Board without a certificate of service on the opposing party will be rejected.

**FILING ADDRESS:**

Board of Immigration Appeals
Clerk's Office
5107 Leesburg Pike, Suite 2000
Falls Church, VA  22041

Business hours:  Monday through Friday, 8:00 a.m. to 4:30 p.m.

Use of an overnight courier service is strongly encouraged to ensure timely filing.

If you have any questions about how to file something at the Board, you should review the Board's Practice Manual, which can be found within the EOIR Policy Manual at www.justice.gov/eoir.

**Userteam:**



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

**MARTINEZ-HERNANDEZ, DANIEL SOLOMAN**
**A216-644-998**
**IN ICE CUSTUDY PAHRUMP**
**2190 E. MESQUITE AVE**
**PAHRUMP, NV 89060**

**DHS/ICE Office of Chief Counsel - LVG**
**501 S. Las Vegas Blvd., Suite 200**
**Las Vegas, NV 89101**

**Name: MARTINEZ-HERNANDEZ, DA...**

**A 216-644-998**

**Type of Proceeding: Removal**

**Date of this notice: 4/8/2024**

**Type of Appeal: Case Appeal**
**Appeal Filed Date: 12/20/2023**

**Filed By: Alien**

**NOTICE -- SIGNED ORAL DECISION**

Enclosed for your records is a copy of the oral decision, which contains the signature of the Immigration Judge. Please be advised that the briefing due dates for both parties remain unchanged. If you are receiving this notice electronically, the signed oral decision is viewable online in the electronic record of proceedings.

**PLEASE NOTE**

**WARNING**: If you indicated on the Notice of Appeal (Form EOIR-26) that you will file a brief or statement, you are expected to file a brief of statement in support of your appeal. If you fail to file the brief or statement within the time set for filing, the Board may summarily dismiss your appeal. See 8 C.F.R. § 1003.1(d)(2)(i)(E).

The Board generally does not grant more than one extension per party or per case, if detained. Therefore, if you have received an extension, you should assume that you will not be granted any further extensions.

If you file your brief late, you must file it along with a motion for consideration of your late-filed brief. There is no fee for such a motion. The motion must set forth in detail the reasons that prevented you from filing your brief on time. You should support the motion with affidavits, declarations, or other evidence. Only one such motion will be considered by the Board.

**FILING INSTRUCTIONS**

Extension requests must be **RECEIVED** at the Board on or before the expiration of the initial briefing schedule. Requests for extension of briefing time received after expiration of the initial briefing period, will not be granted.

Unless you receive a Board Notice granting your extension request, your brief will remain due on the

date provided in the briefing schedule notice.

Extensions of briefing time are not favored and will only be granted for good cause. Requests filed on the same day as a brief is due are particularly disfavored and will only be granted in the most compelling circumstances. All extension requests must be in writing. Telephonic or fax requests will not be accepted.

A second briefing extension request will not be granted, except in extraordinary circumstances.

Proof of service on the opposing party at the above address is required for ALL submission to the Board of Immigration Appeals -- including correspondence, forms, briefs, motions, and other documents. If you are the Respondent or Applicant, the "Opposing Party" is the District Director for DHS at the address shown above. Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them. Any submission filed with the Board without a certificate of service on the opposing party will be rejected.

**FILING ADDRESS:**

Board of Immigration Appeals
Clerk's Office
5107 Leesburg Pike, Suite 2000
Falls Church, VA  22041

Business hours:  Monday through Friday, 8:00 a.m. to 4:30 p.m.

Use of an overnight courier service is strongly encouraged to ensure timely filing.

If you have any questions about how to file something at the Board, you should review the Board's Practice Manual, which can be found within the EOIR Policy Manual at www.justice.gov/eoir.

**Userteam:**

DANIEL MARTINEZ-HERNANDEZ
Alien No. 216 – 644 – 998
Nevada Southern Detention Center
2190 East Mesquite Avenue
Pahrump, NV 89060

**DETAINED**

# UNITED STATES DEPARTMENT OF JUSTICE
# EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
# BOARD OF IMMIGRATION APPEALS
# FALLS CHURCH, VIRGINIA

In the Matter of:         )
                         )
                         )
**DANIEL MARTINEZ-HERNANDEZ**  )    **IN REMOVAL PROCEEDINGS**
                         )
-RESPONDENT, *PRO SE*       )
                         )
**FILE No. A 216 – 644 – 998**    )
                         )

# RESPONDENT'S *PRO SE* APPEAL BRIEF

In the Matter of:                )

)

**DANIEL MARTINEZ-HERNANDEZ**    )

)

-RESPONDENT, *PRO SE*          )

)

**FILE No. A 216 – 644 – 998**       )

)

**<u>DETAINED</u>**

**<u>IN REMOVAL PROCEEDINGS</u>**

**<u>CHARGE(S)</u>:**           Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") as amended in that you are an alien present in the United States without being admitted or paroled or who arrived in the United State at any time or place other than as designated by the Attorney General.

**<u>APPLICATIONS</u>:**     Cancellation of Removal for Certain Non-Permanent Residents Under INA Section 240A(b); Asylum Under Section 208 of the INA; Withholding of Removal Pursuant to Section 241(b)(3) of the INA, as amended; Deferral of Removal Pursuant to Section 8 C.F.R. Sections 208.17(a) & 1208.17(a); and Protection of Removal Under United Nations Pursuant to Article 3 of the Convention Against Torture ("CAT").

<div align="center">

**<u>RESPONDENT'S <em>PRO SE</em> APPEAL BRIEF</u>**

</div>

COMES NOW DANIEL MARTINEZ-HERNANDEZ, herein as the Respondent, appearing *Pro Se*, and timely files this present *Pro Se* Brief in support of his appeal to this Honorable Board of Immigration Appeals ("BIA") in Falls Church, Virginia and respectfully requests to overturn the decision made from the Honorable Immigration Judge ("IJ"), Glen R. Baker, and grant relief from removal or, in the alternative, remand the case back to the Immigration Court ("IC") to address all issues mentioned herein.

EOIR – 2 of 46

000010

# I.  STATEMENT OF THE CASE

*Pro Se* Respondent, Mr. DANIEL MARTINEZ-HERNANDEZ is a 56-year-old male who is a native and citizen of Guatemala. Respondent and his family live here in the United States. In this particular case, Respondent does not concede to removability and maintains that he is not removable. Respondent is physically detained in the United States at Nevada Southern Detention Center in Pahrump, Nevada. As noted, Respondent timely files this present brief.

The Department (herein referred to as "DHS/ICE") initiated removal proceedings under the authority of the "INA" by filing a Notice to Appear ("NTA") with the Immigration Court in Las Vegas, Nevada on or about August 29th, 2023. Respondent submitted an affirmative application, Form EOIR-42B; Cancellation of Removal for Certain Lawful Permanent Residents Under Section 240A(b) of the Immigration and Nationality Act (herein referred to as "INA").

Following that application, Respondent also submitted an affirmative application Form I-589; Asylum Under Section 208 of the INA; Withholding of Removal under Section 241(b)(3) of the INA, as amended; Deferral of Removal Under Section 8 C.F.R. Sections 208.17(a) and 1208.17(a); and Protection of Removal Under Article 3 of the Convention Against Torture (herein referred to as "CAT").

On October 17th, 2023 the "IJ" held a merits hearing. Here, it must be considered that during the proceedings, Respondent showed symptoms of incompetency. At the

2

A 216–644–998

merits hearing, the "IJ" denied all forms of relief and entered a final order of removal.

## II.    STATEMENT OF THE FACTS

Although Respondent does not concede to removability, Respondent meets all the requirements spelled out in the Immigration and Nationality Act ("INA") and is statutorily eligible for Cancellation of Removal under § 240A(a) of the "INA". Respondent also statutorily qualifies for Asylum Under Section 208 of the INA; Withholding of Removal under Section 241(b)(3) of the INA, as amended; Deferral of Removal Pursuant to Section 8 C.F.R. Sections 208.17(a) and 1208.17(a); and Protection of Removal Under Article 3 of the Convention Against Torture ("CAT").

It is important to point out, and this Board should agree, that Respondent's convictions do not categorically match the provisions of an "aggravated felony" as defined by the Act ("INA"). Respondent's position is that he is not removable and firmly contests removability. Given these relevant factors, Respondent respectfully requests for this Board to grant relief in the form of cancellation of removal, asylum, withholding of removal, deferral of removal or protection from Guatemala under "CAT".

## III.    STANDARD OF REVIEW

Interestingly, all doubts in construing the immigration laws are to be resolved *in favor* of the alien due to the potentially drastic consequences of deportation. [*INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987)] at 449; *Costello v. INS*, 376 U.S. 120, 128 (1964); *Barber v. Gonzales,* 347 U.S. 637, 642-43 (1954); *Fong Haw Tan v. Phelan*, 333

3                                           A 216–644–998

U.S. 6 (1948); *Delgadillo v. Charmichael*, 332 U.S. 388 (1947); *Pacheco v. INS*, 546 F.2d 448, 449 (1st Cir.1976); *Matter of Tiwari*, 19 I. & N. Dec. 875, 881 (BIA 1989). *Matter of Hou*, Int. Dec. 3178 (BIA 1992).

This Board has the reasonable power to review an Immigration Judge's ("IJ's") decision under the *de novo* standard. *Matter of Edwards*, Int. Dec. 3134 (BIA 1990). Review under the clear erroneous standard, discretion, judgment, and all other issues on appeal. 8 C.F.R. § 1003.1(d)(3)(i); 8 C.F.R. § 1003.1(d)(3)(ii). Questions of law may include the application of law to undisputed facts. *See Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1070, 206 L. Ed. 2d 271 (2020). Respondent moves to review the constitutional claims, "pure questions of law," and "issues of application of law to fact, where the facts are undisputed and not the subject of challenge." *Kamara v. Att'y Gen.*, 420 F.3d 202, 211 (3d Cir. 2005); *see also* 8 U.S.C. § 1252(a)(2)(D). Respondent also has competency issues and raises Due Process claims.

Respondent raises the issue of whether the "IJ" properly examined the "totality of the circumstance", including the demeanor, candor, and responsiveness of the witness, specifically the Respondent, the inherent plausibility of the Respondent's account, consistency between the written and oral statements from the Respondent, the internal consistency of each statement, and the consistency of statements with other evidence in the record, as well as all other relevant factors. Respondent also raises the issue of whether the "IJ" properly considered all the mitigating factors and any other evidence

A 216–644–998

000013

that was in Respondent's favor.

There are serious reasons to believe that the "IJ" may have totally overlooked or seriously mischaracterized the evidence, including but not limited to the testimonies given by Respondent and the evidence submitted by Respondent, or applied a legally erroneous standard. At a closer independent look at this case, it is clear that Respondent is not fully competent and did not completely understand the nature of the proceedings nor the dynamics of a hearing. In fact, many topics were not clear to the Immigration Court. *See generally*, Oral Decision of the Immigration Judge.

This is a clear indication that the "IJ's" findings may have been infected by mischaracterization or overlooking Respondent's strong showing of incompetency, mental disability, mental disorder, mental defect, and bias, prejudiced or even abused its discretion towards Respondent's removal proceedings. The "IJ" should not engage in "speculation" or "prejudgment" about Respondent's case nor about Respondent's mental health disability, mental disorder, impairments or defects. Under this framework, the Board should grant relief. Alternatively, the Board should remand the case back to the "IJ" for further review, fact finding and to fully resolve these issues on appeal, *inter alia*.

## IV. **INTRODUCTION**

Respondent, Mr. Daniel Martinez-Hernandez is a native and citizen of the country of Guatemala. Respondent has lived in the United States since 2002. Respondent was served with a Notice to Appear. Respondent sought relief in the form of Cancellation of

5                                    A 216–644–998

Removal, Asylum, Withholding of Removal, Deferral of Removal and Protection under the Convention Against Torture ("CAT"). The "IJ" held an individual hearing on the merits where the "IJ" denied all forms of relief and entered an order of removal. Respondent now files this timely appeal to this Honorable Board of Immigration Appeals ("BIA") in Falls Church, Virginia.

Respondent respectfully appeals the Immigration Judge's ("IJ's") decision in the denial of relief from removal because the Immigration Court ("IC") did not properly apply the legal burden of proof on the Department ("DHS/ICE"). The "IJ" erred in not holding a competency hearing where Respondent testified that he never went to school and does not read nor write. The "IJ" erred as a matter of law by failing to appropriately weigh out the factors in its entirety.

Respondent states that the "IJ" erred as a matter of law by not fully considering Respondent testimony was not deemed adverse and by failing to give it appropriate weight, the "IJ" erred as a matter of law by failing to properly take into consideration his mental health issues and did not properly apply the correct legal standard. In this present case, the "IJ" erroneously denied all forms of relief.

The sole issue raised on appeal is whether the "IJ" properly denied such relief as a matter of law and discretion. This case warrants a three-panel review on account of the need to establish a precedent construing the meaning of procedures and a need to review a decision made by the "IJ" that is not in conformity with applicable precedents.

6                                              A 216–644–998

## V.   **LEGAL ARGUMENT**

Respondent is statutorily eligible for Cancellation of Removal, Asylum, Withholding of Removal, Deferral of Removal, Protection under the Convention Against Torture, and Cancellation of Removal as he satisfies the requirements for the above-mentioned forms of relief. Here, the "IJ" erred in wrongfully denying relief without due process of law by failing to conduct a competency hearing. The factual circumstances here fall in favor of the Respondent. Thus, this BIA should overturn the "IJ's" decision or, in the alternative, remand the case back to the "IJ" for further fact finding.

### 1. **CANCELLATION OF REMOVAL**

Generally, immigrants such as Respondent qualify for cancellation of removal if they satisfy four eligibility requirements: The Attorney General may cancel removal of, and adjust to the status of a noncitizen lawfully admitted for permanent residence, a noncitizen who is inadmissible or deportable from the United States if the noncitizen (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application; (B) has been a person of good moral character during such period; (C) has not been convicted of an offense under 8 U.S.C.S. §§ 1182(a)(2), 1227(a)(2), or § 1227(a)(3), subject to paragraph (5); and (D) establishes that removal would result in exceptional and extremely unusual hardship to the noncitizen's spouse, parent, or child, who is a citizen of the United States or an applicant lawfully admitted for permanent residence. 8 U.S.C.S. § 1229b(b)(1). Under

A 216–644–998

EOIR – 8 of 46

this legal framework, Respondent statutorily qualifies to seek relief from removal in the form of cancellation of removal.

### A. Respondent Has Been Physically Present in the United States for a Continuous Period of 10 Years or More.

It is undisputed that Respondent has lived in the United State since 2002, therefore it is clear that he has been physically present in the United State for a continuous period of more than ten ("10") years. Respondent submitted documents establishing this requirement. The record reflects this standard is statutorily met.

### B. Respondent Has Been a Person of Good Moral Character

To be eligible for cancellation of removal, Respondent must possess good moral character. Respondent unquestionably meets this category. The Department undermined Respondent's good nature and age restrictions. The issues of whether or not Respondent was incompetent were never addressed. Yet, "IJ" did not find any adversaries in Respondent's testimony. However, the "IJ" erred as a matter of law by failing to provide appropriate weight and misapplied the standard of law in determining "good-moral-character".

Interestingly, eight specific classes of immigrants automatically lack good moral character for 8 U.S.C.S. § 1229(b), cancellation of removal, including those who are habitual drunkards, those who receive their main income from illegal gambling activities, those who have lied under oath to obtain immigration-related benefits, and those who have "aggravated felony" convictions. 8 U.S.C.S. § 1101(f). In this case,

8                                            A 216–644–998

000017

Respondent has not been convicted of an "aggravated felony". Even if this Board agrees with the "IJ" regarding Respondent's convictions, the "IJ" failed to address whether or not the categorical rule should be employed and failed to determine whether or not to apply the modified categorical approach. Thus, the "IJ" erred in denying cancellation of removal based on Respondent's convictions alone.

Also, apart from these specific categories of per se ineligible immigrants, a catch-all clause adds that immigrants might lack good moral character for other reasons: The fact that any person is not within any of the foregoing classes shall not preclude a finding that for other reasons such person is or was not of good moral character. *See generally,* 8 U.S.C.S. § 1101(f). Here, under the factual circumstances, Respondent is a person of good moral character. Respondent asks this Board ("BIA") to review this standard and find that Respondent satisfies 8 U.S.C.S. § 1101(f).

Nothing in the text of 8 U.S.C.S. § 1229(b) gives the Attorney General the discretion to decide whether an immigrant has good moral character for purposes of cancellation of removal. The Attorney General does not have discretion to decide whether an immigrant falls into one of the eight specific categories of immigrants who automatically lack good moral character. 8 U.S.C.S. § 1101(f)(1)-(9).

This Board of Immigration Appeals has long applied a fact-specific test to decide whether an immigrant has good moral character. This test asks whether an immigrant has lived up to the standards of the average citizen in the community based on all of the

A 216–644–998

000018

immigrant's characteristics. 8 C.F.R. § 316.10(a)(2). The initial decisionmaker, is typically better suited to answer a mixed question like this one that turns on the totality of the circumstances. Yet, the categorical approaches were not addressed.

In applying the categorical approach, the Court is not to examine "the factors of the particular case", but instead must determine "whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony". *Roman-Suaste v. Holder*, 766 F.3d 1035, 1038 (9th Cir. 2014) (citation and internal quotation marks omitted). Without addressing the categorical rule claims, it is unclear whether Respondent's offenses categorically match as an "aggravating felony" under the generic federal definition.

Moreover, under the "modified" categorical approach, however, in cases involving a guilty plea, the "IJ" may consider only the "statutory definition, charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Evanson v. Atty. Gen. of U.S.*, 550 F.3d 284, 290 (3d Cir. 2008) (quoting *Shepard v. United States*, 544 U.S. 13, 16, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005)). However, the "IJ" erred as a matter of law by failing to determine whether the categorical approach or its "variant" would benefit the Respondent for purposes of cancellation of removal. These issue was never addressed by the "IJ" where it has a duty to fully develop the record.

Even more, in determining Respondent's arrests, charges and convictions, the "IJ"

10                                    A 216–644–998

erroneously failed to compare the offenses to that of an "aggravated felony" under the

generic federal definition. If the "IJ" held that the offenses bars cancellation of removal,

then the "IJ" should have, at a minimum, determined whether the categorical rule should

be employed. *See Moncrieffe v. Holder*, 569 U.S. 184, 190-91 (2013). If Respondent

would have benefited from the categorical rule, it would have changed the outcome of

the case. Given the it was not addressed, this Board should grant this appeal or, in the

alternative, remand the case back to the "IJ" with instructions to resolve the issues

herein. As noted, the "IJ" should have decided if adopting the categorical rule or its

"variant" categorical approach would be proper in this case. But, because the "IJ"

definitely failed do so, the mitigating factors were not properly weighed against the

adverse factors. The upshot is that this resulted in an adverse discretion finding by the

"IJ". Thus, this Board should overturn the "IJ's" decision or remand this present case

back to the "IJ" to address these issues, *inter alia*.

Even if the Board considered these arrests, charges and convictions, the "IJ"

erroneously failed to determine whether the categorical rule or its "variant" should be

employed. If the categorical rule or the "modified" categorical rule were to be applied, it

may have resulted in a different outcome. As a result, this Board should overturn the

"IJ's" decision and remand the case back to the Immigration Judge.

Equally important, the Ninth Circuit has recognized that a noncitizen's prior bad

acts may not demonstrate a propensity for future dangerousness, particularly where there

is evidence showing that the impetus for prior offenses has ceased. *See Singh*, 638 F.3d at 1205. But, because the "IJ" strictly focused on Respondent's previous convictions and totally overlooked favorable mitigating factors, including competency issues, the Board should grant this appeal.

Further, the Attorney General has instructed the Board of Immigration Appeals to adhere to a legal presumption that an immigrant lacks good moral character if the immigrant has two or more drinking-and-driving convictions in the relevant time period. Here, the Respondent does not have two or more drinking-and-driving convictions, and thus satisfies this requirement. Thus, Respondent asks this Board to review the argument that the "IJ" wrongly held that he lacked good moral character because his negative attributes outweighed his positive attributes. Turning to Respondent's criminal history, it is clear that his arrests and convictions do not categorically match as a crime involving moral turpitude ("CIMT") nor does it constitute as "aggravated felony" convictions. Even if this was taken into consideration, it is still unclear whether the categorical approach or its "variant" would benefit Respondent. That question of law remains definitively unanswered.

Respondent contends the identity of the prior convictions isn't an element of the crime under the generic federal definition. Additionally, the Department's sole basis for charging Respondent with removability is under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"). Equally important, the Department has not

12                                                  A 216–644–998

000021

filed any further charges against Respondent. Therefore, Respondent's convictions can't be used to determine that he is ineligible for relief when his only charge is "that [he is] an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General". *See* I-213. (quoting INA § 212(a)(6)(A)(i)). Here, the "IJ" failed to reasonably apply the good-moral-character standard to those undisputed facts. Respondent questions the "IJ's" findings of fact and respectfully asks to decide whether the "IJ" erred in determining that Respondent's convictions failed as a matter of law to satisfy the good-moral-character standard.

That said, the "IJ" improperly concluded that Respondent's convictions showed his lack of "good moral character." However, the categorical rule and its variant were not determined whether it applies and were not addressed. Under this basis, this Board should overturn the "IJ" decision or, in the alternative, remand the case back to the "IJ" with instructions to resolve the categorical rules issues and to address whether the appropriate standard of law was applied, among other issues on appeal. On remand, the Board should require the "IJ" to fully discuss each issue, including competency issues.

Given that Respondent may suffer from incompetency, the "IJ" erred as a matter of law by failing to apply the correct legal standard because the "IJ" did not expressly cite and did not expressly applied the relevant caselaw in rendering its decision." *See Mendez-Castro*, 552 F.3d at 980. In this case, there appears to be an indication that

13                                        A 216–644–998

something is amiss, and because the "IJ" may have misstated the record and failed to mention highly probative or potentially dispositive evidence, the use of a "catchall phrase" to the contrary should not be credited. *Cole*, 659 F.3d at 771-72.

In this particular case, the "IJ" erred as a matter of law by failing to ignore Respondent's testimony, demeanor, candor, responsiveness, mental health issues, history of mental complications, and conduct prior to and subsequent to the purported admission, and it failed to provide a reasoned explanation for discounting the entire record. *See Tamang v. Holder*, 598 F.3d 1083, 1093 (9th Cir. 2010) ("[A]n IJ cannot selectively examine evidence . . . but rather must present a reasoned analysis of the evidence as a whole . . . ."); *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009) (internal quotation marks omitted) ("[P]assing and incomplete mention of [Respondent's] explanations for the discrepancies . . . does not satisfy our precedential requirement that in order to ensure a fair hearing, the BIA not only identify specific inconsistencies, but also address in a reasoned manner the explanations that [Respondent] offers for these perceived inconsistencies.").

Even though Respondent testified that he did not go to school, cannot read or write and showed signs of having competency issues, it was never determined whether or not a competency hearing would benefit the Court. When Respondent was cross-examined, many of his responses, if not all, were unclear as if he did not fully understand the questions. Thus, there may appear to be judicial misconduct,

14                                        A 216–644–998

000023

mischaracterization of Respondent's demeanor, candor, responsiveness, signs of distraction, randomly ranting, overlooking competency issues, or prejudice toward Respondent that would call into question the fundamental fairness of his proceedings.

Moreover, many issues in question were not clear to the Immigration Court. *See generally*, Oral Decision of the Immigration Judge. Therefore, the "IJ's" decision cannot stand. Thus, this Board should remand the case back to the "IJ" with instructions to apply the proper legal standard and fully resolve all the issues mentioned herein.

### i. The Immigration Judge Erred in Failing to Meaningfully Consider All of the Evidence Submitted by Respondent Including Competency Issues

The "IJ" was also statutorily and constitutionally required to meaningfully consider the totality of Respondent's relevant evidence that was in his favor, including whether Respondent is incompetent. As mentioned above, the "IJ" erred as a matter of law by overlooking the majority of Respondent's evidence, testimony, his demeanor, candor, responsiveness, and his mental health. The Fifth Amendment guarantees all noncitizens, such as Respondent, due process in removal proceedings, including "a full and fair hearing." *Oshodi v. Holder*, 729 F.3d 883, 889 (9th Cir. 2013) (en banc). Respondent's mental health should have been addressed by the "IJ", but failed to do so. This has caused Respondent to suffer from "a full and fair hearing" which violates Due Process. Because this case presents issues of mischaracterizing or overlooking Respondent's mental health, bias, prejudice, abuse of discretion and judicial conduct that calls to question the fundamental fairness of Respondent's proceedings, this Board

A 216–644–998

should overturn the "IJ's" findings and grant relief from removal.

Moreover, it should be respectfully noted that "A vital hallmark of a full and fair hearing is the opportunity to present evidence and testimony on one's behalf." *Id*. "Where potentially dispositive testimony and documentary evidence is submitted, the BIA must give reasoned consideration to that evidence". *Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011). "[W]here there is any indication that the BIA did not consider all the evidence before it, a catchall phrase does not suffice, and the decision cannot stand." *Id*. at 771-772. The same reasoning holds true for the Immigration Court and the Board.

As a result, the Respondent may have been prejudiced in such a way that, but for the "IJ's" behavior and alleged due process violations, there would have been a different outcome. This is a special case where there exists an indication that the "IJ" erred as a matter of law and discretion by failing to fully consider all the evidence before it, including Respondent's demeanor, candor, competency issues, mental history, and did not properly familiarize herself with the record in its entirety. By failing to consider the probative evidence submitted, the "IJ" failed to give reasoned consideration to Respondent's favorable evidence, in violation of his statutory and constitutional rights. As such, the "IJ's" decision cannot stand. *See Cole*, F.3d at 771-72. This Board should grant this appeal and overturn the "IJ's" decision or, alternatively, remand this case.

It is important to point out that the risk of error is heavily great where the Department ("DHS/ICE") is represented by trained and qualified attorneys and detained

noncitizens, as it is in this present case, are often unrepresented. *See Santosky v. Kramer*, 455 U.S. 745, 763 (1982) (requiring clear and convincing evidence at parental termination proceedings because "numerous factors combine to magnify the risk of erroneous factfinding" including that "parents subject to termination proceedings are often poor, uneducated, or members of minority groups" and "[t]he State's attorney usually will be expert on the issues contested").

Moreover, Respondent is incarcerated in prison-like conditions that severely hamper his ability to obtain legal assistance, gather evidence, and prepare for his hearing. *See, infra*. Under these conditions, Respondent was not given adequate time to submit corroborative evidence, relevant documents and did not know how to present them. Equally important, Respondent cannot read or write, did not have the luxury of going to school and this case presents competency issues.

In this case, the "IJ" erroneously overlooked the adverse mental health complications of Respondent and did not hold a competency hearing. Thus the "IJ" failed to properly apply the correct legal standard in determining cancellation of removal. If the legal standard, including the categorical rule, was applied properly, and if a competency hearing was conducted, the outcome may have been different.

As noted above, it appears as if the "IJ" may have abused its broad discretion it failed to provide a reasoned explanation for discounting the entire record. *See Tamang v. Holder*, 598 F.3d 1083, 1093 (9th Cir. 2010) ("[A]n IJ cannot selectively examine

A 216–644–998

EOIR – 18 of 46

evidence . . . but rather must present a reasoned analysis of the evidence as a whole . . . ."); *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009) (internal quotation marks omitted) ("[P]assing and incomplete mention of [Respondent's] explanations for the discrepancies . . . does not satisfy our precedential requirement that in order to ensure a fair hearing, the BIA not only identify specific inconsistencies, but also address in a reasoned manner the explanations that [Respondent] offers for these perceived inconsistencies.").

The "IJ" erred as a matter of law and discretion by failing to properly address Respondent's symptoms of incompetency and impairments that he showed as he ranted off when questioned and failed to be clear in his responses. Respondent's mental health is in question. The "IJ" further erred by failing to determine and failing to address Respondent's mental health history, among other mental issues. These issues must be addressed in determining cancellation of removal. Taken as a whole, it resulted in the decision of denying relief for cancellation of removal. That restrictive decision runs counter to the "IJ's" obligation to build the record before him. *See Yang*, 277 F.3d at 162 ("[T]he IJ whose decision the Board reviews, unlike an Article III judge, is not merely the fact finder and adjudicator but also has an obligation to establish the record."). The "IJ" overlooked Respondent's responses. *See audio recordings*. Therefore, the "IJ" may have abused its discretion by failing to account Respondent's mental health issues. As such, under the legal standard, the "IJ" erroneously denied Respondent's application for

18                                           A 216–644–998

000027

cancellation of removal and wrongfully ordered his removal to Guatemala.

And because the "IJ" failed to conclude its findings under "the totality of the evidence,", failed to explicitly note the favorable factors, compelling facts, including but not limited to his mental health issues, that restrictive decision runs counter to the IJ's obligation to build the record before him. *See Yang*, 277 F.3d at 162 ("[T]he IJ whose decision the Board reviews, unlike an Article III judge, is not merely the fact finder and adjudicator but also has an obligation to establish the record."). As such, this Board should hold that the "IJ" did not apply the correct legal standard in this case.

In light of this, Respondent's proceedings may have been prejudiced in such a way that but for the "IJ's" behavior and due process violations, there would have been a different outcome. Under the factual circumstances, the "IJ's" decision may have been arbitrary, capricious, an abuse of discretion, against the weight of evidence, and a denial of due process and fundamental fairness because it failed to consider all relevant factors.

Respondent contends that the Immigration Judge "totally overlooked" or "seriously mischaracterized" evidence, *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009), or applied "a legally erroneous standard," *Xiao Ji Chen v. U.S. Dept. of Just.*, 471 F.3d 315, 329 (2d Cir. 2006), and failed to properly consider Respondent's mental health issues. Under these factual circumstances, this Board should conclude that the "IJ" abused its discretion in denying Respondent's requested relief for cancellation of removal. Thus, the BIA should review to identify whether judicial misconduct or

000028

prejudice toward Respondent occurred that would call into question the fundamental fairness of his proceedings.

## 2. ASYLUM

### A. Respondent is Eligible for and Deserving of Asylum

Section 208 of the Immigration and Nationality Act ("INA") authorizes the Attorney General (or her designate) to grant asylum, in the exercise of discretion, to applicants who establish that they meet the definition of refugee.

Generally, to establish eligibility as a refugee, applicants must, in turn, demonstrate that they possess a well-founded fear of persecution on account of their race, religion, nationality, political opinion, or membership in a particular social group. INA 101(a)(42). Applicants, such as the Respondent, can demonstrate that they are refugees by showing either that they were persecuted in the past or that they possess a "well-founded" fear of persecution in the future. *Id.*

In this particular case, the Respondent possesses a "well-founded" fear of future persecution, irreparable harm, torture and even death on account of statutorily enumerated grounds. The threshold for demonstrating any "well-founded" fear is relatively low, even a ten percent ("10%") chance of persecution may establish a "well-founded" fear. *Al-harbi v. INA*, 242 F.3d 882, 888 (9th Cir. 2001). The fear prong was satisfied through Respondent's credible testimony that he was tortured by Guatemalan government officials, as it categorically matches 8 C.F.R. § 1208.13(b)(2)(i)(A-C).

A 216–644–998

EOIR – 21 of 46

000029

As noted, asylum is available to an applicant who demonstrates that he is a "refugee." 8 U.S.C. § 1158(b)(1). A "refugee" is defined as someone "who is unable or unwilling to return to the country of origin 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Melkonian v. Ashcroft*, 320 F.3d 1061, 1064 (9th Cir. 2003) (quoting 8 U.S.C. § 1101(a)(42)(A)).

Respondent certainly would be unable to find any work. This in itself is extreme hardship. *See e.g., Carrette-Michel v. INS*, 749 F.2d 490 (8th Cir. 1984) (economic hardship may be sufficient where there is complete inability to work). In addition, new evidence has arisen that must be considered in deciding whether Respondent faces an extreme hardship if returned to Guatemala.

Given that he would suffer economic hardship, it would rise to the level of exceptional or extremely unusual hardship. *See Matter of Andazola; see also, Matter of Monreal*. Although the Board in *Matter of Andazola* and *Matter of Monreal* described the elements and factors necessary to establish exceptional and extremely unusual, the "IJ" erred as a matter of law and discretion by failing to properly apply the elements and factors.

Respondent respectfully requests this Board to consider all relevant factors bearing extreme hardship. *See Turri v. INS*, 997 F.2d 1306 (10th Cir. 1993); *See Bu Roe v. INS*, 771 F.2d 1328 (9th Cir. 1985); *See Luciano-Vincente v. INS*, 786 F.2d 706 (5th

21                                            A 216–644–998

000030

Cir. 1986). As such, Respondent does not agree that he is removable and does not concede to removability.

Again, Respondent contends that the "IJ" ignored, overlooked and obscured both the Respondent's testimony and conduct prior to and subsequent to the purported admission, and it failed to provide a reasoned explanation for discounting the entire record. *See Tamang v. Holder*, 598 F.3d 1083, 1093 (9th Cir. 2010) ("[A]n IJ cannot selectively examine evidence . . . but rather must present a reasoned analysis of the evidence as a whole . . . ."); *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009) (internal quotation marks omitted) ("[P]assing and incomplete mention of [Respondent's] explanations for the discrepancies . . . does not satisfy our precedential requirement that in order to ensure a fair hearing, the BIA not only identify specific inconsistencies, but also address in a reasoned manner the explanations that [Respondent] offers for these perceived inconsistencies.").

Moreover, "The source of the persecution must be the government or forces that the government is unwilling or unable to control." *Canales-Vargas v. Gonzales*, 441 F.3d 739, 743 (9th Cir. 2006). Given the underlying fact that the Guatemalan gangs, Cartels are strong forces that the Guatemala Government is unable to control, Respondent's "well-founded" fear and source of persecution constitutes asylum.

Respondent relies on the fact that the term "well-founded" is not defined by the Act. The BIA has adopted the standard originally formulated by the Fifth Circuit, where

A 216–644–998

EOIR – 23 of 46

000031

an applicant establishes an objective well-founded fear if he shows that a reasonable person in his circumstances would fear persecution. *Matter of Mogharrabi*, 19 I. & N. Dec. 439, 445 (BIA 1987). This fear can be shown through credible testimony alone. *See* 8 C.F.R. § 208(13)(a); *Matter of Mogharrabi*, 19 I. & N. Dec. at 441. Because fear is a subjective state of mind, this showing will involve the applicant's subjective mental state. The BIA has cited the Ninth Circuit statement that "[t]he subjective component requires a showing that the alien's fear is genuine." *Id*. at 444.

In addition, new material facts has arisen which substantiates Respondent's previous request for Asylum. However, new evidence now establishes that Respondent's fear of future persecution is "well-founded". If nothing else, the new evidence and facts proves that Respondent would suffer extreme hardship, economic harm, threats, persecution, torture and death if forced back to Guatemala.

### i.    Protected Grounds

First, Respondent fears persecution, irreparable harm, torture and death resulting from his political opinion as he opposes their political views. It is well-commonly know that the criminal organization groups in the country of Guatemala are heavily involved in politics and have greatly influenced many politicians through bribery or threats, among other means.

It is important to point out that all those who go against and have gone against the these criminal enterprises or are perceived as an opposition have been persecuted,

23                                    A 216–644–998

tortured and have ended up dead just to prove their presence.

In fact, even if Respondent has no political opinion, he can be targeted simply by someone perceiving that he possesses certain political views or even perceived political neutrality, based on the people that he spends time with. Under these relevant factors, it reveals that Respondent is susceptible to persecution, irreparable harm, kidnapping, torture and even death. Second, Respondent fears persecution, irreparable harm, torture and death on account of his purported social group, perceived political views or neutrality and would be subject to persecution, serious harm, torture, or death by forces that the government is unwilling or unable to control. Respondent has suffered past persecution and torture in Guatemala.

Respondent now turns to whether the future persecution, serious harm and torture will be committed by the government, or by forces that the government is unable or unwilling to control. *Kaur*, 986 F.3d at 1221. The Respondent respectfully notes that he provided his testimony that the source of the future persecution, serious harm, torture and death is at the hands of non-government entities or a government-sponsored entity and the Guatemalan Government itself. But the "IJ" failed to fully and properly address the question of whether the government was either "unable or unwilling to control" these entities, and Respondent contends that this prong of the future-persecution analysis has not yet been resolved.

Again, to prevail on an asylum claim, the Respondent must also demonstrate that

EOIR – 25 of 46

the persecution was "on account of" a statutorily protected ground. *Parussimova v. Mukasey*, 555 F.3d 734, 739 (9th Cir. 2009). Respondent argues that he will be threatened, kidnapped, attacked and tortured for his perceived political opinion or political neutrality. As mentioned above, Respondent respectfully request for this Board to clarify and hold that these questions must be addressed. Thus, this Board should remand this case back to the "IJ".

If the Respondent is able, on remand, to demonstrate that he suffered past persecution on account of a statutorily protected ground at the hands of individuals whom the government was unable or unwilling to control, then the showing would "give[] rise to a presumption of a well-founded fear of future persecution and shift[] the evidentiary burden to the government to rebut that presumption." *See Canales-Vargas*, 441 F.3d at 743 (citation omitted). As such, this Board should overturn the "IJ's" decision or remand this case back to the Immigration Court with instructions to address and resolve these issues.

The Department ("DHS/ICE") would be required to show that there has been a "fundamental change in circumstances" concerning Respondent's well-founded fear of future persecution or that he could "avoid future persecution by relocating to another part of [Guatemala], and under all the circumstances, it would be reasonable to expect [him] to do so." *See Boer-Sedano v. Gonzales*, 418 F.3d 1082, 1089 (9th Cir. 2005) (alteration omitted) (quoting 8 C.F.R. § 1208.13(b)(1)(i)(A)-(B)).

25                                    A 216–644–998

In the present case, even if the "IJ" considered the question of Respondent's relocation, it cannot stand because the burden was placed on Respondent, who did not go to school, has difficulties understanding questions, is slow to comprehend simple questions, does not understand these proceedings, is unable to represent himself and may be incompetent. As a result, it infected Respondent's ability to demonstrated that he is unable to relocate within Guatemala or that relocation is unreasonable. But, in *Singh*, 914 F.3d at 659, the Ninth Circuit emphasized that once a petitioner establishes past persecution, "the burden is on the government" to show that the petitioner "can reasonably relocate internally to an area of safety." On remand, if Respondent demonstrates past persecution, the BIA should "conduct a thorough, individualized analysis of [Respondent's] ability to relocate internally, placing the burden on the government as required under *Singh*." *See Kaur*, 986 F.3d at 1231.

The Ninth Circuit cautioned that "an applicant cannot be said to have the ability to 'relocate' within [his] home country if [he] would have to remain in hiding there." *Akosung v. Barr*, 970 F.3d 1095, 1102 (9th Cir. 2020). Thus, the Department ("DHS/ICE") would be required to show that there has been a "fundamental change in circumstances" concerning Respondent's "well-founded" fear of future persecution, serious harm, torture and even death, or that Respondent could "avoid future persecution by relocating to another part of [Guatemala], and under all the circumstances, it would be reasonable to expect [him] to do so." *See Boer-Sedano v. Gonzales*, 418 F.3d 1082,

26                                         A 216–644–998

000035

1089 (9th Cir. 2005) (alteration omitted) (quoting 8 C.F.R. § 1208.13(b)(1)(i)(A)-(B)).

The Ninth Circuit Court of Appeals had reasoned that "a guerrilla organization's attempt to conscript a person into its military forces necessarily constitutes 'persecution on account of . . . political opinion,' because 'the person resisting forced recruitment is expressing a political opinion hostile to the persecutor and because the persecutors' motive in carrying out the kidnapping is political'." *Elias-Zacarias*, <u>502 U.S. at 481</u>. Under this framework, the Respondent satisfies the asylum requirements because his well-founded fear based on political opinion is on account of a statutorily protected ground. *Parussimova v. Mukasey*, <u>555 F.3d 734</u>, 739 (9th Cir. 2009).

As such, this Board should grant asylum or, in the alternative, remand the case for further review, fact finding and to address relocation issues and past persecution claims, and to review the "IJ's" determination as to whether facts in the record meet the standard set forth in the INA under the substantial evidence standard. *See, e.g., Elias-Zacarias*, 502 U.S. at 481 n.1 (instructing that to reverse a BIA finding that a petitioner has not been persecuted on account of his political opinion a court "must find that the evidence not only supports" a conclusion that the petitioner's refusal to join a guerilla group constituted the statement of a political opinion "but compels it").

### ii. Respondent Will Suffer Future Persecution, Irreparable Harm, Torture and Even Death on Account of Respondent's Proposed Social Group Status and Perceived Political Opinion

Neither statute nor regulation has defined with any precision the showing

27                    A 216–644–998

necessary to establish past persecution. *See* INA §§ 101(a)(42) & 208; 8 C.F.R. Part 208. Case law, however, establishes that physical abuse from governmental authorities based upon an applicant's political opinion qualifies the individual for refugee status. *See, e.g., Platero-Cortez v. INS*, 804 F.2d 1127 (9th Cir. 1986) (detention and torture establishes eligibility); *Matter of Fedorenko*, 19 I. & N. Dec. 57, 69 (BIA 1984) ("The term 'persecution' … contemplates the infliction of suffering or harm, under government sanction, upon persons who differ from others in the ways specified in the Act … . The harm or suffering inflicted may take various forms but it most certainly includes physical confinement, torture, and death."); *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985) (discussing evolution of "persecution" definition and noting that confinement or torture are sufficient grounds); *Matter of Pula*, I. & N. Dec. 3033 (BIA 1987) (repeated detention, interrogation, and abuse); *Matter of Chen*, Int. Dec. 3104 (BIA 1989) (past persecution alone sufficient). As such, Respondent qualifies for "refugee" status as he was arbitrarily confined, violently beaten, and tortured by Guatemalan Government officials. Given that Respondent testified these acts and did in fact suffer past persecution and torture, it should compel this Board to find that Respondent has a "well-founded" fear based on enumerated protected grounds.

Pursuant to case laws and precedents, these threats alone can constitute persecution. *See Aguilar-Escobar v. INS*, 36 F.3d 1102, 1994 U.S. App. LEXIS 24421, at *6-*7 (9th Cir. Sept. 2, 1994) ("[I]n some circumstances threats may so oppress as to

28  A 216–644–998

constitute persecution.' … . Common sense makes it plain that targeted threats of death or serious injury, evidencing a continuity of purpose, may amount to subjugation.") (citations omitted).

### iii. Respondent Has Suffered Past Torture and Will Suffer from Acts That Rise to The Level of "Persecution", "Serious Harm" and "Torture"

Respondent's family members have also had numerous difficulties with the crime organization regimes and difficulties with receiving safety and protection from various levels of Law Enforcement in Guatemala. Given that Respondent has suffered in the past, forcing him to return back to Guatemala would place Respondent at heightened risk of an attack, serious harm, persecution, torture, and even death. These attacks would certainly be within the purview of harm contemplated by the asylum statute.

Further, the fact that the attacks were directed at Respondent's family members is directly relevant to Respondent's own asylum claim. *See, e.g., Rodriguez v. INS*, 841 F.2d 865, 870-71 (9th Cir. 1987) (threats and acts of violence against members of alien's family is itself sufficient to establish prima facie case for asylum), *accord, Kahssai v. INS*, 16 F.3d 323, 328 (9th Cir. 1994) (accord); *Ananeh-Firempong v. INS*, 766 F.2d 621, 627 (1st Cir. 1985) ("evidence about treatment of [the alien's] family is probative of [a specific threat to the alien]"); *U.N. High Comm'r for Refugees*, Handbook on Procedures and Criteria for Determining Refugee Status, ¶ 43, at 13 (threat of persecution "need not be based on the applicant's own personal experience … . [Evidence concerning relatives] may well show that his fear … of persecution is well founded.").

A 216–644–998

000038

/ˑ / /

### iv.    Similarly Situated Individuals Have Suffered Persecution

Courts have held that the treatment of similarly situated individuals is probative of an applicant's claim for asylum. *See, e.g., Rasool v. INS*, 758 F. Supp. 188 (S.D.N.Y. 1991) (demonstrating clear probability based upon cousin's imprisonment and father's death); *Matter of Villalta*, Int. Dec. 3126 (BIA 1990) (threats to immediate family and slaying of brother held sufficient); *Mendoza-Perez v. INS*, 902 F.2d 760 (9th Cir. 1990) (official of cooperative union threatened by death squad established well-founded fear based in part on persecution of other cooperative members). Indeed, the asylum regulations themselves suggest that such evidence, in and of itself, may form the basis of a bona fide claim for refugee status and merits asylum. *See* 8 C.F.R. § 208.13(b)(2)(i) (emphasis added). This is a case where Respondent has suffered several blows to the head, has visible scars and suffered irreparable injury because he has mental health issues.

In evaluating whether the applicant has sustained his burden of proving that he has a well-founded fear of persecution, the Asylum Officer or Immigration Judge shall not require the applicant to provide evidence that he would be singled out for persecution if: (A) He establishes that there is a pattern or practice in his country of nationality or last habitual residence of persecution of groups of persons similarly situated to the applicant on account of race, religion, nationality, membership in a

A 216–644–998

EOIR – 31 of 46

000039

particular social group, or politician opinion; and (B) He establishes his own inclusion in and identification with such group of persons such that his fear of persecution upon return is reasonable. External sources demonstrate that what will happened to Respondent has happened to hundreds, if not thousands, of other individuals with similar characteristics and similar circumstances throughout Guatemala. In fact, documentary evidence, corroborative evidence, relevant supporting documents reveals that conditions in Guatemala remain consistent with Respondent's account. As such, this Board should grant relief or, in the alternative, remand the case back to the "IJ".

### v. Guatemala's Human Rights Conditions Have Not Improved Since Respondent's Departure.

As noted, Respondent suffers from mental health issues, cognitive complications, and does not fully understand the nature of these proceedings and cannot represent himself nor can he effectively present important facts. However, if Respondent, on remand, is determined that he is incompetent and establishes past persecution, the burden of proof shifts to the opposing party, DHS/ICE, to demonstrate by a preponderance of evidence that the individual no longer possesses a well-founded fear of persecution. 8 C.F.R. § 208.13(b)(1) (standard for asylum):

If, on remand, it is determined that the applicant has established past persecution, he shall be presumed also to have a well-founded fear of persecution unless a preponderance of the evidence establishes that since the time the persecution occurred conditions in the applicant's country of nationality … have changed to such an extent

31                                        A 216–644–998

that the applicant no longer has a well-founded fear of being persecuted if he were to return. *See also* 8 C.F.R. § 208.16(b)(2) (standard for withholding). At face value, DHS/ICE has done nothing to meet its burden, much less has it done so by a preponderance of the evidence. Respondent's suffering torture at the hands of Guatemalan Government officials were not given proper weight by the "IJ". This led to an erroneous adverse decision.

Furthermore, under the analysis introduced in *Matter of Acosta*, Int. Dec. 2986 (BIA 1985), modified on other grounds, *Matter of Mogharrabi*, Int. Dec. 3028 (BIA 1987), Respondent demonstrates that his fear of persecution is both subjectively genuine and objectively reasonable. Respondent's "well-founded" fear falls within the scope of a purported social group. Review for substantial evidence of the "IJ's" determination regarding social distinction. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). In addition, review *de novo* the legal question of whether a particular social group is cognizable in this present case. Here, the Respondent there were no adversaries issues raised on his testimony. There being no adverse factors, and because the finding of credibility should be given great weight, asylum should be granted in the exercise of discretion. *Matter of Pula*, 19 I. & N. Dec. 467 (BIA 1987). Further, the underlying fact that Respondent has suffered past-persecution, it is entirely likely that he would be a vulnerable target.[1]

---

1 An asylum claim may be based on past persecution alone, regardless of the likelihood of persecution in the future, or thereof. INA § 101(a)(42)(A); *INS v. Cardoza-Fonseca*, 480 U.S. 421, 426 (1987); *Desir v. Ilchert*, 840 F.2d 723, 729 (9th Cir.

A 216–644–998

EOIR – 33 of 46

000041

### 3. <u>WITHHOLDING OF REMOVAL</u>

Notably, if Respondent is found to have established past persecution, on remand, under the applicable regulation, 8 C.F.R. § 208.16(b)(2), an applicant can qualify for withholding if he is "determined to have suffered persecution in the past such that his [or her] life or freedom was threatened."

Generally, the Respondent can establish eligibility for asylum or withholding of removal based on documentary evidence alone. "An applicant alleging past persecution has the burden of establishing that (1) his treatment rises to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control." *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010). Here, Respondent suffered violent blows to the head, that may have cause further mental issues, by government officials in Guatemala.

Because of the acts of future persecution Respondent will suffer also qualifies him for withholding of removal under INA § 243(h). Withholding of removal requires a higher standard of proof than does asylum. *INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987) (comparing reasonable possibility standard of asylum with clear probability standard of withholding). Nevertheless, Respondent's credible testimony supports the conclusion that Respondent's freedom and life would be threatened should he be forced

---

1988); *Kapcia v. INS*, 944 F.2d 702, 706 (10th Cir. 1991); *Matter of Chen*, Int. Dec. 3104 (BIA 1989); 8 C.F.R. § 208.13(b).

A 216–644–998

to return to Guatemala. Furthermore, there is a realistic probability (i.e., more likely than not) that Respondent would be subject to persecution, serious harm, torture or even death, should he be forced to return to Guatemala.

As noted, under the applicable regulation, 8 C.F.R. § 208.16(b)(2), an applicant can qualify for withholding if he is "determined to have suffered persecution in the past such that his [or her] life or freedom was threatened." It is important to point out that Respondent's testimony fully establish that it is more likely than not that Respondent's life or freedom would be threatened if forced to return to Guatemala, especially when he suffered physical beatings, was under arbitrary detention, was not fed, and was tortured. Respondent would be a future victim of persecution, serious harm, torture or death under the hands of the violent gangs, Cartels that the Guatemalan Government officials cannot control or are unable to control.

For purposes of withholding, Respondent is similarly entitled to a rebuttable presumption that his "life or freedom would be threatened in the future in the country of removal on the basis of the original claim." 8 C.F.R. § 1208.16(b)(1)(i). Here, Respondent respectfully requests this Board to conclude that Respondent shows future persecution, and according him the presumptions to which he is entitled; the Board should hold that Respondent has met the burden of establishing future persecution.

For that reason, Respondent respectfully requests this Board to grant Respondent's applications for asylum, withholding of removal, deferral of removal or

34                                              A 216–644–998

protection under the convention against torture under Article 3 of the United Nations, and respectfully asks for favorable consideration of those applications under the appropriate presumptions.

As such, the Board should conclude and hold that Respondent did establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Conde Quevedo*, 947 F.3d at 1243 (proposed social group not cognizable because of the absence of society-specific evidence of social distinction). Thus, Respondent's withholding of removal claim stands.

While asylum may be granted if there is only a one-in-ten chance of persecution, as noted above, a grant of withholding of deportation requires that there be a "clear probability" of persecution, that persecution is "more likely than not". *INS v. Stevic*, 467 U.S. 407 (1984); 8 C.F.R. § 208.16(b)(1).

Here, Respondent will suffer future persecution for purposes of his asylum claim, as shown above. Therefore, Respondent also meets the standard for withholding of deportation. 8 C.F.R. § 208.16(b)(2). Given Respondent's testimony of how he suffered torture from the Guatemalan Government officials and and that he may be incompetent,

A 216–644–998

EOIR – 36 of 46

making him vulnerable, it can be said that a "preponderance of the evidence" shows it to be more likely that not that Respondent would in fact be persecuted, tortured or killed in Guatemala.

### 4. <u>DEFERRAL OF REMOVAL and PROTECTION UNDER the CONVENTION AGAINST TORTURE ("CAT")</u>

In general, to obtain such a deferral, Respondent ultimately would have needed to show that "it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). Torture is defined as "pain or suffering . . . inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id*. § 208.18(a)(1). A beating or killing satisfies the definition of "torture." *Bromfield v. Mukasey*, 543 F.3d 1071, 1079 (9th Cir. 2008). Respondent would not have needed to show that the government would torture him, but rather that the "government acquiesces in torture" of individuals in a similar situation. *Id*. "Acquiescence by government officials 'requires only that [they] were aware of the torture but remained willfully blind to it, or simply stood by because of their inability or unwillingness to oppose it.'" *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011) (alteration in original; internal quotation marks omitted) (quoting *Bromfield*, 543 F.3d at 1079).

Because Respondent would suffer a brutal beating from Guatemalan Government officials based on past, his perceived political views or neutrality and based on his purported social group status (satisfying the definition of "torture." *Bromfield v.*

<div align="center">36</div>

A 216-644-998

000045

*Mukasey*, 543 F.3d 1071, 1079 (9th Cir. 2008)) the fear is "both subjectively genuine and objectively reasonable." *Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007) (quoting *Sael v. Ashcroft*, 386 F.3d 922, 924 (9th Cir. 2004)).

The subjective component is satisfied by credible testimony that the applicant genuinely fears torture. *See Bartolome*, 904 F.3d at 809. As is relevant to this case, the objective prong may be satisfied by pointing to credible, direct, and specific evidence in the record of facts that would support a well-founded fear of torture. *See id*.

Normally, to establish a well-founded fear, the Respondent does not have to prove that torture is more likely than not. *See Al-Harbi v. I.N.S.*, 242 F.3d 882, 888 (9th Cir. 2001). Even a ten percent chance may establish a well-founded fear. *Bartolome*, 904 F.3d at 809. Respondent satisfies this prong. Respondent respectfully asks this Board to faithfully recognize that being forced to flee from one's home in the face of an immediate threat of severe physical violence or death is squarely encompassed within the rubric of persecution. *See Mendoza-Pablo v. Holder*, 667 F.3d 1308, 1314 (9th Cir. 2012).

Respondent respectfully requests for this Board to hold that credible, specific death threats, combined with physical violence or other harm to the Respondent, constitutes past persecution. *See, e.g., Madrigal v. Holder*, 716 F.3d 499, 504 & n.2 (9th Cir. 2013); *Ahmed v. Keisler*, 504 F.3d 1183, 1194 (9th Cir. 2007); *Fedunyak v. Gonzales*, 477 F.3d 1126, 1129 (9th Cir. 2007); *Deloso v. Ashcroft*, 393 F.3d 858, 860-61, 866 n.5

A 216–644–998

EOIR – 38 of 46

(9th Cir. 2005); *Reyes-Guerrero v. INS*, 192 F.3d 1241, 1243-46 (9th Cir. 1999); *see also Salazar-Paucar v. INS*, 281 F.3d 1069, 1075 (9th Cir.), opinion amended on denial of reh'g, 290 F.3d 964 (9th Cir. 2002).

Respondent respectfully notes that violence against Respondent's family members does support a finding of past persecution. *See, e.g., Gonzalez v. INS*, 82 F.3d 903, 909 (9th Cir. 1996). Accordingly, substantial evidence does support a determination that Respondent will suffer future persecution, irreparable harm, torture and even death in Guatemala as there exists a ten percent ("10%") of probability and a fifty-one percent ("51%") or more that it is "more likely than not" than he would suffer torture at the acquiescence of government officials in Guatemala.

### 5.   RESPONDENT MERITS A COMPETENCY HEARING

In this particular case, the "IJ" definitely failed to conduct a sufficient inquiry into Respondent's mental health where there is an indicia of incompetency, and Respondent did not have the safeguard of counsel. As such, the "IJ" should have conducted a competency hearing to protect his Due Process rights. Interestingly, where there are "indicia of incompetency," the "IJ" was required to investigate whether the Respondent is competent for the purposes of immigration proceedings. *Matter of M-A-M-,* 25 I. & N. Dec. 474, 479-80 (BIA 2011). Relatedly, the "IJ" failed to investigate Respondent's mental incompetency and did not hold a competency hearing. The standard for mental incompetency "is a stringent one," under which "a person must show some inability to

000047

comprehend or to assist and participate in the proceedings, some inability to consult with or assist their counsel or their representative if *pro se*, and lack of a reasonable opportunity to present evidence and examine witnesses, including cross-examination of opposing witnesses." *Salgado*, 889 F.3d at 989; *Matter of M-A-M-,* 25 I. & N. Dec. at 474. Under this correct legal standard, the Board should grant this appeal or, alternatively, remand the case back and order the "IJ" to hold a competency hearing.

Here, even under the forgiving substantial evidence standard, that evidence is too thin to support the "IJ's" determination. Respondent falls under the spectrum of a member of the *Franco-Gonzalez* class, *see Franco-Gonzalez v. Holder*, 2014 U.S. Dist. LEXIS 156812, 2014 WL 5475097 (C.D. Cal. 2014), and has a long history of mental illness. As such, this Board should grant this appeal or remand the case back to the "IJ" with instructions to hold a competency hearing to determine if Respondent suffers from auditory hallucinations, mental disorders, deficiencies, impairments or other psychiatric symptoms and to determine if he qualifies as a *Franco-Gonzales* class member.

This case merits remand as it would fully resolve the issues mentioned herein and this Board would benefit from a competency hearing for the Respondent because at a competency hearing, the "IJ" can properly determine whether or not the Respondent is incompetent to represent himself and order a qualified representative if found that Respondent would have difficulties presenting evidence that is relevant to his case. *See Franco-Gonzalez v. Holder*. The scheduled competency hearing would determine

A 216–644–998

whether Respondent suffers from mental incompetency, including but not limited to, hallucinations, paranoia, disorganized thinking and behavior, depressed mood, anxious mood, insomnia, nervousness, cognitive issues, restlessness, mental defects, or mania, among other impairments. This Board should remand the case and order the "IJ" to hold a competency inquiry, order a forensic evaluation to assess competency, and ultimately find whether Respondent is incompetent to represent himself, and whether the "IJ" should appoint a lawyer to represent him. *Franco-Gonzalez v. Holder*, No. CV-10-0221 DMG (DTBx), 2014 U.S. Dist. LEXIS 156812, 2014 WL 5475097, at *1, 7-9 (C.D. Cal. Oct. 29, 2014) (requiring these procedures for class members, who are detainees "who have serious mental disorders or defects that may render them incompetent to represent themselves in immigration proceedings, and who presently lack counsel in their immigration proceedings"). Respondent mental issues qualifies under *Franco-Gonzales*.

Respondent also challenges the "IJ's" failure to consider his cognitive impairment on the ground that it violates § 504 of the Rehabilitation Act, 29 U.S.C. § 794. The Respondent establishes a § 504 claim, in part because he was not appointed counsel, and the "IJ" in any event failed to consider his mental impairments, disorders or defects. As noted, Respondent strongly showed that he has defects that render him incompetent.

Under § 504 of the Rehabilitation Act, "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any

40                                      A 216–644–998

program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency. . . ." 29 U.S.C. § 794(a). In this present case, the "IJ" failed to inquire Respondent's mental impairments and failed to find whether Respondent is an affirmative member of the *Franco-Gonzalez* class action.

The elements of a § 504 claim are as follows: the Respondent must show that "(1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance." *L. H. v. Mill Valley Sch. Dist.*, No. 15-CV-05751-HSG, 2016 U.S. Dist. LEXIS 74191, 2016 WL 3162174, at *3 (N.D. Cal. June 7, 2016) (cleaned up). "An organization that receives federal funds violates Section 504 if it denies a qualified individual with a disability a reasonable accommodation that the individual needs in order to enjoy meaningful access to the benefits of public services." *Franco-Gonzales v. Holder*, 767 F. Supp. 2d 1034, 1051 (C.D. Cal. 2010) (citing 28 C.F.R. § 35.130(b)(7)). Under this standard, the Board should overturn the "IJ's" decision or, in the alternative, remand the case back to the "IJ".

Respondent contends that at minimum, the Respondent does establish the third element of a § 504 claim: he was denied the opportunity to determine whether he qualifies for the benefits of the program solely by reason of his disability. The Respondent establishes this element because he had not been appointed an attorney and credibly testified that he cannot read or write, that he never went to school and that he

EOIR – 42 of 46

suffered several violent blows to the head which may have furthered his mental disability. Respondent cites the authorities mentioned above, requiring additional accommodations due to his mental disability, impairments, disorders and defects.

Taken as a whole, the "IJ" erroneously failed to consider the Respondent's mental impairments, disorder, defects and disability during the removal proceedings. As such, the "IJ" erroneously denied relief. Relatedly, Respondent statutorily falls directly under the Legal Framework of the *Franco-Gonzalez* class member and merits an appointed counsel as he is not competent to represent himself and does not understand the proceedings. At a most minimum, Respondent merits a competency hearing to ensure his Due Process rights are protected. Thus, this case presents pure questions of law, factual and legal issues, interpretation of law, application of law to fact, serious innovative constitutional interpretations, and violations of the Rehabilitation Act.

Respondent respectfully urges and prays for this Board to address his mental incompetency issues as it may be necessary for a competency hearing to assess the level of safeguards needed to ensure due process throughout the immigration proceedings. It is important to point out that particularly, within the asylum context, this "BIA" has signaled that the Immigration Judge "should, as a safeguard, generally accept [the Respondent's] fear of harm as subjectively genuine based on the applicant's perception of events" if there are competency issues affecting the reliability of the Respondent's testimony. *Matter of J-R-R-A-*, 26 I. & N. Dec. 609-10 (BIA 2015).

42                                          A 216–644–998

000051

Lastly, Respondent suffers from memory loss, had difficulties comprehending the nature of his proceedings and showed indicia of incompetency. Respondent did show some inability to comprehend and participate in the proceedings, and showed lack of a reasonable opportunity to present evidence and examine witnesses, including cross-examination of opposing witnesses. *See Salgado*, 889 F.3d at 989; *Matter of M-A-M-,* 25 I. & N. Dec. at 474. Respondent received a mental health evaluation while detained at Canyon County Jail, in Caldwell, Idaho where he was diagnosed with several mental issues and can be verified with the Medical Department at Canyon County Jail.

## IV.  CONCLUSION

Based on the laws and facts, Respondent respectfully requests for this Honorable Board to grant relief in the form of asylum, withholding of removal, deferral of removal, protection under CAT or cancellation of removal. Alternatively, the Board should remand the case for further fact-finding, due process claims and to address all issues on appeal mentioned herein.

**Respectfully submitted on this 12th day of February, 2024.**

**Executed in Pahrump, Nevada.**

$D\ m$ ⁄⁄

Daniel Martinez-Hernandez
Alien No. 216 – 644 – 998
Nevada Southern Detention Center
2190 East Mesquite Avenue
Pahrump, NV 89060

43

A 216–644–998

# **CERTIFICATE OF SERVICE**

RESPONDENT: **DANIEL MARTINEZ-HERNANDEZ**

ALIEN No. **216 – 644 – 998**

---

I, Daniel Martinez-Hernandez, certify that on the date indicated below, I served the Assistant Chief Counsel for the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") a true and complete copy of the foregoing documents, Respondent's *Pro Se* Appeal Brief, by placing it in a pre-paid stamp envelope through the institutional legal system and mailing it as follows:

**Assistant Chief Counsel for DHS/ICE**
501 South Las Vegas Blvd.
Suite 200
Las Vegas, NV 89101

**Respectfully submitted,**

Dm ///
_____
Daniel Martinez-Hernandez
Alien No. 216 – 644 – 998
Nevada Southern Detention Center
2190 East Mesquite Avenue
Pahrump, NV 89060

**Date: 02 / 12 / 2024**

a detention facility. The facility is not
responsible for the contents herein.

PRIORITY MA
FLAT RATE
ENVELOPE



ZIP 89060  $ 009.85⁰
02 7W
0008031480 FEB 14 2024



**UNITED STATES**
**POSTAL SERVICE** ®

**USPS TRACKING #**

Label 400 Jan. 2013
7690-16-000-7948

9114 9999          .61 89

RECEIVED/DATE
February 20, 2024
THIS PACKAGE HAS BEEN X-RAYED.

and many int                    tinations.

on form is

claims exc

ilability a              overage.

**FROM:**
Angel Martinez
Alien No. 240-078-856
          No. So Do Co
2190 E. Mesquite Avenue
Pahrump, NV 89060

**TO:**
Board of Immigration Appeals
      Attn: Clerk's Office
5107 Leesburg Pike
Suite 2000
Falls Church, VA 22041

To schedule free Package Pickup,
scan the QR code.

000054



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

MARTINEZ-HERNANDEZ, DANIEL
SOLOMAN
A216-644-998
IN ICE CUSTUDY PAHRUMP
2190 E. MESQUITE AVE
PAHRUMP, NV 89060

**DHS/ICE Office of Chief Counsel - LVG**
**501 S. Las Vegas Blvd., Suite 200**
**Las Vegas, NV 89101**

Name:                                        A 216-644-998
MARTINEZ-HERNANDEZ, DANIEL SOLOMAN

Type of Proceeding: Removal                  Date of this notice: 1/31/2024

Type of Appeal: Case Appeal                  Filed By: <u>Alien</u>

### NOTICE -- BRIEFING EXTENSION REQUEST GRANTED

Alien's <u>original</u> due date: 2/8/2024        DHS' <u>original</u> due date: 2/8/2024

o   The request by <u>the alien</u> for an additional amount of time to submit a brief, which was received on 1/29/2024        , is GRANTED.

o   The alien's brief must be **received** at the Board of Immigration Appeals on or before 2/29/2024

o   The DHS' brief must be **received** at the Board of Immigration Appeals on or before 2/29/2024

**PLEASE NOTE**

**WARNING:** If you indicate on the Notice of Appeal (Form EOIR-26) that you will file a brief or statement, you are expected to file a brief or statement in support of your appeal. If you fail to file a brief or statement within the time set for filing in this briefing schedule, the Board may summarily dismiss your appeal. See 8 C.F.R. § 1003.1(d)(2)(i)(E).

An extension has been granted in this case. For a non-detained case, the Board generally does not grant more than one extension per party. For a detained case, the Board generally does not grant more than one extension per case. It is the Board's policy not to grant a second briefing extension request. Each party's current due date is stated above. See FILING INSTRUCTIONS - Extension Requests below.

<u>If you file your brief late</u>, you should file it along with a motion for consideration of your late-filed brief. There is no fee for such a motion. The motion and brief need to be submitted together. The motion should set forth in detail the reasons that prevented you from filing your brief on time. The motion should be supported by affidavits, declarations, or other evidence. Only one such motion will be considered by the BIA.

EOIR – 1 of 3

**NOTICE TO PARTIES – DHS/ICE prosecutorial discretion**: The Board is aware that DHS has issued memoranda regarding its enforcement priorities and framework to exercise prosecutorial discretion (memoranda are available on U.S. Immigration and Customs Enforcement (ICE) website at www.ice.gov). See EOIR PM 21-25, Effect of Department of Homeland Security Enforcement Priorities, available at www.justice.gov/eoir. The parties may wish to assess whether this matter remains an enforcement priority and whether the exercise of prosecutorial discretion is warranted. However, as there are prohibitions on DHS's authority to exercise its prosecutorial discretion (e.g., individuals subject to mandatory detention pursuant to sections 236(c) and 241 of the Immigration and Nationality Act, 8 U.S.C. 1222(c) and 1231, all inquiries regarding an individual respondent/applicant's eligibility for prosecutorial discretion must be made directly to DHS/ICE. If the parties jointly agree to the exercise of prosecutorial discretion, or if ICE otherwise intends to exercise some form of prosecutorial discretion, a motion should be filed with the Board to this effect and it should clearly contain the caption "EXERCISE OF PROSECUTORIAL DISCRETION" on the front of the motion.

**FILING INSTRUCTIONS - In General**

**IMPORTANT: Briefs and other submissions should always be paginated. Parties should limit their briefs to 50 pages unless directed by the Board. Motions to accept briefs that exceed the page limitation established by the Board are disfavored, and will not be granted absent a showing of extraordinary and compelling circumstances. If a party files a motion to increase the page limit, the motion and brief need to be filed together. See Chapter 3.3(c)(3) (Number of pages) and 4.6(b) (Brief writing guidelines) of the Board's Practice Manual.**

**The Board of Immigration Appeals has included two copies of this notice. Please attach/submit one copy of this notice to the front of your brief when you mail or deliver it to the Board, and keep one for your records. Thank you for your cooperation.**

A fee is not required for the filing of a brief. Your brief must be RECEIVED at the Clerk's Office at the Board of Immigration Appeals within the prescribed time limits. It is NOT sufficient simply to mail the brief and assume your brief will arrive on time. We strongly urge the use of an overnight courier service to ensure the timely filing of your brief.

If you have any questions about how to file something at the Board, please review the Board's Practice Manual found on EOIR's website at www.justice.gov/eoir.

**FILING INSTRUCTIONS - Extension Requests**

Extension requests must be RECEIVED at the Board on or before the expiration of the initial briefing schedule. Requests for extension of briefing time received after expiration of the brief due date, will not be granted.

Unless you receive a Board Notice granting your extension request, your brief will remain due on the date stated above.

Extensions of briefing time are not favored. A second briefing extension request will not be granted, except in extraordinary circumstances not foreseeable at the time the first request was made. See Chapter 4.7(c) (Extensions) of the Board's Practice Manual.

All extension requests must be in writing. Telephonic, e-mail, or fax request will not be accepted.

Certificate of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals -- including correspondence, forms, briefs, motions, and other documents. If you are the Respondent or Applicant, the "Opposing Party" is the DHS Counsel or the Director for HHS/ORR at the address shown above. Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them. Any submission filed with the Board without a certificate of service on the opposing party will be rejected.

**FILING ADDRESS:**

Board of Immigration Appeals
Clerk's Office
5107 Leesburg Pike, Suite 2000
Falls Church, VA  22041

Business hours:  Monday through Friday, 8:00 a.m. to 4:30 p.m.

When mailing, use of an overnight courier service is strongly encouraged to ensure timely filing.

**Userteam**:

**BOARD OF IMMIGRATION APPEALS**
**ATTN:** *OFFICE OF THE CLERK*
5107 Leesburg Pike, Suite 2000
Falls Church, Virginia 22041

| | | |
|---|---|---|
| In the Matter of: | ) | |
| | ) | **CUSTODY STATUS: <u>DETAINED</u>** |
| **DANIEL MARTINEZ-HERNANDEZ** | ) | |
| | ) | |
| -Respondent, *Pro Se* | ) | **<u>IN REMOVAL PROCEEDINGS</u>** |
| | ) | |
| File No. **A 216 – 644 – 998** | ) | |

      COMES NOW DANIEL MARTINEZ-HERNANDEZ, as the Respondent, appearing *Pro Se*, and respectfully notifies this Board that I have not received any correspondence or notices as to my appeal process and I do not know the status of my appeal. Therefore, to be clear, I intend to file a separate written brief or statement after filing the Notice of Appeal. In the event that a briefing schedule has been made, I respectfully move for an extension to file the Brief. This is a case where I am detained and under the physical custody of the Department ("DHS/ICE") at Nevada Southern Detention Center in Pahrump, Nevada. At this facility, I have very limited access to the Law Library as the access is solely based upon the availability at this detention center. Under these extreme and unusual circumstances, I am not able to devote adequate attention to this case to prepare and submit the brief by the scheduled time frame, in which I still have not received. This extension is requested in order to give me a fair opportunity to complete the Brief. Relatedly, I am exercising diligence in this case and will be able to file the written brief, if given proper notice of the briefing schedule. Therefore, I respectfully request for the briefing schedule and the "IJ's" written decision, and pray to this Court for an extension of time to file the *Pro Se* Brief in support of my Appeal.

**Respectfully submitted on this 24ᵗʰ day of January, 2024.**

**Executed in Pahrump, Nevada.**



Daniel Martinez-Hernandez
Alien No. A 216 – 644 – 998
Nevada Southern Detention Center
2190 East Mesquite Avenue
Pahrump, NV 89060

EOIR – 1 of 3

000058

# **CERTIFICATE OF SERVICE**

RESPONDENT: **DANIEL MARTINEZ-HERNANDEZ**

ALIEN No. **216 – 644 – 998**

---

I, Daniel Martinez-Hernandez, certify that on the date indicated below, I served the Assistant Chief Counsel for the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") a true and complete copy of the foregoing documents by placing it in a pre-paid stamp envelope through the institutional legal system and mailing it as follows:

**Assistant Chief Counsel for DHS/ICE**
501 South Las Vegas Blvd.
Suite 200
Las Vegas, NV 89101

**Respectfully submitted,**

_Dm̃_

Daniel Martinez-Hernandez
Alien No. 216 – 644 – 998
Nevada Southern Detention Center
2190 East Mesquite Avenue
Pahrump, NV 89060

**Date: 01 / 24 / 2024**

This correspondence originated in a detention facility. The facility is not responsible for the contents herein.





PRIORITY MAIL FLAT RATE ENVELOPE

ZIP 89060
02 7W
0008031480 JAN 25 2024

$ 009.85⁰

# **PRIORITY**®
## **MAIL**

strictions apply).*

many international destinations.

orm is required.

1s exclusions see the

y and limitations of coverage.

**FROM:**
Daniel Martinez-Hernandez
Alien No. 216-644-998
— No. So. Do. Co —
2190 E. Mesquite Avenue
Pahrump, NV 89060

**TO:**
Board of Immigration Appeals
Attn: Office of the Clerk
5107 Leesburg Pike
Suite 2000
Falls Church, VA 22041

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP

EOIR - 3 of 3



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

**MARTINEZ-HERNANDEZ, DANIEL SOLOMAN**
**A216-644-998**
**IN ICE CUSTUDY PAHRUMP**
**2190 E. MESQUITE AVE**
**PAHRUMP, NV 89060**

**DHS/ICE Office of Chief Counsel - LVG**
**501 S. Las Vegas Blvd., Suite 200**
**Las Vegas, NV 89101**

Name: **MARTINEZ-HERNANDEZ, DANIEL...**          **A 216-644-998**

Type of Proceeding: **Removal**          **Date of this notice: 1/18/2024**

Type of Appeal: **Case Appeal**          **Filed By: <u>Alien</u>**

### NOTICE -- BRIEFING SCHEDULE

**o** Enclosed is a copy of the decision of the Immigration Judge. If you are receiving this notice electronically, the Immigration Judge's decision is viewable online in the electronic record of proceedings.

**o** Enclosed is a copy of the transcript of the testimony of record. If you are receiving this notice electronically, the hearing transcript is viewable online in the electronic record of proceedings.

**o** Appealing party is granted until  2/8/2024          to submit a brief to the Board of Immigration Appeals. The brief must be **RECEIVED** at the Board on or before this date.

**o** Opposing party is granted until  2/8/2024          to submit a brief to the Board of Immigration Appeals. The brief must be **RECEIVED** at the Board on or before this date.

**WARNING:** If you indicate on the Notice of Appeal (Form EOIR-26) that you will file a brief or statement, you are expected to file a brief or statement in support of your appeal. If you fail to file a brief or statement within the time set for filing in this briefing schedule, the Board may summarily dismiss your appeal. See 8 C.F.R. § 1003.1(d)(2)(i)(E).

If you are the respondent/applicant and you received this notice, you are not represented by an attorney or accredited representative. An attorney or accredited representative must file a Notice of Entry of Appearance (Form EOIR-27) to represent you. 8 C.F.R. §§ 1003.3(a)(3) and 1003.38(g). Until a Form EOIR-27 is received, you are responsible for submitting a brief, and any submissions by anyone other than you will be rejected.

**NOTICE TO PARTIES – DHS/ICE prosecutorial discretion:** The Board is aware that DHS has issued memoranda regarding its enforcement priorities and framework to exercise prosecutorial discretion (memoranda are available on U.S. Immigration and Customs Enforcement (ICE) website at www.ice.gov). See EOIR PM 21-25, Effect of Department of Homeland Security Enforcement Priorities, available at www.justice.gov/eoir. The parties may wish to assess whether this matter

remains an enforcement priority and whether the exercise of prosecutorial discretion is warranted. However, as there are prohibitions on DHS's authority to exercise its prosecutorial discretion (e.g., individuals subject to mandatory detention pursuant to sections 236(c) and 241 of the Immigration and Nationality Act, 8 U.S.C. 1222(c) and 1231, all inquiries regarding an individual respondent/applicant's eligibility for prosecutorial discretion must be made directly to DHS/ICE. If the parties jointly agree to the exercise of prosecutorial discretion, or if ICE otherwise intends to exercise some form of prosecutorial discretion, a motion should be filed with the Board to this effect and it should clearly contain the caption "EXERCISE OF PROSECUTORIAL DISCRETION" on the front of the motion.

## FILING INSTRUCTIONS -- In General.

**IMPORTANT: Briefs and other submissions should always be paginated. Parties should limit their briefs to 50 pages unless directed by the Board. Motions to accept briefs that exceed the page limitation established by the Board are disfavored, and will not be granted absent a showing of extraordinary and compelling circumstances. If a party files a motion to increase the page limit, the motion and the brief need to be filed together. See Chapter 3.3(c)(3) (Number of pages) and 4.6(b) (Brief writing guidelines) of the Board's Practice Manual.**

**The Board has included two copies of this notice. Please attach/submit one copy of this notice to the front of your brief when you mail or deliver it to the Board, and keep one for your records. Thank you for your cooperation.**

A fee is not required for the filing of a brief. Your brief must be RECEIVED at the Clerk's Office at the Board of Immigration Appeals within the prescribed time limits. It is NOT sufficient simply to mail the brief and assume your brief will arrive on time. We strongly urge the use of an overnight courier service to ensure the timely filing of your brief.

If you have any questions about how to file something at the Board, please review the Board's Practice Manual found on EOIR's website at www.justice.gov/eoir.

Certificate of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals -- including correspondence, forms, briefs, motions, and other documents. If you are the Respondent or Applicant, the "Opposing Party" is the DHS Counsel or the Director for HHS/ORR at the address shown above. Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them. Any submission filed with the Board without a certificate of service on the opposing party will be rejected.

## FILING ADDRESS:

> Board of Immigration Appeals
> Clerk's Office
> 5107 Leesburg Pike, Suite 2000
> Falls Church, VA 22041

> Business hours: Monday through Friday, 8:00 a.m. to 4:30 p.m.

Use of an overnight courier service is strongly encouraged to ensure timely filing.

## FILING INSTRUCTIONS -- Extension Request.

Extension requests must be RECEIVED at the Board on or before the expiration of the initial briefing schedule. Requests for extension of briefing time received after expiration of the brief due date, will not be granted.

Unless you receive a Board Notice granting your extension request, your brief will remain due on the date stated above.

Extensions of briefing time are not favored. It is the Board's policy to grant one briefing extension per party in non-detained cases, if timely requested. It is also the Board's policy to grant one extension per case in detained cases, if timely requested. See Chapter 4.7(c) (Extensions) of the Board's

Practice Manual.

A second briefing extension request will not be granted, except in extraordinary circumstances not foreseeable at the time the first request was made.

All extension requests must be in writing.  Telephonic, e-mail, or fax request will not be accepted.

**Userteam**:

EOIR - 3 of 3

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
LAS VEGAS, NV

Jan 4, 2024

A 216-644-998
  MARTINEZ-HERNANDEZ, DANIEL SOLOMAN

TO:       Board of Immigration Appeals
          Office of the Clerk
          5107 Leesburg Pike, Suite 2000
          Falls Church, VA  22041

This Record of Proceeding (ROP) is forwarded to the Board of Immigration
Appeals for consideration of the following:

      [x]  Appeal of the Immigration Judge decision.
      [ ]  Appeal of Immigration Judge decision on a motion to reopen.

Please note:

      [ ]  The respondent / applicant is DETAINED.
      [ ]  Other _____
           _____

[ ]  This ROP is for an appeal on a decision entered prior to July 1, 1996.
     This ROP is being submitted to APU at the following stage:

      [ ]  Notice of Appeal filed.  Tapes need to be transcribed.
      [ ]  IJ has signed decision.  Briefing schedule needs to be set.
      [ ]  Motion for Extension of Time to Extend Briefing Schedule
           has been submitted.
      [ ]  Briefing Schedule is complete / expired.

                                                          PZ

000064



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

**MARTINEZ-HERNANDEZ, DANIEL SOLOMAN**
**A216-644-998**
**IN ICE CUSTUDY PAHRUMP**
**2190 E. MESQUITE AVE**
**PAHRUMP, NV 89060**

**DHS/ICE Office of Chief Counsel - LVG**
**501 S. Las Vegas Blvd., Suite 200**
**Las Vegas, NV 89101**

Name: MARTINEZ-HERNA...                    A216-644-998

Type of Proceeding: Removal                Date of this notice: 1/3/2024

Type of Appeal: Case Appeal                Filed by:<u>Alien</u>

### FILING RECEIPT FOR APPEAL

The Board of Immigration Appeals acknowledges receipt of your appeal and fee or fee waiver request (where applicable) on 12/20/2023 in the above-referenced case.

**WARNING:** If you leave the United States after filing this appeal but before the Board issues a decision, your appeal will be considered withdrawn and the Immigration Judge's decision will become final as if no appeal had been taken (unless you are an "arriving alien" as defined in the regulations under 8 C.F.R. § 1001.1(q)).

**WARNING:** If you have been granted voluntary departure by the Immigration Judge, you must submit sufficient proof of having posted the voluntary departure bond set by the Immigration Judge to the Board of Immigration Appeals. Your submission of proof must be provided to the Board within 30 days of filing this appeal. If you do not timely submit proof to the Board that the voluntary departure bond has been posted, the Board cannot reinstate the period of voluntary departure. 8 C.F.R. § 1240.26(c)(3)(ii).

**NOTICE TO PARTIES – DHS/ICE prosecutorial discretion**: The Board is aware that DHS has issued memoranda regarding its enforcement priorities and framework to exercise prosecutorial discretion (memoranda are available on U.S. Immigration and Customs Enforcement (ICE) website at www.ice.gov). See EOIR PM 21-25, Effect of Department of Homeland Security Enforcement Priorities, available at www.justice.gov/eoir. The parties may wish to assess whether this matter remains an enforcement priority and whether the exercise of prosecutorial discretion is warranted. However, as there are prohibitions on DHS's authority to exercise its prosecutorial discretion (e.g., individuals subject to mandatory detention pursuant to sections 236(c) and 241 of the Immigration and Nationality Act, 8 U.S.C. §§ 1222(c) and 1231, all inquiries regarding an individual respondent/applicant's eligibility for prosecutorial discretion must be made directly to DHS/ICE. If the parties jointly agree to the exercise of prosecutorial discretion, or if ICE otherwise intends to exercise some form of prosecutorial discretion, a motion should be filed with the Board to this effect and it should clearly contain the caption "EXERCISE OF PROSECUTORIAL DISCRETION" on the front of the motion.

**FILING INSTRUCTIONS:**

If the respondent/applicant is represented by counsel, a Notice of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals (Form EOIR-27) must be filed with the Board.

If the respondent/applicant is unrepresented (also called pro se) and receives assistance on documents to be filed with the Board (such as help preparing an appeal, motion, form, briefs, or other documents), a Notice of Entry of Limited Appearance for Document Assistance before the Board of Immigration Appeals (Form EOIR-60) must be submitted with the document(s) that assistance was provided when filed with the Board.

In all future correspondence or filings with the Board, please list the name and registration number ("A" number) of the case (as indicated above), as well as all of the names and "A" numbers for every family member who is included in this appeal.

If you have any questions about how to file something at the Board, please review the Board's Practice Manual found on the EOIR's website at www.justice.gov/eoir.

Certificate of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals -- including correspondence, forms, briefs, motions, and other documents. If you are the Respondent or Applicant, the "Opposing Party" is the DHS Counsel or the Director of HHS/ORR at the address shown above. Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them. Any submission filed with the Board without a certificate of service on the opposing party will be rejected. See Chapter 3.2 (Service) of the Board's Practice Manual.

Use of an overnight courier service to the address below is encouraged to ensure timely filing. If this is an electronic (eROP) case and the respondent/applicant has a practitioner of record (properly entered a Notice of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals (Form EOIR-27) and accepted by the Board), electronic filing is required.

**FILING ADDRESS:**

Board of Immigration Appeals
Clerk's Office
5107 Leesburg Pike, Suite 2000
Falls Church, VA 20041

Business hours: Monday through Friday, 8:00 a.m. to 4:30 p.m.

cc:                                                    LynnJ

Userteam: PCM

EOIR - 2 of 2

**U.S. Department of Justice**
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB# 1125-0003
**Fee Waiver Request**

Name: Daniel Soloman Martinez-Hernandez

Alien Number ("A" Number): 216-644-998

> *If more than one alien is included in your appeal or motion, only the lead alien need file this form. This form is to be signed by the alien, not the alien's attorney or representative of record.*

I, Daniel S. Martinez-Hernandez, declare under penalty of perjury, pursuant to 28 U.S.C. section 1746, that I am the person above and that I am unable to pay the fee. I believe that my appeal/motion is valid, and I declare that the following information is true and correct to the best of my knowledge:

**Assets**

| | |
|---|---|
| Wages, Salary | $ — /month |
| Other Income (business, professional services, self-employed/independent contracting, rental payments, etc.) | $ — /month |
| Cash | $ — |
| Checking and/or Savings | $ — |
| Property (real estate, automobile(s), stocks, bonds, etc.) | $ — |
| Other Financial Support (public assistance, alimony, child support, gift, parent, spouse, other family members, etc.) | $ — /month |

**Expenses** (including dependents)

| | |
|---|---|
| Housing (rent, mortgage, etc.) | $ — /month |
| Food | $ — /month |
| Medical/Health | $ — /month |
| Utilities (phone, electric, gas, water, etc.) | $ — /month |
| Transportation | $ — /month |
| Debts, Liabilities | $ — /month |
| Other NONE (specify) | $ — /month |

Signature of Alien: D m //     Date: 12/11/2023

Under the Paperwork Reduction Act, a person is not required to respond to a collection of information unless it displays a valid OMB control number. We try to create forms and instructions that are accurate, can be easily understood, and which impose the least possible burden on you to provide us with information. The estimated average time to complete this form is one (1) hour. If you have comments regarding the accuracy of this estimate, or suggestions for making this form simpler, you can write to the Executive Office for Immigration Review, Office of the General Counsel, 5107 Leesburg Pike, Suite 2600, Falls Church, Virginia 22041.

**Privacy Act Notice**
The information on this form is requested to determine if you have established eligibility for the fee waiver you are seeking. The legal right to ask for this information is located at 8 C.F.R. § 1003.8(a)(3). EOIR may provide this information to other Government agencies. Failure to provide this information may result in denial of your request.

**Attorney or Representative (if any):**

I hereby attest that I have reviewed the details provided herein and I am satisfied that this fee waiver request is made in good faith.

Signature of Attorney or Representative     Date

Print Name

Form EOIR-26A
Rev. April 2018

EOIR – 1 of 1

**U.S. Department of Justice**
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB# 1125-0002
**Notice of Appeal from a Decision of an**
**Immigration Judge**

| | |
|---|---|
| 1. | List Name(s) and "A" Number(s) of all Respondent(s)/Applicant(s): |

*Staple Check or Money Order Here. Include Name(s) and "A" Number(s) on the face of the check or money order.*

Daniel Martinez-Hernandez

Alien No. 216-644-998

! **WARNING:** Names and "A" Numbers of **everyone** appealing the Immigration Judge's decision must be written in item #1. The names and "A" numbers listed will be the only ones considered to be the subjects of the appeal.

For Official Use Only

2. I am ☒ the Respondent/Applicant ☐ DHS-ICE *(Mark only one box.)*

3. I am ☒ DETAINED ☐ NOT DETAINED *(Mark only one box.)*

4. My last hearing was at Las Vegas, Nevada _____ *(Location, City, State)*

| | |
|---|---|
| 5. | **What decision are you appealing?** |

*Mark only one box below. If you want to appeal more than one decision, you must use more than one Notice of Appeal (Form EOIR-26).*

☒ I am filing an appeal from the Immigration Judge's decision *in **merits** proceedings* (example: removal, deportation, exclusion, asylum, etc.) dated November 30, 2023 .

☐ I am filing an appeal from the Immigration Judge's decision *in **bond** proceedings* dated _____ . (For DHS use only: Did DHS invoke the automatic stay provision before the Immigration Court? ☐ Yes. ☐ No.)

☐ I am filing an appeal from the Immigration Judge's decision ***denying a motion to reopen or a motion to reconsider*** dated_____ .

*(Please attach a copy of the Immigration Judge's decision that you are appealing.)*

Form EOIR-26
Revised Sept. 2019

**Page 1 of 3**

EOIR - 1 of 6

6. **State in detail the reason(s) for this appeal. Please refer to the General Instructions at item F for further guidance. You are not limited to the space provided below; use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet.**

See Addendum.

*(Attach additional sheets if necessary)*

> **!** **WARNING:** You must clearly explain the specific facts and law on which you base your appeal of the Immigration Judge's decision. The Board may summarily dismiss your appeal if it cannot tell from this Notice of Appeal, or any statements attached to this Notice of Appeal, why you are appealing.

7. Do you desire oral argument before the Board of Immigration Appeals? ☒ Yes ☐ No

8. Do you intend to file a separate written brief or statement after filing this Notice of Appeal? ☒ Yes ☐ No

> **!** **WARNING:** If you mark "Yes" in item #7, you should also include in your statement above why you believe your case warrants review by a three-member panel. The Board ordinarily will not grant a request for oral argument unless you also file a brief.
>
> If you mark "Yes" in item #8, you will be expected to file a written brief or statement after you receive a briefing schedule from the Board. The Board may summarily dismiss your appeal if you do not file a brief or statement within the time set in the briefing schedule..

9. 
| Sign Here ➡ | X _DM_ | 12/11/2023 |
|---|---|---|
| | Signature of Person Appealing *(or attorney or representative)* | Date |

Form EOIR-26
Revised Sept. 2019

**Page 2 of 3**

EOIR – 2 of 6

10.

| Mailing Address of Respondent(s)/Applicant(s) |
|---|
| Daniel Martinez-Hernandez |
| (Name) |
| 2190 E. Mesquite Ave |
| (Street Address) |
| (Apartment or Room Number) |
| Pahrump, NV 89060 |
| (City, State, Zip Code) |
| (Telephone Number) |

11.

| Mailing Address of Attorney or Representative for the Respondent(s)/Applicant(s) |
|---|
| (Name) |
| (Street Address) |
| (Suite or Room Number) |
| (City, State, Zip Code) |
| (Telephone Number) |

**NOTE:** You must notify the Board within five (5) working days if you move to a new address or change your telephone number. You must use the Change of Address Form/Board of Immigration Appeals (Form EOIR-33/BIA).

**NOTE:** If an attorney or representative signs this appeal for you, he or she must file *with this appeal*, a Notice of Entry of Appearance as Attorney or Representative Before the Board of Immigration Appeals (Form EOIR-27).

12.

### PROOF OF SERVICE (You Must Complete This)

I Daniel Martinez-Hernandez mailed or delivered a copy of this Notice of Appeal
(Name)

on 12/11/2023 to Assistant Chief Counsel
(Date) (Opposing Party)

at 501 South Las Vegas Blvd #200 Las Vegas, NV 89101
(Number and Street, City, State, Zip Code)

| SIGN HERE ➡ | X   D m /// |
|---|---|
| | Signature |

**NOTE:** If you are the Respondent or Applicant, the "Opposing Party" is the Assistant Chief Counsel of DHS - ICE.

**WARNING:** If you do not complete this section properly, your appeal will be rejected or dismissed.

**WARNING:** If you do not attach the fee or a completed Fee Waiver Request (Form EOIR-26A) to this appeal, your appeal may be rejected or dismissed.

### HAVE YOU?

- [ ] Read all of the General Instructions
- [ ] Provided all of the requested information
- [ ] Completed this form in English
- [ ] Provided a certified English translation for all non-English attachments
- [ ] Signed the form

- [ ] Served a copy of this form and all attachments on the opposing party
- [ ] Completed and signed the Proof of Service
- [ ] Attached the required fee or Fee Waiver Request
- [ ] If represented by attorney or representative, attach a completed and signed EOIR-27

**Page 3 of 3**

Form EOIR-26
Revised Sept. 2019

EOIR – 3 of 6

000070

# ADDENDUM

In the Matter of: **Daniel Soloman MARTINEZ-HERNANDEZ**

File No. **A 216 – 644 - 998**

Comes now Daniel Soloman Martinez-Hernandez as the Respondent, appearing *Pro Se*, and respectfully appeals the decision made on November 30, 2023, by the Immigration Judge ("IJ") in Removal Proceedings. This case warrants a three-panel review on account of the need to establish a precedent construing the meaning of procedures and a need to review a decision made by the "IJ" that is not in conformity with applicable precedents. Review for clear error finding of fact, including the determination of credibility made by the Immigration Judge. 8 C.F.R. § 1003.1(d)(3)(i).

Review *de novo* questions of law, discretion and judgment and all other issues in appeals from an "IJ's" decision. 8 C.F.R. § 1003.1(d)(3)(ii). The sole issue raised on appeal is whether the "IJ" properly denied such relief, specifically, cancellation of removal, asylum, withholding and CAT protection, as a matter of law and discretion. The "IJ" erred as a matter of law in concluding that Respondent had failed to establish that he will suffer future persecution and torture. The "IJ" erred as a matter of law by concluding that Respondent had not demonstrated a well-founded fear on account of one of the statutory factors enumerated in INA § 101(a)(42); 8 U.S.C. § 1101(a)(42) (1988). Respondent reserves the right to raise additional arguments upon receipt of transcript.

**DATED on this 11ᵗʰ day of December, 2023.**

*[signature]*

Daniel Soloman Martinez-Hernandez
Alien No. 216 – 644 – 998
Nevada Southern Detention Center
2190 East Mesquite Avenue
Pahrump, NV 89060



Daniel Soloman Martinez-Hernandez
Alien No. 216-644-998
— N.S.D.C.
2190 E. Mesquite Ave.
Pahrump, NV 89060

RECEIVED
DEC 20 2023
THIS PARCEL HAS
BEEN X-RAYED

EOIR - 5 of 6

Legal Mail

This correspondence originated from a detention facility. The facility is not responsible for the contents herein.

FIRST-CLASS

US POSTAGE PITNEY BOWES

ZIP 89060
02 7W
0008031480 DEC 13 2023

$ 001.59⁰

Board of Immigration Appeals
Attn: Office of the Clerk
5107 Leesburg Pike
Suite 2000
Falls Church, VA 22041

000073

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
110 N. CITY PARKWAY, STE. 400
LAS VEGAS, NV  89106


MARTINEZ-HERNANDEZ, DANIEL SOLOMAN
IN ICE CUSTUDY PAHRUMP
2190 E. MESQUITE AVE
PAHRUMP, NV 89060

In the matter of            File A 216-644-998       DATE: Dec 1, 2023
MARTINEZ-HERNANDEZ, DANIEL SOLOMAN


\_\_ Unable to forward - No address provided.
\_\_ Attached is a copy of the decision of the Immigration Judge. This decision
   is final unless an appeal is filed with the Board of Immigration Appeals
   within 30 calendar days of the date of the mailing of this written decision.
   See the enclosed forms and instructions for properly preparing your appeal.
   Your notice of appeal, attached documents, and fee or fee waiver request
   must be mailed to:    Board of Immigration Appeals
                         Office of the Clerk
                         5107 Leesburg Pike, Suite 2000
                         Falls Church, VA 22041
\_\_ Attached is a copy of the decision of the immigration judge as the result
   of your Failure to Appear at your scheduled deportation or removal hearing.
   This decision is final unless a Motion to Reopen is filed in accordance
   with Section 242b(c)(3) of the Immigration and Nationality Act, 8 U.S.C. §
   1252b(c)(3) in deportation proceedings or section 240(b)(5)(C), 8 U.S.C. §
   1229a(b)(5)(C) in removal proceedings.  If you file a motion to reopen, your
   motion must be filed with this court:
                         IMMIGRATION COURT
                         110 N. CITY PARKWAY, STE. 400
                         LAS VEGAS, NV  89106
\_\_ Attached is a copy of the decision of the immigration judge relating to a
   Reasonable Fear Review. This is a final order. Pursuant to 8 C.F.R. §
   1208.31(g)(1), no administrative appeal is available. However, you may file
   a petition for review within 30 days with the appropriate Circuit Court of
   Appeals to appeal this decision pursuant to 8 U.S.C. § 1252; INA §242.
\_\_ Attached is a copy of the decision of the immigration judge relating to a
   Credible Fear Review. This is a final order. No appeal is available.
**X** Other: **APPEAL PACKAGE**


                              **C. MORTEO**
                              COURT CLERK
                              IMMIGRATION COURT                    FF

     cc: Timis, Maya, Esquire
         501 Las Vegas BLVD. S. STE 200
         Las Vegas, NV,  89101

000074

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
LAS VEGAS, NEVADA


File:  A216-644-998                                    November 30, 2023

In the Matter of


                                    )
DANIEL SOLOMAN MARTINEZ-HERNANDEZ )          IN REMOVAL PROCEEDINGS
                                    )
     RESPONDENT                     )


CHARGE:          Section 212(a)(6)(A)(i) of the Immigration and Nationality Act, as
                 amended, in that you are an alien present in the United States
                 without being admitted or paroled, or who arrived in the United
                 States at any time or place other than as designated by the
                 Attorney General


APPLICATIONS:    Asylum, withholding of removal, protection from removal under the
                 Convention Against Torture, cancellation of removal


ON BEHALF OF RESPONDENT:   Pro se

ON BEHALF OF DHS:  Maya Timmis
                   Assistant Chief Counsel


<u>ORAL DECISION OF THE IMMIGRATION JUDGE</u>

         The respondent is a 56-year-old unmarried male alien who is a native and

citizen of Guatemala.  The United States Department of Homeland Security

commenced these removal proceedings under the authority of the Immigration and

Nationality Act by filing a Notice to Appear with the immigration court on August 29th,

2023.  See Exhibit 1.  At a hearing on October 17th, 2023, the respondent admitted all of the four factual allegations contained in the Notice to Appear.  Based on those admissions and the I-213 record of deportable or inadmissible alien (see Exhibit 2), the court sustained the charge, and the court designated Guatemala, should removal become necessary.

The respondent has applied for relief from removal in the form of cancellation of removal under Section 240 of the Act, and asylum under Section 208 of the Act.  The court has also considered the respondent's eligibility for withholding of removal under Section 241(b)(3) of the Act and withholding of removal under Article 3 of the United Nations Convention Against Torture.  8 C.F.R. §1208.16(c).  The respondent's applications are contained in the record.

At the beginning of today's hearing, the respondent was asked if he had reviewed his applications.  He indicated that he never went to school, and did not read or write, but affirmed to the best of his ability that the contents of his applications were true and correct.

## STATUTORY ELIGIBILITY

To establish eligibility for cancellation of removal under Section 240 of the Act, the respondent must show that he has as an initial finding good moral character. The respondent testified today that he has been convicted of a crime to which he pled guilty and served approximately 18 months in prison.  Section 101(f) of the Immigration and Nationality Act states that for the purposes of this Act, no person shall be regarded as or found to be a person of good moral character who, during the period for which good moral character is required to be established, is or was one who, during such period, has been confined as a result of conviction to a penal institution for an

aggregate period of 180 days or more, regardless of whether the offense or offenses for which he has been confined were committed within or without such period.

The respondent's confinement to a penal institution as a result of conviction bars him from establishing one of the components for cancellation of removal. The court would further note that the respondent lacks any qualifying relative as required for cancellation of removal. On those two bases, the court pretermits his application for cancellation of removal.

Turning to the respondent's applications for asylum, withholding of removal, and protection from removal under Article 3 of the United Nations Convention Against Torture, the court would initially note that the respondent is barred from asylum because he is unable to show by clear and convincing evidence that he applied for asylum within one year of his last arrival in the United States. See <u>Shrestha v. Holder</u>, 590 F.3d 1034 (9th Cir. 2010).

The respondent entered the United States in 2002, and he stated that he has not departed the United States since that time. His application for asylum was filed on November 1st, 2023, some 21 years later. The respondent was an adult when he entered the United States at 34 years of age and did not seek asylum at that time. His filing of an application 21 years later is untimely, and the respondent is subject to the one-year bar. See <u>Matter of F-P-R-</u>, 24 I&N Dec. 681 (BIA 2008). Moreover, the court finds that there are not changed circumstances which materially affect his eligibility, or extraordinary circumstances relating to the delay in filing the application. See Section 208(a)(2)(D) of the Act; 8 C.F.R. §1208.4. See also <u>Singh v. Holder</u>, 641 F.3d 1038 (9th Cir. 2011).

<u>PARTICULARLY SERIOUS CRIME</u>

A216-644-998                          3                  November 30, 2023

The court will also make a finding that the respondent has been convicted of a particularly serious crime, and that this serves as a bar to withholding of removal. The respondent was convicted of the crime of injury to children, as described in Exhibit 2, starting on Page 1 through 5. The conviction record from the District Court of the 3rd Judicial District of the State of Idaho, County of Canyon, establishes that the respondent was convicted of injury to child, and sentenced to an indeterminate period of custody of up to seven years, and a minimum fixed and determinate period of custody of two years for a unified sentence, not to exceed nine years. These criminal conviction documents establish that the respondent entered a plea of guilty to these charges, and the criminal conviction record also contains a description of the factual basis for the criminal conviction, contained in Exhibit 2.

The factual basis for the respondent's conviction is that the respondent committed a series of lewd and lascivious acts upon a minor who was under the age of 16, namely, between her ages of 5 and 14 years, and these acts are described in the criminal complaint. The court finds that the criminal conviction record also includes a statement that the respondent has further been convicted of a crime of violence, and there is an additional fine for a crime of violence under Idaho Code Section 19-5307. The language states that the defendant, or the respondent, in our case, having been convicted of one of the enumerated felony offenses stated in Idaho Code Section 19-5307 denominated as a crime of violence, namely the offense of injury to children, and in accordance with Idaho Code Section 19-5307, is fined an additional amount of $5,000. The fact that the respondent has been convicted of a crime that was perpetrated on a young child over a long period of that child's life, and continued to commit these offenses, which the criminal court has stated in its decision qualifies as a crime of violence, leads the court to conclude that the respondent has been convicted of

a particularly serious crime.  See 8 U.S.C. §1158(b)(2)(A)(ii); see also <u>Kankamalage v.</u> <u>INS</u>, 335 F.3d 858 (9th Cir. 2003).

Courts have held that a person convicted of a particularly serious crime is considered per se to be a danger to the community.  See <u>Gomez-Sanchez v. Sessions</u>, 892 F.3d 985 (9th Cir. 2018).  As the court held in <u>Gomez-Sanchez</u>, supra, "It is irrebuttably presumed that once a crime is determined to be particularly serious, the individual who committed that crime presents a danger to the community such that he or she is not entitled to protection by this country from persecution in another country."

The court has considered the standard for determining a particularly serious crime as described in <u>Matter of Frentescu</u>, 18 I&N Dec. 244 (BIA 1982).  This standard has been further articulated in the 9th Circuit Court of Appeals in <u>Avendano-</u> <u>Hernandez v. Lynch</u>, 800 F.3d 1072 (9th Cir. 2015), and <u>Konou v. Holder</u>, 750 F.3d 1120 (9th Cir. 2014).  The court is satisfied that the respondent has been convicted of a particularly serious crime which bars him from withholding of removal.  See <u>Blandino-</u> <u>Medina v. Holder</u>, 712 F.3d 1338 (9th Cir. 2013).

<u>ANALYSIS AND FINDINGS</u>

The respondent stated that he entered the United States in 2002, and that he has six children, all of whom are now in the United States.  They range from the ages of approximately 27, to 30, to 40, or older.  The respondent stated that he was not sure of exact dates of birth.  The respondent entered when he was 34 years old in 2002. He stated that the reason for coming to the United States was because he was working for a bus company as a luggage loader, and that some unknown group or person asked him to place a suitcase on the bus on an infrequent basis.  He said that he was not paid for this service, but that he believed that it was either the Zetas cartel or the Mara Salvatrucha.  The respondent stated that the Zetas operated in Jalisco and Sinaloa in

Mexico, and that the Mara Salvatrucha also operated either near or in Guatemala where he lived in Huehuetenango. The respondent stated that he last worked for the bus system on June 6, 2002. The respondent said he reported to the police about the suitcase because he thought it was suspicious, and his testimony was not particularly clear, given his lack of education and sophistication, as well as the length of time between today and the time that he left Guatemala.

He stated that the military caught him with drugs, and that he was beaten by the military for information about who was bringing those suitcases to him. He said that he was locked in a house for eight days with his head covered, and only given sparing food and sparing access to a bathroom before he was released without any charges.

The respondent gave a name of Nasario Gomez [phonetic], who he believed was a Mexican national, who offered to help him, and that Mr. Gomez was from an institute that was unnamed. He believed that the institute was going to help him, and that they gave him 400 quetzales for a grill. The respondent did not tie the gift of the money for the grill to the institute which Mr. Gomez worked for and the suitcases in a clear manner, but the respondent did not express any fear of Mr. Gomez if he returns; mainly, just the Zetas, or their replacement, the New Generation cartel, and still the Mara Salvatrucha. The respondent stated that after he was released from the eight days of beatings from the military, that he was almost immediately picked up by four men from the Zetas, and was again pressured to transport the drugs for the cartel.

The respondent stated that he also feared kidnapping by his daughter's ex-husband, who is named Jairo, who also lives in Huehuetenango. He stated that his daughter and her ex-husband had a relationship that went bad, that he was abusive, and that he is likely to kidnap the respondent for ransom because he would threaten the

respondent's grandchildren.   The respondent's daughter and her children apparently are now in the United States, and the court was unable to understand exactly how Jairo would have any ability to kidnap him for ransom.

The respondent was asked if he had any relationship with Jairo, and he said he had really never spoken to Jairo.  The respondent was also asked if there were any other groups or individuals who may target him if he returns to Guatemala, and he was asked specifically about the military, and he stated that that was unlikely, because it had been 21 years since he had been there, and he had had no contact.  When asked why he feared the cartels, he stated that, well now, the children of the cartel members who were asking him to transport drugs would likely come after him, and ask him to do the same thing, and threaten him.

The court finds that the respondent has not met his burden of proving eligibility for protection from removal under the Convention Against Torture.  The court has considered all relevant evidence pursuant to <u>Maldonado v. Lynch</u>, 786 F.3d 1155 (9th Cir. 2015), including evidence of past torture inflicted upon the respondent; evidence that he could relocate to a different part of the country where he is not likely to be tortured; any evidence of gross, flagrant, or mass violations of human rights within the country of removal, or any other relevant evidence.

The respondent has failed to establish any government actor who is likely to torture him if he returns to Guatemala.  The primary groups or persons he fears are the criminal cartels and the Mara Salvatrucha criminal gang.  The treatment that the respondent received in the past from both the cartel and the Zetas is being the victim of a criminal act.  The respondent did not clearly indicate that he has been anything other than the victim of a crime, and that that crime was to further the criminal enterprise of the cartel or the Mara Salvatrucha.  Being the victim of a crime by private individuals

without any evidence to show a connection to government officials leads the court to find that these two groups do not show that the respondent has established that it is more likely than not that he would be tortured if removed to Guatemala at the instigation of, or with the consent or acquiescence of a public official or other person acting in an official capacity. See 8 C.F.R. §1208.16(c)(2).

Similarly, the respondent's ex-son-in-law Jairo appears to be a private individual with whom the respondent has never spoken, and who may or may not even know the respondent. There has been no contact between these two ever, and the respondent has not been in Guatemala for 21 years. It's not clear that he has ever met Jairo, or that Jairo would have any interest in him. If Jairo has a dispute with his ex-wife, the respondent's daughter, then the court finds an absence of probability that Jairo would take his frustration out by kidnapping the respondent for ransom. Moreover, there's no evidence that Jairo has any connection to a government official or would be acting in an official capacity. Again, being the victim of a crime, namely kidnapping for ransom, would not be a reason to conclude that a government official is either acquiescing in that treatment, whether that treatment would be torture, or whether the government is willfully blind to such treatment.

Finally, the court notes that the respondent stated that he was kidnapped for eight days by the military, who were investigating the movement of drugs in Guatemala. The respondent's testimony is unclear as to whether this would have been a function of the police, whether he claimed the police were involved in some way with the transportation of these drugs. It was unclear to the court why the respondent was beaten by the military, or how they even knew about the respondent's alleged involvement in the movement of this suitcase from bus to bus.

Finally, the respondent stated that he really has no fear of the military currently because he hasn't had any contact with them in the past 21 years. The respondent's absence from Guatemala for such a long period, and his very limited contacts in Guatemala after such a long period of time, undermine his claim that there is a likelihood that he would be tortured by anyone acting to inflict torture upon the respondent. See Duran-Rodriguez v. Barr, 918 F.3d 1025 (9th Cir. 2019). There does not appear to be a government actor or public official acquiescing or consenting, nor does there appear to be any willful blindness of the government that was shown to such treatment regarded as torture. See Medina-Rodriguez v. Barr, 979 F.3d 738 (9th Cir. 2020).

Accordingly, the court finds that the respondent has failed to demonstrate eligibility for any of the applications he has filed. The following orders will be entered.

<u>ORDERS</u>

It is ordered that the respondent's application for cancellation of removal be denied. It is further ordered that the respondent's application for asylum be denied. It is further ordered that the respondent's application for withholding of removal be denied. It is further ordered that the respondent's application for protection from removal under the United Nations Convention Against Torture be denied. It is ordered that the respondent be removed to Guatemala.

***Please see the next page for electronic signature***

Baker, Glen R.
Immigration Judge

A216-644-998                9                November 30, 2023

000083

Digitally signed by

Baker, Glen R. Immigration Judge

January 22, 2024 10:53 PM

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
LAS VEGAS, NEVADA


File:  A216-644-998                                            November 30, 2023

In the Matter of


                                    )
DANIEL SOLOMAN MARTINEZ-HERNANDEZ )          IN REMOVAL PROCEEDINGS
                                    )
    RESPONDENT                      )


CHARGE:        Section 212(a)(6)(A)(i) of the Immigration and Nationality Act, as
               amended, in that you are an alien present in the United States
               without being admitted or paroled, or who arrived in the United
               States at any time or place other than as designated by the
               Attorney General


APPLICATIONS:  Asylum, withholding of removal, protection from removal under the
               Convention Against Torture, cancellation of removal


ON BEHALF OF RESPONDENT:   Pro se

ON BEHALF OF DHS:  Maya Timmis
                   Assistant Chief Counsel


<u>ORAL DECISION OF THE IMMIGRATION JUDGE</u>

        The respondent is a 56-year-old unmarried male alien who is a native and

citizen of Guatemala.  The United States Department of Homeland Security

commenced these removal proceedings under the authority of the Immigration and

Nationality Act by filing a Notice to Appear with the immigration court on August 29th,

2023.  See Exhibit 1.  At a hearing on October 17th, 2023, the respondent admitted all of the four factual allegations contained in the Notice to Appear.  Based on those admissions and the I-213 record of deportable or inadmissible alien (see Exhibit 2), the court sustained the charge, and the court designated Guatemala, should removal become necessary.

The respondent has applied for relief from removal in the form of cancellation of removal under Section 240 of the Act, and asylum under Section 208 of the Act.  The court has also considered the respondent's eligibility for withholding of removal under Section 241(b)(3) of the Act and withholding of removal under Article 3 of the United Nations Convention Against Torture.  8 C.F.R. §1208.16(c).  The respondent's applications are contained in the record.

At the beginning of today's hearing, the respondent was asked if he had reviewed his applications.  He indicated that he never went to school, and did not read or write, but affirmed to the best of his ability that the contents of his applications were true and correct.

<u>STATUTORY ELIGIBILITY</u>

To establish eligibility for cancellation of removal under Section 240 of the Act, the respondent must show that he has as an initial finding good moral character.  The respondent testified today that he has been convicted of a crime to which he pled guilty and served approximately 18 months in prison.  Section 101(f) of the Immigration and Nationality Act states that for the purposes of this Act, no person shall be regarded as or found to be a person of good moral character who, during the period for which good moral character is required to be established, is or was one who, during such period, has been confined as a result of conviction to a penal institution for an

aggregate period of 180 days or more, regardless of whether the offense or offenses for which he has been confined were committed within or without such period.

The respondent's confinement to a penal institution as a result of conviction bars him from establishing one of the components for cancellation of removal. The court would further note that the respondent lacks any qualifying relative as required for cancellation of removal. On those two bases, the court pretermits his application for cancellation of removal.

Turning to the respondent's applications for asylum, withholding of removal, and protection from removal under Article 3 of the United Nations Convention Against Torture, the court would initially note that the respondent is barred from asylum because he is unable to show by clear and convincing evidence that he applied for asylum within one year of his last arrival in the United States. See <u>Shrestha v. Holder</u>, 590 F.3d 1034 (9th Cir. 2010).

The respondent entered the United States in 2002, and he stated that he has not departed the United States since that time. His application for asylum was filed on November 1st, 2023, some 21 years later. The respondent was an adult when he entered the United States at 34 years of age and did not seek asylum at that time. His filing of an application 21 years later is untimely, and the respondent is subject to the one-year bar. See <u>Matter of F-P-R-</u>, 24 I&N Dec. 681 (BIA 2008). Moreover, the court finds that there are not changed circumstances which materially affect his eligibility, or extraordinary circumstances relating to the delay in filing the application. See Section 208(a)(2)(D) of the Act; 8 C.F.R. §1208.4. See also <u>Singh v. Holder</u>, 641 F.3d 1038 (9th Cir. 2011).

<u>PARTICULARLY SERIOUS CRIME</u>

The court will also make a finding that the respondent has been convicted of a particularly serious crime, and that this serves as a bar to withholding of removal. The respondent was convicted of the crime of injury to children, as described in Exhibit 2, starting on Page 1 through 5. The conviction record from the District Court of the 3rd Judicial District of the State of Idaho, County of Canyon, establishes that the respondent was convicted of injury to child, and sentenced to an indeterminate period of custody of up to seven years, and a minimum fixed and determinate period of custody of two years for a unified sentence, not to exceed nine years. These criminal conviction documents establish that the respondent entered a plea of guilty to these charges, and the criminal conviction record also contains a description of the factual basis for the criminal conviction, contained in Exhibit 2.

The factual basis for the respondent's conviction is that the respondent committed a series of lewd and lascivious acts upon a minor who was under the age of 16, namely, between her ages of 5 and 14 years, and these acts are described in the criminal complaint. The court finds that the criminal conviction record also includes a statement that the respondent has further been convicted of a crime of violence, and there is an additional fine for a crime of violence under Idaho Code Section 19-5307. The language states that the defendant, or the respondent, in our case, having been convicted of one of the enumerated felony offenses stated in Idaho Code Section 19-5307 denominated as a crime of violence, namely the offense of injury to children, and in accordance with Idaho Code Section 19-5307, is fined an additional amount of $5,000. The fact that the respondent has been convicted of a crime that was perpetrated on a young child over a long period of that child's life, and continued to commit these offenses, which the criminal court has stated in its decision qualifies as a crime of violence, leads the court to conclude that the respondent has been convicted of

a particularly serious crime.  See 8 U.S.C. §1158(b)(2)(A)(ii); see also Kankamalage v. INS, 335 F.3d 858 (9th Cir. 2003).

Courts have held that a person convicted of a particularly serious crime is considered per se to be a danger to the community.  See Gomez-Sanchez v. Sessions, 892 F.3d 985 (9th Cir. 2018).  As the court held in Gomez-Sanchez, supra, "It is irrebuttably presumed that once a crime is determined to be particularly serious, the individual who committed that crime presents a danger to the community such that he or she is not entitled to protection by this country from persecution in another country."

The court has considered the standard for determining a particularly serious crime as described in Matter of Frentescu, 18 I&N Dec. 244 (BIA 1982).  This standard has been further articulated in the 9th Circuit Court of Appeals in Avendano-Hernandez v. Lynch, 800 F.3d 1072 (9th Cir. 2015), and Konou v. Holder, 750 F.3d 1120 (9th Cir. 2014).  The court is satisfied that the respondent has been convicted of a particularly serious crime which bars him from withholding of removal.  See Blandino-Medina v. Holder, 712 F.3d 1338 (9th Cir. 2013).

ANALYSIS AND FINDINGS

The respondent stated that he entered the United States in 2002, and that he has six children, all of whom are now in the United States.  They range from the ages of approximately 27, to 30, to 40, or older.  The respondent stated that he was not sure of exact dates of birth.  The respondent entered when he was 34 years old in 2002. He stated that the reason for coming to the United States was because he was working for a bus company as a luggage loader, and that some unknown group or person asked him to place a suitcase on the bus on an infrequent basis.  He said that he was not paid for this service, but that he believed that it was either the Zetas cartel or the Mara Salvatrucha.  The respondent stated that the Zetas operated in Jalisco and Sinaloa in

Mexico, and that the Mara Salvatrucha also operated either near or in Guatemala where he lived in Huehuetenango. The respondent stated that he last worked for the bus system on June 6, 2002. The respondent said he reported to the police about the suitcase because he thought it was suspicious, and his testimony was not particularly clear, given his lack of education and sophistication, as well as the length of time between today and the time that he left Guatemala.

He stated that the military caught him with drugs, and that he was beaten by the military for information about who was bringing those suitcases to him. He said that he was locked in a house for eight days with his head covered, and only given sparing food and sparing access to a bathroom before he was released without any charges.

The respondent gave a name of Nasario Gomez [phonetic], who he believed was a Mexican national, who offered to help him, and that Mr. Gomez was from an institute that was unnamed. He believed that the institute was going to help him, and that they gave him 400 quetzales for a grill. The respondent did not tie the gift of the money for the grill to the institute which Mr. Gomez worked for and the suitcases in a clear manner, but the respondent did not express any fear of Mr. Gomez if he returns; mainly, just the Zetas, or their replacement, the New Generation cartel, and still the Mara Salvatrucha. The respondent stated that after he was released from the eight days of beatings from the military, that he was almost immediately picked up by four men from the Zetas, and was again pressured to transport the drugs for the cartel.

The respondent stated that he also feared kidnapping by his daughter's ex-husband, who is named Jairo, who also lives in Huehuetenango. He stated that his daughter and her ex-husband had a relationship that went bad, that he was abusive, and that he is likely to kidnap the respondent for ransom because he would threaten the

respondent's grandchildren. The respondent's daughter and her children apparently are now in the United States, and the court was unable to understand exactly how Jairo would have any ability to kidnap him for ransom.

The respondent was asked if he had any relationship with Jairo, and he said he had really never spoken to Jairo. The respondent was also asked if there were any other groups or individuals who may target him if he returns to Guatemala, and he was asked specifically about the military, and he stated that that was unlikely, because it had been 21 years since he had been there, and he had had no contact. When asked why he feared the cartels, he stated that, well now, the children of the cartel members who were asking him to transport drugs would likely come after him, and ask him to do the same thing, and threaten him.

The court finds that the respondent has not met his burden of proving eligibility for protection from removal under the Convention Against Torture. The court has considered all relevant evidence pursuant to <u>Maldonado v. Lynch</u>, 786 F.3d 1155 (9th Cir. 2015), including evidence of past torture inflicted upon the respondent; evidence that he could relocate to a different part of the country where he is not likely to be tortured; any evidence of gross, flagrant, or mass violations of human rights within the country of removal, or any other relevant evidence.

The respondent has failed to establish any government actor who is likely to torture him if he returns to Guatemala. The primary groups or persons he fears are the criminal cartels and the Mara Salvatrucha criminal gang. The treatment that the respondent received in the past from both the cartel and the Zetas is being the victim of a criminal act. The respondent did not clearly indicate that he has been anything other than the victim of a crime, and that that crime was to further the criminal enterprise of the cartel or the Mara Salvatrucha. Being the victim of a crime by private individuals

without any evidence to show a connection to government officials leads the court to find that these two groups do not show that the respondent has established that it is more likely than not that he would be tortured if removed to Guatemala at the instigation of, or with the consent or acquiescence of a public official or other person acting in an official capacity. See 8 C.F.R. §1208.16(c)(2).

        Similarly, the respondent's ex-son-in-law Jairo appears to be a private individual with whom the respondent has never spoken, and who may or may not even know the respondent. There has been no contact between these two ever, and the respondent has not been in Guatemala for 21 years. It's not clear that he has ever met Jairo, or that Jairo would have any interest in him. If Jairo has a dispute with his ex-wife, the respondent's daughter, then the court finds an absence of probability that Jairo would take his frustration out by kidnapping the respondent for ransom. Moreover, there's no evidence that Jairo has any connection to a government official or would be acting in an official capacity. Again, being the victim of a crime, namely kidnapping for ransom, would not be a reason to conclude that a government official is either acquiescing in that treatment, whether that treatment would be torture, or whether the government is willfully blind to such treatment.

        Finally, the court notes that the respondent stated that he was kidnapped for eight days by the military, who were investigating the movement of drugs in Guatemala. The respondent's testimony is unclear as to whether this would have been a function of the police, whether he claimed the police were involved in some way with the transportation of these drugs. It was unclear to the court why the respondent was beaten by the military, or how they even knew about the respondent's alleged involvement in the movement of this suitcase from bus to bus.

Finally, the respondent stated that he really has no fear of the military currently because he hasn't had any contact with them in the past 21 years. The respondent's absence from Guatemala for such a long period, and his very limited contacts in Guatemala after such a long period of time, undermine his claim that there is a likelihood that he would be tortured by anyone acting to inflict torture upon the respondent. See Duran-Rodriguez v. Barr, 918 F.3d 1025 (9th Cir. 2019). There does not appear to be a government actor or public official acquiescing or consenting, nor does there appear to be any willful blindness of the government that was shown to such treatment regarded as torture. See Medina-Rodriguez v. Barr, 979 F.3d 738 (9th Cir. 2020).

Accordingly, the court finds that the respondent has failed to demonstrate eligibility for any of the applications he has filed. The following orders will be entered.

<u>ORDERS</u>

It is ordered that the respondent's application for cancellation of removal be denied. It is further ordered that the respondent's application for asylum be denied. It is further ordered that the respondent's application for withholding of removal be denied. It is further ordered that the respondent's application for protection from removal under the United Nations Convention Against Torture be denied. It is ordered that the respondent be removed to Guatemala.

_____
Baker, Glen R.
Immigration Judge



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**LAS VEGAS IMMIGRATION COURT**

Respondent Name:
MARTINEZ-HERNANDEZ, DANIEL
SOLOMAN

To:
MARTINEZ-HERNANDEZ, DANIEL
SOLOMAN

C/O IN ICE CUSTUDY PAHRUMP

2190 E. MESQUITE AVE

PAHRUMP, NV 89060

A-Number:
 216644998

Riders:
In Removal Proceedings
Date:
11/30/2023

**ORDER OF THE IMMIGRATION JUDGE**

☒ This is a summary of the oral decision entered on 11/30/2023.　The oral decision in this case is the official opinion, and the immigration court issued this summary for the convenience of the parties.

☒ Both parties waived the issuance of a formal oral decision in this proceeding.

### I.　Removability

The immigration court found Respondent ☐ removable ☒ inadmissible under the following Section(s) of the Immigration and Nationality Act (INA or Act): 212(a) (6) (A) (i)

The immigration court found Respondent ☐ not removable ☐ not inadmissible under the following Section(s) of the Act:

### II.　Applications for Relief

Respondent's application for:

A. Asylum/Withholding/Convention Against Torture
　☒ Asylum was ☐ granted ☒ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice
　☒ Withholding of Removal under INA § 241(b)(3) was ☐ granted ☒ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice.
　☒ Withholding of Removal under the Convention Against Torture was ☐ granted ☒ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice.
　☐ Deferral of Removal under the Convention Against Torture was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice.
　☐ Respondent knowingly filed a frivolous application for asylum after notice of the

000094

consequences. *See* INA § 208(d)(6); 8 C.F.R. §1208.20

B. Cancellation of Removal

☐ Cancellation of Removal for Lawful Permanent Residents under <u>INA § 240A(a)</u> was
    ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice.

☐ Cancellation of Removal for Nonpermanent Residents under <u>INA § 240A(b)(1)</u> was
    ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice.

☐ Special Rule Cancellation of Removal under <u>INA § 240A(b)(2)</u> was
    ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice.

C. Waiver

☐ A waiver under INA §      was
    ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice.

D. Adjustment of Status

☐ Adjustment of Status under INA §      was
    ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice.

E. Other

### III. Voluntary Departure

☐ Respondent's application for ☐ pre-conclusion voluntary departure under INA § 240B(a)
☐ post-conclusion voluntary departure under INA § 240B(b) was ☐ denied.

☐ Respondent's application for ☐ pre-conclusion voluntary departure under INA § 240B(a)
☐ post-conclusion voluntary under INA § 240B(b) departure was ☐ granted, and

Respondent is ordered to depart by [    ]. The respondent must post a $ [    ]
bond with DHS within five business days of this order. Failure to post the bond as
required or to depart by the required date will result in an alternate order of removal to

[    ] taking effect immediately.

☐ The respondent is subject to the following conditions to ensure his or her timely
departure from the United States:

☐ Further information regarding voluntary departure has been added to the record.

☐ Respondent was advised of the limitation on discretionary relief, the consequences
for failure to depart as ordered, the bond posting requirements, and the consequences of
filing a post-order motion to reopen or reconsider:

If Respondent fails to voluntarily depart within the time specified or any extensions granted by the DHS, Respondent shall be subject to a civil monetary penalty as provided by relevant statute, regulation, and policy. *See* INA § 240B(d)(1). The immigration court has set

☐ the presumptive civil monetary penalty amount of $3,000.00 USD

☐ $ _____ USD instead of the presumptive amount.

If Respondent fails to voluntarily depart within the time specified, the alternate order of removal shall automatically take effect, and Respondent shall be ineligible, for a period of 10 years, for voluntary departure or for relief under sections 240A, 245, 248, and 249 of the Act, to include cancellation of removal, adjustment of status, registry, or change of nonimmigrant status. *Id.*

If Respondent files a motion to reopen or reconsider prior to the expiration of the voluntary departure period set forth above, the grant of voluntary departure is automatically terminated; the period allowed for voluntary departure is not stayed, tolled, or extended. If the grant of voluntary departure is automatically terminated upon the filing of such a motion, the penalties for failure to depart under section 240B(d) of the Act shall not apply.

If Respondent appeals this decision, Respondent must provide to the Board of Immigration Appeals (Board), within 30 days of filing an appeal, sufficient proof of having posted the voluntary departure bond. The Board will not reinstate the voluntary departure period in its final order if Respondent does not submit timely proof to the Board that the voluntary departure bond has been posted.

In the case of conversion to a removal order where the alternate order of removal immediately takes effect, where Respondent willfully fails or refuses to depart from the United States pursuant to the order of removal, to make timely application in good faith for travel or other documents necessary to depart the United States, to present himself or herself at the time and place required for removal by the DHS, or conspires to or takes any action designed to prevent or hamper Respondent's departure pursuant to the order of removal, Respondent may be subject to a civil monetary penalty for each day Respondent is in violation. If Respondent is removable pursuant to INA § 237(a), then he or she shall be further fined or imprisoned for up to 10 years.

## IV.    Removal

☒ Respondent was ordered removed to   GUATEMALA.

☐ In the alternative, Respondent was ordered removed to

☐ Respondent was advised of the penalties for failure to depart pursuant to the removal order:

If Respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, to present himself or herself at the time and place required for removal by the DHS, or conspires to or takes any action designed to prevent or hamper Respondent's departure pursuant to the order of removal, Respondent may be subject to a civil monetary penalty for each day Respondent is in violation. If Respondent is removable pursuant to INA § 237(a), then he or she shall be further fined or imprisoned for up to 10 years.

## V.    Other

☐ Proceedings were ☐ dismissed ☐ terminated with prejudice ☐ terminated without prejudice ☐ administratively closed.

☐ Respondent's status was rescinded under INA § 246.

☐ Other:

Immigration Judge: Baker, Glen  11/30/2023

Appeal:   Department of Homeland Security:  ☒ waived   ☐ reserved

          Respondent:   ☐ waived   ☒ reserved

Appeal Due: 01/02/2024

## Certificate of Service

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service

To: [   ] Noncitizen | [ M ] Noncitizen c/o custodial officer | [    ] Noncitizen's atty/rep. | [ P ] DHS Riders:

By:  Morteo, Cristina , Court Staff

Date:  11/30/2023

000097

U.S. Department of Justice
Executive Office for Immigration Review
United States Immigration Court

In the Matter of                                          File:  A216-644-998

)
DANIEL SOLOMAN MARTINEZ-HERNANDEZ )        IN REMOVAL PROCEEDINGS
)
RESPONDENT                          )        Transcript of Hearing

Before Roberts, Lindsy M., Immigration Judge

Date: September 19, 2023                 Place: LAS VEGAS, NEVADA

Transcribed by Diaz Data Services

Official Interpreter: MR. VALEZ

Language: SPANISH

Appearances:

  For the Respondent: PRO SE

  For the DHS: MR. SAN MIGUEL

1     JUDGE FOR THE RECORD

2        All right.  So today's date is September 19, 2023.  This is Immigration Judge

3    Lindsy Roberts in Las Vegas Immigration Courtb for this morning's docket.  All of the

4    respondents are appearing via video conference from the Pahrump Detention Center.

5    Mr. San Miguel [phonetic] is DHS counsel via WebEx.  Mr. Valez [phonetic] is the

6    court's previously sworn Spanish interpreter where Spanish is the language of choice.

7                               <u>OFF THE RECORD</u>

8                               <u>ON THE RECORD</u>

9    JUDGE FOR THE RECORD

10       This is an initial master calendar hearing in file 216-644-998.

11    JUDGE TO MR. MARTINEZ-HERNANDEZ

12       Sir, good morning.  What is your full name?

13    MR. MARTINEZ-HERNANDEZ TO JUDGE

14       Daniel Soloman Martinez-Hernandez.

15    JUDGE TO MR. MARTINEZ-HERNANDEZ

16       All right, sir.  Your case in this court started when the Department of Homeland

17    Security filed what's called a Notice to Appear.  That is the document that has the

18    reasons that the Department of Homeland Security believes you are not legally present

19    in the United States.  This court will determine if the allegations and charge in that

20    document are true.  And if they are, whether there are any applications you could file

21    that might allow you to remain in the United States if that is what you want to do.  Sir,

22    you have rights in these proceedings, and one of those rights is the right to hire a lawyer

23    of your own choice to represent you.  The court cannot pay for a lawyer to represent

24    you.  We do maintain a list of legal aid providers that might be able to help you at a

25    reduced cost or for free.  There are copies of the list in the detention facility.  Sir, would

1     you like some time to see if you can find a lawyer to help you?

2     MR. MARTINEZ-HERNANDEZ TO JUDGE

3         Yes, please.

4     JUDGE TO MR. MARTINEZ-HERNANDEZ

5         All right, sir. You can, as I said before, get a copy of that legal aid list. You don't

6     have to hire someone from that list. You can hire anyone that you would like to have

7     represent you. Sir, your next hearing date is going to be on October 5 at 8:30 in the

8     morning. If you find a lawyer to help you, please let the lawyer know that you have a

9     hearing scheduled at that time. Any questions, sir?

10    MR. MARTINEZ-HERNANDEZ TO JUDGE

11        No. Thank you so much.

12    JUDGE TO MR. MARTINEZ-HERNANDEZ

13        Thank you, sir. Have a nice day.

14                            <u>HEARING CLOSED</u>

U.S. Department of Justice
Executive Office for Immigration Review
United States Immigration Court

In the Matter of                                      File:  A216-644-998

                                 )
DANIEL SOLOMAN MARTINEZ-HERNANDEZ )        IN REMOVAL PROCEEDINGS
                                 )
  RESPONDENT                                  )        Transcript of Hearing

Before Nguyen, An Mai, Immigration Judge

Date: October 13, 2023                     Place: LAS VEGAS, NEVADA

Transcribed by Diaz Data Services

Official Interpreter: DIEGO VELEZ

Language: SPANISH

Appearances:
  For the Respondent: PRO SE
  For the DHS: CHRISTIAN PARKE

1    JUDGE FOR THE RECORD

2        Good morning.  We are on the record.  This is Immigration Judge An Nguyen in

3    Las Vegas, Nevada, October 13, 2023.  This is a removal proceeding for Daniel

4    Soloman Martinez-Hernandez, 216-644-998.  Respondent is detained, pro se,

5    appearing by VTC from Pahrump.  Government counsel is Christian Parke.

6    JUDGE TO MR. MARTINEZ-HERNANDEZ

7        Good morning, sir.

8    MR. MARTINEZ-HERNANDEZ TO JUDGE

9        Good morning.

10    JUDGE TO MR. MARTINEZ-HERNANDEZ

11        What language do you speak and understand the best?

12    MR. MARTINEZ-HERNANDEZ TO JUDGE

13        Spanish.

14    JUDGE TO MR. MARTINEZ-HERNANDEZ

15        Our certified Spanish interpreter today is Mr. Diego Velez.  Do you understand

16    him?

17    MR. MARTINEZ-HERNANDEZ TO JUDGE

18        Yes.

19    JUDGE TO MR. MARTINEZ-HERNANDEZ

20        The prior judge gave you time to look for counsel.  Were you able to find an

21    attorney?

22    MR. MARTINEZ-HERNANDEZ TO JUDGE

23        No, I couldn't find an attorney.

24    JUDGE TO MR. MARTINEZ-HERNANDEZ

25        All right, sir.  We're going to then review your Notice to Appear today.  Yours is

1    dated August 18, 2023.  The government gave you this document in person, and you

2    signed as having received it.  You are under oath to tell the truth and nothing but the

3    truth.  Do you understand?

4    MR. MARTINEZ-HERNANDEZ TO JUDGE

5         Yes.

6    JUDGE TO MR. MARTINEZ-HERNANDEZ

7         All right.  Allegation number one says you are not a citizen or national of the

8    United States.  Is that true or false?

9    MR. MARTINEZ-HERNANDEZ TO JUDGE

10        That's true.

11   JUDGE TO MR. MARTINEZ-HERNANDEZ

12        Allegation two says you are a native and citizen of Guatemala.

13   MR. MARTINEZ-HERNANDEZ TO JUDGE

14        Yes.

15   JUDGE TO MR. MARTINEZ-HERNANDEZ

16        Allegation three says you entered the United States at an unknown location on or

17   about an unknown date.  True or false?

18   MR. MARTINEZ-HERNANDEZ TO JUDGE

19        I deny all charges and accusations against me.

20   JUDGE TO MR. MARTINEZ-HERNANDEZ

21        Well, sir, we've been going through the allegations so far.  And you've admitted

22   the last two.  So, I'm going to go over them again just so you understand.  I'm merely

23   asking you and reading them out loud to see if they are true statements or false

24   statements.  The first allegation says you are not a citizen or national of the United

25   States.  Is that true or false?

1    MR. MARTINEZ-HERNANDEZ TO JUDGE

2        I -- with all due respect, I refuse all charges and allegations.  And I ask the

3    government to prove all these allegations against me.

4    JUDGE TO MR. MARTINEZ-HERNANDEZ

5        That's fine, sir.  That's your right.  But I will reflect that just a moment ago when I

6    asked you about the first two allegations, you did tell me that they were true.

7    Nevertheless, I am going to reflect that you are now denying everything, all four factual

8    allegations as well as the charge.  The government has filed the form I-213 which is a

9    record of deportable or inadmissible alien.  This form is a record of an interview that you

10    had with an immigration officer when you were encountered.  It has your photograph on

11    the first page and your fingerprints.  It contains your biographical data, immigration

12    history, and criminal history.  Attached to this document is a record of a conviction out of

13    the state of Idaho for the offense of injury to a child, a felony.  Did you receive these

14    documents from the government, sir?

15    MR. MARTINEZ-HERNANDEZ TO JUDGE

16        No, I didn't receive these documents.

17    JUDGE TO MR. MARTINEZ-HERNANDEZ

18        All right.  The government shows that they filed them with the court back in

19    August.  So, you are saying that you did not receive these documents?

20    MR. MARTINEZ-HERNANDEZ TO JUDGE

21        Well, since I don't know how to read and write, I don't know about these

22    documents.  I don't know when they were given to me.

23    JUDGE TO MR. MARTINEZ-HERNANDEZ

24        Well, that's two separate issues, sir.  Did you receive the documents, and you

25    were not able, for example, to read them and understand them?  Or did you not receive

1   the documents?

2   MR. MARTINEZ-HERNANDEZ TO JUDGE

3        Well, I couldn't read them because I don't know how to read and write.

4   JUDGE TO MR. MARTINEZ-HERNANDEZ

5        But you did get them.  Is that right?

6   MR. MARTINEZ-HERNANDEZ TO JUDGE

7        Well, they gave me a packet of documents, and I don't know if in -- within those

8   documents is those -- that information.  I can't tell you for sure.

9   JUDGE TO MR. MARTINEZ-HERNANDEZ

10        All right.  So, because it's a bit unclear to me whether you've received them or

11   you just haven't been able to review them, I'm going to have to reset your case, sir, to

12   give you the time to look at them.  And then you will be asked if you object to their

13   consideration at the next hearing.  In the abundance of caution, I'll direct the

14   government to resend them to you just in case you did not get them.  If you do still have

15   the packet of documents, you can use all the resources that may be available to you

16   there at the detention center such as having a person who knows how to speak Spanish

17   and read and write in English explain them or read them to you.  Because you've denied

18   all the allegations and the charge against you, the government is relying on these

19   pieces of evidence to substantiate their allegations and charges.

20   JUDGE TO MR. PARKE

21        Mr. Parke, does the government need about a week or two weeks?

22   MR. PARKE TO JUDGE

23        A week should be fine, your honor.

24   JUDGE TO MR. MARTINEZ-HERNANDEZ

25        Sir, I'm resetting your case to October 17, 2023 at 8:30 in the morning to give

1    you the time to review these documents.  Any questions, sir?

2    MR. MARTINEZ-HERNANDEZ TO JUDGE

3         How am I going to do this if I don't have an attorney?  What happen?  What -- I

4    don't know how to read and write or have anybody to help me.

5    JUDGE TO MR. MARTINEZ-HERNANDEZ

6         Sir, there are a lot of people who are similarly situated as you.  And I understand.

7    But there are resources there that you are going to have to utilize to help yourself.  One

8    example that I gave is perhaps you can find somebody, another inmate or any person at

9    the detention center who knows how to speak Spanish and read and write in English.

10   Such a bilingual person would be able to read the document in English and then

11   perhaps translate it for you into Spanish.  Perhaps there is a library there at the

12   detention center.  So, those are just some examples.  So that is the end of the hearing

13   today.

14   JUDGE FOR THE RECORD

15        We are adjourned.  Off the record.

16                          <u>OFF THE RECORD</u>

17                          <u>ON THE RECORD</u>

18   JUDGE FOR THE RECORD

19        Back on the record.  It's still October 13, 2023.  The respondent has an additional

20   question.

21   JUDGE TO MR. MARTINEZ-HERNANDEZ

22        Go ahead, sir.

23   MR. MARTINEZ-HERNANDEZ TO JUDGE

24        When is my next hearing?

25   JUDGE TO MR. MARTINEZ-HERNANDEZ

1          Next week, October 17, 2023 at 8:30.  I'm giving you this week so that you can

2     review and understand the documents provided by the government.

3     MR. MARTINEZ-HERNANDEZ TO JUDGE

4          That's fine.  Thank you so much.

5     JUDGE FOR THE RECORD

6          We're off the record.

7                              HEARING CLOSED

U.S. Department of Justice
Executive Office for Immigration Review
United States Immigration Court

In the Matter of                                          File:  A216-644-998

                                   )
DANIEL SOLOMAN MARTINEZ-HERNANDEZ )          IN REMOVAL PROCEEDINGS
                                   )
    RESPONDENT                     )          Transcript of Hearing

Before Roberts, Lindsy M., Immigration Judge

Date: October 17, 2023                        Place: LAS VEGAS, NEVADA

Transcribed by Diaz Data Services

Official Interpreter: RICHARD EVANS

Language: SPANISH

Appearances:

  For the Respondent: PRO SE

  For the DHS: RICKISHA HIGHTOWER

000108

1    JUDGE FOR THE RECORD

2        We're on the record.  Today's date is October 17, 2023.  This is Immigration

3    Judge Lindsy Roberts in the Las Vegas Immigration Court.  This morning all of the

4    respondents are appearing via video conference from the Pahrump Detention Center.

5    Counsel for the Department of Homeland Security is Ms. Rickisha Hightower.  And Mr.

6    Richard Evans is the court's previously sworn Spanish interpreter where Spanish is the

7    language of Spanish.

8                                   OFF THE RECORD

9                                    ON THE RECORD

10   JUDGE FOR THE RECORD

11       We're back on the record in case number 216-644-998.

12   JUDGE TO MR. MARTINEZ-HERNANDEZ

13       Sir, thank you for your patience.  I've got the documents in your case.  Now, sir,

14   at your last hearing, it looks like you denied the allegations in your case and indicated to

15   the judge that you wanted some time to review the documents that the Department of

16   Homeland Security had filed.  Is that correct?

17   MR. MARTINEZ-HERNANDEZ TO JUDGE

18       Okay.  I'm not do that.  I -- the only thing -- I recheck the charges that were --

19   charges against me.

20   JUDGE TO MR. MARTINEZ-HERNANDEZ

21       Okay.  Well, sir, we're going to talk about that now.  So, sir, the charge in this

22   case is that you are present in the United States without being admitted or paroled after

23   inspection by an immigration officer.  That's the charge here in your immigration case.

24   Now, I know you had some criminal convictions, but that's a separate issue that we'll

25   talk about in a moment.  With regard to the charge in your immigration case, sir, the

A216-644-998                           9                        October 17, 2023

000109

1  Department of Homeland Security has filed documents indicating that when you were

2  interviewed by an asylum officer, you stated that you were born in Guatemala.  Is that

3  correct?

4  MR. MARTINEZ-HERNANDEZ TO JUDGE

5      Yes.

6  JUDGE TO MR. MARTINEZ-HERNANDEZ

7      All right.  And sir, have you ever had legal immigration status in the United

8  States?

9  MR. MARTINEZ-HERNANDEZ TO JUDGE

10     I'm sorry.  The question?

11 JUDGE TO MR. MARTINEZ-HERNANDEZ

12     Have you ever had lawful permanent residency or any other form of legal

13 immigration status in the United States?

14 MR. MARTINEZ-HERNANDEZ TO JUDGE

15     Well, I reject all the charges against me, and that's the only thing that I can tell

16 you.

17 JUDGE TO MR. MARTINEZ-HERNANDEZ

18     Okay.  Well, sir, the documentation provided by the Department of Homeland

19 Security indicates that you are not a citizen or national of the United States, that you

20 entered the United States at an unknown location on an unknown date by coming

21 across the border without being admitted or paroled after inspection by an immigration

22 officer.  And sir, again, that is the charge against you.  So, based on all the

23 documentation that was provided by the Department of Homeland Security, the court

24 does find the immigration charge in your case to be sustained by clear and convincing

25 evidence.  Excuse me, Guatemala is directed as the court in the -- excuse me,

1    Guatemala is directed by the court as the country of removal in the event that that

2    becomes necessary.  Now, sir, having sustained the charge, I'm going to ask you some

3    questions to see if there are any applications you can file if you want to remain in the

4    United States.  Sir, you don't have to answer my questions.  But if you don't answer the

5    questions, I'm not going to be able to determine if there are any applications you can

6    file.  And that may result in you being ordered removed from this country.  Do you

7    understand that, sir?

8    MR. MARTINEZ-HERNANDEZ TO JUDGE

9         I filed an application about this.

10   JUDGE TO MR. MARTINEZ-HERNANDEZ

11        Okay.  I see that you're holding up an application, sir.  Did you send a copy of

12   that into the court?

13   MR. MARTINEZ-HERNANDEZ TO JUDGE

14        Okay.  We're going to be sending it today because on Friday it was too late by

15   the time we did it.  So, we're going to send it today or tomorrow.

16   JUDGE TO MR. MARTINEZ-HERNANDEZ

17        Sir, is that an application for cancellation of removal?

18   MR. MARTINEZ-HERNANDEZ TO JUDGE

19        Yes.

20   JUDGE TO MR. MARTINEZ-HERNANDEZ

21        All right.

22   MR. MARTINEZ-HERNANDEZ TO JUDGE

23        I believe so.

24   JUDGE TO MR. MARTINEZ-HERNANDEZ

25        Okay.  Sir, what I'm going to do is just ask you some questions so that we make

1    sure that you're going to be -- to make sure that you're going to be eligible for

2    cancellation of removal. So, sir, when is the last time you entered the United States?

3    MR. MARTINEZ-HERNANDEZ TO JUDGE

4        It's -- well, the first time that I came in.

5    JUDGE TO MR. MARTINEZ-HERNANDEZ

6        Okay. But when was that? I don't need a specific day, just a year.

7    MR. MARTINEZ-HERNANDEZ TO JUDGE

8        I'm afraid of speaking. I'm afraid of everything.

9    JUDGE TO MR. MARTINEZ-HERNANDEZ

10        Okay. Well, sir, you're alone in the room there. And I understand that you're

11    nervous. But I'm not -- I'm asking you these questions for a reason which is to

12    determine whether you're even eligible to fill out that application. It's just part of the

13    process. Sir, you filled out the application. I presume if you filled out the application this

14    information is in there. Sir, not answering my questions isn't going to help you in the

15    long run here. Okay? So, sir, what year did you enter the United States?

16    MR. MARTINEZ-HERNANDEZ TO JUDGE

17        2002.

18    JUDGE TO MR. MARTINEZ-HERNANDEZ

19        Okay. Have you ever left?

20    MR. MARTINEZ-HERNANDEZ TO JUDGE

21        No.

22    JUDGE TO MR. MARTINEZ-HERNANDEZ

23        Are you legally married?

24    MR. MARTINEZ-HERNANDEZ TO JUDGE

25        No.

1    JUDGE TO MR. MARTINEZ-HERNANDEZ

2        Do you have any children who were born in the United States?

3    MR. MARTINEZ-HERNANDEZ TO JUDGE

4        No.

5    JUDGE TO MR. MARTINEZ-HERNANDEZ

6        Are either of your parents United States citizens or lawful permanent residents?

7    MR. MARTINEZ-HERNANDEZ TO JUDGE

8        No.

9    JUDGE TO MR. MARTINEZ-HERNANDEZ

10       Okay.  So, sir, in order to be eligible for cancellation of removal, you have to have

11   a parent, spouse, or child who is a United States citizen or lawful permanent resident.

12   Since you don't have any of that, sir, you don't have what's called a qualifying relative.

13   So, even though you've been in the United States for around 20 years, you're not going

14   to be eligible to file that cancellation application because you don't meet the legal

15   requirements.  Now, sir, do you believe you would be harmed if you went back to

16   Guatemala?

17   MR. MARTINEZ-HERNANDEZ TO JUDGE

18       Okay, yes.  I'm afraid.  I came escaping the world of drugs.  I don't want to go

19   back selling drugs over there.  I don't want to go back there.

20   JUDGE TO MR. MARTINEZ-HERNANDEZ

21       Okay.  So, sir, the application that you would need to fill out is the I-589.  Sir,

22   that's going to be an application for withholding of removal and for what is called

23   protection under the Convention Against Torture.  Okay.  There are copies of that

24   application there in the detention facility, but I'll mail you one as well to make sure that

25   you get it.  Sir, just as you did with that other application, fill it out to the best of your

1    ability.  And once you do that, mail it here to the immigration court in Las Vegas.  Once

2    you get it filled out, sir, then we'll get you scheduled for a final hearing date.  And the

3    court will explain to you the types of evidence that you're able to file if you want to.

4    Okay?  Do you understand that?

5    MR. MARTINEZ-HERNANDEZ TO JUDGE

6         Not much but she going to send me the copy so I can fill it out?

7    JUDGE TO MR. MARTINEZ-HERNANDEZ

8         I will, sir.  But if you want to start earlier, there are blank copies in the facility as

9    well.  But I'll mail you one just to make sure that you get the correct application.

10   MR. MARTINEZ-HERNANDEZ TO JUDGE

11        What is the copy -- paper name?

12   JUDGE TO MR. MARTINEZ-HERNANDEZ

13        I-589.  So, sir, at the --

14   MR. MARTINEZ-HERNANDEZ TO JUDGE

15        E.

16   JUDGE TO MR. MARTINEZ-HERNANDEZ

17        -- mm-hmm.  So, sir at the top corner of the application here, it's going to say I-

18   589.  Okay?

19   MR. MARTINEZ-HERNANDEZ TO JUDGE

20        Thank you.

21   JUDGE TO MR. MARTINEZ-HERNANDEZ

22        Okay, sir.  So, I'm going to have you come back next Thursday on October 26th.

23   We're just going to see if you've got that filled out and sent back in.  Okay?

24   MR. MARTINEZ-HERNANDEZ TO JUDGE

25        Yes, fine.  Thank you very much.

1    JUDGE TO MR. MARTINEZ-HERNANDEZ

2         All right, sir.  Have a nice day.

3                                    <u>HEARING CLOSED</u>

U.S. Department of Justice
Executive Office for Immigration Review
United States Immigration Court

In the Matter of                                    File:  A216-644-998

)
DANIEL SOLOMAN MARTINEZ-HERNANDEZ )        IN REMOVAL PROCEEDINGS
)
RESPONDENT                    )        Transcript of Hearing

Before Roberts, Lindsy M., Immigration Judge

Date: October 31, 2023                    Place: LAS VEGAS, NEVADA

Transcribed by Diaz Data Services

Official Interpreter: BLANCA JABLO

Language: SPANISH

Appearances:

  For the Respondent: PRO SE

  For the DHS: JULIA GONSALVES

1    JUDGE FOR THE RECORD

2        Today's date is October 31, 2023.  This is Immigration Judge Lindsy Roberts in

3    the Las Vegas Immigration Court.  For this morning's docket, all of the respondents are

4    appearing via video conference from the Pahrump Detention Center.  Ms. Julia

5    Gonsalves [phonetic] is representing the Department of Homeland Security via Webex.

6    And Ms. Blanca Jablo [phonetic] is the court's previously sworn Spanish interpreter

7    where Spanish is the language of choice.

8                                        OFF THE RECORD

9                                        ON THE RECORD

10   JUDGE FOR THE RECORD

11       This is a continued removal proceeding in case number 216-644-998.

12   JUDGE TO MR. MARTINEZ-HERNANDEZ

13       Sir, for the record, please tell me your full name.

14   MR. MARTINEZ-HERNANDEZ TO JUDGE

15       Daniel Soloman Martinez-Hernandez.

16   JUDGE TO MR. MARTINEZ-HERNANDEZ

17       Sir, at your last hearing, I told you that you could fill out the asylum application.

18   Are you working on filling that out?  I haven't received it yet.

19   MR. MARTINEZ-HERNANDEZ TO JUDGE

20       Well, I apologize, your honor, but we have -- we weren't able to fill it out.  We just

21   sent it out yesterday.

22   JUDGE TO MR. MARTINEZ-HERNANDEZ

23       Okay.  Sir --

24   JUDGE TO CLERK

25       -- Megan [phonetic], can I squeeze him on for next week?

1    JUDGE TO MR. MARTINEZ-HERNANDEZ

2         Sir, I'm going to have you --

3    JUDGE TO CLERK

4         -- was that going to be the 7th?

5    CLERK TO JUDGE

6         Yes.

7    JUDGE TO MR. MARTINEZ-HERNANDEZ

8         I'm just going to come back next week on November 7 at 8:30.  Since you have

9    already sent it, it should be here by then.  And then we'll get you scheduled for your final

10   hearing.

11   INTERPRETER TO JUDGE

12        Seventh, your honor?

13   JUDGE TO INTERPRETER

14        Yeah.

15   INTERPRETER TO JUDGE

16        Okay.

17   JUDGE TO MR. MARTINEZ-HERNANDEZ

18        Okay?

19   MR. MARTINEZ-HERNANDEZ TO JUDGE

20        I'm sorry.  November 7th?

21   JUDGE TO MR. MARTINEZ-HERNANDEZ

22        Yes, sir, a week from today.  It's just going to be to make sure that the court has

23   received the application.  And then I'll give you another hearing date, and that will be

24   your final hearing.

25   MR. MARTINEZ-HERNANDEZ TO JUDGE

1   Yes, that's fine.  Thank you very much.

2  JUDGE TO MR. MARTINEZ-HERNANDEZ

3   Thank you, sir.

4         <u>HEARING CLOSED</u>

U.S. Department of Justice
Executive Office for Immigration Review
United States Immigration Court

In the Matter of                                         File:  A216-644-998

                                              )
DANIEL SOLOMAN MARTINEZ-HERNANDEZ )          IN REMOVAL PROCEEDINGS
                                              )
    RESPONDENT                                )          Transcript of Hearing

Before Roberts, Lindsy M., Immigration Judge

Date: November 7, 2023                         Place: LAS VEGAS, NEVADA

Transcribed by Diaz Data Services

Official Interpreter: MS. DELLAO

Language: SPANISH

Appearances:

  For the Respondent: PRO SE

  For the DHS: MR. REZKO

1    JUDGE FOR THE RECORD

2        Hey, we're on the record.  Today's date is November 7, 2023.  This is

3    Immigration Judge Lindsy Roberts in the Las Vegas Immigration Court for this morning's

4    docket.  All of the respondents are appearing remotely from the Pahrump Detention

5    Center via video conference.  Counsel for the Department of Homeland Security is Mr.

6    Rezko [phonetic] here in the courtroom?  And the court's SOSi Spanish interpreter is

7    Ms. Dellao [phonetic].

8    JUDGE TO INTERPRETER

9        Ms. Dellao, can you raise your right hand?  Do you swear to fully, completely,

10   and to the best of your ability interpret from English to Spanish and Spanish to English?

11   INTERPRETER TO JUDGE

12       I do, your honor.

13   JUDGE TO INTERPRETER

14       Thank you very much.

15                              OFF THE RECORD

16                              ON THE RECORD

17   JUDGE FOR THE RECORD

18       All right.  This is case number 216-644-998.

19   JUDGE TO MR. MARTINEZ-HERNANDEZ

20       Sir, good morning.  What is your full name?

21   MR. MARTINEZ-HERNANDEZ TO JUDGE

22       Daniel Soloman Martinez-Hernandez.

23   JUDGE TO MR. MARTINEZ-HERNANDEZ

24       All right, sir, I did receive your application for asylum.  I'm pulling it up on my

25   computer.  Just give me one moment.  Okay.  Sir, the next step in your case is going to

1   be to schedule you for your final hearing. That's going to be the day when the court

2   grants or denies your asylum application. Now, sir, you have the right to present any

3   additional documents or evidence that you want the court to consider. I do have the

4   letters that your children and grandchildren sent on your behalf. If there's anything else

5   that you want to send into the court, sir, you're free to do that. So, there are letters from

6   other family members in here as. Now, sir, how much time do you think you would like

7   before your final hearing?

8   MR. MARTINEZ-HERNANDEZ TO JUDGE

9       Well, I do have some other letters coming in. I do have a letter that came in last

10   week. I have it here and I'm also waiting for more letters from Idaho. They're supposed

11   to send them in. They said they were going to send then in, it's just that, you know, they

12   work, and they have not been able to. So, I'm guessing next week. So, I would not be

13   able to tell you like, exactly how long.

14   JUDGE TO MR. MARTINEZ-HERNANDEZ

15       Okay.

16   JUDGE TO MR. REZKO

17       Mr. Rezko, is there something you wanted to say?

18   MR. REZKO TO JUDGE

19       Yeah. Judge, I'm sorry if maybe I missed it at the last hearing. Has the court

20   made a determination on the eligibility for -- well, asylum, withholding, because he's got

21   a -- got a serious crime that --

22   JUDGE TO MR. REZKO

23       I mean, I just -- I didn't predetermine that. I think that's something that we'll have

24   to take up at the hearing. I don't --

25   MR. REZKO TO JUDGE

1       -- that's fine.

2   JUDGE TO MR. REZKO

3       -- know -- with regard to the Idaho Statute in particular.

4   MR. REZKO TO JUDGE

5       That's fine.

6   JUDGE TO MR. REZKO

7       I did explain to him already he's not eligible for cancellation of removal.  He did

8   file that application as well.  But --

9   JUDGE TO MR. MARTINEZ-HERNANDEZ

10      -- so sir, sorry.  The Department of Homeland Security may argue at your final

11  hearing that you're barred from asylum or withholding of removal because of your

12  criminal conviction.  The court will make a determination as to that on the day of your

13  hearing.  No matter what, sir, you'll be eligible for what's called protection under the

14  Convention Against Torture.  It's all included in the same application.  So, sir, just to -- I

15  just wanted to make you aware of what I was talking about with the attorney for the

16  government.  The court's going to make that determination on the day of your final

17  hearing.  So, sir, I'll give you a little bit more time to get those documents in.  Sir, I can

18  either have you come back in about three weeks or in about a week and a half.  Which

19  do you prefer?

20  MR. MARTINEZ-HERNANDEZ TO JUDGE

21      Make it three weeks please.

22  JUDGE TO MR. MARTINEZ-HERNANDEZ

23      Okay.  Not a problem, sir.

24  JUDGE TO CLERK

25      I'm going to -- Megan [phonetic], I'm going to put him here.

1   CLERK TO JUDGE

2       Yeah, that's fine, your honor.

3   JUDGE TO MR. MARTINEZ-HERNANDEZ

4       Sir, I'm going to have you come back on November 30th at 1:00 in the afternoon.

5   I'll send you a hearing notice with that date and time on it.  Make sure you get the

6   documents that you want the court to have sent in before that date, okay.

7   MR. MARTINEZ-HERNANDEZ TO JUDGE

8       Yes, I will ask them to send the letters as soon as possible from Idaho, and I do

9   have another letter from my daughter that I just got here.  I'm going to send it in.

10   JUDGE TO MR. MARTINEZ-HERNANDEZ

11       Sounds good, sir.  We'll see you back in a couple weeks.  Thank you.

12   MR. MARTINEZ-HERNANDEZ TO JUDGE

13       Thank you.  Have a happy day.  Thank you.

14   JUDGE TO MR. MARTINEZ-HERNANDEZ

15       Thank you, sir.

16                           <u>HEARING CLOSED</u>

U.S. Department of Justice
Executive Office for Immigration Review
United States Immigration Court

In the Matter of

File: A216-644-998

|  |  |
|---|---|
| ) | |
| DANIEL SOLOMAN MARTINEZ-HERNANDEZ ) | IN REMOVAL PROCEEDINGS |
| ) | |
| RESPONDENT ) | Transcript of Hearing |

Before Baker, Glen R., Immigration Judge

Date: November 30, 2023

Place: LAS VEGAS, NEVADA

Transcribed by Diaz Data Services

Official Interpreter: JIMENA CHICA

Language: SPANISH

Appearances:

  For the Respondent: PRO SE

  For the DHS: MAYA TIMMIS

1    JUDGE FOR THE RECORD

2        We are on the record.  This is Immigration Judge Glen Baker sitting at the

3    immigration court in Las Vegas, Nevada.  Today's date is November 30th, 2023.  We're

4    here in the matter of Daniel Soloman Martinez-Hernandez, A-number 216-644-998.

5    The respondent is appearing by televideo from the Pahrump Detention Center.  He is

6    not represented by counsel.  The Department of Homeland Security is represented by

7    Assistant Chief Counsel Maya Timmis [phonetic].  Our interpreter in the Spanish

8    language is Jimena Chica [phonetic].  She is from SOSi.  She has previously been

9    sworn.

10   JUDGE TO MR. MARTINEZ-HERNANDEZ

11       Sir, is Spanish your best language?

12   MR. MARTINEZ-HERNANDEZ TO JUDGE

13       Yes, it's the only one I speak.

14   JUDGE TO MR. MARTINEZ-HERNANDEZ

15       We are going to hear your testimony, so we'll have some questions for you

16   today.  I'm also going to consider five written exhibits.

17   JUDGE TO MS. TIMMIS

18       And just to clarify, we're here just on the I-589?

19   MS. TIMMIS TO JUDGE

20       That would be the Department's position.  I don't know that there's been a ruling

21   on pretermission of the 42B.

22   JUDGE TO MS. TIMMIS

23       Okay.

24   JUDGE FOR THE RECORD

25       So, I'll go ahead and mark that as an exhibit just for ID purposes.

1    JUDGE TO MR. MARTINEZ-HERNANDEZ

2        So, the document that started these proceedings, I'll mark as Exhibit 1. That's

3    called a Notice to Appear. Exhibit 2 is a form I -- immigration form 213. This document

4    has your photograph, your fingerprints, and some biographic information about you. It

5    also has your immigration history and your criminal history. I -- attached to that is a

6    conviction judgment from the 3rd Judicial District, State of Idaho in Canyon County.

7    And that looks like you were convicted of that offense on -- well, let me get the date.

8    Sir, did you plead guilty to that offense?

9    MR. MARTINEZ-HERNANDEZ TO JUDGE

10       Well, since I don't know how to read or write, they just told me to sign these

11    papers, and that I would get out on August 17th.

12    JUDGE TO MR. MARTINEZ-HERNANDEZ

13       Okay. Exhibit 3 is your application for asylum, withholding of removal, and

14    protection under the Convention Against Torture. Exhibit 4 is your application for

15    cancellation of removal. Exhibit 5 is a letter from your daughter. And Exhibit 6 is a

16    letter from your coworker. Since we have to ask you some questions today, I do need

17    to swear you in. Can I get you to raise your right hand? Do you swear or affirm that the

18    testimony you will provide throughout this proceeding will be the truth, the whole truth,

19    and nothing but the truth?

20    MR. MARTINEZ-HERNANDEZ TO JUDGE

21       I swear.

22    JUDGE TO MR. MARTINEZ-HERNANDEZ

23       Thank you, sir. You can put your hand down.

24    JUDGE TO MS. TIMMIS

25       Did you want to make argument now on the 42B?

1    MS. TIMMIS TO JUDGE

2        Please, your honor.  With regard to the EOIR-42B, it's the Department's position

3    the respondent is not statutorily eligible for the requested relief.  A couple of precursors:

4    it's unclear that the respondent has a qualifying relative, there's no dates of birth for the

5    children, but it does appear all were born in Guatemala, and the respondent has been in

6    the United States for over 21 years.  So, it's presumed all were non-qualifying relative

7    children.  Even if they were qualifying relative children, it's the Department's position

8    that the respondent's conviction would constitute a crime involving moral turpitude, and

9    based on the sentence imposed, would constitute a statutory bar under 212(a)(2).

10   JUDGE TO MS. TIMMIS

11       Yeah, I agree.  I believe on two separate occasions Judge Roberts concluded

12   that the respondent had no qualifying relatives, and that would be a bar, also.  That was

13   on 10/17, and on 11/7, she concluded that he's not eligible, and I believe that was

14   based on the criminal history.  But I'm going to -- I'll ask a couple of questions about

15   that, and then, we'll focus on the I-589.  Any argument that he's barred from asylum or

16   withholding of removal?

17   MS. TIMMIS TO JUDGE

18       Yes, your honor.  The Department would argue ineligibility for asylum based on

19   the one-year bar.  In addition, it would be the Department's position that the

20   respondent's conviction constitutes a particularly serious crime, barring him from both

21   asylum as well as withholding of removal.

22   JUDGE TO MS. TIMMIS

23       Okay.

24   JUDGE TO MR. MARTINEZ-HERNANDEZ

25       So sir, what I'm asking the government attorney is for any argument regarding

1    the applications you've filed.  Are you legally married?

2    MR. MARTINEZ-HERNANDEZ TO JUDGE

3         No, sir.

4    JUDGE TO MR. MARTINEZ-HERNANDEZ

5         And where your children born?

6    MR. MARTINEZ-HERNANDEZ TO JUDGE

7         My children were born in Guatemala.

8    JUDGE TO MR. MARTINEZ-HERNANDEZ

9         And do your parents have any lawful immigration status in the United States?

10   MR. MARTINEZ-HERNANDEZ TO JUDGE

11        My parents?

12   JUDGE TO MR. MARTINEZ-HERNANDEZ

13        Yes, sir.

14   MR. MARTINEZ-HERNANDEZ TO JUDGE

15        No, sir.

16   JUDGE TO MR. MARTINEZ-HERNANDEZ

17        All right.

18   MR. MARTINEZ-HERNANDEZ TO JUDGE

19        None.

20   JUDGE TO MR. MARTINEZ-HERNANDEZ

21        For cancellation of removal, you have to show that you have qualifying relatives.

22   A qualifying relative is someone with lawful immigration status who is your parent, your

23   spouse, or your children.  Since you don't have any qualifying relatives, an immigration

24   judge in October told you that you're not eligible for cancellation of removal.  Now, we're

25   still going to talk about your application for asylum, withholding, and protection under

A216-644-998                          26                     November 30, 2023

000129

1   the Convention Against Torture.  Now, that application that you filed is really three

2   separate applications.  Do you remember when you entered the United States?

3   MR. MARTINEZ-HERNANDEZ TO JUDGE

4       Can I say something?

5   JUDGE TO MR. MARTINEZ-HERNANDEZ

6       Of course, Mr. Martinez.  Okay.

7   MR. MARTINEZ-HERNANDEZ TO JUDGE

8       Well, then --

9   JUDGE TO MR. MARTINEZ-HERNANDEZ

10       Well, of course --

11   MR. MARTINEZ-HERNANDEZ TO JUDGE

12       -- I don't --

13   JUDGE TO MR. MARTINEZ-HERNANDEZ

14       -- we can.

15   MR. MARTINEZ-HERNANDEZ TO JUDGE

16       -- understand these questions very well.  So, can they be repeated one more

17   time?  Can they, or can they not?

18   JUDGE TO MR. MARTINEZ-HERNANDEZ

19       Of course, sir.  If there's anything you don't understand, I want you to let me

20   know.  So, your -- let's go over your application for cancellation of removal.  You're not

21   eligible to -- for that application.  You have to have a family member -- an immediate

22   family member who is a U.S. citizen or has their green card.  You don't appear to have

23   any of those relatives, and that's why you're not eligible.  Also, your criminal conviction

24   would serve as a bar to that application.  Does that make sense?

25   MR. MARTINEZ-HERNANDEZ TO JUDGE

1      So, for a long time, I've been saying that I didn't do it, I didn't do it.  But since I

2    pleaded guilty, well, there's nothing much I can do about that.  But I do -- all of three of

3    my children are legal here in the United States.

4    JUDGE TO MR. MARTINEZ-HERNANDEZ

5       How old are they, sir?

6    MR. MARTINEZ-HERNANDEZ TO JUDGE

7       Well, I don't remember very well, but they're, like, between 30 and 27 years of

8    age.

9    JUDGE TO MR. MARTINEZ-HERNANDEZ

10      Well, they would have to be children to count, and children would under 21.

11   Now, they could file a visa petition --

12   MR. MARTINEZ-HERNANDEZ TO JUDGE

13      No, they're not.

14   JUDGE TO MR. MARTINEZ-HERNANDEZ

15      -- for you, once they're over 21.

16   MR. MARTINEZ-HERNANDEZ TO JUDGE

17      Mm-hmm.

18   JUDGE TO MR. MARTINEZ-HERNANDEZ

19      Have -- do you know if they've filed a visa for you?

20   MR. MARTINEZ-HERNANDEZ TO JUDGE

21      Honestly, I don't know, but I don't think they would have petitioned for me.

22   JUDGE TO MR. MARTINEZ-HERNANDEZ

23      Okay.  So, let's move on to your other application.  That's really three

24   applications in one.  The first one is an application for asylum.  You have to file that

25   application within one year of the date that you entered the United States.  Do you

1    remember approximately when you entered the United States?

2    MR. MARTINEZ-HERNANDEZ TO JUDGE

3        I came in in 2002 on November 5th.

4    JUDGE TO MR. MARTINEZ-HERNANDEZ

5        All right.  You filed your application on November 1st of this year.  So, you're not

6    going to be eligible because that's far outside the one-year filing deadline.  Now, the

7    second application that's contained in that form I-589 that you filed is called a

8    withholding of removal.  For that, you have to show that you have not been convicted of

9    a criminal offense, that is -- that qualifies as a particularly serious crime.  The

10   government attorney has argued that your conviction is a particularly serious crime and

11   bars you from withholding of removal.  Now, I know you said that you did not do the

12   crime, but you did acknowledge that you were convicted of that, because you pled

13   guilty.  In the United States, if one court decides an issue, any other court has to give

14   full credit to that decision.  So, I have to accept as correct the decision of the criminal

15   court finding you guilty.  Based on that conviction -- and I have those conviction

16   documents -- I agree with the government that your conviction does show that you are --

17   that you have been convicted of a particularly serious crime.  So, you're not going to be

18   eligible for that second application called withholding of removal.  Now, the -- there -- I

19   mentioned that are -- there are three applications in that form I-589.  The third one is

20   called protection from removal under the Convention Against Torture.  For that, you

21   have to show that you have -- that it's more likely than not that you would be tortured if

22   you are returned to Guatemala.  And that's the application we're going to talk about the

23   most today.  So, it's your burden to prove that someone in the government, or with the

24   consent of a government official, would torture you if you returned to Guatemala.  You

25   can also meet your burden of proof if the government knows about the torture and is --

1   does nothing about it.  So, we're going to talk now about that application.  Have you

2   ever left the United States since you entered in 2002?

3   MR. MARTINEZ-HERNANDEZ TO JUDGE

4        No, sir.

5   JUDGE TO MR. MARTINEZ-HERNANDEZ

6        And you said you had three children?

7   MR. MARTINEZ-HERNANDEZ TO JUDGE

8        Yes.

9   JUDGE TO MR. MARTINEZ-HERNANDEZ

10       You have six children?

11  MR. MARTINEZ-HERNANDEZ TO JUDGE

12       Yes.  Yes.  They are -- they are here.  I have six kids in total, but yeah, it's six in

13  total.

14  JUDGE TO MR. MARTINEZ-HERNANDEZ

15       So, three in the United States and three in Guatemala?

16  MR. MARTINEZ-HERNANDEZ TO JUDGE

17       No, they all ran over here.

18  JUDGE TO MR. MARTINEZ-HERNANDEZ

19       And how many have their green cards?

20  MR. MARTINEZ-HERNANDEZ TO JUDGE

21       Three.

22  JUDGE TO MR. MARTINEZ-HERNANDEZ

23       How old are the other children?

24  MR. MARTINEZ-HERNANDEZ TO JUDGE

25       My kids are all adults now.  They're 40-some years old, by now.

1    JUDGE TO MR. MARTINEZ-HERNANDEZ

2          Mm-hmm.  And how old are you, sir?

3    MR. MARTINEZ-HERNANDEZ TO JUDGE

4          In June of the coming year, I'll be 56 years old.

5    JUDGE TO MR. MARTINEZ-HERNANDEZ

6          How old is your oldest child?

7    MR. MARTINEZ-HERNANDEZ TO JUDGE

8          Well honestly, I would have to tell your honor that I don't know much about them.

9    I don't have much contact with them, because I haven't wanted to involve them very

10   much in any of my issues.  I'm afraid that something that will be done to them, and I

11   don't want anything to harm them, that they would be kidnapped, or that they would be

12   killed, or that they would be hurt in any way.

13   JUDGE TO MR. MARTINEZ-HERNANDEZ

14         But is your oldest child in his or her 40s?

15   MR. MARTINEZ-HERNANDEZ TO JUDGE

16         Yeah, something like that, between 38 and 40 years of age, something --

17   JUDGE TO MR. MARTINEZ-HERNANDEZ

18         So --

19   MR. MARTINEZ-HERNANDEZ TO JUDGE

20         -- like that.

21   JUDGE TO MR. MARTINEZ-HERNANDEZ

22         -- so you had a child when you were 16 or 17?

23   MR. MARTINEZ-HERNANDEZ TO JUDGE

24         Yes, something like that.  That's right.

25   JUDGE TO MR. MARTINEZ-HERNANDEZ

1       How old were you when you entered the United States?

2    MR. MARTINEZ-HERNANDEZ TO JUDGE

3       Thirty-four years old.

4    JUDGE TO MR. MARTINEZ-HERNANDEZ

5       Did you have any problems in Guatemala before you left?

6    MR. MARTINEZ-HERNANDEZ TO JUDGE

7       I ran because they were forcing me to transport drugs.

8    JUDGE TO MR. MARTINEZ-HERNANDEZ

9       Who was forcing you?

10    INTERPRETER TO JUDGE

11       Your honor, the interpreter would like to request clarification of a term.

12    JUDGE TO MR. MARTINEZ-HERNANDEZ

13       Mm-hmm.

14    MR. MARTINEZ-HERNANDEZ TO JUDGE

15       Well, in that time, that also, I was being obliged to transport drugs, because I

16    worked loading up passenger buses.  I would adjust the luggage for passenger buses,

17    and they put -- they would put a bag or a suitcase weekly in -- on the bus and said that

18    they were going to bring it here, they were going to bring it here, but I was never certain

19    of what was going on with that bag.

20    JUDGE TO MR. MARTINEZ-HERNANDEZ

21       They were going to bring it to the United States?  Is that what you mean?

22    MR. MARTINEZ-HERNANDEZ TO JUDGE

23       They would bring it to Mexico, and from Mexico, they would distribute it here.

24    JUDGE TO MR. MARTINEZ-HERNANDEZ

25       And do you know what kind of drugs?

1    MR. MARTINEZ-HERNANDEZ TO JUDGE

2        They told me it was cocaine.

3    JUDGE TO MR. MARTINEZ-HERNANDEZ

4        And did you get paid for that?

5    MR. MARTINEZ-HERNANDEZ TO JUDGE

6        No.  I would never get paid for that.  They would just come.  They would drop off

7    the bag, and then, the -- that bag would be picked up in the office on the other side.

8    What they would pay was for the carrying of luggage like it were any other piece of

9    luggage, or something to be sent.

10   JUDGE TO MR. MARTINEZ-HERNANDEZ

11       And who asked you to carry these -- or load the suitcases?

12   MR. MARTINEZ-HERNANDEZ TO JUDGE

13       So, at the beginning, they were leaving that bag like any other package to be

14   delivered, right?  And they would pay for a regular delivery.  Then in 2001, we were told

15   that an institution for -- from Mexico had arrived, and they were a -- like, a social welfare

16   institution that had arrived to help out.

17   JUDGE TO MR. MARTINEZ-HERNANDEZ

18       So, do you know who was -- who was asking you to transport the drugs?

19   MR. MARTINEZ-HERNANDEZ TO JUDGE

20       Yeah.  At first, they were just putting it on a -- like a normal delivery.  And then,

21   they started to threaten us, saying that we had to cooperate with them, and that they

22   were a criminal or organized crime group called Los Zetas.

23   JUDGE TO MR. MARTINEZ-HERNANDEZ

24       And you say they threatened -- did they threaten more than just you?

25   MR. MARTINEZ-HERNANDEZ TO JUDGE

1    Well, no, because where we went that first time that they told us that they were

2    going to help us, it ended up being a misfortune, not only for myself, but of all of us that

3    were involved.

4    JUDGE TO MR. MARTINEZ-HERNANDEZ

5    Who else was involved?

6    MR. MARTINEZ-HERNANDEZ TO JUDGE

7    Well, at that time, they were -- they were fighting with the Mara Salvatrucha

8    gang, and that's why, you know, when I'm here, I don't talk to anybody, I don't answer

9    any questions.  I -- you know, they ask me questions, and I say, "I don't know.  I don't

10   know why I'm here," because I just don't to have issues, or problems, or be in danger of

11   -- with anybody.

12   JUDGE TO MR. MARTINEZ-HERNANDEZ

13   When is the last time that you worked as a luggage handler at the bus -- for the

14   buses?

15   MR. MARTINEZ-HERNANDEZ TO JUDGE

16   It was in 2006 --

17   INTERPRETER TO JUDGE

18   Excuse me.  Interpreter's mistake, your honor.

19   MR. MARTINEZ-HERNANDEZ TO JUDGE

20   -- it was in 2002 on June 6th when I decided that I didn't want to cooperate with

21   them any further, and when they started to threaten me that they were going to kill me,

22   that they were going to kill my family.

23   JUDGE TO MR. MARTINEZ-HERNANDEZ

24   Did they ever take any action against you, other than the threats?

25   MR. MARTINEZ-HERNANDEZ TO JUDGE

1        No, because that's when I just didn't want to go on.  I didn't want to continue.

2    And so, I ran to Mexico, where I gathered enough money to come to the United States,

3    because I just didn't want to have any more problems with them.

4    JUDGE TO MR. MARTINEZ-HERNANDEZ

5        Did -- do you -- did you get some help filling out your application?

6    MR. MARTINEZ-HERNANDEZ TO JUDGE

7        Which application?

8    JUDGE TO MR. MARTINEZ-HERNANDEZ

9        Your --

10   MR. MARTINEZ-HERNANDEZ TO JUDGE

11       Excuse me?

12   JUDGE TO MR. MARTINEZ-HERNANDEZ

13       -- application for asylum.

14   MR. MARTINEZ-HERNANDEZ TO JUDGE

15       Yeah.  The other thing is that before I ran, the military grabbed me, because I

16   told the police.  I went and told the police about -- or reported to the police about the

17   bag with the drugs.  And so, they -- the police themselves came to pick me -- pick it up,

18   where I came to collect the bag, and they were the ones that said that if I didn't

19   cooperate with them, that they would kill me.  But then, the -- so then, I carried the bag,

20   and then, the militaries caught me with a bag full of drugs, and they started beating me,

21   and they started saying, you know, who it was that sent it.  And then, I just didn't -- I

22   couldn't tell them that -- who it was that had sent it, because the -- I -- they were

23   threatening me.

24   JUDGE TO MR. MARTINEZ-HERNANDEZ

25       But were you ever physically harmed by anyone, sir?

1    MR. MARTINEZ-HERNANDEZ TO JUDGE

2        Yes.  That was the last day.  The last day that I was carrying a bag.  So, I went to

3    ask for help to the military, and they took me out to a base, and they started to beat me.

4    They put a bag in my mouth, and they kept demanding that I hand over, or turn in the

5    people that were sending the bag, that I turn in the people that were sending the drugs.

6    But since I did not know who the people were that were sending the drugs, then I wasn't

7    able to turn anybody in.

8    JUDGE TO MR. MARTINEZ-HERNANDEZ

9        How long did they hold you?

10   MR. MARTINEZ-HERNANDEZ TO JUDGE

11       They had me, like, eight days -- eight days locked up in this house.  I don't know

12   where it was.  They covered my eyes so that I wouldn't figure out where I was.

13   JUDGE TO MR. MARTINEZ-HERNANDEZ

14       Did they feed you during those eight days?

15   MR. MARTINEZ-HERNANDEZ TO JUDGE

16       Sometimes they would give me food to eat, sometimes they wouldn't give me

17   anything to eat.  There wasn't anywhere to go to the bathroom.  There wasn't anywhere

18   to bathe yourself.  There was no water to drink.

19   JUDGE TO MR. MARTINEZ-HERNANDEZ

20       And why did they release you after eight days?

21   MR. MARTINEZ-HERNANDEZ TO JUDGE

22       Well, because they wanted to -- me to hand over or to turn in the -- some people,

23   right?  But I didn't know the Zetas.  I only knew the one person, and his name is Nasario

24   Gomez [phonetic].

25   JUDGE TO MR. MARTINEZ-HERNANDEZ

1       And who is Mr. Gomez?

2    MR. MARTINEZ-HERNANDEZ TO JUDGE

3       Well, he was the one that offered help in order to capture or captivate the people

4    that would do the things that they needed us to do.

5    JUDGE TO MR. MARTINEZ-HERNANDEZ

6       Was -- and where did you meet Mr. Gomez?

7    INTERPRETER TO JUDGE

8       The interpreter wishes to request -- the interpreter wishes to request clarification

9    of a term.

10   JUDGE TO INTERPRETER

11      Sure.

12   MR. MARTINEZ-HERNANDEZ TO JUDGE

13      They -- it -- he was from that institute that said that they were going to help us

14   out.  And so, they handed out -- they gave each of us 400 quetzales so that we could

15   buy ourselves a grill, right?  And then, after that, I never saw him again.

16   JUDGE TO MR. MARTINEZ-HERNANDEZ

17      And is the last time that you had any involvement with these people 21 years

18   ago?

19   MR. MARTINEZ-HERNANDEZ TO JUDGE

20      So, yes, exactly that, because that was the last thing I did, right?  That's when I

21   ran this way.  It was just after the military, they grabbed me, they beat me, they hit me,

22   they hit me in the face, they covered my mouth with a -- they put a bag in my mouth.

23   They broke my nose.  I have my nose all busted up in here.  They kicked me, and that

24   was -- yeah, that was the last thing I did.  They wanted -- they wanted me to, you know,

25   give them names to hand people over, but I didn't know anybody.  Then, they ended up

1   letting me go.  And they told me that they'd be watching me.  And so, I'd walked a little

2   bit, maybe two or three miles at most, when a truck -- a big truck, you know?  One of

3   those big trucks parked right in front of me, and four people got out with ski masks.

4   JUDGE TO MR. MARTINEZ-HERNANDEZ

5       And who were these people, sir?

6   MR. MARTINEZ-HERNANDEZ TO JUDGE

7       Supposedly, they were from the Zetas.

8   JUDGE TO MR. MARTINEZ-HERNANDEZ

9       And what did they say to you?

10  MR. MARTINEZ-HERNANDEZ TO JUDGE

11      They said that since I had lost the bag with the drugs, I had to pay for it.

12  JUDGE TO MR. MARTINEZ-HERNANDEZ

13      And how much was -- were they asking for it?

14  MR. MARTINEZ-HERNANDEZ TO JUDGE

15      A lot of money.  A great deal of money.

16  JUDGE TO MR. MARTINEZ-HERNANDEZ

17      Do they -- did they give you a number?

18  MR. MARTINEZ-HERNANDEZ TO JUDGE

19      So, they gave me a five with three 0s, a comma, and another three 0s.

20  INTERPRETER TO JUDGE

21      The interpreter would like to clarify that respondent has said "[untranslated],"

22  which in numbers -- in numerical writing in Spanish, is the equivalent of the comma in

23  the English numerical writing.

24  JUDGE TO INTERPRETER

25      Thank you.

1   JUDGE TO MR. MARTINEZ-HERNANDEZ

2      So sir, what do you think would happen if you had to go back to Guatemala now?

3   MR. MARTINEZ-HERNANDEZ TO JUDGE

4      They'd kill me.  Honestly, they'd kill me.

5   JUDGE TO MR. MARTINEZ-HERNANDEZ

6      Who would kill you, sir?

7   MR. MARTINEZ-HERNANDEZ TO JUDGE

8      Well, the Zetas, because at that time, the Zetas were fighting for territory.  So,

9   the Zetas finished, they ended, but the same members of the Zetas are now members

10  of the new cartel.

11  JUDGE TO MR. MARTINEZ-HERNANDEZ

12     Did you say the New Generation cartel?

13  MR. MARTINEZ-HERNANDEZ TO JUDGE

14     Yes.  They are from Jalisco.  Right now, the Jalisco -- the cartel from Jalisco is

15  fighting hard with the cartel from Sinaloa for the ground where I live -- yeah, the ground

16  where I live.

17  JUDGE TO MR. MARTINEZ-HERNANDEZ

18     Sir, Jalisco and Sinaloa are states in Mexico.  But do you live in Guatemala?

19  MR. MARTINEZ-HERNANDEZ TO JUDGE

20     Yes, but I live on the border with Mexico.  It's the border between Guatemala and

21  Mexico.

22  JUDGE TO MR. MARTINEZ-HERNANDEZ

23     And that's -- wait, wait, that -- let me see.  What's the name of your town?

24  MR. MARTINEZ-HERNANDEZ TO JUDGE

25     Huehuetenango.

1   JUDGE TO MR. MARTINEZ-HERNANDEZ

2       Is -- what state is that in?

3   MR. MARTINEZ-HERNANDEZ TO JUDGE

4       Huehuetenango is the state.

5   JUDGE TO MR. MARTINEZ-HERNANDEZ

6       And you -- do you -- how do you know that some of these same people are still

7   there?

8   MR. MARTINEZ-HERNANDEZ TO JUDGE

9       Well, perhaps, you know, the parents have already died, but the children are now

10  there, and are still there, and you know, they investigate, right?  They ask questions

11  about, you know, where you're from.  They want to know how you arrived, and so, you

12  know, they interrogate you.  They want to know if, are you coming here, are you from

13  the government, or maybe you're from another cartel.

14  JUDGE TO MR. MARTINEZ-HERNANDEZ

15      So, your -- just to be clear, your fear is of the children of the cartel members that

16  used to harass you and ask you to carry drugs?

17  MR. MARTINEZ-HERNANDEZ TO JUDGE

18      Yes.  Yes, that is my fear, and I fear the MS, Mara Salvatrucha, as well.

19  JUDGE TO MR. MARTINEZ-HERNANDEZ

20      All right.  So, the children of the gang members, of the cartel members, are in

21  Jalisco and Sinaloa, Mexico?

22  MR. MARTINEZ-HERNANDEZ TO JUDGE

23      Yes.  Yes.  They are the ones that are in charge of all the cartels, and all those

24  matters.  They are the ones that want to take control of that territory on the border

25  between Guatemala and Mexico, and the issue is, they want to have everything, that

1    they both want to have everything.

2    JUDGE TO MR. MARTINEZ-HERNANDEZ

3         So from Huehuetenango, you have to go through Chiapas, Oaxaca, Guerrero,

4    Michoacan, and Colima before you even get to Jalisco.

5    MR. MARTINEZ-HERNANDEZ TO JUDGE

6         Yes, that is true.

7    JUDGE TO MR. MARTINEZ-HERNANDEZ

8         And then, you have to go through Jalisco before you get to Sinaloa.  And to get

9    past Jalisco, you have to go through Nayarit.  And you believe that those --

10   MR. MARTINEZ-HERNANDEZ TO JUDGE

11        Mm-hmm.

12   JUDGE TO MR. MARTINEZ-HERNANDEZ

13        -- cartels are going to come all the way to Guatemala?

14   MR. MARTINEZ-HERNANDEZ TO JUDGE

15        Those two cartels are the ones that right now have control over passage of drugs

16   and passage of weapons from Guatemala.

17   JUDGE TO MR. MARTINEZ-HERNANDEZ

18        And how do you know that, sir, since you haven't been there in 20 years?

19   MR. MARTINEZ-HERNANDEZ TO JUDGE

20        Because a friend of mine, they -- a friend of mine that used to work with me, we

21   used to work together, he came here, and he came fleeing because they had killed all of

22   his family.

23   JUDGE TO MR. MARTINEZ-HERNANDEZ

24        Is that the coworker who wrote the letter for you?

25   MR. MARTINEZ-HERNANDEZ TO JUDGE

1       No.

2    INTERPRETER TO JUDGE

3       The interpreter wishes to request clarification.

4    JUDGE TO INTERPRETER

5       Mm-hmm.

6    MR. MARTINEZ-HERNANDEZ TO JUDGE

7       No, he went back, because the cartels had kidnapped or collected the -- his

8    mother and father. So, he went back, and then, near a town called Mesillas, they killed

9    him.

10    JUDGE TO MR. MARTINEZ-HERNANDEZ

11       And where are the MS people who you had problems with?

12    INTERPRETER TO JUDGE

13       "Where," your honor?

14    JUDGE TO INTERPRETER

15       Where.

16    MR. MARTINEZ-HERNANDEZ TO JUDGE

17       They are in -- they are in La Mesillas. That's on the border.

18    JUDGE TO MR. MARTINEZ-HERNANDEZ

19       The border with Chiapas?

20    MR. MARTINEZ-HERNANDEZ TO JUDGE

21       Yes, that's right.

22    JUDGE TO MR. MARTINEZ-HERNANDEZ

23       So, do the -- does the MS operate in Mexico?

24    MR. MARTINEZ-HERNANDEZ TO JUDGE

25       They're all over the place.

1    JUDGE TO MR. MARTINEZ-HERNANDEZ

2        They're --

3    MR. MARTINEZ-HERNANDEZ TO JUDGE

4        They're here, they're in Mexico, and El Salvador, Guatemala, Honduras -- they're

5    all over the place.

6    JUDGE TO MR. MARTINEZ-HERNANDEZ

7        All right.  I'm going to turn the camera now so you can see the government

8    attorney.  She will have some questions for you.

9    JUDGE TO MS. TIMMIS

10       Ms. Timmis, did you have questions?

11   MS. TIMMIS TO JUDGE

12       Just a few, judge, but prior to questioning, could the Department just clarify, the

13   court has already made a determination that the respondent's conviction constitutes a

14   particularly serious crime?

15   JUDGE TO MS. TIMMIS

16       Yes.

17   MS. TIMMIS TO JUDGE

18       Okay.

19   MS. TIMMIS TO MR. MARTINEZ-HERNANDEZ

20       Sir, you indicated that the police or the military in Guatemala were questioning

21   you because they were attempting to obtain information regarding the drug traffickers.

22   Is that correct?

23   MR. MARTINEZ-HERNANDEZ TO MS. TIMMIS

24       Yes, that's right.

25   MS. TIMMIS TO MR. MARTINEZ-HERNANDEZ

1       And is it accurate to say that they were attempting to prosecute them for their

2   criminal activity?

3   MR. MARTINEZ-HERNANDEZ TO MS. TIMMIS

4       Yes, because they thought that I was a member of them.

5   MS. TIMMIS TO MR. MARTINEZ-HERNANDEZ

6       And they released you once it was discovered that you were not a member of

7   those criminal organizations?  Is that correct?

8   MR. MARTINEZ-HERNANDEZ TO MS. TIMMIS

9       Yes, and that's correct.

10  MS. TIMMIS TO MR. MARTINEZ-HERNANDEZ

11      And is it still your understanding that the police are attempting to prosecute these

12  drug traffickers that you're afraid of?

13  MR. MARTINEZ-HERNANDEZ TO MS. TIMMIS

14      Well, the Zetas don't exist anymore.  Right now, what we have is the New

15  Generation cartels, you know, where everybody is in that pot, you know?  The police

16  are involved, the military is involved, too, you know, they do them favors -- everybody

17  involved in that.

18  MS. TIMMIS TO MR. MARTINEZ-HERNANDEZ

19      So, you don't believe that the police are presently attempting to prosecute drug

20  traffickers in Guatemala, sir?

21  MR. MARTINEZ-HERNANDEZ TO MS. TIMMIS

22      Yes.  Perhaps there are some police officers who try to do their job, you know,

23  but I think most of the police of the officers and the military are corrupt.

24  MS. TIMMIS TO MR. MARTINEZ-HERNANDEZ

25      And you believe that the New Generation cartel would target you if you were to

1    return to Guatemala for what reason?

2    MR. MARTINEZ-HERNANDEZ TO MS. TIMMIS

3        Because -- it's not so much because of the bag of drugs that was lost, as such,

4    but because of the action of running away and just dropping everything right there.  I

5    just dropped that bag, left the bag with the drugs, and I didn't want to do anything more

6    with them, and I think possibly that is why they would still be looking for me.

7    MS. TIMMIS TO MR. MARTINEZ-HERNANDEZ

8        And why couldn't you go to another part of Guatemala, sir?

9    MR. MARTINEZ-HERNANDEZ TO MS. TIMMIS

10        Guatemala is a very small country.

11    MS. TIMMIS TO MR. MARTINEZ-HERNANDEZ

12        So, you could go to another part of Guatemala?

13    MR. MARTINEZ-HERNANDEZ TO MS. TIMMIS

14        Well, yeah, maybe Nicaragua, or Panama.

15    MS. TIMMIS TO MR. MARTINEZ-HERNANDEZ

16        Do you have legal status or the ability to travel to Panama or Nicaragua, sir?

17    MR. MARTINEZ-HERNANDEZ TO MS. TIMMIS

18        No.  I have none of that.  I don't have family over there anymore.  All of my

19    siblings and my children, they've all come over here, to live here.  So, I don't have any

20    people back there.

21    MS. TIMMIS TO MR. MARTINEZ-HERNANDEZ

22        And are there any other reasons why you're afraid to return to Guatemala, sir?

23    MR. MARTINEZ-HERNANDEZ TO MS. TIMMIS

24        Well, no.  Those are the only fears I have, because you know, my daughter, she

25    was kidnapped, and she was raped, and she had a child of that rape.  And so, the

1   mother forced her to be with that man, and that man turned about -- turned out to be a

2   member of the maras, the gangs. And so, I'm -- I also fear because of him, because my

3   daughter left him about four or five years ago. So, I'm afraid, also, because of him to go

4   back.

5   MS. TIMMIS TO MR. MARTINEZ-HERNANDEZ

6        Is your daughter's mother still in Guatemala?

7   MR. MARTINEZ-HERNANDEZ TO MS. TIMMIS

8        Well, they -- my daughter had more children by that same man, and their mother

9   died of cancer already, and I wasn't able to go. I wasn't able to get back there. I tried to

10   go back. I wanted to help out in whatever I could, but she passed away some -- well,

11   had passed some seven years ago.

12   MS. TIMMIS TO MR. MARTINEZ-HERNANDEZ

13        And how old is your daughter that this incident occurred to?

14   MR. MARTINEZ-HERNANDEZ TO MS. TIMMIS

15        Well, she's between 32 and 35 years of age. She's here already. She filed for

16   asylum, and they gave it to her because since she was -- she was  hurt, you know,

17   she'd been beaten, and she had -- was here with her five children, then, you know,

18   thank God, she's here now, and I don't need to worry about her anymore.

19   MS. TIMMIS TO MR. MARTINEZ-HERNANDEZ

20        And this happened to her when she was approximately 14 years old, sir?

21   MR. MARTINEZ-HERNANDEZ TO MS. TIMMIS

22        Yes. Exactly. Yes. She sent a letter, also, explaining how her problem came

23   about, like, the issue with her husband. She sent me a letter, too, saying how she'd

24   been beaten, and she'd been raped, and well, I -- well, thank God she is here, and she's

25   been given asylum, and then, and I thank the Lord because I don't need to worry about

1    for her anymore.

2    MS. TIMMIS TO MR. MARTINEZ-HERNANDEZ

3         And in her letter, she indicated that you hadn't seen her or had contact with her in

4    approximately 21 years?  Does that sound right, sir?

5    MR. MARTINEZ-HERNANDEZ TO MS. TIMMIS

6         Yes, that's correct, because I haven't had contact with them.  Yes, that's right,

7    because I haven't had contact with them, because they have -- so that they won't have

8    any problems arising from my own.

9    MS. TIMMIS TO JUDGE

10        I don't have any other questions, judge.

11   JUDGE TO MS. TIMMIS

12        Thank you, Ms. Timmis.

13   JUDGE TO MS. TIMMIS

14        And just to be clear on the PSE issue, the respondent was convicted of lewd and

15   lascivious with a child, sentenced to seven years, which the court also added language

16   that that was a crime of violence, and the child was abused between the time she was 4

17   to 5 to the time she was 14.

18   MS. TIMMIS TO JUDGE

19        Your honor, it's the Department's understanding that the respondent ultimately

20   pled guilty to injury to a child, and a felony in violation of Idaho code 18-1501.

21   JUDGE TO MS. TIMMIS

22        Mm-hmm.

23   MS. TIMMIS TO JUDGE

24        And that the underlying conduct, as described in the arrest report, as well as

25   the --

1    JUDGE TO MS. TIMMIS

2       Criminal complaint?

3    MS. TIMMIS TO JUDGE

4       Yes, your honor, as well as the criminal complaint related to the lewd and

5    lascivious acts with a minor beginning at age 5 years old.

6    JUDGE TO MS. TIMMIS

7       And there was a sentence upon plea agreement of seven years?

8    MS. TIMMIS TO JUDGE

9       I believe it was nine years in the language, in Idaho.  What they -- what they

10   consider a total unified sentence not to exceed nine years, your honor.

11   JUDGE TO MR. MARTINEZ-HERNANDEZ

12      Sir, how long did you actually spend in jail or prison?  I'm asking -- I'm asking

13   about the criminal conviction.

14   MR. MARTINEZ-HERNANDEZ TO JUDGE

15      Yeah.  I was accused for that, but I didn't do it.  I didn't do it, and you know, they

16   blamed me, but I don't think -- there wasn't any, what do you call it -- there wasn't any

17   evidence.  Because if they hadn't had some evidence I would have been in jail for, like,

18   some 20 years.

19   JUDGE TO MR. MARTINEZ-HERNANDEZ

20      But you did agree to plead guilty to that charge?  Is that correct?

21   MR. MARTINEZ-HERNANDEZ TO JUDGE

22      Yes.  That is correct.

23   JUDGE TO MR. MARTINEZ-HERNANDEZ

24      Well, sir, this -- sir, you don't get to say that you weren't guilty when you pled

25   guilty.  And how long -- my question --

1    MR. MARTINEZ-HERNANDEZ TO JUDGE

2        Sorry.

3    JUDGE TO MR. MARTINEZ-HERNANDEZ

4        -- my question is --

5    MR. MARTINEZ-HERNANDEZ TO JUDGE

6        I'm sorry.

7    JUDGE TO MR. MARTINEZ-HERNANDEZ

8        -- how long did you actually spend in prison?

9    MR. MARTINEZ-HERNANDEZ TO JUDGE

10       Eighteen months -- eighteen months and six days, I believe.

11   JUDGE TO MR. MARTINEZ-HERNANDEZ

12       Okay.  What else do you want to tell me about what do you think would happen if

13   you went back to Guatemala?

14   MR. MARTINEZ-HERNANDEZ TO JUDGE

15       I think the very first thing that would happen to me is that I would be kidnapped

16   by my daughter's husband.  He'd kidnap me, and ask ransom from my children.  That's

17   what I feel would happen.

18   JUDGE TO MR. MARTINEZ-HERNANDEZ

19       And who is that again?  Your daughter's husband?

20   MR. MARTINEZ-HERNANDEZ TO JUDGE

21       Yes, that my daughter's husband.  Her name is Judy Danielia Martinez

22   [phonetic].

23   JUDGE TO MR. MARTINEZ-HERNANDEZ

24       And what is his name?

25   MR. MARTINEZ-HERNANDEZ TO JUDGE

1    All I know is, his name is Jairo, but I don't know his last name.

2    JUDGE TO MR. MARTINEZ-HERNANDEZ

3    Do you know where Jairo lives?

4    MR. MARTINEZ-HERNANDEZ TO JUDGE

5    Yes.  He lives in that same place where we lived.

6    JUDGE TO MR. MARTINEZ-HERNANDEZ

7    Is that Huehuetenango?

8    MR. MARTINEZ-HERNANDEZ TO JUDGE

9    Yes.

10   JUDGE TO MR. MARTINEZ-HERNANDEZ

11   And why do you think he would have any interest in you?

12   MR. MARTINEZ-HERNANDEZ TO JUDGE

13   No, not interest in me, but interest in the money, because he doesn't work.  He

14   just gets high, and he takes drugs, and looks for money wherever he can.

15   JUDGE TO MR. MARTINEZ-HERNANDEZ

16   All right.  So, your fear is from the MS, the cartels, and Jairo.

17   MR. MARTINEZ-HERNANDEZ TO JUDGE

18   Yes.

19   JUDGE TO MR. MARTINEZ-HERNANDEZ

20   Anyone else?

21   MR. MARTINEZ-HERNANDEZ TO JUDGE

22   No.  Well, the military is also tangled up in all of this, but I don't know if they

23   would still want me to, you know, to turn people over to them, or not, since I haven't

24   been there for over 20 years.

25   JUDGE TO MR. MARTINEZ-HERNANDEZ

1    When's the last time you talked to Jairo?

2    MR. MARTINEZ-HERNANDEZ TO JUDGE

3    Well, I have almost never spoken to Jairo, because I don't like to have problems

4    with any of them.  But my daughter left him about five years ago.  She left him and fled

5    to come here.

6    JUDGE TO MR. MARTINEZ-HERNANDEZ

7    All right.

8    JUDGE TO MS. TIMMIS

9    Does the Department have any closing statement?

10   MS. TIMMIS TO JUDGE

11   Your honor, the Department would -- it's the Department's position the

12   respondent hasn't met his burden to establish that it is more likely than not that he

13   would be subjected to torture at the hands of, or with the acquiescence of the

14   Guatemalan government if he were to be returned.

15   JUDGE TO MS. TIMMIS

16   Sir, the government attorney is arguing that you have not proven your case.

17   Now, I've listened carefully to your testimony today, and I've read all the evidence that

18   you've submitted, and we've already talked about the applications that you're not

19   eligible for, and why you're not eligible for those applications.  Now, I also agree with the

20   government that you have not shown that you are likely to be tortured by anyone acting

21   within the government or with the willful blindness of the government.  The cartels and

22   MS are criminal organizations, and they don't appear to have anything to do with the

23   Guatemalan government.  Now, there may be some corruption, but I don't see the

24   connection as it relates to you, and why you would be targeted by anyone with any

25   government connection.  And Jairo may have a personal dispute with you, or his ex-

1    wife, your daughter, but that, again, is not a government official likely to torture you.

2    And your description of the military, which you said likely -- they are not likely to even

3    know about you, since it's been 21 years.  I suspect quite a bit has changed in the last

4    21 years since you've been in Guatemala.  As you said, the -- it may be the children of

5    the cartel members who you encountered who would try to deal with you.  Similarly, the

6    people you dealt with 21 years ago may or may not even be still in Guatemala, or alive,

7    or associated with these cartels or the military.  So, I'm not able to grant any of your

8    applications today.  Now, you do have the right to appeal this decision to a higher court.

9    If you decide -- if you decide you want to appeal, you have 30 days for your appeal to

10   be delivered to the higher court.  That 30-day period expires on January 2nd of 2024.  If

11   you decide you want to appeal, it's important that you make sure that your appeal is

12   actually received by that date.  If your application has not been received by that date,

13   then the court would not have jurisdiction over your appeal, and it would be dismissed.

14   Do you understand that -- your right to appeal, sir?

15   MR. MARTINEZ-HERNANDEZ TO JUDGE

16        And for that appeal, where would I get the application?

17   JUDGE TO MR. MARTINEZ-HERNANDEZ

18        Well, we'll send you a notice of appeal packet.  That appeal has to be in writing.

19   You'll have to describe the legal or factual errors in my decision.  And it will have to be

20   received at the higher court by January 2nd.  And I'll go over the timeline for filing an

21   appeal.  We've talked about the 30 days that you have to get your appeal filed.  Once

22   the higher court has received your appeal, they will get -- send you a transcript of all the

23   questions that we've talked about today, and my decision.  Once they've received your

24   appeal, it generally takes the higher court about six months to issue a decision.  During

25   that time, you will be detained because I have no jurisdiction to release you.  If you

1   decide you don't want to appeal, then the deportation officer will start working on your

2   travel immediately, and your transportation to Guatemala will occur likely in the next

3   week or two.  Do you understand, sir?  Or do you need me to explain anything over

4   again?  Mr. Martinez?  All right, sir.  It seems like your TV screen froze on us.

5   UNIDENTIFIED MALE SPEAKER FOR THE RECORD

6        Hang on.

7   JUDGE TO MR. MARTINEZ-HERNANDEZ

8        Do you -- do you understand the -- your right to appeal or to not appeal, and the

9   timeframe of each one?

10  MR. MARTINEZ-HERNANDEZ TO JUDGE

11       Can I just --

12  JUDGE TO MR. MARTINEZ-HERNANDEZ

13       Of course.

14  MR. MARTINEZ-HERNANDEZ TO JUDGE

15       -- ask one question?

16  JUDGE TO MR. MARTINEZ-HERNANDEZ

17       Of course, Mr.  Martinez.

18  MR. MARTINEZ-HERNANDEZ TO JUDGE

19       So, will you be sending me papers?

20  JUDGE TO MR. MARTINEZ-HERNANDEZ

21       Just a blank form of how to appeal, sir.  It's your responsibility to fill that out and

22  to file it with the higher court.  In that appeal document, you will have to identify in

23  writing any legal or factual errors that you believe that I've made in your case.  Did that

24  answer your question, sir?

25  MR. MARTINEZ-HERNANDEZ TO JUDGE

1      Yes.

2      JUDGE TO MR. MARTINEZ-HERNANDEZ

3      All right.

4      MR. MARTINEZ-HERNANDEZ TO JUDGE

5      Yes, that's all.

6      JUDGE TO MR. MARTINEZ-HERNANDEZ

7      Okay.  So, I need your answer, sir.  Do you wish to appeal, or do you wish to not

8      appeal, and get your travel arrangements soon -- as soon as possible?

9      MR. MARTINEZ-HERNANDEZ TO JUDGE

10      No, I'm going to appeal.

11      JUDGE TO MR. MARTINEZ-HERNANDEZ

12      Okay.

13      JUDGE TO MS. TIMMIS

14      And does the Department wish to reserve appeal or waive appeal?

15      MS. TIMMIS TO JUDGE

16      Department waives, your honor.

17      JUDGE TO MS. TIMMIS

18      All right.

19      JUDGE TO MR. MARTINEZ-HERNANDEZ

20      Sir, you can -- you will get a full transcript of the oral decision that I'm about to

21      issue.  It will be based on the exact same reasons that I've already given you.  It's -- I

22      can't stress enough that you must have your appeal at the higher court by January 2nd.

23      And I've put that date in the written decision that I'm sending you.  Do you have any

24      questions, Mr. Martinez?

25      MR. MARTINEZ-HERNANDEZ TO JUDGE

1      No, your honor.  That would be all.  I just -- forgive me.  Perhaps there are words

2    that, since I don't know how to read or write, I wouldn't be able to say them right.  So,

3    please excuse me.

4    JUDGE TO MR. MARTINEZ-HERNANDEZ

5      All right, sir.  Good luck to you.

6    MR. MARTINEZ-HERNANDEZ TO JUDGE

7      [Untranslated].

8                        <u>OFF THE RECORD</u>

9                        <u>ON THE RECORD</u>

10   JUDGE FOR THE RECORD

11      Transcriber, let's go to standard decision format.

12                <u>JUDGE RENDERS ORAL DECISION</u>

13   JUDGE FOR THE RECORD

14      The respondent has been made aware repeatedly that his appeal must be filed at

15   the Board of Immigration Appeals by January 2nd, 2024.  He stated that he understood

16   that.  And this will conclude today's proceeding.

17                      <u>HEARING CLOSED</u>

<u>CERTIFICATE PAGE</u>

I hereby certify that the attached proceeding before JUDGE Baker, Glen R., in the matter of:

DANIEL SOLOMAN MARTINEZ-HERNANDEZ

A216-644-998

LAS VEGAS, NEVADA

was held as herein appears, and that this is the original transcript thereof for the file of the Executive Office for Immigration Review.

REBECCA AHOUSE (Transcriber)

Diaz Data Services

January 12, 2024

(Completion Date)

GRB
PAH (P)
(I) 11/30/23

*Immigration Court*
**Attn: Office of the Clerk**
110 North City Parkway
Suite 400
Las Vegas, NV 89106

| | | |
|---|---|---|
| In the Matter of : | ) | CUSTODY STATUS: **DETAINED** |
| **DANIEL MARTINEZ-HERNANDEZ** | ) | |
| -RESPONDENT, *PRO SE* | ) | **IN REMOVAL PROCEEDINGS** |
| **FILE No. A 216 – 644 – 998** | ) | |

COMES NOW DANIEL MARTINEZ-HERNANDEZ, as the said-Respondent,

appearing *Pro Se*, and respectfully submits to this Department of Justice, EOIR

Immigration Court in Las Vegas, Nevada the attached documents in support of the

applications for relief, EOIR-42B and I-589.

**Respectfully submitted on this 14th day of November, 2023.**

**Executed in Pahrump, Nevada.**

DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW

NOV 20 2023

FILED IWITH
IMMIGRATION COURT

*Dm*

Daniel Martinez-Hernandez
Alien No. 216 – 644 – 998
Nevada Southern Detention Center
2190 East Mesquite Avenue
Pahrump, NV 89060

EOIR – 1 of 7

Exh. 6 – Adm.

000160

November 11, 2023

Abraham Ovalle
309 W Plymouth St
Caldwell, ID 83605
(208) 370-9767

Daniel Salomon Martinez Hernadez
NSDC 2190 E Mesquite Ave
Pahrump, NV, 89060
022B

To whom it may correspond,

I am pleased to write this letter on behalf of Daniel.

My name is Abraham Ovalle and it's been a real privilege to know Daniel for the last 8 years. I consider him a respectable person and great friend. As a good friend of my fathers, I have known him just over 8 years ago. He is a good family friend, and has seen his quality of charters in his ups and downs of his life.

After spending a good amount of time with him, I came to realize how caring, hardworking, and thoughtful he is overall. Through the years that I have known him, he has been a good person of character.

He is reliable, honest and caring. I am writing this letter to appeal on his behalf to remain in the United States. He is a good contributor to his community and asks to reconsider in this case in staying in the United States.

Sincerely,

Abraham Ovalle

November 11, 2023

Eunice Ovalle
309 W Plymouth St
Caldwell, ID 83605
(208) 919-4520
euniceovalle@nnu.edu

Daniel Salomon Martinez Hernadez
NSDC 2190 E Mesquite Ave
Pahrump, NV, 89060
022B

To whom it may correspond,

I am pleased to write this letter on behalf of Daniel.

My name is Eunice Ovalle, I am currently a graduate student at Northwest Nazarene University.
I have known Daniel for about 10 years. As a good friend of my father, he is a good family
friend. Throughout the years I have known him, I have seen the admirable qualities he possesses.
He is kind, caring and responsible.

As a family friend, I have seen the good character he possesses. In good and hard times in life he
maintains a good attitude and holds dear to his faith.

I am writing this letter to appeal on his behalf to remain in the United States. He is a good
contributor to his community and petition to reconsider his case in remaining in the United
States.


Sincerely,

Eunice Ovalle

November 11, 2023

Eribaldo Ovalle

309 W Plymouth St.

Caldwell, ID 83605

(208) 412-6313

eddie.ovalle101@gmail.com


Daniel Salmon Martinez Hernandez

NSDC 2190 E Mesquite Ave

Pahrump, NV 89060

022B


To Whom it may concern,

I am pleased to write this letter in behalf of my friend Daniel as a proof of good character.

My name is Eribaldo Ovalle and it has been a true privilege knowing Daniel for the last 14 or 15 years. I met him while I worked with him in the same job. He has been a great friend; he is a good worker. He works well and in harmony with others. As the years that I have known him went by I have seen him facing the toughest moments in life, and I have seen the quality and character of who he is. He is kind and respectful even in the most difficult moments.

Through the years I have seen how honest, trustworthy, peaceful, and mindful he is. I write this letter to ask you for him to remain in the United States. He has amazing qualities. He is a good contributor to this country, and I hope that you consider your decision (to allow Daniel) to remain in the United States.

Sincerely,


Eribaldo Ovalle

November 11, 2023

Eribaldo Ovalle
309 W Plymouth St
Caldwell, ID 83605
(208) 412-6313
eddie.ovalle101@gmail.com

Daniel Salmon Martinez Hernadez
NSDC 2190 E Mesquite Ave
Pahrump, NV 89060
022B

A quien corresponde,

Me complace escribir esta carta en nombre de mi amigo, Daniel, para prueba de buen carácter.

Mi nombre es Eribaldo Ovalle y ha sido un verdadero privilegio saber de Daniel durante los últimos 14 a 15 años. Lo conocí mientras trabajaba con él en el mismo trabajo. Ha sido un gran amigo, es un buen trabajador. Trabaja bien con otras personas en armonía. A medida que los años que lo conozco y veo a sus personajes en los momentos más difíciles de la vida, he visto la calidad y el carácter de quién es. Es amable y respetuoso incluso en los momentos más difíciles.

A través de los años he visto lo honesto, confiable, pacífico y consciente que es. Escribo esta carta para pedirle que permanezca en los Estados Unidos. Tiene cualidades asombrosas. Es un buen contribuyente a este país y espero que reconsidere su decisión de permanecer en los Estados Unidos

Sinceramente,

Eribaldo Ovalle

Eribaldo Ovalle

## Certificate of Translation

I, Rafael Bernardo Alvarez Badilla, alien No. 086-916-243, certify that I am competent to translate this document from its original language in Spanish into the English language and that the translation is true and correct to the best of my knowledge, belief and abilities.

Respectfully submitted this 14th day of November, 2023

Executed in Pahrump, Nevada.

Signature of Translator:

Rafael Bernardo Alvarez Badilla

# CERTIFICATE OF SERVICE

RESPONDENT: **DANIEL MARTINEZ-HERNANDEZ**

ALIEN No.: **216 – 644 – 998**

---

I, DANIEL MARTINEZ-HERNANDEZ, hereby certify that I served the Assistant Chief Counsel for the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") a true and complete copy of the foregoing documents by placing it in a pre-paid stamped envelope and mailing it as follows:

**Assistant Chief Counsel for DHS/ICE**
501 South Las Vegas Blvd.
Suite 200
Las Vegas, NV 89101

*...TMENT OF JUSTICE*
*...VE OFFICE FOR*
*...ATION REVIEW*

*...V 2 0 2023*

*FILED IWITH*
*...RATION COURT*

**Respectfully submitted,**

_Dm_

Daniel Martinez-Hernandez
Alien No. 216 – 644 – 998
Nevada Southern Detention Center
2190 East Mesquite Avenue
Pahrump, NV 89060

**DATE: 11 / 14 / 2023**

*Immigration Court*
**Attn: Office of the Clerk**
110 North City Parkway
Suite 400
Las Vegas, NV 89106

| | | |
|---|---|---|
| In the Matter of : | ) | CUSTODY STATUS: **DETAINED** |
| **DANIEL MARTINEZ-HERNANDEZ** | ) | |
| -RESPONDENT, *PRO SE* | ) | **IN REMOVAL PROCEEDINGS** |
| **FILE No. A 216 – 644 – 998** | ) | |

COMES NOW DANIEL MARTINEZ-HERNANDEZ, as the said-Respondent,

appearing *Pro Se*, and respectfully submits to this Department of Justice, EOIR

Immigration Court in Las Vegas, Nevada the attached documents in support of the

applications for relief, EOIR-42B and I-589.

DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW

**Respectfully submitted on this 13ᵗʰ day of November, 2023.**

**Executed in Pahrump, Nevada.**

NOV 17 2023

FILED IWITH
IMMIGRATION COURT
~~LAS VEGAS NV~~

$D_M \lessapprox$

Daniel Martinez-Hernandez
Alien No. 216 – 644 – 998
Nevada Southern Detention Center
2190 East Mesquite Avenue
Pahrump, NV 89060

Yo Flor Martinez soy hija de daniel martinez
me dirijo a ustedes Respetables autoridas aue
Porfabor le den una oportunidad a mi Papa a quedarse
en este Pais. ya que el salio de guatemala en el año
dos 2002 Cuando todos eramos pequeños, devido aque
Sufriamos economicamente y las maras que andaban
organisandose y el se vino a este Pais Para cambiar
la nuestra situacion somos 6 hijos y todos estamos
aqui el ya no tiene a nadie aya en guatemala y la delicuencia
esta fea. las maras se aioderaron de nuestro Pueblo y
Temo Por su Vida que le Pase algo. el ya es mayor de
edad y el tiene 14 nietos aqui en estados unidos que
hecesitan su abuelo de vido aque lamentable mente sus
abuelas ya fallecio el es un buen Padre Para nosotros y
desaortunada mente mi mama fallecio y no quiero Perderlo
a el que dios iLumine su mente y su corazon
Para darte su mejor dictado Para mi Padre y aue
dios los bendiga

atentament: Flor martinez

Fecha: 10/24/23

EOIR - 2 of 5

Exh. 5 - Adm.

I, Flor Martinez, am a daughter of Daniel Martinez. I write to you, respectable authorities (and request) to please give my father an opportunity to stay in this country. Because he left Guatemala in the year of 2002 when we were little, due to the fact we suffered economically and (because) the "Maras" were being organized and came to this country to change our situation. We are 6 children and all of us are here (in the U.S.). He has nobody else in Guatemala anymore. Delinquency is bad (in Guatemala). The "Maras" took over our village and I fear for his live, that something happens to him. He is old now and has 14 grandchildren here in the United States who need their grandfather alive, because, unfortunately their grandmother already passed away.

He is a good father to us and unfortunately my mother passed away and I do not want to lose him.
May God enlighten your mind and your heart to give your best decision to my father.


God bless you.


Cordially,


(Signed by Flor Martinez)
Date 10/24/23

EOIR - 3 of 5

Exh. 5 - Adm.

## Certificate of Translation

I, Rafael Bernardo Alvarez Badilla, alien No. 086-916-243, certify that I am competent to translate this document from its original language in Spanish into the English language and that the translation is true and correct to the best of my knowledge, belief and abilities.

Respectfully submitted this 7th day of November, 2023

Executed in Pahrump, Nevada.


Signature of Translator:

Rafael AB.

Rafael Bernardo Alvarez Badilla

EOIR - 4 of 5

Exh. 5 - Adm.

# CERTIFICATE OF SERVICE

RESPONDENT: **DANIEL MARTINEZ-HERNANDEZ**

ALIEN No.: **216 – 644 – 998**

---

I, DANIEL MARTINEZ-HERNANDEZ, hereby certify that I served the Assistant Chief Counsel for the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") a true and complete copy of the foregoing documents by placing it in a pre-paid stamped envelope and mailing it as follows:

**Assistant Chief Counsel for DHS/ICE**
501 South Las Vegas Blvd.
Suite 200
Las Vegas, NV 89101

DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW

NOV 1 7 2023

FILED WITH
IMMIGRATION COURT

**Respectfully submitted,**

$\mathcal{D}.m$ ⁄⁄

**DATE: 11 / 13 / 2023**

Daniel Martinez-Hernandez
Alien No. 216 – 644 – 998
Nevada Southern Detention Center
2190 East Mesquite Avenue
Pahrump, NV 89060

*Immigration Court*
**Attn: Office of the Clerk**
110 North City Parkway
Suite 400
Las Vegas, NV 89106

| | | |
|---|---|---|
| In the Matter of : | ) | CUSTODY STATUS: **DETAINED** |
| **DANIEL MARTINEZ-HERNANDEZ** | ) | |
| -RESPONDENT, *PRO SE* | ) | **IN REMOVAL PROCEEDINGS** |
| **FILE No. A 216 – 644 – 998** | ) | |

     COMES NOW DANIEL MARTINEZ-HERNANDEZ, as the said-Respondent, appearing *Pro Se*, and respectfully submits to this Department of Justice, EOIR Immigration Court in Las Vegas, Nevada the attached documents in support of Cancellation of Removal for Non-Permanent Residents, and Asylum, Withholding of Removal, Deferral of Removal and Protection under "CAT".

**Respectfully submitted on this 23rd day of October, 2023.**

**Executed in Pahrump, Nevada.**

DANIEL MARTINEZ-HERNANDEZ
ALIEN No. 216 – 644 – 998
Nevada Southern Detention Center
2190 East Mesquite Avenue
Pahrump, NV 89060

DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW

NOV 01 2023

FILED IWITH

Exh. 4 - Adm.

EOIR – 1 of 10

000172

OMB#1125-0001

**U.S. Department of Justice**
Executive Office for Immigration Review

**Application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents**

| PLEASE READ ADVICE AND INSTRUCTIONS BEFORE FILLING IN FORM<br><br>PLEASE TYPE OR PRINT | Fee Stamp (Official Use Only) |
|---|---|

1) My present true name is: *(Last, First, Middle)*
Martinez-Hernandez Daniel Soloman

2) Alien Registration (or "A") Number(s):
216-644-998

3) My name given at birth was: *(Last, First, Middle)*

4) Birth Place: *(City and Country)*
Guatemala

5) Date of Birth: *(Month, Day, Year)*
06/20/1968

6) Gender: ☒ Male  ☐ Female

7) Height:
5'6

8) Hair Color:
Black

9) Eye Color:
Brown

10) Current Nationality and Citizenship:
Guatemala

11) Social Security Number:

12) Home Phone Number:

13) Work Phone Number:

14) I currently reside at:
Nevada Southern Detention Center
2190 East Mesquite Avenue
Pahrump, NV 89060

15) I have been known by these additional name(s):

16) I have resided in the following locations in the United States: (List PRESENT ADDRESS FIRST, and work back in time for at least 10 years.)

| Street and Number - Apt. or Room # - City or Town - State - Zip Code | Resided From: *(Month, Day, Year)* | Resided To: *(Month, Day, Year)* |
|---|---|---|
| In Custody | 03/2022 | PRESENT |
| 3070 Greenbana Avenue, Boise, Idaho | 2016 | 2022 |
| 105 E. Kearney Street, Caldwell, Idaho 83605 | 2009 | 2016 |
|  |  |  |

17) I, the undersigned, hereby request that my removal be cancelled under the provisions of section 240A(b) of the Immigration and Nationality Act (INA). I believe that I am eligible for cancellation of removal because: (Check all that apply.)

☒ My removal would result in exceptional and extremely unusual hardship to my:

|  | UNITED STATES CITIZEN | LAWFUL PERMANENT RESIDENT |
|---|---|---|
| ☐ spouse, who is a | ☐ | ☐ |
| ☐ father, who is a | ☐ | ☐ |
| ☐ mother, who is a | ☐ | ☐ |
| ☒ child/children, who is/are a | ☐ | ☒ |

☐ I, or my child, have been battered or subject to extreme cruelty by a United States citizen or lawful permanent resident spouse or parent.

**With the exception of absences described in question #23, I have resided in the United States since:** _____
*(Month, Day, Year)*

NOV 01 2023

FILED WITH
IMMIGRATION COURT

Exh. 4 - Adm.

*Please continue answers on a separate sheet as needed.*
*(1)*

Form EOIR-42B
Revised Feb. 2022

000174

## PART 3 - INFORMATION ABOUT YOUR PRESENCE IN THE UNITED STATES

| 18) I first arrived in the United States under the name of: *(Last, First, Middle)* | 19) I first arrived in the United States on: *(Month, Day, Year)* |
|---|---|
| SAME | 2002 |

20) Place or port of first arrival: *(Place or Port, City, and State)*

Texas

21) I: ☐ was inspected and admitted.
   ☐ I entered using my Lawful Permanent Resident card which is valid until_____.
   ☐ Category on Lawful Permanent Resident card_____. *(Month, Day, Year)*
   ☐ I entered using a_____visa which is valid until_____. *(Month, Day, Year)*

   ☒ was not inspected and admitted. *(Specify Type of Visa)* *(Month, Day, Year)*
   ☐ I entered without documents. Explain:_____.
   ☐ I entered without inspection. Explain:_____.

   ☐ Other. Explain:_____

22) I applied on_____for additional time to stay and it was ☐ granted on _____
   *(Month, Day, Year)* *(Month, Day, Year)*
   and valid until_____, or ☐ denied on_____.
   *(Month, Day, Year)* *(Month, Day, Year)*

23) Since the date of my first entry, I departed from and returned to the United States at the following places and on the following dates:
   *(Please list all departures regardless of how briefly you were absent from the United States.)*
   **If you have never departed from the United States since your original date of entry, please mark an X in this box:** ☒

| # | | | | |
|---|---|---|---|---|
| 1 | Port of Departure *(Place or Port, City and State)* | Departure Date *(Month, Day, Year)* | Purpose of Travel | Destination |
| | Port of Return *(Place or Port, City and State)* | Return Date *(Month, Day, Year)* | Manner of Return | Inspected and Admitted? ☐ Yes ☐ No |
| 2 | Port of Departure *(Place or Port, City and State)* | Departure Date *(Month, Day, Year)* | Purpose of Travel | Destination |
| | Port of Return *(Place or Port, City and State)* | Return Date *(Month, Day, Year)* | Manner of Return | Inspected and Admitted? ☐ Yes ☐ No |

24) Have you ever departed the United States:  a) under an order of deportation, exclusion, or removal?. .................................... ☐ Yes ☒ No

b) pursuant to a grant of voluntary departure?. ....................................... ☐ Yes ☒ No

## PART 4 - INFORMATION ABOUT YOUR MARITAL STATUS AND SPOUSE *(Continued on page 3)*

| 25) I am not married: ☒ I am married: ☐ | 26) If married, the name of my spouse is: *(Last, First, Middle)* N/A | 27) My spouse's name before marriage was: N/A |
|---|---|---|

| 28) The marriage took place in: *(City and Country)* N/A | 29) Date of marriage: *(Month, Day, Year)* N/A |
|---|---|

30) My spouse currently resides at:

Apt. number and/or in care of

Number and Street                          N/A

City or Town                          State/Country    Zip Code

31) Place and date of birth of my spouse: *(City & Country; Month, Day, Year)*
N/A

32) My spouse is a citizen of: *(Country)*
N/A

33) If your spouse is other than a native born United States citizen, answer the following:
   He/she arrived in the United States at: *(Place or Port, City and State)*_____
   He/she arrived in the United States on: *(Month, Day, Year)*_____
   His/her alien registration number(s) is: A#_____
   He/she was naturalized on: *(Month, Day, Year)* _____ at _____
   *(City and State)*

34) My spouse ☐ - is ☐ - is not employed. If employed, please give salary and the name and address of the place(s) of employment.

| Full Name and Address of Employer | Earnings Per Week *(Approximate)* |
|---|---|
| N/A | $ |
| | $ |
| | $ |

*Please continue answers on a separate sheet as needed.*
(2)

Form EOIR-42B
Revised Feb. 2022

EOIR - 4 of 10

Exh. 4 - Adm.

## PART 4 - INFORMATION ABOUT YOUR MARITAL STATUS AND SPOUSE *(Continued)*

35) I ☑ - have ☐ - have not been previously married: *(If previously married, list the name of each prior spouse, the dates on which each marriage began and ended, the place where the marriage terminated, and describe how each marriage ended.)*

| Name of prior spouse: *(Last, First, Middle)* | Date marriage began: Date marriage ended: | Place marriage ended: *(City and Country)* | Description or manner of how marriage was terminated or ended: |
|---|---|---|---|
| N/A | | | |
| | | | |

36) My present spouse ☐ - has ☐ - has not been previously married: *(If previously married, list the names of each prior spouse, the dates on which each marriage began and ended, the place where the marriage terminated, and describe how each marriage ended.)*

| Name of prior spouse: *(Last, First, Middle)* | Date marriage began: Date marriage ended: | Place marriage ended: *(City and Country)* | Description or manner of how marriage was terminated or ended: |
|---|---|---|---|
| N/A | | | |
| | | | |

37) Have you been ordered by any court, or are otherwise under any legal obligation, to provide child support and/or spousal maintenance as a result of a separation and/or divorce? ☐ Yes ☐ No

## PART 5 - INFORMATION ABOUT YOUR EMPLOYMENT AND FINANCIAL STATUS

38) Since my arrival into the United States, I have been employed by the following named persons or firms: *(Please begin with present employment and work back in time. Any periods of unemployment or school attendance should be specified. Attach a separate sheet for additional entries if necessary.)*

| Full Name and Address of Employer | Earnings Per Week *(Approximate)* | Type of Work Performed | Employed From: *(Month, Day, Year)* | Employed To: *(Month, Day, Year)* |
|---|---|---|---|---|
| In Custody | $ | | 2022 | PRESENT |
| Agriculture | $ Varied | Labor | 2006 | 2011 |
| Construction | $ Varied | Labor | 2011 | 2022 |

39) If self-employed, describe the nature of the business, the name of the business, its address, and net income derived therefrom:

40) My assets (and if married, my spouse's assets) in the United States and other countries, not including clothing and household necessities, are:

**Self**
Cash, Stocks, and Bonds................................ $ —0—
Real Estate..................................................... $
Auto (dollar value minus amount owed)....... $
Other (describe on line below)...................... $
NoNE                                **TOTAL $**

**Jointly Owned With Spouse**
Cash, Stocks, and Bonds. .............................. $
Real Estate..................................................... $
Auto (dollar value minus amount owed)........ $
Other (describe on line below). ..................... $
                                **TOTAL $**

41) I ☐ - have ☑ - have not received public or private relief or assistance (e.g.,Welfare, Unemployment Benefits, Medicaid, TANF, AFDC, etc.). If you have, please give full details including the type of relief or assistance received, date for which relief or assistance was received, place, and total amount received during this time: _____

42) Please list each of the years in which you have filed an income tax return with the Internal Revenue Service:_____

*Please continue answers on a separate sheet as needed.*
(3)
Exh. 4 - Adm.
EOIR - 5 of 10
Form EOIR-42B
Revised Feb. 2022
000176

## PART 6 - INFORMATION ABOUT YOUR FAMILY *(Continued on page 5)*

43) I have _____ 6 _____ *(Number of)* children. Please list information for each child below, include assets and earnings information for children over the age of 16 who have separate incomes:

| Name of Child: *(Last, First, Middle)* Child's Alien Registration Number: | Citizen of What Country: Birth Date: *(Month, Day, Year)* | Now Residing At: *(City and Country)* Birth Place: *(City and Country)* | Immigration Status of Child |
|---|---|---|---|
| Martinez, Bernardo A#: | Guatemala | Columbus, U.S.A. Guatemala | L.P.R. |
| Estimated Total of Assets: $ _____ Estimated Average Weekly Earnings: $ _____ | | | |
| Martinez, Jose A#: | Guatemala | Columbus USA Guatemala | L.P.R. |
| Estimated Total of Assets: $ _____ Estimated Average Weekly Earnings: $ _____ | | | |
| Martinez, Yuri A#: | Guatemala | Columbus, U.S.A. Guatemala | L.P.R. |
| Estimated Total of Assets: $ _____ Estimated Average Weekly Earnings: $ _____ | | | |

44) If your application is denied, would your spouse and all of your children accompany you to your:

Country of Birth - ☐ Yes ☒ No

Country of Nationality - ☐ Yes ☒ No

Country of Last Residence - ☐ Yes ☒ No

If you answered "No" to any of the responses, please explain: Because of a well founded fear of persecution, irreparable harm, torture and death.

45) Members of my family, including my spouse and/or child(ren) ☐ - have ☒ - have not received public or private relief or assistance (e.g., Welfare, Unemployment Benefits, Medicaid, TANF, AFDC, etc.). If any member of your immediate family has received such relief or assistance, please give full details including identity of person(s) receiving relief or assistance, dates for which relief or assistance was received, place, and total amount received during this time: _____

46) Please give the requested information about your parents, brothers, sisters, aunts, uncles, and grandparents, living or deceased. As to residence, show street address, city, and state, if in the United States; otherwise show only country:

| Name: *(Last, First, Middle)* Alien Registration Number: | Citizen of What Country: Birth Date: *(Month, Day, Year)* | Relationship to Me: Birth Place: *(City and Country)* | Immigration Status of Listed Relative |
|---|---|---|---|
| A#: | | | N/A |
| Complete Address of Current Residence, if Living: N/A | | | |
| A#: | | | N/A |
| Complete Address of Current Residence, if Living: N/A | | | |

*Please continue answers on a separate sheet as needed.*
*(4)*

Form EOIR-42B
Revised Feb. 2022

Exh. 4 - Adm.

EOIR - 6 of 10

000177

## PART 6 - INFORMATION ABOUT YOUR FAMILY *(Continued)*

***IF THIS APPLICATION IS BASED ON HARDSHIP TO A PARENT OR PARENTS, QUESTIONS 47-50 MUST BE ANSWERED.***

47) If your parent is not a citizen of the United States, give the date and place of arrival in the United States including full details as to the date, manner, and terms of admission into the United States: _N/A_

48) My father ☐ - is ☒ - is not employed. If employed, please give salary and the name and address of the place(s) of employment.

| Full Name and Address of Employer | Earnings Per Week *(Approximate)* |
|---|---|
| N/A | |
| | $ |

49) My mother ☐ - is ☒ - is not employed. If employed, please give salary and the name and address of place(s) of employment.

| Full Name and Address of Employer | Earnings Per Week *(Approximate)* |
|---|---|
| N/A | |
| | $ |

50) My parent's assets in the United States and other countries not including clothing and household necessities are:

**Assets of father consist of the following:**
Cash, Stocks, and Bonds................................. $
Real Estate.................................................. $
Auto (dollar value minus amount owed)........ $
Other (describe on line below)....................... $
_NONE_ **TOTAL** $

**Assets of mother consist of the following:**
Cash, Stocks, and Bonds. .............................. $
Real Estate.................................................. $
Auto (dollar value minus amount owed)........ $
Other (describe on line below). ..................... $
_NONE_ **TOTAL** $

## PART 7 - MISCELLANEOUS INFORMATION *(Continued on page 6)*

51) I ☐ - have ☒ - have not entered the United States as a crewman after June 30, 1964.

52) I ☐ - have ☒ - have not been admitted as, or after arrival in the United States acquired the status of, an exchange alien.

53) I ☐ - have ☒ - have not submitted address reports as required by section 265 of the Immigration and Nationality Act.

54) I ☒ - have ☐ - have never (either in the United States or in any foreign country) been arrested, summoned into court as a defendant, convicted, fined, imprisoned, placed on probation, or forfeited collateral for an act involving a felony, misdemeanor, or breach of any public law or ordinance(including, but not limited to, traffic violations or driving incidents involving alcohol). *(If answer is in the affirmative, please give a brief description of each offense including the name and location of the offense, date of conviction, any penalty imposed, any sentence imposed, and the time actually served. You are required to submit documentation of any such occurrences.)*

_See Form I-213; DHS Form I-862 because I don't fully remember the full details but will attempt to produce relevant documents. Notably, I am physically detained under DHS/ICE custody_

55) Have you ever served in the Armed Forces of the United States? ☐ Yes ☒ No. If "Yes" please state branch *(Army, Navy, etc.)* and service number: _____

Place of entry on duty: *(City and State)* _____

Date of entry on duty: *(Month, Day, Year)* _____ Date of discharge: *(Month, Day, Year)* _____

Type of discharge: *(Honorable, Dishonorable, etc.)* _____

I served in active duty status from: *(Month, Day, Year)* _____ to *(Month, Day, Year)* _____

56) Have you ever left the United States or the jurisdiction of the district where you registered for the draft to avoid being drafted into the military or naval forces of the United States?

☐ Yes ☒ No

*Please continue answers on a separate sheet as needed.*

Form EOIR-42B
Revised Feb. 2022

EOIR - 7 of 10
Exh. 4 - Adm.

## PART 7 - MISCELLANEOUS INFORMATION *(Continued)*

57) Have you ever deserted from the military or naval forces of the United States while the United States was at war? ☐ Yes ☒ No

58) If male, did you register under the Military Selective Service Act or any applicable previous Selective Service (Draft) Laws? ☐ Yes ☒ No
If "Yes," please give date, Selective Service number, local draft board number, and your last draft classification: _____

59) Were you ever exempted from service because of conscientious objection, alienage, or any other reason? ☐ Yes ☒ No

60) Please list your present or past membership in or affiliation with every political organization, association, fund, foundation, party, club, society, or similar group in the United States or any other place since your 16th birthday. Include any foreign military service in this part. If none, write "None." Include the name of the organization, location, nature of the organization, and the dates of membership.

| Name of Organization | Location of Organization | Nature of Organization | Member From: (Month, Day, Year) | Member To: (Month, Day, Year) |
|---|---|---|---|---|
| NONE | N/A | N/A | N/A | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

61) Have you ever:
- ☐ Yes ☒ No been ordered deported, excluded, or removed?
- ☐ Yes ☒ No overstayed a grant of voluntary departure from an Immigration Judge or the Department of Homeland Security (DHS), formerly the Immigration and Naturalization Service (INS)?
- ☐ Yes ☒ No failed to appear for removal or deportation?

62) Have you ever been:
- ☐ Yes ☒ No a habitual drunkard?
- ☐ Yes ☒ No one whose income is derived principally from illegal gambling?
- ☐ Yes ☒ No one who has given false testimony for the purpose of obtaining immigration benefits?
- ☐ Yes ☒ No one who has engaged in prostitution or unlawful commercialized vice?
- ☐ Yes ☒ No involved in a serious criminal offense and asserted immunity from prosecution?
- ☐ Yes ☒ No a polygamist?
- ☐ Yes ☒ No one who brought in or attempted to bring in another to the United States illegally?
- ☐ Yes ☒ No a trafficker of a controlled substance, or a knowing assister, abettor, conspirator, or colluder with others in any such controlled substance offense (not including a single offense of simple possession of 30 grams or less of marijuana)?
- ☐ Yes ☒ No inadmissible or deportable on security-related grounds under sections 212(a)(3) or 237(a)(4) of the INA?
- ☐ Yes ☒ No one who has ordered, incited, assisted, or otherwise participated in the persecution of an individual on account of his or her race, religion, nationality, membership in a particular social group, or political opinion?
- ☐ Yes ☒ No a person previously granted relief under sections 212(c) or 244(a) of the INA or whose removal has previously been cancelled under section 240A of the INA?

If you answered "Yes" to any of the above questions, explain: _____

*Please continue answers on a separate sheet as needed.*
(6)
Exh. 4 - Adm.
EOIR - 8 of 10
Form EOIR-42B
Revised Feb. 2022
000179

## PART 7 - MISCELLANEOUS INFORMATION *(Continued)*

63) Are you the beneficiary of an approved visa petition? ☐ Yes ☒ No

If yes, can you arrange a trip outside the United States to obtain an immigrant visa? ☐ Yes ☐ No If no, please explain:

_____

_____

_____

_____

64) Name of School, Type of School, Degree Earned / Date (if any), Location (City/Country), Attended From (MM/YY) To(MM/YY)

N/A

65) The following certificates or other supporting documents are attached as part of this document. : (Refer to the Instructions for documents which should be attached.)

N/A

## PART 8 - SIGNATURE OF PERSON PREPARING FORM, IF OTHER THAN APPLICANT

*(Read the following information and sign below)*

I declare that I have prepared this application at the request of the person named in Part 1, that the responses provided are based on all information of which I have knowledge, or which was provided to me by the applicant, and that the completed application was read to the applicant in a language the applicant speaks fluently for verification before he or she signed the applica- tion in my presence. I am aware that the knowing placement of false information on the Form EOIR-42B may subject me to civil penalties under 8 U.S.C.§1324c.

| Signature of Preparer: | Print Name: Jose Perez | Date: 10/16/2023 |
|---|---|---|
| Daytime Telephone#: | Address of Preparer: *(Number and Street, City, State, Zip Code)* 2190 E. Mesquite Ave, Pahrump, NV 89060 | |

EOIR - 9 of 10

Exh. 4 - Adm.

*Please continue answers on a separate sheet as needed.*

*(7)*

Form EOIR-42B
Revised Feb. 2022

000180

## PART 9 - SIGNATURE

### APPLICATION NOT TO BE SIGNED BELOW UNTIL APPLICANT APPEARS BEFORE AN IMMIGRATION JUDGE

I swear or affirm that I know the contents of this application that I am signing, including the attached documents and supplements, and that they are all true to the best of my knowledge, taking into account the correction(s) numbered_____to_____, if any, that were made by me or at my request.

_____
*(Signature of Applicant or Parent or Guardian)*

Subscribed and sworn to before me by the above-named applicant at _____

_____
*Immigration Judge*

_____
*Date (Month, Day, Year)*

## PART 10 - PROOF OF SERVICE

I hereby certify that a copy of the foregoing Form EOIR-42B was: ☐ - delivered in person ☑ - mailed first class, postage prepaid

on 10/16/2023 to the Assistant Chief Counsel for the DHS (U.S. Immigration and Customs Enforcement - ICE)
   *(Month, Day, Year)*

at 501 South Las Vegas Blvd, Suite 200, Las Vegas, NV 89060
   *(Number and Street, City, State, Zip Code)*

☐  No service needed. I electronically filed this document, and the opposing party is participating in ECAS.

D m ⇒
_____
*Signature of Applicant (or Attorney or Representative)*

*Please continue answers on a separate sheet as needed.*

*(8)*

Exh. 4 - Adm.

EOIR - 10 of 10

Form EOIR-42B
Revised Feb. 2022

000181

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**U.S. Department of Justice**
Executive Office for Immigration Review

# I-589, Application for Asylum and for Withholding of Removal

**START HERE - Type or print in black ink. See the instructions for information about eligibility and how to complete and file this application. There is no filing fee for this application.**

**NOTE:** ☒ Check this box if you also want to apply for withholding of removal under the Convention Against Torture.

## Part A.I. Information About You

| | | |
|---|---|---|
| **1.** Alien Registration Number(s) (A-Number) *(if any)*<br>216 - 644 - 998 | **2.** U.S. Social Security Number *(if any)* | **3.** USCIS Online Account Number *(if any)* |
| **4.** Complete Last Name<br>Martinez- Hernandez | **5.** First Name<br>Daniel | **6.** Middle Name<br>Solomon |

**7.** What other names have you used *(include maiden name and aliases)?*

**8.** Residence in the U.S. *(where you physically reside)*

Street Number and Name
2190 East Mesquite Avenue

Apt. Number

| City<br>Pahrump | State<br>NV | Zip Code<br>89060 | Telephone Number |
|---|---|---|---|

**(NOTE:** *You must be residing in the United States to submit this form.)*

**9.** Mailing Address in the U.S. *(if different than the address in Item Number 8)*

In Care Of *(if applicable):*
Nevada Southern Detention Center

Telephone Number
( )

Street Number and Name
2190 East Mesquite Avenue

Apt. Number

| City<br>Pahrump | State<br>Nevada | Zip Code<br>89060 |
|---|---|---|

| **10.** Gender: ☒ Male ☐ Female | **11.** Marital Status: ☒ Single ☐ Married ☐ Divorced ☐ Widowed |
|---|---|

| **12.** Date of Birth *(mm/dd/yyyy)*<br>06/20/1968 | **13.** City and Country of Birth<br>Guatemala |
|---|---|

| **14.** Present Nationality (Citizenship)<br>Guatemala | **15.** Nationality at Birth<br>Guatemala | **16.** Race, Ethnic, or Tribal Group<br>Hispanic | **17.** Religion<br>Christian |
|---|---|---|---|

**18.** *Check the box, a through c, that applies:* **a.** ☐ I have never been in Immigration Court proceedings.

 **b.** ☒ I am now in Immigration Court proceedings. **c.** ☐ I am **not** now in Immigration Court proceedings, but I have been in the past.

**19.** *Complete 19 a through c.*

 **a.** When did you last leave your country? *(mm/dd/yyyy)* 2002 **b.** What is your current I-94 Number, if any?

 **c.** List each entry into the U.S. beginning with your most recent entry. *List date (mm/dd/yyyy), place, and your status for each entry.* *(Attach additional sheets as needed.)*

| Date 2002 | Place Texas | Status No Status | Date Status Expires |
|---|---|---|---|
| Date | Place | Status | |
| Date | Place | Status | |

| **20.** What country issued your last passport or travel document?<br>NA | **21.** Passport Number<br><br>Travel Document Number | **22.** Expiration Date *(mm/dd/yyyy)*<br>NA |
|---|---|---|

| **23.** What is your native language *(include dialect, if applicable)?*<br>SPANISH | **24.** Are you fluent in English? ☐ Yes ☒ No | **25.** What other languages do you speak fluently?<br>NONE |
|---|---|---|

| For EOIR use only. | For USCIS use only. | Action:<br>Interview Date: _____<br>Asylum Officer ID No.: _____ | Decision:<br>Approval Date: _____<br>Denial Date: _____<br>Referral Date: _____ |
|---|---|---|---|

Form I-589 Edition 03/01/23

Page 1

## Part A.II. Information About Your Spouse and Children

**Your spouse**   ☒ I am not married. (Skip to **Your Children** below.)

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Date of Birth *(mm/dd/yyyy)* | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|
| 5. Complete Last Name | 6. First Name | 7. Middle Name | 8. Other names used *(include maiden name and aliases)* |
| 9. Date of Marriage *(mm/dd/yyyy)* | 10. Place of Marriage | 11. City and Country of Birth | |
| 12. Nationality *(Citizenship)* | 13. Race, Ethnic, or Tribal Group | 14. Gender ☐ Male  ☐ Female | |

15. Is this person in the U.S.?
☐ Yes *(Complete Blocks 16 to 24.)*   ☐ No *(Specify location):*

| 16. Place of last entry into the U.S. | 17. Date of last entry into the U.S. *(mm/dd/yyyy)* | 18. I-94 Number *(if any)* | 19. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| 20. What is your spouse's current status? | 21. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | 22. Is your spouse in Immigration Court proceedings? ☐ Yes  ☐ No | 23. If previously in the U.S., date of previous arrival *(mm/dd/yyyy)* |

24. If in the U.S., is your spouse to be included in this application? *(Check the appropriate box.)*
☐ Yes
☒ No

**Your Children.** List **all** of your children, regardless of age, location, or marital status.

☐ I do not have any children. *(Skip to Part A.III., Information about your background.)*

☒ I have children.   Total number of children: 6

(**NOTE:** *Use Form I-589 Supplement A or attach additional sheets of paper and documentation if you have more than four children.*)

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Marital Status *(Married, Single, Divorced, Widowed)* SINGLE | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|
| 5. Complete Last Name Martinez | 6. First Name Bernardo | 7. Middle Name | 8. Date of Birth *(mm/dd/yyyy)* |
| 9. City and Country of Birth Guatemala | 10. Nationality *(Citizenship)* Guatemala | 11. Race, Ethnic, or Tribal Group Hispanic | 12. Gender ☒ Male  ☐ Female |

13. Is this child in the U.S. ?  ☒ Yes *(Complete Blocks 14 to 21.)*   ☐ No *(Specify location):*

| 14. Place of last entry into the U.S. | 15. Date of last entry into the U.S. *(mm/dd/yyyy)* | 16. I-94 Number *(If any)* | 17. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| 18. What is your child's current status? L.P.R. | 19. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | | 20. Is your child in Immigration Court proceedings? ☐ Yes  ☒ No |

21. If in the U.S., is this child to be included in this application? *(Check the appropriate box.)*
☐ Yes
☒ No

## Part A.II. Information About Your Spouse and Children (Continued)

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Marital Status *(Married, Single, Divorced, Widowed)* SINGLE | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|
| 5. Complete Last Name Martinez | 6. First Name Jose | 7. Middle Name | 8. Date of Birth *(mm/dd/yyyy)* |
| 9. City and Country of Birth Guatemala | 10. Nationality *(Citizenship)* Guatemala | 11. Race, Ethnic, or Tribal Group Hispanic | 12. Gender ☒ Male ☐ Female |

**13.** Is this child in the U.S. ? ☒ Yes *(Complete Blocks 14 to 21.)* ☐ No *(Specify location):*

| 14. Place of last entry into the U.S. | 15. Date of last entry into the U.S. *(mm/dd/yyyy)* | 16. I-94 Number *(If any)* | 17. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| 18. What is your child's current status? L.P.R. | 19. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | | 20. Is your child in Immigration Court proceedings? ☐ Yes ☒ No |

**21.** If in the U.S., is this child to be included in this application? *(Check the appropriate box.)*
☐ Yes
☒ No

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Marital Status *(Married, Single, Divorced, Widowed)* SINGLE | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|
| 5. Complete Last Name Martinez | 6. First Name Yuri | 7. Middle Name | 8. Date of Birth *(mm/dd/yyyy)* |
| 9. City and Country of Birth Guatemala | 10. Nationality *(Citizenship)* Guatemala | 11. Race, Ethnic, or Tribal Group Hispanic | 12. Gender ☐ Male ☒ Female |

**13.** Is this child in the U.S. ? ☐ Yes *(Complete Blocks 14 to 21.)* ☐ No *(Specify location):*

| 14. Place of last entry into the U.S. | 15. Date of last entry into the U.S. *(mm/dd/yyyy)* | 16. I-94 Number *(If any)* | 17. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| 18. What is your child's current status? L.P.R. | 19. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | | 20. Is your child in Immigration Court proceedings? ☐ Yes ☒ No |

**21.** If in the U.S., is this child to be included in this application? *(Check the appropriate box.)*
☐ Yes
☒ No

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Marital Status *(Married, Single, Divorced, Widowed)* SINGLE | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|
| 5. Complete Last Name Martinez | 6. First Name Flor | 7. Middle Name | 8. Date of Birth *(mm/dd/yyyy)* |
| 9. City and Country of Birth Guatemala | 10. Nationality *(Citizenship)* Guatemala | 11. Race, Ethnic, or Tribal Group Hispanic | 12. Gender ☐ Male ☒ Female |

**13.** Is this child in the U.S. ? ☒ Yes *(Complete Blocks 14 to 21.)* ☐ No *(Specify location):*

| 14. Place of last entry into the U.S. | 15. Date of last entry into the U.S. *(mm/dd/yyyy)* | 16. I-94 Number *(If any)* | 17. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| 18. What is your child's current status? | 19. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | | 20. Is your child in Immigration Court proceedings? ☐ Yes ☒ No |

**21.** If in the U.S., is this child to be included in this application? *(Check the appropriate box.)*
☐ Yes
☒ No

## Part A.III. Information About Your Background

1. List your last address where you lived before coming to the United States. If this is not the country where you fear persecution, also list the last address in the country where you fear persecution. *(List Address, City/Town, Department, Province, or State and Country.)*
   **(NOTE:** *Use Form I-589 Supplement B, or additional sheets of paper, if necessary.)*

| Number and Street *(Provide if available)* | City/Town | Department, Province, or State | Country | Dates From *(Mo/Yr)* | To *(Mo/Yr)* |
|---|---|---|---|---|---|
| N/A | | | | | |
| | | | | | |

2. Provide the following information about your residences during the past 5 years. List your present address first.
   **(NOTE:** *Use Form I-589 Supplement B, or additional sheets of paper, if necessary.)*

| Number and Street | City/Town | Department, Province, or State | Country | Dates From *(Mo/Yr)* | To *(Mo/Yr)* |
|---|---|---|---|---|---|
| In Custody | | | U.S.A | 09/4/09 | Present |
| 3070 Glenbeans | Boise | Idaho | USA | 2016 | 2022 |
| | | | | | |
| | | | | | |

3. Provide the following information about your education, beginning with the most recent school that you attended.
   **(NOTE:** *Use Form I-589 Supplement B, or additional sheets of paper, if necessary.)*

| Name of School | Type of School | Location *(Address)* | Attended From *(Mo/Yr)* | To *(Mo/Yr)* |
|---|---|---|---|---|
| N/A | | | | |
| | | | | |
| | | | | |
| | | | | |

4. Provide the following information about your employment during the past 5 years. List your present employment first.
   **(NOTE:** *Use Form I-589 Supplement B, or additional sheets of paper, if necessary.)*

| Name and Address of Employer | Your Occupation | Dates From *(Mo/Yr)* | To *(Mo/Yr)* |
|---|---|---|---|
| General Construction | Labor | 2011 | 2022 |
| | | | |
| | | | |

5. Provide the following information about your parents and siblings (brothers and sisters). Check the box if the person is deceased.
   **(NOTE**: *Use Form I-589 Supplement B, or additional sheets of paper, if necessary.)*

| Full Name | City/Town and Country of Birth | Current Location |
|---|---|---|
| Mother N/A | | ☐ Deceased |
| Father | | ☐ Deceased |
| Sibling | | ☐ Deceased |
| Sibling | | ☐ Deceased |
| Sibling | | ☐ Deceased |
| Sibling | | ☐ Deceased |

186 of 264), Page 186 of 264

## Part B. Information About Your Application

*(NOTE: Use Form I-589 Supplement B, or attach additional sheets of paper as needed to complete your responses to the questions contained in Part B.)*

When answering the following questions about your asylum or other protection claim (withholding of removal under 241(b)(3) of the INA or withholding of removal under the Convention Against Torture), you must provide a detailed and specific account of the basis of your claim to asylum or other protection. To the best of your ability, provide specific dates, places, and descriptions about each event or action described. You must attach documents evidencing the general conditions in the country from which you are seeking asylum or other protection and the specific facts on which you are relying to support your claim. If this documentation is unavailable or you are not providing this documentation with your application, explain why in your responses to the following questions.

Refer to Instructions, Part 1: Filing Instructions, Section II, "Basis of Eligibility," Parts A - D, Section V, Completing the Form," Part B, and Section VII, "Additional Evidence That You Should Submit," for more information on completing this section of the form.

1. Why are you applying for asylum or withholding of removal under section 241(b)(3) of the INA, or for withholding of removal under the Convention Against Torture? Check the appropriate box(es) below and then provide detailed answers to questions A and B below.

I am seeking asylum or withholding of removal based on:

- ☐ Race
- ☐ Religion
- ☐ Nationality
- ☒ Political opinion
- ☒ Membership in a particular social group
- ☒ Torture Convention

**A.** Have you, your family, or close friends or colleagues ever experienced harm or mistreatment or threats in the past by anyone?

☐ No    ☒ Yes

If "Yes," explain in detail:
1. What happened;
2. When the harm or mistreatment or threats occurred;
3. Who caused the harm or mistreatment or threats; and
4. Why you believe the harm or mistreatment or threats occurred.

I was directly threatened by a strong organized criminal enterprise. They kidnapped me, performed violent physical beatings, blows to my head, face and all over my body, water lugging and just plain tortured me. These torturous acts were by the hands of the government. The serious death threats were by the both crime organization and the Guatemala government/military.

**B.** Do you fear harm or mistreatment if you return to your home country?

☐ No    ☒ Yes

If "Yes," explain in detail:
1. What harm or mistreatment you fear;
2. Who you believe would harm or mistreat you; and
3. Why you believe you would or could be harmed or mistreated.

Both entities have been searching widely for me. Even to the point of it being country-wide. Both parties are heavily armed, military trained, powerful, well-connected, wealthy, and highly influential. Once my return is discovered I will surely die. It's a death sentence.

## Part B. Information About Your Application (Continued)

**2.** Have you or your family members ever been accused, charged, arrested, detained, interrogated, convicted and sentenced, or imprisoned in any country other than the United States (including for an immigration law violation)?

☐ No   ☒ Yes

If "Yes," explain the circumstances and reasons for the action.

> In Guatemala, when I asked for help, safety and protection, the very government officials, detained, interrogated, beat and tortured me.

**3.A.** Have you or your family members ever belonged to or been associated with any organizations or groups in your home country, such as, but not limited to, a political party, student group, labor union, religious organization, military or paramilitary group, civil patrol, guerrilla organization, ethnic group, human rights group, or the press or media?

☒ No   ☐ Yes

If "Yes," describe for each person the level of participation, any leadership or other positions held, and the length of time you or your family members were involved in each organization or activity.

**3.B.** Do you or your family members continue to participate in any way in these organizations or groups?

☒ No   ☐ Yes

If "Yes," describe for each person your or your family members' current level of participation, any leadership or other positions currently held, and the length of time you or your family members have been involved in each organization or group.

**4.** Are you afraid of being subjected to torture in your home country or any other country to which you may be returned?

☐ No   ☒ Yes

If "Yes," explain why you are afraid and describe the nature of torture you fear, by whom, and why it would be inflicted.

> The cartel formerly known as "Zetas" join and converted into the "CJNG" Cartel Jalisco Nueva Generacion which enabled them to be more violent, powerful, wealthy and influential. In conjunction, the government will also take part in my torture and even death.

Form I-589  Edition  03/01/23
Exh. 3 - Adm.

Page 6

000187

## Part C. Additional Information About Your Application

(**NOTE:** *Use Form I-589 Supplement B, or attach additional sheets of paper as needed to complete your responses to the questions contained in Part C.*)

1. Have you, your spouse, your child(ren), your parents or your siblings ever applied to the U.S. Government for refugee status, asylum, or withholding of removal?

   ☐ No     ☒ Yes

   If "Yes," explain the decision and what happened to any status you, your spouse, your child(ren), your parents, or your siblings received as a result of that decision. Indicate whether or not you were included in a parent or spouse's application. If so, include your parent or spouse's A-number in your response. If you have been denied asylum by an immigration judge or the Board of Immigration Appeals, describe any change(s) in conditions in your country or your own personal circumstances since the date of the denial that may affect your eligibility for asylum.

   My daughter, Yuri Daniela Martinez Mateo, was
   granted asylum.

2.A. After leaving the country from which you are claiming asylum, did you or your spouse or child(ren) who are now in the United States travel through or reside in any other country before entering the United States?

   ☐ No     ☒ Yes

2.B. Have you, your spouse, your child(ren), or other family members, such as your parents or siblings, ever applied for or received any lawful status in any country other than the one from which you are now claiming asylum?

   ☒ No     ☐ Yes

   If "Yes" to either or both questions (2A and/or 2B), provide for each person the following: the name of each country and the length of stay, the person's status while there, the reasons for leaving, whether or not the person is entitled to return for lawful residence purposes, and whether the person applied for refugee status or for asylum while there, and if not, why he or she did not do so.

   I passed/traveled through Mexico.

3. Have you, your spouse or your child(ren) ever ordered, incited, assisted or otherwise participated in causing harm or suffering to any person because of his or her race, religion, nationality, membership in a particular social group or belief in a particular political opinion?

   ☒ No     ☐ Yes

   If "Yes," describe in detail each such incident and your own, your spouse's, or your child(ren)'s involvement.

## Part C. Additional Information About Your Application (Continued)

**4.** After you left the country where you were harmed or fear harm, did you return to that country?

[X] No ☐ Yes

If "Yes," describe in detail the circumstances of your visit(s) (for example, the date(s) of the trip(s), the purpose(s) of the trip(s), and the length of time you remained in that country for the visit(s).)

**5.** Are you filing this application more than 1 year after your last arrival in the United States?

☐ No [X] Yes

If "Yes," explain why you did not file within the first year after you arrived. You must be prepared to explain at your interview or hearing why you did not file your asylum application within the first year after you arrived. For guidance in answering this question, see Instructions, Part 1: Filing Instructions, Section V. "Completing the Form," Part C.

I did not know of such application. I am iliterate.

**6.** Have you or any member of your family included in the application ever committed any crime and/or been arrested, charged, convicted, or sentenced for any crimes in the United States (including for an immigration law violation)?

☐ No [X] Yes

If "Yes," for each instance, specify in your response: what occurred and the circumstances, dates, length of sentence received, location, the duration of the detention or imprisonment, reason(s) for the detention or conviction, any formal charges that were lodged against you or your relatives included in your application, and the reason(s) for release. Attach documents referring to these incidents, if they are available, or an explanation of why documents are not available.

I was accussed, but I don't understand the nature of it. I just signed some documents. It's hard and difficult for me to comprehend things. However, I will submit supporting relevant documents. See I-213.

## Part D. Your Signature

I certify, under penalty of perjury under the laws of the United States of America, that this application and the evidence submitted with it are all true and correct. Title 18, United States Code, Section 1546(a), provides in part: Whoever knowingly makes under oath, or as permitted under penalty of perjury under Section 1746 of Title 28, United States Code, knowingly subscribes as true, any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder, or knowingly presents any such application, affidavit, or other document containing any such false statement or which fails to contain any reasonable basis in law or fact - shall be fined in accordance with this title or imprisoned for up to 25 years. I certify that I am physically present in the United States or seeking admission at a Port of Entry when I execute this application. I authorize the release of any information from my immigration record that U.S. Citizenship and Immigration Services (USCIS) needs to determine eligibility for the benefit I am seeking.

**WARNING: Applicants who are in the United States unlawfully are subject to removal if their asylum or withholding claims are not granted by an asylum officer or an immigration judge. Any information provided in completing this application may be used as a basis for the institution of, or as evidence in, removal proceedings even if the application is later withdrawn. Applicants determined to have knowingly made a frivolous application for asylum will be permanently ineligible for any benefits under the Immigration and Nationality Act. You may not avoid a frivolous finding simply because someone advised you to provide false information in your asylum application. If filing with USCIS, unexcused failure to appear for an appointment to provide biometrics (such as fingerprints) and your biographical information within the time allowed may result in an asylum application being dismissed or referring it to an immigration judge. Failure without good cause to provide DHS with biometrics or other biographical information while in removal proceedings may result in your application being found abandoned by the immigration judge. See sections 208(d)(5)(A) and 208(d)(6) of the INA and 8 CFR sections 208.10, 1208.10, 208.20, 1003.47(d) and 1208.20.**

| Print your complete name. | Write your name in your native alphabet. |
|---|---|
| Daniel Solomon Martinez-Hernandez | SAME |

Did your spouse, parent, or child(ren) assist you in completing this application? ☒ No ☐ Yes *(If "Yes," list the name and relationship.)*

_____ _____ _____ _____
*(Name)* *(Relationship)* *(Name)* *(Relationship)*

Did someone other than your spouse, parent, or child(ren) prepare this application? ☐ No ☒ Yes *(If "Yes," complete Part E.)*

Asylum applicants may be represented by counsel. Have you been provided with a list of persons who may be available to assist you, at little or no cost, with your asylum claim? ☒ No ☐ Yes

Signature of Applicant *(The person in Part. A.I.)*

➡ [ _D m_ ]
Sign your name so it all appears within the brackets

10/23/2023
Date (mm/dd/yyyy)

## Part E. Declaration of Person Preparing Form, if Other Than Applicant, Spouse, Parent, or Child

I declare that I have prepared this application at the request of the person named in Part D, that the responses provided are based on all information of which I have knowledge, or which was provided to me by the applicant, and that the completed application was read to the applicant in his or her native language or a language he or she understands for verification before he or she signed the application in my presence. I am aware that the knowing placement of false information on the Form I-589 may also subject me to civil penalties under 8 U.S.C. 1324c and/or criminal penalties under 18 U.S.C. 1546(a).

| Signature of Preparer | Print Complete Name of Preparer |
|---|---|
| | Jose Perez |

| Daytime Telephone Number | Address of Preparer: Street Number and Name |
|---|---|
| ( ) | 2190 East Mesquite Avenue |

| Apt. Number | City | | State | Zip Code |
|---|---|---|---|---|
| | Pahrump | | Nevada | 89060 |

| To be completed by an attorney or accredited representative (if any). | ☐ Select this box if Form G-28 is attached. | Attorney State Bar Number (if applicable) | Attorney or Accredited Representative USCIS Online Account Number (if any) |
|---|---|---|---|
| | | | |

EOIR

## Part F. To Be Completed at Asylum Interview, if Applicable

**NOTE:** *You will be asked to complete this part when you appear for examination before an asylum officer of the Department of Homeland Security, U.S. Citizenship and Immigration Services (USCIS).*

I swear (affirm) that I know the contents of this application that I am signing, including the attached documents and supplements, that they are ☐ all true or ☐ not all true to the best of my knowledge and that correction(s) numbered _____ to _____ were made by me or at my request. Furthermore, I am aware that if I am determined to have knowingly made a frivolous application for asylum I will be permanently ineligible for any benefits under the Immigration and Nationality Act, and that I may not avoid a frivolous finding simply because someone advised me to provide false information in my asylum application.

Signed and sworn to before me by the above named applicant on:

_____
Signature of Applicant

_____
Date *(mm/dd/yyyy)*

_____
Write Your Name in Your Native Alphabet

_____
Signature of Asylum Officer

## Part G. To Be Completed at Removal Hearing, if Applicable

**NOTE:** *You will be asked to complete this Part when you appear before an immigration judge of the U.S. Department of Justice, Executive Office for Immigration Review (EOIR), for a hearing.*

I swear (affirm) that I know the contents of this application that I am signing, including the attached documents and supplements, that they are ☐ all true or ☐ not all true to the best of my knowledge and that correction(s) numbered _____ to _____ were made by me or at my request. Furthermore, I am aware that if I am determined to have knowingly made a frivolous application for asylum I will be permanently ineligible for any benefits under the Immigration and Nationality Act, and that I may not avoid a frivolous finding simply because someone advised me to provide false information in my asylum application.

Signed and sworn to before me by the above named applicant on:

_____
Signature of Applicant

_____
Date *(mm/dd/yyyy)*

_____
Write Your Name in Your Native Alphabet

_____
Signature of Immigration Judge

Supplement A, Form I-589

| A-Number *(If available)* | Date |
|---|---|
| 216 - 644 - 998 | 10 - 23 - 2023 |
| Applicant's Name | Applicant's Signature |
| Daniel S. Martinez-Hernandez | Dm |

## List All of Your Children, Regardless of Age or Marital Status

**(NOTE:** *Use this form and attach additional pages and* **documentation** *as needed,* *if you have more than four children)*

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Marital Status *(Married, Single, Divorced, Widowed)* SINGLE | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|
| **5. Complete Last Name** Martinez | **6. First Name** Ingried | **7. Middle Name** | **8. Date of Birth** *(mm/dd/yyyy)* |
| **9. City and Country of Birth** Guatemala | **10. Nationality** *(Citizenship)* Guatemala | **11. Race, Ethnic, or Tribal Group** Hispanic | **12. Gender** ☐ Male ☒ Female |

**13. Is this child in the U.S. ?** ☒ Yes *(Complete Blocks 14 to 21.)* ☐ No *(Specify location):*

| 14. Place of last entry into the U.S. | 15. Date of last entry into the U.S. *(mm/dd/yyyy)* | 16. I-94 Number *(If any)* | 17. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| **18. What is your child's current status?** | **19. What is the expiration date of his/her authorized stay, if any?** *(mm/dd/yyyy)* | | **20. Is your child in Immigration Court proceedings?** ☐ Yes ☒ No |

**21. If in the U.S., is this child to be included in this application?** *(Check the appropriate box.)*
☐ Yes
☒ No

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Marital Status *(Married, Single, Divorced, Widowed)* | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|
| **5. Complete Last Name** Martinez | **6. First Name** Marlon | **7. Middle Name** | **8. Date of Birth** *(mm/dd/yyyy)* |
| **9. City and Country of Birth** Guatemala | **10. Nationality** *(Citizenship)* Guatemala | **11. Race, Ethnic, or Tribal Group** Hispanic | **12. Gender** ☒ Male ☐ Female |

**13. Is this child in the U.S. ?** ☒ Yes *(Complete Blocks 14 to 21.)* ☐ No *(Specify location):*

| 14. Place of last entry into the U.S. | 15. Date of last entry into the U.S. *(mm/dd/yyyy)* | 16. I-94 Number *(If any)* | 17. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| **18. What is your child's current status?** | **19. What is the expiration date of his/her authorized stay, if any?** *(mm/dd/yyyy)* | | **20. Is your child in Immigration Court proceedings?** ☐ Yes ☒ No |

**21. If in the U.S., is this child to be included in this application?** *(Check the appropriate box.)*
☐ Yes
☒ No

## Additional Information About Your Claim to Asylum

| A-Number *(if available)* | Date |
|---|---|
| Applicant's Name | Applicant's Signature |

**NOTE:** *Use this as a continuation page for any additional information requested.  Copy and complete as needed.*

**Part** _____

**Question** _____

000193

EOIR – 13 of 34

Exh. 3 – Adm.

09/06/2023

Your Honour,

I Jose Daniel Martinez Mateo (SSN 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) I am the son of Daniel Salomon Martínez Hernández I currently live at 247 Sylvan Ave Columbus Ohio 43204 I work for a semi-trailer towing company. I am the fifth child of my father Daniel Martinez; I am writing this letter to ask you with all my heart to take pity on my father and allow him to stay here in the United States since he does not have any family members in Guatemala to take care of him. My dad is of legal age and will be alone and without protection in Guatemala, a country full of crime and evil.

Your Honour, I beg you let my father stay with us, my brothers and I are willing take care of it you in the days that remain of your life. I thank you in advance.

 Thank you very much, Your Honour.

Sincerely,

Jose Daniel Martinez Mateo.

09/06/2023

Your Honour,

My name is Emely Elizabeth Lucas Martinez
(SNN 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), as of this writing I want to come to you
with great respect to ask you allow my grandfather DANIEL
SALOMON MARTINEZ HERNANDEZ to stay in this country
since he has us here to take care of him, to share many
moments, to celebrate every birthday, every Christmas.
My grandmother died, we only have my grandfather, don't
let us separate, Your Honor.

Thank you very much for your understanding and attention.

Sincerely,

Emely Elizabeth Lucas Martinez.

09/06/2023

Your Honour,

My name is Ingrid Sarai Lucas Martinez, SSN (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).
I am the granddaughter of Mr. DANIEL SALOMON MARTINEZ
HERNANDEZ, I want to ask you please to have mercy on my
grandfather and allow him to stay in this country, he is an
old man and needs our care. My mother suffered a lot when
my grandmother died, and we could not be with her for the
last few days. Let my grandfather stay and be able to be
happy the days that God allows us to have him alive.
January 12, 2024, will be my little sister's 1st birthday and I
want him to be there on that birthday and on all our
birthdays.
If he goes to Guatemala, he will be lonely and sad and I will
not be able to take care of him, my grandmother has
already passed away and he has no one there. I know that
you, will have compassion on my grandfather.

For your attention, thank you very much.

Sincerely,
Ingrid Sarai Lucas Martinez.

EOIR - 17 of 34

Exh. 3 - Adm.

Yo Yury Martinez
Hija de daniel martinez
ne dirijo a ustedes con el Respeto que se merecen
suplicandoles que Le den La oportonidad a mi padre de
quedarce en este paiz y que me den la oportunida de
volver a ver a mi papá despues de 21 año
Y de conocer a sus 5 nietos a Yasaira Hernandez
Y a Yoidi Hernandez a Ingrid Hernandez Y a Janaton Hernandez
Y a Oscar Hernandez Tada su familia esta aqui
en este paiz si el se va para Guatemala lo puede
matar alla ay mucha delincuensia Las maras son
un peligro para todos nasotros, nosotras nos venimos
uyendo de alla a mi me violaron a mis 14 años
quede enbarazada de esa violacion mi mamá me
abliga a Juntoime con el cuando se entera de lo
que paso sin saber que el pertenecia a una
mara yo estube secuestrada por años Par favor
no manden a mi papa el corre peligra alla.
me despido desiandoles exitos en sus Labores

211454595       Yury Daniela martinez mateo
seguria Social

Exh. 3 - Adm.

000199

I am Yury Martinez daughter of Daniel Martinez.

I am writing to you with all the respect you deserve begging you to please give my father the opportunity to stay in this country and to give me the opportunity to see my father again after 21 year and for him to meet his 5 grandchildren. To (meet) Yajaira Hernandez, Yoidi Hernandez, Ingrid Hernandez and Janaton Hernandez and Oscar Hernandez.

All his family is here in this country. If he goes to Guatemala, he could get killed. Over there there is a lot of criminality. The "Maras" are a big threat to us all. We came fleeing from them.

I was raped when I was 14 years old and got pregnant. My mother forced me to get together with him (the rapist) when she found out what happened without knowing that he was a member of a "Mara". I remained kidnapped for years.

Please, do not send my father (over there). He is in danger over there.

I finish wishing you success in your endeavors.

Yury Daniela Martinez Mateo

# CERTIFICATE OF SERVICE

RESPONDENT: **DANIEL MARTINEZ-HERNANDEZ**

ALIEN No.: **216 – 644 – 998**

---

I, DANIEL MARTINEZ-HERNANDEZ, hereby certify that I served the Assistant Chief Counsel for the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") a true and complete copy of the foregoing documents by placing it in a pre-paid stamped envelope and mailing it as follows:

**Assistant Chief Counsel for DHS/ICE**
501 South Las Vegas Blvd.
Suite 200
Las Vegas, NV 89060

DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW

NOV 01 2023

FILED WITH
IMMIGRATION COURT
LAS VEGAS, NV

**Respectfully submitted,**

_Dm_ ⁓

**DATE: 10 / 23 / 2023**

DANIEL MARTINEZ-HERNANDEZ
Alien No. 216 – 644 - 998
Nevada Southern Detention Center
2190 East Mesquite Avenue
Pahrump, NV 89060

Exh. 3 - Adm.

000201

EOIR - 21 of 34

Exh. 3 - Adm.

Mi madre tiene 5 hijos Y Yo soy Yordy Hernandez Martinez. Soy el segundo hijo de Yuri Martinez Mateo. Soy nieto de Daniel Salomon Martinez Hernandez. Me gustaria Pasar mi Primer cumpleaños que es el 28 de septiembre e ir a Pescar con el Y pasar un lindo dia, Y me gustaria pasar la navidad con el Ya que nunca emos Pasado tiempo con el ni lo emos visto Y me gustaria verlo gracias.

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
Social

My mother has 5 children and I am Yordy Hernandez Martinez. I am the second son of Yuri Martinez Mateo. I am Daniel Salomon Martinez Hernandez's grandson.

I would like to spend my first birthday (with him) which is September 28 and go fishing with him and spend a nice day, and I would like to spend Christmas with him because we have never spent time with him and have never seen him and I would like to see him.

Thank you.

# CERTIFICATE OF TRANSLATION

I, Rafael Bernardo Alvarez Badillo with Alien No. 086 – 916 – 243, certify that I am competent to translate this document from its original language of Spanish into the English language and that the translation is true and correct to the best of my knowledge, belief and abilities.

**Respectfully submitted on this 20th day of October, 2023.**

**Executed in Pahrump, Nevada.**

Signature of translator:

Rafael Bernardo Alvarez Badillo

Nosotros somos 5 hermanos Yo soy la mayor Yajaira Hernandez Martinez una de las hijas de Yuri Martinez nieta de Daniel Salomon Martinez Hernandez. Me dirijo al Juez(a) con todo el Respeto que ustedes se merecen, el motivo que le escribo esto es para suplicarles que dejen aca en este paiz a nuestro obuelito, que nos permitan conocerlo por primera vez y pasar tiempo con el, ir al parque e ir a comer con mi abuelito. Mi mama nos dijo que es pocible que nuestro abuelo se baya para Guatemala. Ella esta muy triste porque no quiere que se baya, nosotros tampoco queremos que el se baya.

Nosotros somos su familia, queremos pasar nuestros cumpleaños con el queremos que el pueda pasar Navidad con nosotros con toda su familia.

Les suplicamos de todo corazón que nos Permitan conocerlo y que el pueda pasar tiempo con sus nietos y con sus hijos muchas gacias.

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
social

We are 5 siblings I am the oldest one Yajaira Hernandez Martinez one of the children of Yury Martinez, granddaughter of Daniel Salomomn Martinez Hernandez.

I write to the judge with all the respect you deserve. I write this to beg you to leave in this country our grandfather, that allow us to meet him for the first time and spend time with him, go to the park with him, and go out to eat with our grandfather.

My mother told us there is the possibility that our grandfather be going back to Guatemala. She is very sad because she does not want him to go back there. We also, do not want him to go back there.

We are his family, we want to spend our birthdays with him, we want him to be able to spend Christmas with us, with all his family.

We beg you with all our heart to allow us to meet him for the first time so that he be able to spend time with his grandchildren and his children.

Thank you very much.

# <u>CERTIFICATE OF TRANSLATION</u>

I, Rafael Bernardo Alvarez Badillo, with Alien No. 086 – 916 – 243, certify that I am competent to translate this document from its original language of Spanish into the English language and that the translation is true and correct to the best of my knowledge, belief and abilities.

**Respectfully submitted on this 20th day of October, 2023.**

**Executed in Pahrump, Nevada.**

Signature of translator:

Rafael Bernardo Alvarez Badillo

EOIR - 28 of 34

Exh. 3 - Adm.

Mi madre tiene 5 Hijos y yo soy Ingrid Hernandez martinez, y yo soy la nieto de Daniel salomon martinez Hernandez, Hija de yury martinez mateo.

Para la juez, les pido que dejen a mi abuelo con nosotros desde que mi mama nos dijo que lo ivan a enviar a guatemala, le rompio el corazon a mi mama. y yo lo quisiera conozerlo por primera ves, y pasar tiempo con el, y ya que la navidad se aserca yo quisiera posar esa navidad con el ya se que no nos conocemos pero si nos doran la oportunidad de conocerlo eso fuera increible para mi y los demas pero yo si quisiera conocerlo, pasar tiempo. y pasar tiempo en mi cumpleaños que es febrero 19 y de los demas, asi que les pido por favor que no lo manden a guatemala si lo isieran todos perderemos esa gran oportunidad, para mi es especial conocer a mi abuelo.

f Ingrid

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
Social

EOIR - 29 of 34

Exh. 3 - Adm.

My mother has 5 children and I am Ingrid Hernandez Martinez, and I am the granddaughter of Daniel Salomon Martinez Hernandez. Daughter of Yury Martinez Mateo.

To the judge, I ask you to let my grandfather stay with us. Since my mother told us they were going to send him back to Guatemala, it broke my mom's heart. I would like to meet him for the first time, and spend time with him because Christmas is coming, I would like to spend this Christmas with him. I know we have not met but if you gave us the opportunity to meet him that would be incredible for me and the others but I do want to meet him for the first time, spend time with him, and spend time with him in my birthday which is in February 19 , so I ask you that please do not send him back to Guatemala, if you did we all are going to miss that opportunity, for me is special to finally meet my grandfather.

# CERTIFICATE OF TRANSLATION

I, Rafael Bernardo Alvarez Badillo with Alien No. $086 - 916 - 243$, certify that I am competent to translate this document from its original language of Spanish into the English language and that the translation is true and correct to the best of my knowledge, belief and abilities.

**Respectfully submitted on this 20th day of October, 2023.**

**Executed in Pahrump, Nevada.**

Signature of translator:

Rafael Bernardo Alvarez Badillo

EOIR – 32 of 34

Exh. 3 – Adm.

Parent signature: ~~Luis paez~~ Anny social security #:
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

Dear: Honorable Judge

My name is Anny Keiliy Lucas Martinez I am 14 year old. granddaughter of daniel Salomon Martinez hernandez. I beg of you to please not deport my grandfather from what I have heard he is a great person I have only facetime him and he is very nice and funny and I want to have an opportunity to meet him in person and pass time with him. another reason is I have not meet none of my grandparents and my grandma sadly past away and I couldn't meet her so I want to meet ~~him~~ him. My mom says its very dangerous where they are from there is a lot of violence and poverty she also has been very sad since he was in jail and even more now that he could be going back to where they are from, and he has no family over there and I don't want him to be alone.

also my little brother Luis Romeo Lucas martinez has also facetimed him he really doesn't know what happend to our grandpa so he always asks for him and when he is going to visit us. he also says he wants him to come for Christmas.

i also want him to come for Christmas or thanks giving, But I also ~~want~~ want him to be here for my upcoming quince that is the most important birthday for a girl and i want to be able to celebrate all together and be able to enjoy it to the fullest, But this only possible if he stays here with us, so I hope you could consider of him staying

Sincerely: Anny Lucas Martinez

Dear: Honorable Judge

My name is Brandon Josue Lucas Martinez
I am 12 years old. grandson of daniel Salomon
Martinez hernandez. I am son of flor Martin
I write this letter to beg you to give my grandfat
to stay in this state so we can pass time
with him since doesnt have nobody in
guatemala all his family is here. Also I want to
pass time with him Since I didnt get to do I
with my grandmom, and Christmas is coming
up and I want my mom to be happy because she is
very worried about him. I beg god, and you to
Please let him stay with my family.

social security                    Sincerly: Brandon
#: 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                           Lucas marti

Parent Signature: Luis perez

Uploaded on: 08/29/2023 at 02:10:06 PM (Pacific Daylight Time)   Base City: LVG

| U.S. Department of Homeland Security | Subject ID : 375599559 | | Record of Deportable/Inadmissible Alien |
|---|---|---|---|

| | | | | | Sex | Hair | Eyes | Cmpln |
|---|---|---|---|---|---|---|---|---|
| Family Name (CAPS) MARTINEZ-HERNANDEZ, DANIEL SOLOMAN | First | | Middle | | M | BLK | BRO | LBR |

| Country of Citizenship GUATEMALA | Passport Number and Country of Issue | File Number BOI2202000014 216 644 998 | Height 66 | Weight 150 | Occupation Laborer |
|---|---|---|---|---|---|

| U.S. Address N Cribbens Ave Boise, IDAHO, 83713 | | Scars and Marks |
|---|---|---|

| Date, Place, Time, and Manner of Last Entry Unknown Date, UNK, WI - Without Inspection | Passenger Boarded at | F B I Number | ☒ Single ☐ Divorced ☐ Married ☐ Widower ☐ Separated |
|---|---|---|---|

| Number, Street, City, Province (State) and Country of Permanent Residence | Method of Location/Apprehension CLC NA |
|---|---|

| Date of Birth 06/20/1968    Age: 53 | Date of Action 08/18/2023 | Location Code BOI/SLC | At/Near See I-831 | Date/Hour 08/18/2023 15:57 |
|---|---|---|---|---|

| City, Province (State) and Country of Birth Huehuetenango, GUATEMALA | AR ☒ | Form (Type and No.) Lifted ☐ Not Lifted ☐ | By JENNIFER GRIFFIN |
|---|---|---|---|

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|

| Date Visa Issued | Social Security Number | Length of Time Illegally in U.S. |
|---|---|---|

| Immigration Record NEGATIVE | Criminal Record See Narrative |
|---|---|

| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children 5-Guatemala |
|---|---|

| Father's Name, Nationality, and Address, if Known MARTINEZ, BERNARDO  NATIONALITY: GUATEMALA | Mother's Present and Maiden Names, Nationality, and Address, if Known HERNANDEZ, FERNANDA NATIONALITY: GUATEMALA |
|---|---|

| Monies Due/Property in U.S. Not in Immediate Possession None Claimed | Fingerprinted? ☒ Yes ☐ No | Systems Checks See Narrative | Charge Code Word(s) See Narrative |
|---|---|---|---|

| Name and Address of (Last) (Current) U.S. Employer | Type of Employment | Salary Hr | Employed from/to |
|---|---|---|---|

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

FIN: [redacted]          Left Index fingerprint          Right Index fingerprint

Subject Health Status
-----------------
The subject claims good health.

Current Criminal Charges
----------------------
08/17/2023 - 8 USC 1229a - ALIEN REMOVAL UNDER SECTION 212 AND 237

...(CONTINUED ON I-831)

| | JENNIFER GRIFFIN Deportation Officer          4759 |
|---|---|
| Alien has been advised of communication privileges  08-18-2023 / JC (Date) (Initials) | (Signature and Title of Immigration Officer) |

| Distribution | Received. (Subject and Documents) (Report of Interview) |
|---|---|
| | Officer JENNIFER GRIFFIN |
| | on August 18, 2023                (time) |
| | Disposition Warrant of Arrest/Notice to Appear |
| | Examining Officer ROMAN, R7943      7943 |

Form I-213 (Rev. 08/01/07)

Exh. 2 - Adm.

Uploaded on: 08/29/2023 at 02:10:06 PM (Pacific Daylight Time)   Base City: LVG

**U.S. Department of Homeland Security**

**Continuation Page for Form** I-213

| Alien's Name<br>MARTINEZ-HERNANDEZ, DANIEL SOLOMAN | File Number<br>216 644 998<br>Event No: BOI2202000014 | Date<br>08/18/2023 |
|---|---|---|

**Current Administrative Charges**
--------------------------------
08/17/2023 - 212a6Ai - ALIEN PRESENT WITHOUT ADMISSION OR PAROLE - (PWAs)

**Previous Criminal History**
-----------------------------------
On 02/11/2022, the subject was arrested for the crime of "Lewd or Lascivious Acts with Minor" which resulted in a conviction on 08/17/2023. The subject was sentenced to 7 year(s).

**Records Checked**
    -------

██████
██████
██████
██████

**At/Near**
------------------------------------
Caldwell, Idaho

**Record of Deportable/Excludable Alien:**
**ENCOUNTER DATA**
On February 12, 2022, subject Daniel Soloman MARTINEZ-Hernandez was encountered at the Canyon County Jail during routine jail checks. MARTINEZ was arrested by Caldwell Police Department for the charges of 3 counts- Lewd Conduct with a Minor Under Sixteen {Felony}, 2 counts- Sexual Abuse of Child Under 16 {Felony}. MARTINEZ stated that he is a citizen and national of Guatemala by virtue of birth. MARTINEZ was not in possession of valid immigration documents allowing him to be or remain in the United States legally. MARTINEZ was released to ICE custody on August 18, 2023.

MARTINEZ was vetted for CIEP and has been found a public safety threat. On 08/17/2023, MARTINEZ was convicted for the felony offense of Children-Injury to Child.

**ENTRY DATA**
On November 13, 2022, MARTINEZ was interviewed regarding his alienage and biographical information. MARTINEZ stated he was born in Huehuetenango, Guatemala, and is a citizen and national of Guatemala by virtue of birth. MARTINEZ stated that he entered the United States at an unknown location, on an unknown date, without inspection by U.S. Immigration Officers. This location was not designated as a port of entry by the Attorney General or the Secretary of the Department of Homeland Security.

**IMMIGRATION HISTORY**
Review of file of immigration records, indicates MARTINEZ never applied to the Attorney General or the Secretary of the Department of Homeland Security for permission to enter the United States.

**CRIMINAL HISTORY:**
On August 17, 2023, in the 3rd District Court, Canyon County, State of Idaho convicted MARTINEZ for the AMENDED offense of Children-Injury To Child, in violation of Idaho Code

| Signature<br>JENNIFER GRIFFIN | Title<br>Deportation Officer |
|---|---|

2 of 3 Pages

Form I-831 Continuation Page (Rev. 08/01/07)

Exh. 2 - Adm.

000217

U.S. Department of Homeland Security

Continuation Page for Form **I-213**

| Alien's Name<br>**MARTINEZ-HERNANDEZ, DANIEL SOLOMAN** | File Number<br>**216 644 998**<br>**Event No: BOI2202000014** | Date<br>**08/18/2023** |
|---|---|---|

I18-1501(1), a felony for which he was sentenced to a term of sentence 9 years that of which
were suspended, 5 year felony probation and ordered to pay a fine. Case# CR14-22-02467

SQ-11/NN-13 records checks for outstanding wants, warrants, and lookouts were negative.

BASIS FOR ICE CHARGES: MARTINEZ makes no claim to USC or LPR and is amenable to removal
under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that he
is an alien present in the United States without being admitted or paroled, or who arrived
in the United States at any time or place other than as designated by the Attorney General.

DISPOSITION
MARTINEZ was interviewed in his native language of Spanish by Officer Griffin #9753.
MARTINEZ was advised of his right to speak to a consulate officer from Guatemala.
MARTINEZ states he has no fear of persecution or torture if removed to Guatemala.
MARTINEZ has no immigration petitions or applications pending or approved with USCIS.
MARTINEZ is being processed for .
MARTINEZ was provided a list of free legal services and a copy of the On-line Detainee
Locator System privacy notice.
MARTINEZ will be held in ICE custody pending immigration proceedings.
MARTINEZ claims he did not serve in the United States military.
MARTINEZ claims to have 5 children whom were born in Guatemala. MARTINEZ claims to be
single.
MARTINEZ claims to be in good health and states he is not currently under the care of a
physician and is not taking any medications.

On August 18, 2023 at 0835, MARTINEZ refused to make a phone call.
Refusal witnessed by Officer Griffin.


Other Identifying Numbers
-------------------------------------
ALIEN-216644998
Inmate Number - County Jail-270054 (IDAHO UNITED STATES)
  COMMENT: Booking Number - Canyon County Jail

| Signature<br>**JENNIFER GRIFFIN** | Title<br>**Deportation Officer** |
|---|---|

Form I-831 Continuation Page (Rev. 08/01/07)

Exh. 2 - Adm.

(219 of 264) Uploaded on: 08/29/2023 at 02:10:06 PM (Pacific Daylight Time)   Base City: LVG

Filed: 08/24/2023 07:22:52
Third Judicial District, Canyon County
Chris Yamamoto, Clerk of the Court
By: Deputy Clerk - Snow, Becky

IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT OF
THE STATE OF IDAHO, IN AND FOR THE COUNTY OF CANYON

STATE OF IDAHO
    Plaintiff,

v.

DANIEL S MARTINEZ HERNANDEZ
    Defendant.

Case No. CR14-22-02467

Judgment of Conviction, Order of Probation

The Defendant, Daniel S Martinez Hernandez personally appeared for sentencing on August 17, 2023, represented by Cassandra C. Wright; Canyon County Public Defender. The State of Idaho was represented by Ruth Coose, Canyon County Prosecutor. District Judge Brent L. Whiting presided. The Defendant was duly informed of the Amended Indictment against him and the Court earlier accepted a guilty plea and ordered the same entered for the crimes of:

| Charge | Statute | Description |
|--------|---------|-------------|
| 1 | I18-1501(1) {F} | Children-Injury To Child |

## JUDGMENT IS ENTERED

**Judgment of Conviction.** Defendant is sentenced pursuant to Idaho Code (I.C.) § 19-2513 to the custody of the State Board of Correction to be confined for a period of time as follows:

**COUNT 1:** For the crime of Injury to Children a minimum fixed and determinate period of custody of two (2) year(s) followed by an indeterminate period of custody of up to seven (7) year(s) for a total unified sentence not to exceed nine (9) year(s).

**Suspended Sentence:** The Court suspends execution of the sentence to the State Board of Correction pursuant to Idaho Code § 19-2601(2) and places the Defendant on supervised probation with the State Board of Correction. (I.C. §§ 19-2601(5), 20-219) for a period of five (5) year(s) commencing on August 17, 2023 upon the following terms and conditions of probation:

**Standard General Conditions:** Defendant shall enter into and comply with an Agreement of Supervision with the Board of Correction. Defendant was provided a copy of that agreement at Sentencing and that agreement has been filed in this case. Defendant acknowledged that he understood the conditions of the agreement. Failure to comply with the conditions of that



Judgment of Conviction, Order of Probation
(Daniel S Martinez Hernandez; Case #CR14-22-02467)

Page 1 of 5

EOIR — 4 of 29
Exh. 2 - Adm.

agreement is a violation of Defendant's probation. Defendant shall comply with that agreement effective the date of sentencing.

**Special Conditions of Probation:**

1. Defendant shall comply with all conditions of this Judgment.
2. **Immediately Report to Probation Officer:** Defendant must report to the Third District Probation and Parole within twenty-four (24) hours of being released from custody.
3. **Discretionary Jail:** Defendant is ordered to serve one hundred eighty (180) days of discretionary jail time in the county jail to be imposed at the discretion of the probation officer.
4. **Search and Seizure:** By accepting probation, Defendant waives his/her rights under the US Constitution and Idaho Constitution to be free from searches and seizure by any probation officer or law enforcement officer.
5. **Court Ordered Financial Obligations:** Defendant must pay all costs, fees, fines and restitution in the amount ordered by the Court before the end of his probation.

## FINES, FEES, COSTS AND RESTITUTION

**Defendant is HEREBY ORDERED and shall pay:**

☒ **Total Court Costs: $100.50.**

☒ **Count 1 Fine: $300.00** Amounts due for fine and costs shall constitute a lien in like manner as a judgment for money in a civil action. I.C. §§ 19-2518, 19-2702.

☒ **Additional fine for crime of violence, I.C. § 19-5307:** Defendant, having been convicted of one of the enumerated felony offenses stated in Idaho Code § 19-5307 denominated as a crime of violence, namely the offense of Injury to Children, and in accordance with Idaho Code § 19-5307, and in addition to any penalty set forth in this Judgment, is fined the additional sum of $5000.00. This fine shall operate as a Civil Judgment against Defendant and is entered on behalf of the victim named in the Indictment/information or the victim's family as is appropriate.

☒ Public Defender reimbursement: **$300.00.**

## CREDIT FOR TIME SERVED

The Defendant is given credit for time previously served on this case in the amount of five hundred fifty-three (553) day(s) to date of this Judgment. I.C. § 18-309.



Judgment of Conviction, Order of Probation
(Daniel S Martinez Hernandez; Case #CR14-22-02467)

Page 2 of 5

## ORDER FOR DNA SAMPLE AND THUMBPRINT IMPRESSIONS I.C. § 19-5507(2); ORDER FOR FINGERPRINT I.C. § 67-3004(6)

☒ Defendant is not incarcerated at Sentencing. Pursuant to Idaho Code § 19-5507(2), Defendant **SHALL** report within 10 working days from the sentencing date to the following designated sample collection facility for the collection of a DNA sample and thumbprint impressions in accordance with procedures established by the bureau of forensic services: Idaho State Police

Defendant is notified that failure to provide the required DNA sample and/or thumbprint impression within 10 working days from the sentencing date is a felony. If Defendant is placed on probation at the time of sentencing, Defendant's compliance with this order is a condition of probation and failure to comply with this order may result in violation of probation.

### RIGHT TO APPEAL/LEAVE TO APPEAL *IN FORMA PAUPERIS*

**The Right:** The Court advised the Defendant of the Defendant's right to appeal this Judgment within forty-two (42) days of the date it is file stamped by the Clerk of the Court. Idaho Appellate Rule (I.A.R.) 14(a).

***In forma Pauperis:*** The Court further advised the Defendant of the right of a person who is unable to pay the costs of an appeal to apply for leave to appeal *in forma pauperis*, meaning the right as an indigent to proceed without liability for court costs and fees and the right to be represented by a court-appointed attorney at no cost to the Defendant.  Idaho Criminal Rule (I.C.R.) 33(a)(3). I.C. § 19-852(a)(1) and (b)(2).

☒ As part of the plea pursuant to Idaho Criminal Rule 11, the Defendant waived his right to appeal the sentence and Judgment of Conviction.

### ENTRY OF JUDGMENT - RECORD BY CLERK

The Court orders the Judgment and record be entered upon the minutes and that the record be assembled, prepared, and filed by the Clerk of the Court in accordance with Idaho Code § 19-2519.

Judgment of Conviction, Order of Probation
(Daniel S Martinez Hernandez; Case #CR14-22-02467)

Page 3 of 5

000221

## BAIL

☒   There is no bail to be exonerated.

### ORDER ON PRESENTENCE INVESTIGATION REPORTS

The parties are hereby ordered to return their respective copies of the Presentence Investigative
Reports to the Deputy Clerk of the Court. Use of said report shall thereafter be governed by
Idaho Criminal Rule 32(h).

**IT IS SO ORDERED.**

Dated: **8/23/2023 4:48:13 PM**

Judge Brent L. Whiting

Judgment of Conviction, Order of Probation
(Daniel S Martinez Hernandez; Case #CR14-22-02467)

Page 4 of 5

000222

## ☐ **ACCEPTANCE OF PROBATION**

This is to certify that I read or had read to me and fully understand and accept all the conditions under which I am being granted probation. I will abide by and conform to them strictly and fully understand that my failure to do so may result in the revocation of my probation and commitment to the board of correction to serve the sentence originally imposed.

Dated: _____

_____
Defendant's signature

## **CERTIFICATE OF SERVICE**

I certify that on this date, I served a copy of the attached to:

| | | |
|---|---|---|
| Canyon County Prosecutor | CriminalEFile@canyoncounty.id.gov | ☒ By E-mail |
| Canyon County Public Defender | pdmail@canyoncounty.id.gov | ☒ By E-mail |
| Dist3@idoc.idaho.gov | Dist3@idoc.idaho.gov | ☒ By E-mail |
| CCD Sentencing Team | ccdsentencingteam@idoc.idaho.gov | ☒ By E-mail |
| Central Records – Idaho Department of Correction | centralrecords@idoc.idaho.gov | ☒ By E-mail |
| Criminal Restitution & Finance | | ☒ Workflow |

Chris Yamamoto
Clerk of the Court

Dated: 8/24/2023 07:23 AM

By: _Becky Snow_
Deputy Clerk

Judgment of Conviction, Order of Probation
(Daniel S Martinez Hernandez; Case #CR14-22-02467)

Page 5 of 5

000223

Uploaded on: 06/29/2023 at 02:10:06 PM (Pacific Daylight Time)   Base City:  LVG

22-1604

rc

**BRYAN F. TAYLOR ISB# 6400**
Canyon County Prosecuting Attorney

**RUTH COOSE ISB# 8779**
Deputy Prosecuting Attorney
Canyon County Courthouse
1115 Albany Street
Caldwell, Idaho 83605
Tel:    (208) 454-7391
Fax:    (208) 454-7474
Efile: CriminalEfile@canyoncounty.id.gov

F I L E D
A.M. _12:38_ P.M.

FEB 1 4 2022

CANYON COUNTY CLERK
M GUZMAN, DEPUTY CLERK

Southworth

IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT OF

THE STATE OF IDAHO, IN AND FOR THE COUNTY OF CANYON

THE STATE OF IDAHO

Plaintiff,

vs.

DANIEL S. MARTINEZ-HERNANDEZ

D.O.B. 06/20/1968

Defendant.

CASE NO. CR14-22-_02467_

**CRIMINAL COMPLAINT**

**COUNT I - LEWD CONDUCT WITH A
MINOR UNDER SIXTEEN**
Felony, I.C. §18-1508
**COUNT II - LEWD CONDUCT WITH A
MINOR UNDER SIXTEEN**
Felony, I.C. §18-1508
**COUNT III - LEWD CONDUCT WITH A
MINOR UNDER SIXTEEN**
Felony, I.C. §18-1508
**COUNT IV - SEXUAL ABUSE OF CHILD
UNDER 16**
Felony, I.C. §18-1506
**COUNT V - SEXUAL ABUSE OF CHILD
UNDER 16**
Felony, I.C. §18-1506

**CRIMINAL COMPLAINT**

1

EOIR - 9 of 29

Exh. 2 - Adm.

Uploaded on: 06/29/2023 at 02:10:06 PM (Pacific Daylight Time)   Base City:  LVG

22-1604

STATE OF IDAHO      )
                           ss
County of Canyon      )

       PERSONALLY APPEARED before me this 14th day of February, 2022,

_James Haus_, of the Canyon County Prosecuting Attorney's Office, who being duly

sworn, complains and says:

### COUNT I

       That the Defendant, Daniel S. Martinez-Hernandez, on or between the 1st day of January, 2009,

and the 31st day of December, 2018, in the County of Canyon, State of Idaho, did willfully commit a

lewd and/or lascivious act upon the body of a minor, Wendy Ayala (DOB: 2003) under the age of

sixteen years, to-wit: five to fourteen (5-14) years old, by manual to genital contact or any other lewd or

lascivious act with the intent to arouse, appeal to and/or gratify the lust, passion and/or sexual desire of

the Defendant and/or said minor child.

       All of which is contrary to **Idaho Code,** Section 18-1508 and against the power, peace and

dignity of the State of Idaho.

### COUNT II

       That the Defendant, Daniel S. Martinez-Hernandez, on or between the 1st day of January, 2009,

and the 31st day of December, 2018, in the County of Canyon, State of Idaho, did willfully commit a

lewd and/or lascivious act upon the body of a minor, Wendy Ayala (DOB: 2003) under the age of

sixteen years, to-wit: five to fourteen (5-14) years old, by manual to genital contact or any other lewd or

lascivious act with the intent to arouse, appeal to and/or gratify the lust, passion and/or sexual desire of

the Defendant and/or said minor child.

       All of which is contrary to **Idaho Code,** Section 18-1508 and against the power, peace and

dignity of the State of Idaho.

EOIR - 10 of 29

**2**

CRIMINAL COMPLAINT

Exh. 2 - Adm.

Uploaded on: 06/29/2023 at 02:10:06 PM (Pacific Daylight Time)   Base City: LVG

22-1604

## COUNT III

That the Defendant, Daniel S. Martinez-Hernandez, on or between the 1st day of January, 2009, and the 31st day of December, 2018, in the County of Canyon, State of Idaho, did willfully commit a lewd and/or lascivious act upon the body of a minor, Wendy Ayala (DOB: 2003) under the age of sixteen years, to-wit: five to fourteen (5-14) years old, by manual to genital contact or any other lewd or lascivious act with the intent to arouse, appeal to and/or gratify the lust, passion and/or sexual desire of the Defendant and/or said minor child.

All of which is contrary to **Idaho Code**, Section 18-1508 and against the power, peace and dignity of the State of Idaho.

## COUNT IV

That the Defendant, Daniel S. Martinez-Hernandez, over the age of eighteen, (DOB: 6/20/1968), on or between the 1st day of January, 2009, and the 31st day of December, 2018, in the County of Canyon, State of Idaho, did cause or have sexual contact with Wendy Ayala (DOB: 2003), a child under the age of sixteen, to-wit: five to fourteen (5-14) years old by having manual to breast contact with the intent to gratify the lust, passions, or sexual desire of the Defendant and/or the child.

All of which is contrary to **Idaho Code**, Section 18-1506 and against the power, peace and dignity of the State of Idaho.

## COUNT V

That the Defendant, Daniel S. Martinez-Hernandez, over the age of eighteen, (DOB: 6/20/1968), on or about the 1st day of January, 2009, in the County of Canyon, State of Idaho, did induce, cause or permit Wendy Ayala (DOB: 2003), a child under the age of sixteen, to-wit five to fourteen (5-14) years old to witness an act of sexual conduct, to-wit: human masturbation, to gratify the lust, passions, or sexual desire of the Defendant and/or the child.

**CRIMINAL COMPLAINT**

3

22-1604

All of which is contrary to **Idaho Code,** Section 18-1506 and against the power, peace and dignity of the State of Idaho.

_____
Complainant

SUBSCRIBED AND SWORN to before me this 14th day of February, 2022.

_____
Magistrate

**CRIMINAL COMPLAINT**                                          4

Exh. 2 - Adm.

EOIR — 12 of 29

Uploaded on: 06/29/2023 at 02:10:06 PM (Pacific Daylight Time)   Base City: LVG

Electronically Filed
6/6/2023 12:51 PM
Third Judicial District, Canyon County
Chris Yamamoto, Clerk of the Court
By: Masie Hancock, Deputy Clerk

## IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT OF

## THE STATE OF IDAHO, IN AND FOR THE COUNTY OF CANYON

### EN EL TRIBUNAL DE DISTRITO DEL <_Nombre del distrito_> DISTRITO JUDICIAL

### DEL ESTADO DE IDAHO; EN Y POR EL CONDADO <_Nombre del condado_>

### GUILTY PLEA ADVISORY AND FORM
Orientación para la declaración de culpabilidad

### *TO BE FILLED OUT BY THE DEFENDANT*
DEBE LLENARLO EL ACUSADO

| | | | |
|---|---|---|---|
| **Defendant's Name:** Nombre del acusado | DANIEL MARTINEZ HERNANDEZ | **Signature** Firma | *Daniel Martinez* |

| | | | |
|---|---|---|---|
| **Date:** Fecha | JUNE 6, 2023 | **Case Number:** Número de caso | CR14-22-2467 |

| | | | |
|---|---|---|---|
| **Age:** Edad | 54 | **Date of Birth:** Fecha de nacimiento | 06/20/1968 |

Event Code: GPAF

### STATEMENT OF CONSTITUTIONAL RIGHTS
### (Please initial each response)
DECLARACIÓN DE DERECHOS CONSTITUCIONALES
(FAVOR DE PONER INICIALES EN CADA RESPUESTA)

1. You have the right to remain silent. You do not have to say anything about the crime(s) you are accused of committing. If you elect to have a trial, the State may not call you as a witness or ask you any questions. If you do decide to testify the State will be permitted to ask you questions and anything you say can be used as evidence against you in court.

   Tiene el derecho a guardar silencio. No está obligado a decir nada acerca del delito (los delitos) que se le acusa de haber cometido. Si decide tener un juicio, el estado no le puede llamar como testigo, ni hacerle ninguna pregunta. Si usted decide atestiguar, el estado tiene autorización para hacerle preguntas y cualquier cosa que diga se puede utilizar como evidencia en su contra en el tribunal.

   I understand that by pleading ~~guilty~~ I am **waiving** my right to remain silent as to the elements of the crime(s) to which I am entering this plea. _____

   Entiendo que al declararme culpable estoy renunciando a mi derecho de guardar silencio en cuanto a los elementos jurídicos del delito (los delitos) del que me estoy declarando culpable _____

2. The waiver of your right to remain silent only applies to your plea of guilty to the crime(s) in this case. Even after pleading guilty, you will still have the right to refuse to answer any question or to provide any information that might tend to show you committed some other crime(s). You can also

refuse to answer or provide any information that might tend to increase the punishment for the crime(s) to which you are pleading guilty.

La renuncia de su derecho a guardar silencio sólo se aplica a su declaración de culpabilidad respecto al delito (los delitos) en este caso. Aun después de declararse culpable, todavía tiene el derecho a negarse a responder cualquier pregunta o a negarse a proporcionar cualquier información que pudiera demostrar que usted cometió algún otro delito o delitos. Usted también se puede negar a responder o a proporcionar cualquier información que pudiera aumentar el castigo por el delito (los delitos) del o de los cuales se ha declarado culpable.

I understand that by pleading guilty to the crime(s) in this case, I still have the right to remain silent with respect to any other crime(s) and with respect to answering questions or providing information that may increase my sentence._____

Entiendo que al declararme culpable del delito (los delitos) en este caso, todavía tengo el derecho a guardar silencio respecto a cualquier otro delito o delitos y respecto a responder a preguntas y a proporcionar información que puedan aumentar mi sentencia. *D M* .

3.  You have the right to be represented by an attorney.  If you want an attorney and cannot pay for one, you can ask the Judge for an attorney who will be paid by the county. You may be required to reimburse the county for the cost of this representation. _____

Usted tiene el derecho a ser representado por un abogado.  Si desea un abogado y no puede pagar sus servicios, usted puede solicitarle al juez que le asigne un abogado pagado por el condado. Es posible que le exijan que le reembolse al condado los gastos de dicha representación legal. *D M*

4.  You are presumed to be innocent.  You will be found guilty if: 1) you plead guilty in front of the Judge; or 2) you are found guilty at a jury trial.

Se supone que usted no es culpable. Lo encontrarían culpable si: 1) se declara culpable ante el juez o 2) lo declaran culpable durante un juicio por jurado.

I understand that by pleading guilty I am **waiving** my right to be presumed innocent. _____

Entiendo que al declararme culpable estoy renunciando a mi derecho de que se suponga que soy inocente. *D M* .

5.  You have the right to a speedy and public jury trial before twelve persons.  A jury trial is a court hearing to determine whether you are guilty or not guilty of the charge(s) brought against you.  In a jury trial, you have the right to present evidence in your defense and to testify in your own defense. You are not required to do so, however. The State must convince all of the jurors of your guilt beyond a reasonable doubt.

Usted tiene el derecho a un juicio por jurado rápido y público. Un juicio por jurado es una audiencia ante un tribunal para determinar si usted es culpable o inocente del cargo (los cargos) presentado(s) en su contra.  En un juicio por jurado, usted tiene el derecho a presentar evidencia en su defensa y a atestiguar en defensa propia. El estado debe convencer a todos y cada uno de los miembros del jurado de su culpabilidad más allá de toda duda racional.

I understand that by pleading guilty I am **waiving** my right to a speedy and public jury trial. _____

Entiendo que al declararme culpable estoy renunciando a mi derecho a un juicio con celeridad, por jurado y público. *D M* .

GUILTY PLEA ADVISORY FORM                                                                2
D-CR (MISC7) 3.11.16

Exh. 2 - Adm.

000229

6. You have the right to question (confront) the witnesses testifying against you. This occurs during a jury trial. At trial, the State must prove its case by calling witnesses to testify under oath in front of you, the jury, and your attorney. Your attorney could then cross-examine (question) each witness. You could also call witnesses of your choosing to testify on your behalf. If you do not have the funds to bring those witnesses to court, the State will pay the cost of bringing your witnesses to court and will compel their attendance by the use of the subpoena power of the court.

Usted tiene el derecho a un careo con los testigos en su contra. Esto ocurre en un juicio por jurado, durante el cual la fiscalía debe comprobar su caso llamando a testigos para que atestigüen bajo juramento frente a usted, el jurado y el abogado de usted. Su abogado puede contra-interrogar (repreguntar) a cada testigo. Usted también puede llamar a sus propios testigos de su elección con el fin de que atestigüen en cuanto a su culpabilidad o su inocencia. Si no dispone de los fondos para llevar a esos testigos ante el tribunal, el estado pagará el costo de presentar a sus testigos al tribunal.

I understand that by pleading guilty I am waiving my right to question (confront) the witnesses against me, and present witnesses and evidence in my defense. _____

Entiendo que al declararme culpable estoy renunciando a mi derecho acarear a los testigos en mi contra y a presentar testigos y evidencia en mi defensa. _D_ _M_ _____.

7. The State has the burden of proving you guilty beyond a reasonable doubt.

La fiscalía tiene la responsabilidad de demostrar que usted es culpable más allá de duda racional.

I understand that by pleading guilty, I am waiving my right to require the State to prove my guilt beyond a reasonable doubt. _____

Entiendo que al declararme culpable, renuncio a mi derecho a exigir que la fiscalía demuestre que soy culpable más allá de duda racional. _D_ _M_ _____

## QUESTIONS REGARDING ABILITY TO ENTER PLEA
### PREGUNTAS CONCERNIENTES A SU CAPACIDAD PARA PRESENTAR LA DECLARACIÓN

**(Please answer every question. If you do not understand a question, consult your attorney before answering.)**
(Favor de responder a cada pregunta. Si no entiende una pregunta, consulte a su abogado antes de responder).

*__Please check the correct answer__*
Sírvase marcar la respuesta correcta

1. Do you read and write the English language?                    YES____  NO ✓
   ¿Lee y escribe en español?                                      SÍ       NO

   If not, have you been provided with an interpreter to help you fill out this form? YES ✓ NO____
   De no ser así, ¿le han proporcionado un intérprete para que le ayude a llenar este formulario?  SÍ   NO

   Do you want an Interpreter?                                     YES ✓ NO____
   ¿Quiere que le asignen un intérprete?                           SÍ       NO

GUILTY PLEA ADVISORY FORM                                        3
D-CR (MISC7) 3.11.16
Exh. 2 - Adm.

EOIR - 15 of 29

000230

Uploaded on: 06/29/2023 at 02:10:06 PM (Pacific Daylight Time)   Base City: LVG

2. **What is your true and legal name?** Daniel Salomon Martinez Hernandez
   ¿Cuál es su nombre verdadero y legal?

3. **What was the highest grade of school you completed?** no school
   ¿Cuál es el grado académico más alto que terminó?

4. **If you did not complete high school, have you received either a general education diploma or high school equivalency diploma?**    YES___ NO ✓
   Si no terminó sus estudios de preparatoria, ¿ha obtenido ya sea un diploma
   de educación general, o un diploma de equivalencia?    sí    NO

5. **Are you currently under the care of a mental health professional?**    YES___ NO ✓
   ¿Se encuentra bajo el cuidado de un profesional de salud mental actualmente?    sí    NO

6. **Have you ever been diagnosed with a mental health disorder?**    YES___ NO ✓
   ¿Alguna vez le han diagnosticado algún trastorno de salud mental?

   **If so, what was the diagnosis and when was it made?**_____
   De ser así, ¿cuál fue el diagnóstico y cuándo se hizo?_____

7. **Are you currently prescribed any medication?**    YES___ NO ✓
   ¿En la actualidad le han recetado algún medicamento?    sí    NO

   **If yes, what medications are you taking at this time?** _____
   De ser así, ¿qué medicamentos recetados está tomando en este momento?_____

   **If you answered "yes," have you taken your prescription medication during the past 24 hours?**    YES___ NO ✓
   Si contestó sí, ha tomado algún medicamento recetado en las últimas 24 horas?    sí    NO

8. **In the last 48 hours, have you taken any medication or drugs, including over the counter, or have consumed any alcoholic beverages which you believe affect your ability to understand these questions and to make a reasoned and informed decision in this case?**    YES___ NO ✓
   Durante las últimas 48 horas, ¿ha tomado algún medicamento, aunque sea de venta libre,
   o droga o ha ingerido alguna bebida alcohólica que usted cree que afecte su capacidad
   de tomar una decisión razonada e informada en este caso?    sí    NO

9. **Are you under the influence of any alcohol, drugs, or other medication at this time?**    YES___ NO ✓
   ¿Se encuentra bajo los efectos de bebidas alcohólicas, drogas o de algún medicamento
   en este momento?    sí    NO

10. **Are you capable of understanding these proceedings?**    YES ✓ NO___
    ¿Usted es capaz de entender este proceso legal?    sí    NO

11. **Do you claim that you are mentally incapable of understanding these proceedings or what it means to plead guilty to a crime?**    YES~~✓~~ NO ✓
    ¿Usted declara que no es capaz mentalmente de entender este proceso legal
    o de entender lo que quiere decir declararse culpable de haber cometido un delito?    sí    NO

**GUILTY PLEA ADVISORY FORM**    4
**D-CR (MISC7) 3.11.16**

Exh. 2 – Adm.

000231

12. Is there anything going on in your life that affects your ability
   to enter a voluntary guilty plea?                                    YES____ NO ✓
      ¿Le está pasando algo que afecte su capacidad para presentar una
   declaración voluntaria de culpabilidad?                              SÍ        NO

13. Are you having any difficulty in understanding what you are
   doing by filling out this form?                                     YES____ NO ✓
   ¿Está teniendo dificultades para entender lo que está haciendo al llenar este formulario?   SÍ   NO

14. Is there any other reason that you cannot make a reasoned and
   informed decision in this case?                                     YES____ NO ✓
   ¿Hay alguna otra razón por la cual usted sería incapaz de tomar una decisión razonada
   e informada en este caso?                                           SÍ        NO

   If yes, what is the reason? De ser así, ¿cuál es esa razón?_____

   _____

   _____

   _____

   _____

   _____

   _____

## PLEA AGREEMENT
### SENTENCIA ACORDADA

15. Is your guilty plea the result of a plea agreement?                 YES ✓ NO____
   ¿Su declaración de culpabilidad  es resultado de una sentencia acordada?   SÍ   NO

   If so, what are the terms of that plea agreement?
   (If available, a written plea agreement must be attached hereto
   as "Addendum 'A'")
   De ser así, ¿cuáles son los términos de ese acuerdo?  (Si está disponible, se debe anexar al presente un convenio por
   escrito, como  "Anexo 'A'")

   See attached Rule 11 Agreement

   If a written plea agreement was done, have you read this     *My attorney explaine*
   plea agreement?                                                     *it to me*
   Si se ha redactado una sentencia acordada por escrito, ¿usted la ha leído?   YES____ NO____
                                                                      SÍ        NO

16. Do you understand your plea agreement?                             YES ✓ NO____
   ¿Entiende su sentencia acordada?                                    SÍ        NO

Exh. 2 - Adm.

EOIR - 17 of 29

000232

Uploaded on: 08/29/2025 at 02:10:06 PM (Pacific Daylight Time)  Base City: LVG

17. There are two types of plea agreements. Please initial the <u>one</u> paragraph below which describes the type of plea agreement:
Existen dos tipos de sentencias acordadas. Favor de poner sus iniciales en el párrafo a continuación que describe el tipo de declaración que usted ha hecho.

a. I understand that my plea agreement is a **non-binding** plea agreement. This means that the Court is not bound by the agreement or any sentencing recommendations, and may impose any sentence authorized by law, up to the maximum sentence. Because the Court is not bound by the agreement, if the District Court chooses not to follow the agreement, I will not have the right to withdraw my guilty plea. _____
Entiendo que mi sentencia acordada **no** es un acuerdo obligatorio. Esto quiere decir que el tribunal no está obligado por el acuerdo o por alguna recomendación de sentencia y que puede imponer cualquier sentencia autorizada por la ley, incluyendo la sentencia máxima. Debido a que el tribunal no está obligado por el acuerdo, si el tribunal de distrito decide no respetar el acuerdo, yo no tendré el derecho de retirar mi declaración de culpabilidad. _____.

b. I understand that my plea agreement is a **binding** plea agreement. This means that if the District Court does not impose the specific sentence as recommended by both parties, I will be allowed to withdraw my plea of guilty and proceed to a jury trial. _____
Entiendo que mi sentencia acordada es un acuerdo obligatorio. Esto quiere decir que si el tribunal de distrito no impone la sentencia específica según lo recomienden ambas partes, se me permitirá retirar mi declaración de culpabilidad y entonces se procederá a un juicio por jurado. _DM_____.

18. Has your attorney or anyone else forced or coerced you in any way into accepting this plea agreement?          YES___  NO ✓
¿Su abogado o alguna otra persona lo a forzado u obligado de alguna manera a aceptar esta sentencia acordada?          SÍ      NO

19. Have any other promises been made to you that have influenced your decision to plead guilty?          YES___  NO ✓
¿Le han hecho otras promesas que lo han influenciado para que se declare culpable?          SÍ      NO

20. Has anyone told you what your sentence will be?          YES___  NO ✓
¿Alguien le ha dicho cual va a ser su sentencia?          SÍ      NO

If so, what have you been promised?
De ser así, ¿qué le han prometido?

_____

21. Is this a conditional guilty plea in which you are reserving your right to appeal any pre-trial issues?          YES___  NO ✓
¿Se trata de una declaración de culpabilidad condicional, en la cual usted se reserva su derecho de apelar en lo concerniente a cualquier aspecto previo al juicio?          SÍ      NO

22. Have you waived your right to appeal your **judgment of conviction** as part of your plea agreement?          YES ✓  NO___
¿Como parte de su sentencia acordada ha renunciado a su derecho de apelación

GUILTY PLEA ADVISORY FORM          6
D-CR (MISC7) 3.11.16

000233

Uploaded on: 08/29/2025 at 02:10:06 PM (Pacific Daylight Time)   Base City: LVG

de su fallo de condena y sentencia?                                    SÍ          NO

23. Have you waived your right to appeal your sentence as part of
your plea agreement?                                               **YES** ✓ **NO____**
¿Como parte de su sentencia acordada, usted a renunciado a su derecho de apelación
de su sentencia?                                                   SÍ          NO

Under what condition can you appeal your sentence?
¿En qué condiciones puede apelar su sentencia?

_____

_____

24. Do you understand that by pleading guilty you will waive
(or give up) any defenses, both factual and legal, that you
believe you may have in this case?                                **YES** ✓ **NO____**
¿Entiende que al declararse culpable renunciará a cualquier defensa,
tanto legal como de hechos, que usted cree que pueda tener en este caso?   SÍ          NO

25. Have you discussed the elements of the offense(s) for which
you are charged with your attorney?                               **YES** ✓ **NO____**
¿Ha hablado con su abogado en cuanto a los elementos legales del delito
(o los delitos) de que lo acusan?                                 SÍ          NO

**POTENTIAL SENTENCE**
**SENTENCIA POSIBLE**

| I am charged with the crime(s) of: | I understand the Minimum & Maximum - Fine and Imprisonment: |
|---|---|
| Me han acusado de cometer el/los siguiente/s delito/s: | Tengo entendido que estas son las sentencias y multas mínimas y máximas: |
| Felony Injury to Child (I.C. 18-1501) | 1-10 years, $50, 000 fine, $5000 Civil Penalty |
| _____ | _____ |
| _____ | _____ |

26. If you plead guilty to more than one crime do you understand that your
sentences for each crime could be ordered to be served either **concurrently**
(at the same time) or **consecutively** (one after the other)?    **YES** ✓ **NO____**
Si usted se declara culpable de haber cometido más de un delito ¿entiende que se puede
ordenar que sus sentencias por cada delito se cumplan ya sea concurrentemente
(al mismo tiempo), o consecutivamente (una después de otra)?      SÍ          NO

27. Do you understand that if you plead guilty and you commit crimes
in the future, this conviction could be considered in the future
case and could cause more severe penalty in the future case?      **YES** ✓ **NO____**
¿Usted entiende que si se declara culpable y luego comete otros delitos más adelante,
esta condena se puede tener en cuenta durante ese caso futuro y que a raíz de ello

GUILTY PLEA ADVISORY FORM                                                    7
D-CR (MISC7) 3.11.16

EOIR - 19 of 29
Exh. 2 - Adm.

000234

Uploaded on: 06/29/2023 at 02:10:06 PM (Pacific Daylight Time)   Base City:  LVG

podrían darle una pena más grave?                                    SÍ           NO

## ADDITIONAL CONSEQUENCES OF A GUILTY PLEA
### CONSECUENCIAS ADICIONALES DE UNA DECLARACIÓN DE CULPABILIDAD

28. Are you currently on probation or parole?                        YES___  NO ✓
    ¿Está usted actualmente en un período de prueba o de libertad condicional?   SÍ      NO

    If so, do you understand that a plea of guilty in this case could be
    the basis of a violation of that probation or parole
    **(WHICH MEANS THAT ANY SUSPENDED SENTENCE
    COULD BE IMPOSED AND ANY PAROLE REVOKED)?**   YES___  NO___
    De ser así, ¿usted entiende que una declaración de culpabilidad en este caso podría ser
    la base de una violación de los términos de su libertad condicional o libertad vigilada?
    **(LO CUAL QUIERE DECIR QUE PODRÍAN IMPONERLE LA SENTENCIA
    ORIGINAL Y CANCELAR SU LIBERTAD VIGILADA)**
                                                                     SÍ           NO

29. Are you aware that if you are not a citizen of the United States,
    the entry of a plea or making of factual admissions could have
    consequences of deportation or removal, inability to obtain legal
    status in the United States, and or denial of an application for
    United States citizenship?                                       YES ✓ NO___
    ¿Usted está enterado de que si no es un ciudadano de los Estados Unidos,
    el declararse culpable o el hacer admisiones formales podría tener como consecuencia
    la deportación o expulsión, incapacidad de obtener una condición legal en los Estados Unidos
    o el rechazo de una solicitud para obtener la ciudadanía en Estados Unidos?   SÍ      NO

30. Does the crime to which you will plead guilty require you to
    register as a **sex offender?** (I.C. § 18-8304)                 YES___  NO ✓
    ¿El delito del cual se declarará culpable requeriría que se registre
    como delincuente sexual? (I.C. § 18-8304)                        SÍ           NO

31. Are you aware that if you plead guilty you may be required
    to pay **restitution** in this case? (I.C. §19-5304)             YES ✓ NO___
    ¿Usted está consciente de que si se declara culpable, es posible que le exijan que le pague una **indemnización** a las
    víctimas en este caso? (I.C. §19-5304)

32. Are you pleading guilty to a crime for which you may
    be required to pay the **costs of prosecution and
    investigation?** (I.C. § 37-2732 (k)), (I.C.R. 33(d)(2))         YES___  NO ✓
    ¿Se está declarando culpable de un delito por el cual tal vez le exijan que pague
    los gastos de la fiscalía y de la investigación?  (I.C. § 37-2732 (k)), (I.C.R. 33(d)(2))   SÍ   NO

    If so, have you and the State agreed upon the amount of this
    reimbursement?                                                   YES___  NO___
    Si es así, ¿usted y  la fiscalía han quedado de acuerdo en la candidad de dicho reembolso?   SÍ   NO

    If you have, what is the amount? _____
    Si han quedado de acuerdo, cual es la cantidad?

**GUILTY PLEA ADVISORY FORM**                                                    8
**D-CR (MISC7) 3.11.16**
Exh. 2 - Adm.

000235

33. Have you agreed to pay restitution as a condition of your plea
agreement?
¿Usted ha convenido en pagar una indemnización como una condición de
su sentencia acordada?

YES___ NO ✓

SÍ        NO

34. If the amount of restitution has not been agreed upon, do you
understand that you cannot withdraw your guilty plea even
if the restitution amount is determined to be higher than you thought
it might be or should be?
Si no se ha llegado a un acuerdo en cuanto al monto de indemnización a pagarse,
usted entiende que no puede retirar su declaración de culpabilidad, aún si el monto
de indemnización es más de lo que usted pensaba que iba a ser?

YES___ NO___

SÍ        NO

35. Is a **license suspension** required as a result of a guilty plea in
this case?
¿ Se exige que suspendan su licencia de conducir a raíz de la declaración
de culpabilidad en este caso?

YES___ NO ✓

SÍ        NO

36. Do you understand that if you plead guilty you will be required to
submit a **DNA sample and Right Thumbprint impression** to
the State? (I.C. § 19-5506)
¿Usted entiende que si se declara culpable le exigirán que de una **muestra de ADN
y la huella dactilar de su pulgar derecho** al estado?  (I.C. § 19-5506)

YES ✓ NO___

SÍ        NO

37. Are you pleading guilty to a crime for which the Court could
impose a **fine** for a crime of violence of up to $5,000, payable to
the victim of the crime? (I.C § 19-5307)
¿Se está declarando culpable de un delito por el cual el tribunal podría imponer
una multa por un delito de violencia hasta de $5,000, pagadera a la víctima del delito?
(I.C. § 19-5307)

YES ✓ NO___

SÍ        NO

38. Do you understand that if you plead guilty to a felony, you will lose
your right to **vote** in Idaho during the period of your sentence?
(Id. Const. art.6, §3)
¿Entiende que si se declara culpable de un delito grave, durante el curso de su sentencia
perderá el derecho de votar en Idaho?   (Id. Const. art. 6, § 3)

YES ✓ NO___

SÍ        NO

39. Do you understand that if you plead guilty to a felony, you will lose
your right to hold **public office** in Idaho during the period of your
sentence? (Id. Const. art.6, §3)
¿Entiende que si usted se declara culpable de un delito grave,
durante el curso de su sentencia perderá su derecho de desempeñar un
cargo público en Idaho? (ID. CONST. art. 6, § 3)

YES ✓ NO___

SÍ        NO

40. Do you understand that if you plead guilty to a felony, you will lose
your right to perform **jury service** in Idaho during the period of your
sentence? (Id. Const. art.6, §3)
¿Entiende que usted se declara culpable de un delito grave, durante el curso
de su sentencia perderá el derecho de actuar como miembro
de un jurado en Idaho? (ID. CONST. art. 6, § 3)

YES ✓ NO___

SÍ        NO

GUILTY PLEA ADVISORY FORM
D-CR (MISC7) 3.11.16

9

Exh. 2 – Adm.

Uploaded on: 08/29/2023 at 02:10:06 PM (Pacific Daylight Time)   Base City: LVG

41. Do you understand that if you plead guilty to a felony and or to a misdemeanor crime of domestic violence you will lose your right to purchase, possess, or carry firearms? (I.C. § 18-310, 18 U.S.C. § 922(g)(9))     YES ✓ NO___
¿Entiende que si se declara culpable de un delito grave perderá su derecho a comprar, poseer o portar armas de fuego? (I.C. § 18-310, 18 U.S.C. § 922 (g)(9))     SÍ     NO

42. Do you understand that by pleading guilty to a felony, you run the risk that if you have new felony charges in the future, you could be charged as a Persistent Violator? (I.C §§ 19-2514, 37-2739)     YES ✓ NO___
¿Entiende que al declararse culpable de un delito grave usted se pone a riesgo de que, si lo acusan de cometer otros delitos graves de ahora en adelante, podrían acusarlo de ser un delincuente a repetición? (I.C. §§ 19-2514, 37-2739)     SÍ     NO

## RELATIONSHIP WITH YOUR ATTORNEY
SU RELACIÓN CON SU ABOGADO

43. Have you had sufficient time to discuss your case with your attorney?     YES ✓ NO___
¿Ha tenido suficiente tiempo para tratar su caso con su abogado?     SÍ     NO

44. Have you had adequate time to fill out this form?     YES ✓ NO___
¿Ha tenido el tiempo necesario para llenar este formulario?     SÍ     NO

45. Have you had adequate access to your attorney's assistance in filling out this form?     YES ✓ NO___
¿Ha tenido el acceso necesario a la asesoría de su abogado para llenar este formulario?     SÍ     NO

46. Your attorney can obtain various items from the prosecutor relating to your case. This may include police reports, witness statements, tape recordings, photographs, reports of scientific testing, etc. This is called "discovery." Have you had the opportunity to review the discovery provided by your attorney?     YES ✓ NO___
Su abogado puede obtener del fiscal varios artículos relacionados con su caso. Esto puede incluir informes de la policía, declaraciones de los testigos, grabaciones, fotografías, informes de análisis científicos, etcétera. Esto sellama **intercambio de pruebas.** ¿Ha revisado usted la evidencia que le han proporcionado a su abogado durante el intercambio de pruebas?     SÍ     NO

47. Do you want your attorney to take any further action in this case?     YES___ NO ✓
¿Usted quiere que su abogado tome alguna otra medida adicional?     SÍ     NO

48. If you are not a **citizen** of the United States, have you talked to your attorney about the impact of your guilty plea on deportation, on your legal status in the United States and on obtaining United States citizenship?     YES ✓ NO___
Si usted no es ciudadano estadounidense, ha hablado con su abogado en cuanto a cómo es su declaración de culpabilidad puede llevar a que lo deporten o puede afectar su estadía legal en los Estados Unidos y la posibilidad de obtener ciudadanía estadounidense?     SÍ     NO

49. Do you understand that no one, including your attorney, can force you

EOIR – 22 of 29

**GUILTY PLEA ADVISORY FORM**
**D-CR (MISC7) 3.11.16**

Exh. 2 - Adm.

10

to plead guilty in this case?
¿Entiende que nadie, incluyendo su abogado, lo puede obligar a
declararse culpable en este caso?

YES ✓ NO____
SÍ        NO

50. Are you satisfied with your attorney's representation?
¿Está satisfecho con la manera en que lo ha representado su abogado?

YES ✓ NO____
SÍ        NO

If not, please state why you are dissatisfied?
Si no lo está, sírvase decir por qué no está satisfecho.

_____

_____

**IF YOUR GUILTY PLEA IS THE RESULT OF A PLEA AGREEMENT REACHED THROUGH MEDIATION:**
SI SU DECLARACIÓN DE CULPABILIDAD ES RESULTADO DE UNA SENTENCIA ACORDADA A LA QUE SE LLEGÓ POR MEDIO DE ARBITRACIÓN:

51. Did you voluntarily enter mediation?
¿Usted fue a arbitración voluntariamente?

YES____ NO____
SÍ        NO

52. Did anyone force you, or coerce you, to enter into the plea agreement in the mediation?
¿Alguien lo forzó u obligó a aceptar una sentencia acordada durante la arbitración?

YES____ NO____
SÍ        NO

53. Were you satisfied with the conduct of the mediation?
¿Ha quedado satisfecho con la manera en que se hizo la arbitración?

YES____ NO____
SÍ        NO

**ENTRY OF PLEA**
DECLARACIÓN DE CULPABILIDAD

54. Are the answers throughout this form your own answers?
Las respuestas dadas en este formulario ¿son sus propias respuestas?

YES ✓ NO____
SÍ        NO

55. Are you entering your plea freely and voluntarily?
¿Se declara culpable libre y voluntariamente?

YES ✓ NO____
SÍ        NO

56. Do you understand the consequences of entering a guilty plea?
¿Usted entiende las consecuencias de presentar una declaración de culpabilidad?

YES ✓ NO____
SÍ        NO

57. Are you admitting to all the elements of the crime(s) to which you are pleading guilty?
¿Usted admite todos los alegatos que son parte del cargo (los cargos) del cual o de los cuales usted se declara culpable?

YES____ NO____
SÍ        NO

Or are you pleading guilty because you are entering an Alford Plea?
O está presentando una declaración de culpabilidad por medio de la declaración de Alford?

YES ✓ NO____
SÍ        NO

GUILTY PLEA ADVISORY FORM                                    11
D-CR (MISC7) 3.11.16
Exh. 2 – Adm.

EOIR – 23 of 29

000238

Uploaded on: 06/29/2023 at 02:10:06 PM (Pacific Daylight Time)   Base City:   LVG



58. If you are entering an Alford Plea, do you understand that the Court
will consider you just as guilty as if you enter a non-Alford plea?   YES ✓ NO ___
Si está dando una declaración de Alford, entiende que el tribunal lo va a tratar
como culpable, al igual que si hubiera presentado una declaración que no fuera la de Alford?   SÍ        NO

59. Have you had any trouble answering any of the questions in his
form which you could not resolve by discussing the issue(s) with
you attorney?   YES ___ NO ✓
¿Ha tenido algún problema para responder a las preguntas en este formulario
que no haya podido resolver tratando el asunto con su abogado?   SÍ        NO

60. If you were provided with an interpreter to help you fill out this form,
have you had any trouble understanding your interpreter?   YES ___ NO ✓
Si le proporcionaron un intérprete para llenar este formulario,
¿ha tenido algún problema para entender a su intérprete?   SÍ        NO

61. Do you need any additional time before you enter your guilty plea(s)?   YES ___ NO ✓
¿Necesita más tiempo para dar su declaración (o declaraciones) de culpable?   SÍ        NO

62. **Do you understand that if the Court accepts your guilty plea(s) that
you may not be able to withdraw your plea(s) at a later date?**   YES ✓ NO ___
**¿ENTIENDE QUE SI EL TRIBUNAL ACEPTA SU DECLARACIÓN DE
CULPABILIDAD, ES POSIBLE QUE USTED NO PUEDA RETIRAR DICHA
DECLARACIÓN MÁS ADELANTE?**   SÍ        NO

63. Is there anything else you want to tell the court about why you are
pleading guilty?   YES ___ NO ✓
¿Hay algo más que le quiera decir al tribunal acerca de por qué se declara culpable?   SÍ        NO

      I have answered the questions on pages 1-8 of this Guilty Plea Advisory Form truthfully, I
understand all of the questions and answers herein, I have had the opportunity to discuss each question
and answer with my attorney, and I have completed this form freely and voluntarily **WITH A
COMPLETE UNDERSTANDING OF THE CHARGE(S) TO WHICH I AM PLEADING
GUILTY AND WITH KNOWLEDGE OF THE POTENTIAL CONSEQUENCES OF THIS
PLEA.** Furthermore, no one has forced me or threatened me to plead guilty.

He respondido con la verdad a las preguntas en las páginas 1 a 8 de este formulario de Orientación para la Declaración
de Culpabilidad, entiendo todas las preguntas y respuestas contenidas en el mismo, he tratado cada pregunta y respuesta
con mi abogado y he llenado este formulario libre y voluntariamente **HABIENDO ENTENDIDO
COMPLETAMENTE LOS CARGOS A LOS QUE ME DECLARO CULPABLE Y SABIENDO CUALES SON
LAS PENAS POSIBLES DE ESTA DECLARACLÓN** Además, nadie me ha amenazado para que lo hiciera.

DATE / FECHA: _6/6/23_        _Daniel Martinez_
                              DEFENDANT / ACUSADO

Attorney for Defendant: Cassandra Wright

Court Cert. Interpreter: María G. Escobedo-Gonzáles

GUILTY PLEA ADVISORY FORM                                      12
D-CR (MISC7) 3.11.16

Exh. 2 - Adm.

Uploaded on: 08/29/2025 at 02:10:06 PM (Pacific Daylight Time)  Base City: LVG

## POST PLEA RIGHTS
## DERECHOS POSTERIORES A LA DECLARACIÓN

A presentence investigation will be ordered by the Court unless both you and the State waive that report and the Court approves that waiver. The Court may order evaluations as part of this investigation **AND THESE REPORTS WILL BE USED TO DETERMINE YOUR SENTENCE.** You have the **right to remain silent during all proceedings and interviews from now until** sentencing **WHICH INCLUDES THE PRESENTENCE INVESTIGATION AND ANY COURT ORDERED EVALUATIONS.**

El tribunal va a ordenar que se haga una investigación antes de la sentencia a menos que la fiscalía y usted renuncien a que se redacte el informe y siempre y cuando el tribunal apruebe dicha renuncia. **ESTOS INFORMES SE VAN A USAR PARA DECIDIR SU SENTENCIA.** Usted tiene **derecho a guardar silencio durante todos los procesos legales y entrevistas desde ahora hasta la audiencia de sentencia** LO CUAL INCLUYE LA INVESTIGACIÓN ANTES DE LA SENTENCIA Y CUALQUIER EVALUACIÓN POR ORDEN JUDICIAL.

**The information in the presentence interview and any evaluations (which will include any statements you make in these processes) will be used by the Court in determining your sentence. In particular if you are ordered to undergo a psychosexual evaluation (which can include a polygraph examination), a domestic violence evaluation, a substance abuse evaluation or a mental health examination (which can include a psychological or psychiatric examination) you will be asked extensive questions and your answers to those questions may be used against you during sentencing.**

El tribunal va a usar la información de la entrevista antes de la sentencia y de todas las evaluaciones (lo cual incluye todas las declaraciones que usted haga durante esos procesos) para decidir su sentencia. Específicamente, si dan la orden de que le hagan una evaluación psicosexual (la cual puede incluir una prueba poligráfica), una evaluación en cuanto a violencia intrafamiliar, una evaluación de abuso de sustancias o una evaluación de salud mental (la cual puede incluir un examen psicológico o psiquiátrico) le van a hacer preguntas detalladas y las respuestas que usted de a esas preguntas se pueden usar en su contra cuando lo sentencien.

1. Have you discussed the right to remain silent with your attorney?  YES ✓ NO___
   ¿Ha hablado con su abogado acerca del derecho a guardar silencio?  SI ___ NO

2. Do you understand the nature of these rights?  YES ✓ NO___
   ¿Entiende la naturaleza de estos derechos?  SI ___ NO

3. Do you understand that you may waive these rights?  YES ✓ NO___
   ¿Entiende que puede renunciar a estos derechos?  SI ___ NO

4. Have you waived any of these rights in your plea agreement?  YES ___ NO ✓
   ¿Ha renunciado a alguno de estos derechos en su sentencia acordada?  SI ___ NO

5. Do you have any questions concerning either these rights or the waiver of these rights?  YES ___ NO ✓
   ¿Tiene alguna pregunta acerca de los derechos o acerca de la renuncia

GUILTY PLEA ADVISORY FORM                                                    13
**D-CR (MISC7) 3.11.16**

Exh. 2 - Adm.

Uploaded on: 08/29/2023 at 02:10:06 PM (Pacific Daylight Time)  Base City: LVG

a los derechos?                                                                 SI        NO

6. Have you discussed with your attorney your rights regarding your
   attorney's attendance and presence during the presentence
   investigation or these various evaluations?                        YES ✓ NO___
   ¿Ha hablado con su abogado acerca de los derechos que usted tiene
   en cuanto a que su abogado asista y esté presente durante la investigación
   antes de la sentencia o durante las diferentes evaluaciones?     SI        NO

7. Do you want the Court to order any particular evaluations to assist the
   Court in determining your sentence in this case?                  YES___ NO ✓
   ¿Usted quiere que el tribunal ordene que le hagan ciertas
   evaluaciones específicas para ayudar al tribunal a tomar la decisión
   en cuanto a su caso?                                              SI        NO

   If yes, which evaluations and why?
   Si dijo que sí, ¿qué evaluaciones quiere y por qué?
   _____
   _____
   _____


I ACKNOWLEDGE THE FOREGOING POST PLEA RIGHTS.
RECONOZCO LOS DERECHOS POSTERIORES A LA DECLARACIÓN YA MENCIONADOS.


DATE/FECHA: 6|6|23         Daniel maptinez
                                        DEFENDANT / ACUSADO

**GUILTY PLEA ADVISORY FORM**
**D-CR (MISC7) 3.11.16**                                                    14
Exh. 2 - Adm.

Uploaded on: 06/29/2023 at 02:10:06 PM (Pacific Daylight Time)   Base City:  LVG

created 06/03/15

F I L E D
A.M. ___ P.M.

IN THE DISTRICT COURT OF THE 3RD JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF CANYON FEB 1 4 2022
MAGISTRATE DIVISION

CANYON COUNTY CLERK
M GUZMAN, DEPUTY CLERK

STATE OF IDAHO

**Plaintiff**

vs.

Daniel Salomon Martinez-Hernandez

**Defendant.**

DOB:  06/20/1968

SSN:  None

OLN:  None

State:  N/A

**AFFIDAVIT OF PROBABLE CAUSE**

Case No. CRI4-22-02467

Agency Case No. 21-37587

I ___Detective Andrew Holmes___ of the Caldwell Police Department

declare and state that the following is true and accurate.

The following acts occurred at:   105 E Kearney St, Caldwell   . Canyon County, State of Idaho

Time Occurred At:  multiple times   on the date of  multiple times through the year 2012

Crime(s) alleged to have been committed:

I18-1508 - Lewd Conduct with Child Under 16

## 1. Synopsis of Case:

On December 16th, 2021 Wendy reported to her counselor that she was sexually abused by her mother's boyfriend, Daniel Martinez, and that the abuse occurred for several years since she was young. The counselor reported the information to Caldwell Police.

On January 18th, 2022 at about 4:30 PM, I met with Wendy Ayala at her home. 105 E Kearney St, Caldwell. Idaho. I spoke to Wendy inside her home in the living room.

Below is a summary of what Wendy disclosed to me:

Wendy's mother, Maria, had a boyfriend named Daniel Martinez. Daniel was dating and living in the same house as Maria and all her children from approximately 2009-2018. Wendy and her family moved multiple times between the approximate ages of five and eight. When she was eight, she moved to 105 E Kearney St, Caldwell, where she and her mother currently live.

The first time that Daniel did something to Wendy was when she was about five years old. She was living in a previous apartment in Caldwell, in which Wendy, her mother, and Daniel were sleeping every night on a mattress on the floor in between her mother and Daniel. Wendy does not know the address. Daniel laid directly behind Wendy and was pressing his penis against the backside of her body while sleeping. Nothing else happened that time, but Wendy remembers feeling his body and that it felt hard against her.

When Wendy and her mother moved, Daniel moved with them. In the second apartment they lived in, Wendy has memories of Daniel sneaking into her bedroom many nights, walking up to her in her bed, and using his hand to rub her vagina on the outside of her clothes. Daniel would also reach inside her pajamas and underwear and rub the skin of her vagina with the skin of his fingers. Daniel also often penetrated her with his bare fingers. Wendy has memories of Daniel's fingers moving in and out of her vagina. Every time Daniel did this, he would do the exact same thing. Sneak quietly into the room, rub her vagina, and put his fingers into her vagina. Wendy also remembers seeing Daniel with his penis outside of his clothes and masturbating while touching her vagina with his other hand. Wendy says this happened "more times than she can count."

When Wendy was in the 3rd grade, approximately eight years old, they all moved to 105 E Kearney St, where she still lives.

Daniel's sexual abuse of Wendy continued at this address as well. Daniel would continue his usual routine of sneaking into her room at night, touching her vagina over the clothes, under the clothes, and putting his fingers inside Wendy's vagina. Wendy said that she finally blocked her bedroom door night with her large dresser, and that Daniel tried to come in again, but couldn't open the door.

EOIR – 27 of 29

Exh. 2 - Adm.

000242

Uploaded on: 08/29/2023 at 02:10:06 PM (Pacific Daylight Time)   Base City:  LVG

Wendy took me into her room and showed me how her bed is positioned. The bed is against the east wall of the house. There is a bedroom window directly in front of the foot of the bed. Wendy said that after Daniel could not get the door open due to the dresser, he went outside, opened her window, then reached in and started rubbing her thigh by reaching his hand through the window. The bed is still set up in the same position as it was then.

Wendy said that she yelled at him and moved away when he started touching her through her window. This was the last time Daniel tried to do anything to Wendy, and Wendy remembers being 14 years old, the last time this occurred, because she was a freshman in high school, which is when she told her mother that Daniel was touching her sexually, and had been for years.

Wendy told me that her mother didn't believe her at first when she told her, but she did break up with Daniel over it, and make him move out. In Total, these types of events occurred from approximately age 5, to age 14, all in residences in Caldwell, Idaho.

Wendy's mother provided me Daniel's current phone number: 208-813-2101.

I contacted Daniel on February 10th, 2022, on the phone. Daniel agreed to meet with me on Friday, February 11th at about 2 PM. I asked Det. Martinez to assist me with interviewing Daniel. Det. Martinez is fluent in both English and Spanish. Det. Martinez recorded the entire interview on his body worn camera.

Daniel arrived at around 2 PM and Det. Martinez began interviewing him in the downstairs lobby meeting room. I arrived a few minutes later. Det. Martinez read Daniel his Miranda Warnings in Spanish, and Daniel stated that he understood. Det. Martinez gathered some background information about Daniel. When I entered the room, Daniel was explaining about the years that he lived with Maria Orozco, his girlfriend for many years, and her children, which include Wendy.

Det. Martinez explained that we were here to talk to him about Wendy Ayala, and that she has reported inappropriate touching done to her by Daniel. Daniel said that he never did anything like that.

I told Daniel that I was the one who spoke to Wendy about this. I told Daniel that Wendy told me about everything that he did to her, and that she remembers everything that happened. Daniel continued to say he didn't know what she could be talking about. I told Daniel that Wendy has real memories of him coming into her room and touching her vagina.

Daniel began crying and saying things like how he didn't know how to explain it, or that he was too embarrassed to say. Daniel said multiple times that he made mistakes with Wendy and that it was all because of his "stupidity." Daniel said that it all started by playing games like hide and seek with the kids, and that he got carried away.

Daniel said that sometimes all of the kids would be gone beside Wendy, and Maria would be at work. Daniel said it was often that he was home alone with Wendy. Daniel was crying and described a time when Wendy was sleeping on the living room couch and he went up to her and "rubbed her stomach." Daniel acted out what he said he did by rubbing his own hand on a circular motion on his stomach. Daniel then said he never touched Wendy's vagina, just her stomach.

Daniel was still crying and told us that doing this was so stupid, and that he wanted to repent, and ask for forgiveness from both Wendy and God for doing that.

I reiterated to Daniel that I'd spoke to Wendy, and that she remembers him touching her vagina with his hands, multiple times.

Daniel then said that it was true, that he has done touching to Wendy's vagina. Daniel told me the following in summary:

Daniel was often home alone with Wendy while the others were at work and/or school. He remembers all of the sexual touching that he did to Wendy occurred when Wendy was eight years old, in 2012. Approximately six to eight different times Daniel touched and groped Wendy's breasts and chest area while they were home alone together. Daniel also touched Wendy's vagina three to four separate times. All of the sexual touching occurred at 105 E Kearney St. Caldwell, Canyon County, Idaho. The times that Daniel touched Wendy's vagina happened in the living room and in the kitchen, either when they were playing or when Wendy would be laying on the living room couch. It would start by rubbing her stomach, and then he would slide his hand down and rub and touch Wendy's vagina. Daniel said it was always over the clothes, and that he never went inside her underwear or penetrated her with his fingers. Daniel never said anything to her while he was touching her vagina. One of the times when he was rubbing her vagina, Wendy told him to stop, and he did.

Daniel did not remember exactly in what months these happened, but that Wendy was eight years old, which would be 2012.

Daniel told me he thinks about these actions all of the time and that he regrets them, and blames his actions on his "stupidity." Daniel said that he's not a child predator and explained that this basically happened because the opportunity was there.

Exh. 2 - Adm.

Uploaded on: 08/29/2023 at 02:10:06 PM (Pacific Daylight Time)   Base City: LVG

**2. Set out any information you have and its source as to why a warrant instead of a summons should be issued.**

For additional information, see report narrative.

**"I certify (or declare) under penalty of perjury pursuant to the law of the State of Idaho that the foregoing is true and correct."**

Dated this ___11th___ day of __February__ 20 __22__

Andrew Holmes
Signature of Officer

2/11/22

Exh. 2 - Adm.

000244

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
LAS VEGAS IMMIGRATION COURT

LEAD FILE: 216-644-998
IN REMOVAL PROCEEDINGS
DATE: Nov 7, 2023

TO:

    MARTINEZ-HERNANDEZ, DANIEL SOLOMAN
    IN ICE CUSTUDY PAHRUMP
    2190 E. MESQUITE AVE
    PAHRUMP, NV  89060


RE: 216-644-998 MARTINEZ-HERNANDEZ, DANIEL SOLOMAN

**Notice of In-Person Hearing**

Your case has been scheduled for a INDIVIDUAL hearing before the immigration
court on:



Date:          Nov 30, 2023
Time:          1:00 P.M.
Court Address: 110 N. CITY PARKWAY, STE. 400, LAS VEGAS, NV 89106

**Representation:** You may be represented in these proceedings, at no
expense to the Government, by an attorney or other representative
of your choice who is authorized and qualified to represent persons
before an immigration court. If you are represented, your attorney
or representative must also appear at your hearing and be ready
to proceed with your case.  Enclosed and online at
https://www.justice.gov/eoir/list-pro-bono-legal-service-providers
is a list of free legal service providers who may be able to assist you.

**Failure to Appear:** If you fail to appear at your hearing and the
Department of Homeland Security establishes by clear, unequivocal, and
convincing evidence that written notice of your hearing was provided and
that you are removable, you will be ordered removed from the United
States. Exceptions to these rules are only for exceptional circumstances.

**Change of Address:** The court will send all correspondence, including
hearing notices, to you based on the most recent contact information
you have provided, and your immigration proceedings can go forward in
your absence if you do not appear before the court.  If your contact
information is missing or is incorrect on the Notice to Appear, you must
provide the immigration court with your updated contact information within
five days of receipt of that notice so you do not miss important information.
Each time your address, telephone number, or email address changes,
you must inform the immigration court within five days.  To update your contact
information with the immigration court, you must complete a Form EOIR-33
either online at https://respondentaccess.eoir.justice.gov/en/ or by
completing the enclosed paper form and mailing it to the immigration
court listed above.

000245

**Internet-Based Hearings:** If you are scheduled to have an internet-based hearing, you will appear by video or telephone. If you prefer to appear in person at the immigration court named above, you must file a motion for an in-person hearing with the immigration court at least fifteen days before the hearing date provided above. Additional information about internet-based hearings for each immigration court is available on EOIR's website at https://www.justice.gov/eoir/eoir-immigration-court-listing.

**In-Person Hearings:** If you are scheduled to have an in-person hearing, you will appear in person at the immigration court named above. If you prefer to appear remotely, you must file a motion for an internet-based hearing with the immigration court at least fifteen days before the hearing date provided above.

For information about your case, please call **1-800-898-7180** (toll-free) or **304-625-2050.**

**The Certificate of Service on this document allows the immigration court to record delivery of this notice to you and to the Department of Homeland Security.**

_____
CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:MAIL[M]  PERSONAL SERVICE[P]  ELECTRONIC SERVICE[E]
TO:  [M] Noncitizen | [   ] Noncitizen c/o Custodial Officer |
     [   ] Noncitizen ATT/REP | [ E] DHS
DATE: 11/07/2023 BY:  COURT STAFF  MRAMOS
Attachments:[ ] EOIR-33 [ ] Appeal Packet [ ] Legal Services List [ ] Other  NH

Use a smartphone's camera to scan the code on this page to read the notice online.

Usa la cámara de un teléfono inteligente para escanear el código de esta página y leer el aviso en línea.



Use a câmara do smartphone para digitalizar o código nesta página e ler o manual de instruções online.

使用智能手机摄像头扫描本页面的代码，即可在线阅读该通知。

ਨੋਟਿਸ ਨੂੰ ਔਨਲਾਈਨ ਪੜ੍ਹਨ ਲਈ ਇਸ ਪੰਨੇ 'ਤੇ ਕੋਡ ਨੂੰ ਸਕੈਨ ਕਰਨ ਲਈ ਸਮਾਰਟਫੋਨ ਦੇ ਕੈਮਰੇ ਦੀ ਵਰਤੋਂ ਕਰੋ।

অনলাইনে নোটিশ পড়ার জন্য এই পেজের কোডটি স্ক্যান করতে স্মার্টফোনের ক্যামেরা ব্যবহার করুন

सूचना अनलाइनमा पढ्न यस पृष्ठमा कोड स्क्यान गर्न स्मार्टफोनको क्यामेरा प्रयोग गर्नुहोस्।

Sèvi ak kamera yon telefòn entèlijan pou eskane kòd ki nan paj sa a pou li avi a sou entènèt.

استخدم كاميرا الهاتف الذكي لمسح الرمز الموجود في هذه الصفحة لقراءة الإشعار على الإنترنت

Чтобы прочитать уведомление онлайн, отсканируйте код на этой странице с помощью камеры вашего смартфона.

Utilisez l'appareil photo d'un téléphone intelligent pour scanner le code sur cette page afin de lire l'avis en ligne.

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
LAS VEGAS IMMIGRATION COURT

LEAD FILE: 216-644-998
IN REMOVAL PROCEEDINGS
DATE: Oct 31, 2023

TO:
MARTINEZ-HERNANDEZ, DANIEL SOLOMAN
IN ICE CUSTUDY PAHRUMP
2190 E. MESQUITE AVE
PAHRUMP, NV  89060

RE: 216-644-998 MARTINEZ-HERNANDEZ, DANIEL SOLOMAN

**Notice of In-Person Hearing**

Your case has been scheduled for a MASTER hearing before the immigration
court on:

Date:          Nov 7, 2023
Time:          08:30 A.M.
Court Address: 110 N. CITY PARKWAY, STE. 400, LAS VEGAS, NV 89106

**Representation:** You may be represented in these proceedings, at no
expense to the Government, by an attorney or other representative
of your choice who is authorized and qualified to represent persons
before an immigration court. If you are represented, your attorney
or representative must also appear at your hearing and be ready
to proceed with your case.  Enclosed and online at
https://www.justice.gov/eoir/list-pro-bono-legal-service-providers
is a list of free legal service providers who may be able to assist you.

**Failure to Appear:** If you fail to appear at your hearing and the
Department of Homeland Security establishes by clear, unequivocal, and
convincing evidence that written notice of your hearing was provided and
that you are removable, you will be ordered removed from the United
States. Exceptions to these rules are only for exceptional circumstances.

**Change of Address:** The court will send all correspondence, including
hearing notices, to you based on the most recent contact information
you have provided, and your immigration proceedings can go forward in
your absence if you do not appear before the court.  If your contact
information is missing or is incorrect on the Notice to Appear, you must
provide the immigration court with your updated contact information within
five days of receipt of that notice so you do not miss important information.
Each time your address, telephone number, or email address changes,
you must inform the immigration court within five days.  To update your contact
information with the immigration court, you must complete a Form EOIR-33
either online at https://respondentaccess.eoir.justice.gov/en/ or by
completing the enclosed paper form and mailing it to the immigration
court listed above.

000247

**Internet-Based Hearings:** If you are scheduled to have an internet-based hearing, you will appear by video or telephone. If you prefer to appear in person at the immigration court named above, you must file a motion for an in-person hearing with the immigration court at least fifteen days before the hearing date provided above. Additional information about internet-based hearings for each immigration court is available on EOIR's website at https://www.justice.gov/eoir/eoir-immigration-court-listing.

**In-Person Hearings:** If you are scheduled to have an in-person hearing, you will appear in person at the immigration court named above. If you prefer to appear remotely, you must file a motion for an internet-based hearing with the immigration court at least fifteen days before the hearing date provided above.

For information about your case, please call **1-800-898-7180** (toll-free) or **304-625-2050.**

**The Certificate of Service on this document allows the immigration court to record delivery of this notice to you and to the Department of Homeland Security.**

_____
                        CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:MAIL[M]  PERSONAL SERVICE[P]  ELECTRONIC SERVICE[E]
TO:  [ M] Noncitizen | [   ] Noncitizen c/o Custodial Officer |
     [   ] Noncitizen ATT/REP | [E] DHS
DATE: <u>10/31/2023</u> BY:  COURT STAFF  <u>MRAMOS</u>
Attachments:[ ] EOIR-33 [ ] Appeal Packet [ ] Legal Services List [ ] Other  NH



Use a smartphone's camera to scan the code on this page to read the notice online.

Usa la cámara de un teléfono inteligente para escanear el código de esta página y leer el aviso en línea.

Use a câmara do smartphone para digitalizar o código nesta página e ler o manual de instruções online.

使用智能手机摄像头扫描本页面的代码，即可在线阅读该通知。

ਨੋਟਿਸ ਨੂੰ ਔਨਲਾਈਨ ਪੜ੍ਹਨ ਲਈ ਇਸ ਪੰਨੇ 'ਤੇ ਕੋਡ ਨੂੰ ਸਕੈਨ ਕਰਨ ਲਈ ਸਮਾਰਟਫੋਨ ਦੇ ਕੈਮਰੇ ਦੀ ਵਰਤੋਂ ਕਰੋ।

অনলাইনে নোটিশ পড়ার জন্য এই পেজের কোডটি স্ক্যান করতে স্মার্টফোনের ক্যামেরা ব্যবহার করুন

सूचना अनलाइनमा पढ्न यस पृष्ठमा कोड स्क्यान गर्न स्मार्टफोनको क्यामेरा प्रयोग गर्नुहोस्।

Sèvi ak kamera yon telefòn entèlijan pou eskane kòd ki nan paj sa a pou li avi a sou entènèt.

استخدم كاميرا الهاتف الذكي لمسح الرمز الموجود في هذه الصفحة لقراءة الإشعار على الإنترنت

Чтобы прочитать уведомление онлайн, отсканируйте код на этой странице с помощью камеры вашего смартфона.

Utilisez l'appareil photo d'un téléphone intelligent pour scanner le code sur cette page afin de lire l'avis en ligne.

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
LAS VEGAS IMMIGRATION COURT

LEAD FILE: 216-644-998
IN REMOVAL PROCEEDINGS
DATE: Oct 17, 2023

TO:
    MARTINEZ-HERNANDEZ, DANIEL SOLOMAN
    IN ICE CUSTUDY PAHRUMP
    2190 E. MESQUITE AVE
    PAHRUMP, NV 89060

RE: 216-644-998 MARTINEZ-HERNANDEZ, DANIEL SOLOMAN

### Notice of In-Person Hearing

Your case has been scheduled for a MASTER hearing before the immigration court on:

Date:          Oct 31, 2023
Time:          08:30 A.M.
Court Address: 110 N. CITY PARKWAY, STE. 400, LAS VEGAS, NV 89106

**Representation:** You may be represented in these proceedings, at no expense to the Government, by an attorney or other representative of your choice who is authorized and qualified to represent persons before an immigration court. If you are represented, your attorney or representative must also appear at your hearing and be ready to proceed with your case. Enclosed and online at https://www.justice.gov/eoir/list-pro-bono-legal-service-providers is a list of free legal service providers who may be able to assist you.

**Failure to Appear:** If you fail to appear at your hearing and the Department of Homeland Security establishes by clear, unequivocal, and convincing evidence that written notice of your hearing was provided and that you are removable, you will be ordered removed from the United States. Exceptions to these rules are only for exceptional circumstances.

**Change of Address:** The court will send all correspondence, including hearing notices, to you based on the most recent contact information you have provided, and your immigration proceedings can go forward in your absence if you do not appear before the court. If your contact information is missing or is incorrect on the Notice to Appear, you must provide the immigration court with your updated contact information within five days of receipt of that notice so you do not miss important information. Each time your address, telephone number, or email address changes, you must inform the immigration court within five days. To update your contact information with the immigration court, you must complete a Form EOIR-33 either online at https://respondentaccess.eoir.justice.gov/en/ or by completing the enclosed paper form and mailing it to the immigration court listed above.

000249

**Internet-Based Hearings:** If you are scheduled to have an internet-based hearing, you will appear by video or telephone. If you prefer to appear in person at the immigration court named above, you must file a motion for an in-person hearing with the immigration court at least fifteen days before the hearing date provided above. Additional information about internet-based hearings for each immigration court is available on EOIR's website at https://www.justice.gov/eoir/eoir-immigration-court-listing.

**In-Person Hearings:** If you are scheduled to have an in-person hearing, you will appear in person at the immigration court named above. If you prefer to appear remotely, you must file a motion for an internet-based hearing with the immigration court at least fifteen days before the hearing date provided above.

For information about your case, please call **1-800-898-7180** (toll-free) or **304-625-2050.**

**The Certificate of Service on this document allows the immigration court to record delivery of this notice to you and to the Department of Homeland Security.**

_____
                         CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:MAIL[M]   PERSONAL SERVICE[P]   ELECTRONIC SERVICE[E]
TO:   [ M ] Noncitizen | [   ] Noncitizen c/o Custodial Officer |
      [   ] Noncitizen ATT/REP | [E] DHS
DATE: _10/17/2023_ BY:   COURT STAFF  _MRAMOS_
Attachments:[ ] EOIR-33 [ ] Appeal Packet [ ] Legal Services List [X] I-589

Use a smartphone's camera to scan the code on this page to read the notice online.

Usa la cámara de un teléfono inteligente para escanear el código de esta página y leer el aviso en línea.

Use a câmara do smartphone para digitalizar o código nesta página e ler o manual de instruções online.

使用智能手机摄像头扫描本页面的代码，即可在线阅读该通知。

ਨੋਟਿਸ ਨੂੰ ਔਨਲਾਈਨ ਪੜ੍ਹਨ ਲਈ ਇਸ ਪੰਨੇ 'ਤੇ ਕੋਡ ਨੂੰ ਸਕੈਨ ਕਰਨ ਲਈ ਸਮਾਰਟਫੋਨ ਦੇ ਕੈਮਰੇ ਦੀ ਵਰਤੋਂ ਕਰੋ।

অনলাইনে নোটিশ পড়ার জন্য এই পেজের কোডটি স্ক্যান করতে স্মার্টফোনের ক্যামেরা ব্যবহার করুন

सूचना अनलाइनमा पढ्न यस पृष्ठमा कोड स्क्यान गर्न स्मार्टफोनको क्यामेरा प्रयोग गर्नुहोस्।

Sèvi ak kamera yon telefòn entèlijan pou eskane kòd ki nan paj sa a pou li avi a sou entènèt.

استخدم كاميرا الهاتف الذكي لمسح الرمز الموجود في هذه الصفحة لقراءة الإشعار على الإنترنت

Чтобы прочитать уведомление онлайн, отсканируйте код на этой странице с помощью камеры вашего смартфона.

Utilisez l'appareil photo d'un téléphone intelligent pour scanner le code sur cette page afin de lire l'avis en ligne.

000250

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
LAS VEGAS IMMIGRATION COURT

LEAD FILE: 216-644-998
IN REMOVAL PROCEEDINGS
DATE: Oct 13, 2023

TO:
    MARTINEZ-HERNANDEZ, DANIEL SOLOMAN
    IN ICE CUSTUDY PAHRUMP
    2190 E. MESQUITE AVE
    PAHRUMP, NV 89060

RE: 216-644-998 MARTINEZ-HERNANDEZ, DANIEL SOLOMAN

### Notice of In-Person Hearing

Your case has been scheduled for a MASTER hearing before the immigration
court on:

Date:          Oct 17, 2023
Time:          08:30 A.M.
Court Address: 110 N. CITY PARKWAY, STE. 400, LAS VEGAS, NV 89106

**Representation:** You may be represented in these proceedings, at no
expense to the Government, by an attorney or other representative
of your choice who is authorized and qualified to represent persons
before an immigration court. If you are represented, your attorney
or representative must also appear at your hearing and be ready
to proceed with your case.  Enclosed and online at
https://www.justice.gov/eoir/list-pro-bono-legal-service-providers
is a list of free legal service providers who may be able to assist you.

**Failure to Appear:** If you fail to appear at your hearing and the
Department of Homeland Security establishes by clear, unequivocal, and
convincing evidence that written notice of your hearing was provided and
that you are removable, you will be ordered removed from the United
States. Exceptions to these rules are only for exceptional circumstances.

**Change of Address:** The court will send all correspondence, including
hearing notices, to you based on the most recent contact information
you have provided, and your immigration proceedings can go forward in
your absence if you do not appear before the court.  If your contact
information is missing or is incorrect on the Notice to Appear, you must
provide the immigration court with your updated contact information within
five days of receipt of that notice so you do not miss important information.
Each time your address, telephone number, or email address changes,
you must inform the immigration court within five days.  To update your contact
information with the immigration court, you must complete a Form EOIR-33
either online at https://respondentaccess.eoir.justice.gov/en/ or by
completing the enclosed paper form and mailing it to the immigration
court listed above.

000251

**Internet-Based Hearings:** If you are scheduled to have an internet-based hearing, you will appear by video or telephone. If you prefer to appear in person at the immigration court named above, you must file a motion for an in-person hearing with the immigration court at least fifteen days before the hearing date provided above. Additional information about internet-based hearings for each immigration court is available on EOIR's website at https://www.justice.gov/eoir/eoir-immigration-court-listing.

**In-Person Hearings:** If you are scheduled to have an in-person hearing, you will appear in person at the immigration court named above. If you prefer to appear remotely, you must file a motion for an internet-based hearing with the immigration court at least fifteen days before the hearing date provided above.

For information about your case, please call **1-800-898-7180** (toll-free) or **304-625-2050.**

**The Certificate of Service on this document allows the immigration court to record delivery of this notice to you and to the Department of Homeland Security.**

_____
CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:MAIL[M]  PERSONAL SERVICE[P]  ELECTRONIC SERVICE[E]
TO:  [  ] Noncitizen | [ m ] Noncitizen c/o Custodial Officer |
     [  ] Noncitizen ATT/REP | [ e ] DHS
DATE: 10/13/2023 BY:  COURT STAFF r.soto
Attachments:[ ] EOIR-33 [ ] Appeal Packet [ ] Legal Services List [ ] Other  NH

Use a smartphone's camera to scan the code on this page to read the notice online.

Usa la cámara de un teléfono inteligente para escanear el código de esta página y leer el aviso en línea.



Use a câmara do smartphone para digitalizar o código nesta página e ler o manual de instruções online.

使用智能手机摄像头扫描本页面的代码，即可在线阅读该通知。

ਨੋਟਿਸ ਨੂੰ ਔਨਲਾਈਨ ਪੜ੍ਹਨ ਲਈ ਇਸ ਪੰਨੇ 'ਤੇ ਕੋਡ ਨੂੰ ਸਕੈਨ ਕਰਨ ਲਈ ਸਮਾਰਟਫ਼ੋਨ ਦੇ ਕੈਮਰੇ ਦੀ ਵਰਤੋਂ ਕਰੋ।

অনলাইনে নোটিশ পড়ার জন্য এই পেজের কোডটি স্ক্যান করতে স্মার্টফোনের ক্যামেরা ব্যবহার করুন

सूचना अनलाइनमा पढ्न यस पृष्ठमा कोड स्क्यान गर्न स्मार्टफोनको क्यामेरा प्रयोग गर्नुहोस्।

Sèvi ak kamera yon telefòn entèlijan pou eskane kòd ki nan paj sa a pou li avi a sou entènèt.

استخدم كاميرا الهاتف الذكي لمسح الرمز الموجود في هذه الصفحة لقراءة الإشعار على الإنترنت

Чтобы прочитать уведомление онлайн, отсканируйте код на этой странице с помощью камеры вашего смартфона.

Utilisez l'appareil photo d'un téléphone intelligent pour scanner le code sur cette page afin de lire l'avis en ligne.

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
LAS VEGAS IMMIGRATION COURT

LEAD FILE: 216-644-998
IN REMOVAL PROCEEDINGS
DATE: Oct 3, 2023

TO:

    MARTINEZ-HERNANDEZ, DANIEL SOLOMAN
    IN ICE CUSTUDY PAHRUMP
    2190 E. MESQUITE AVE
    PAHRUMP, NV  89060

RE: 216-644-998 MARTINEZ-HERNANDEZ, DANIEL SOLOMAN

**Notice of In-Person Hearing**

Your case has been scheduled for a MASTER hearing before the immigration
court on:

Date:          Oct 13, 2023
Time:          08:30 A.M.
Court Address: 110 N. CITY PARKWAY, STE. 400, LAS VEGAS, NV 89106

**Representation:** You may be represented in these proceedings, at no
expense to the Government, by an attorney or other representative
of your choice who is authorized and qualified to represent persons
before an immigration court. If you are represented, your attorney
or representative must also appear at your hearing and be ready
to proceed with your case.  Enclosed and online at
https://www.justice.gov/eoir/list-pro-bono-legal-service-providers
is a list of free legal service providers who may be able to assist you.

**Failure to Appear:** If you fail to appear at your hearing and the
Department of Homeland Security establishes by clear, unequivocal, and
convincing evidence that written notice of your hearing was provided and
that you are removable, you will be ordered removed from the United
States. Exceptions to these rules are only for exceptional circumstances.

**Change of Address:** The court will send all correspondence, including
hearing notices, to you based on the most recent contact information
you have provided, and your immigration proceedings can go forward in
your absence if you do not appear before the court.  If your contact
information is missing or is incorrect on the Notice to Appear, you must
provide the immigration court with your updated contact information within
five days of receipt of that notice so you do not miss important information.
Each time your address, telephone number, or email address changes,
you must inform the immigration court within five days.  To update your contact
information with the immigration court, you must complete a Form EOIR-33
either online at https://respondentaccess.eoir.justice.gov/en/ or by
completing the enclosed paper form and mailing it to the immigration
court listed above.

**Internet-Based Hearings:** If you are scheduled to have an internet-based hearing, you will appear by video or telephone. If you prefer to appear in person at the immigration court named above, you must file a motion for an in-person hearing with the immigration court at least fifteen days before the hearing date provided above. Additional information about internet-based hearings for each immigration court is available on EOIR's website at https://www.justice.gov/eoir/eoir-immigration-court-listing.

**In-Person Hearings:** If you are scheduled to have an in-person hearing, you will appear in person at the immigration court named above. If you prefer to appear remotely, you must file a motion for an internet-based hearing with the immigration court at least fifteen days before the hearing date provided above.

For information about your case, please call **1-800-898-7180** (toll-free) or **304-625-2050.**

**The Certificate of Service on this document allows the immigration court to record delivery of this notice to you and to the Department of Homeland Security.**

_____
                              CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:MAIL[M]   PERSONAL SERVICE[P]   ELECTRONIC SERVICE[E]
TO:  [M] Noncitizen | [   ] Noncitizen c/o Custodial Officer |
     [   ] Noncitizen ATT/REP | [ E] DHS
DATE: 10/03/2023 BY:  COURT STAFF  MRAMOS
Attachments:[ ] EOIR-33 [ ] Appeal Packet [ ] Legal Services List [ ] Other  NH

Use a smartphone's camera to scan the code on this page to read the notice online.

Usa la cámara de un teléfono inteligente para escanear el código de esta página y leer el aviso en línea.

Use a câmara do smartphone para digitalizar o código nesta página e ler o manual de instruções online.

使用智能手机摄像头扫描本页面的代码，即可在线阅读该通知。

ਨੋਟਿਸ ਨੂੰ ਔਨਲਾਈਨ ਪੜ੍ਹਨ ਲਈ ਇਸ ਪੰਨੇ 'ਤੇ ਕੋਡ ਨੂੰ ਸਕੈਨ ਕਰਨ ਲਈ ਸਮਾਰਟਫੋਨ ਦੇ ਕੈਮਰੇ ਦੀ ਵਰਤੋਂ ਕਰੋ।

অনলাইনে নোটিশ পড়ার জন্য এই পেজের কোডটি স্ক্যান করতে স্মার্টফোনের ক্যামেরা ব্যবহার করুন

सूचना अनलाइनमा पढ्न यस पृष्ठमा कोड स्क्यान गर्न स्मार्टफोनको क्यामेरा प्रयोग गर्नुहोस्।

Sèvi ak kamera yon telefòn entèlijan pou eskane kòd ki nan paj sa a pou li avi a sou entènèt.

استخدم كاميرا الهاتف الذكي لمسح الرمز الموجود في هذه الصفحة لقراءة الإشعار على الإنترنت

Чтобы прочитать уведомление онлайн, отсканируйте код на этой странице с помощью камеры вашего смартфона.

Utilisez l'appareil photo d'un téléphone intelligent pour scanner le code sur cette page afin de lire l'avis en ligne.

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
LAS VEGAS IMMIGRATION COURT

LEAD FILE: 216-644-998
IN REMOVAL PROCEEDINGS
DATE: Sep 19, 2023

TO:

     MARTINEZ-HERNANDEZ, DANIEL SOLOMAN
     IN ICE CUSTUDY PAHRUMP
     2190 E. MESQUITE AVE
     PAHRUMP, NV  89060


RE: 216-644-998 MARTINEZ-HERNANDEZ, DANIEL SOLOMAN

### Notice of In-Person Hearing

Your case has been scheduled for a MASTER hearing before the immigration
court on:



Date:          Oct 5, 2023
Time:          08:30 A.M.
Court Address: 110 N. CITY PARKWAY, STE. 400, LAS VEGAS, NV 89106

**Representation:** You may be represented in these proceedings, at no
expense to the Government, by an attorney or other representative
of your choice who is authorized and qualified to represent persons
before an immigration court. If you are represented, your attorney
or representative must also appear at your hearing and be ready
to proceed with your case.  Enclosed and online at
https://www.justice.gov/eoir/list-pro-bono-legal-service-providers
is a list of free legal service providers who may be able to assist you.

**Failure to Appear:** If you fail to appear at your hearing and the
Department of Homeland Security establishes by clear, unequivocal, and
convincing evidence that written notice of your hearing was provided and
that you are removable, you will be ordered removed from the United
States. Exceptions to these rules are only for exceptional circumstances.

**Change of Address:** The court will send all correspondence, including
hearing notices, to you based on the most recent contact information
you have provided, and your immigration proceedings can go forward in
your absence if you do not appear before the court.  If your contact
information is missing or is incorrect on the Notice to Appear, you must
provide the immigration court with your updated contact information within
five days of receipt of that notice so you do not miss important information.
Each time your address, telephone number, or email address changes,
you must inform the immigration court within five days.  To update your contact
information with the immigration court, you must complete a Form EOIR-33
either online at https://respondentaccess.eoir.justice.gov/en/ or by
completing the enclosed paper form and mailing it to the immigration
court listed above.

**Internet-Based Hearings:** If you are scheduled to have an internet-based hearing, you will appear by video or telephone. If you prefer to appear in person at the immigration court named above, you must file a motion for an in-person hearing with the immigration court at least fifteen days before the hearing date provided above. Additional information about internet-based hearings for each immigration court is available on EOIR's website at https://www.justice.gov/eoir/eoir-immigration-court-listing.

**In-Person Hearings:** If you are scheduled to have an in-person hearing, you will appear in person at the immigration court named above. If you prefer to appear remotely, you must file a motion for an internet-based hearing with the immigration court at least fifteen days before the hearing date provided above.

For information about your case, please call **1-800-898-7180** (toll-free) or **304-625-2050.**

**The Certificate of Service on this document allows the immigration court to record delivery of this notice to you and to the Department of Homeland Security.**

_____
                         CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:MAIL[M]  PERSONAL SERVICE[P]  ELECTRONIC SERVICE[E]
TO:  [ M] Noncitizen | [   ] Noncitizen c/o Custodial Officer |
     [   ] Noncitizen ATT/REP | [ E ] DHS
DATE: 09/192023   BY:  COURT STAFF  MRAMOS
Attachments:[ ] EOIR-33 [ ] Appeal Packet [ ] Legal Services List [ ] Other  NH

Use a smartphone's camera to scan the code on this page to read the notice online.

Usa la cámara de un teléfono inteligente para escanear el código de esta página y leer el aviso en línea.

Use a câmera do smartphone para digitalizar o código nesta página e ler o manual de instruções online.

使用智能手机摄像头扫描本页面的代码，即可在线阅读该通知。

ਨੋਟਿਸ ਨੂੰ ਆਨਲਾਈਨ ਪੜ੍ਹਨ ਲਈ ਇਸ ਪੰਨੇ 'ਤੇ ਕੋਡ ਨੂੰ ਸਕੈਨ ਕਰਨ ਲਈ ਸਮਾਰਟਫੋਨ ਦੇ ਕੈਮਰੇ ਦੀ ਵਰਤੋਂ ਕਰੋ।

অনলাইনে নোটিশ পড়ার জন্য এই পেজের কোডটি স্ক্যান করতে স্মার্টফোনের ক্যামেরা ব্যবহার করুন।

सूचना अनलाइनमा पढ्न यस पृष्ठमा कोड स्क्यान गर्न स्मार्टफोनको क्यामेरा प्रयोग गर्नुहोस्।

Sèvi ak kamera yon telefòn entèlijan pou eskane kòd ki nan paj sa a pou li avi a sou entènèt.

استخدم كاميرا الهاتف الذكي لمسح الرمز الموجود في هذه الصفحة لقراءة الإشعار على الإنترنت

Чтобы прочитать уведомление онлайн, отсканируйте код на этой странице с помощью камеры вашего смартфона.

Utilisez l'appareil photo d'un téléphone intelligent pour scanner le code sur cette page afin de lire l'avis en ligne.

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## NOTICE TO EOIR: ALIEN ADDRESS

Event No: BOI2202000014

---

Date: February 12, 2022

To: Enter Name of BIA or Immigration Court I-830  LAS VEGAS, NEVADA

Enter BIA or Immigration Court Three Letter Code@usdoj.gov  LVG

From: Enter Name of ICE Office  LAS VEGAS, NV, DOCKET CONTROL OFFICE

Enter Street Address of ICE Office  501 S. LAS VEGAS BLVD.

Enter City, State and Zip Code of ICE Office  LAS VEGAS, NV 89101

Respondent:  Enter Respondent's Name  MARTINEZ-HERNANDEZ, DANIEL

Alien File No: Enter Respondent's Alien Number  216 644 998

---

This is to notify you that this respondent is:

☐ Currently incarcerated by federal, state or local authorities. A charging document has been served on the respondent and an Immigration Detainer-Notice of Action by the ICE (Form I-247) has been filed with the institution shown below. He/she is incarcerated at:

Enter Name of Institution where Respondent is being detained _____

Enter Street Address of Institution where Respondent is being detained _____

Enter City, State and Zip code of Institution where Respondent is being detained _____

**Enter Respondent's Inmate Number** _____

His/her anticipated release date is Enter Respondent's Anticipated Release Date. _____

☒ Detained by ICE on **Enter Date Respondent was Detained by ICE** at:  August 24, 2023

Enter Name of ICE Detention Facility where Respondent is being detained  NEVADA SOUTHERN DETENTION

Enter Street Address of ICE Detention Facility where Respondent is being detained _____
2190 E. MESQUITE AVENUE

Enter City, State and Zip Code of ICE Detention Facility where Respondent is being detained
PAHRUMP, NV, 89060

☐ Detained by ICE and transferred on **Enter Date Respondent was transferred** to: _____
Enter Name of ICE Detention Facility where Respondent has been transferred _____

Enter Street Address of ICE Detention Facility where Respondent has been transferred _____

Enter City, State and Zip Code of ICE Detention Facility where Respondent has been transferred _____

☐ Released from ICE custody on the following condition(s):
 ☐ Order of Supervision or Own Recognizance (Form I-220A)
 ☐ Bond in the amount of Enter Dollar Amount of Respondent's Bond
 ☐ Removed, Deported, or Excluded
 ☐ Other _____

---

Upon release from ICE custody, the respondent reported his/her address and telephone number would be:
Enter Respondent's Street Address _____

Enter Respondent's City, State and Zip Code _____

Enter Respondent's Telephone Number (including area code) _____

☐ I hereby certify that the respondent was provided an EOIR-33 Form and notified that they must inform the Immigration Court of any further change of address.

KENNETH GLENN F MEDINA
Digitally signed by KENNETH GLENN F MEDINA
Date: 2023.09.12 11:42:10 -07'00'

ICE Official: Enter Your First, Last Name and Title  Deportation Officer K 7407 MEDINA

---

EOIR - 1 of 1

ICE Form I-830E (9/09)

Page 1 of 1

000257

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
LAS VEGAS IMMIGRATION COURT

LEAD FILE: 216-644-998
IN REMOVAL PROCEEDINGS
DATE: Sep 12, 2023

TO:
    MARTINEZ-HERNANDEZ, DANIEL SOLOMAN
    IN ICE CUSTUDY PAHRUMP
    2190 E. MESQUITE AVE
    PAHRUMP, NV  89060


RE: 216-644-998 MARTINEZ-HERNANDEZ, DANIEL SOLOMAN

### Notice of In-Person Hearing

Your case has been scheduled for a MASTER hearing before the immigration
court on:



Date:          Sep 19, 2023
Time:          08:00 A.M.
Court Address: 110 N. CITY PARKWAY, STE. 400, LAS VEGAS, NV 89106

**Representation:** You may be represented in these proceedings, at no
expense to the Government, by an attorney or other representative
of your choice who is authorized and qualified to represent persons
before an immigration court. If you are represented, your attorney
or representative must also appear at your hearing and be ready
to proceed with your case.  Enclosed and online at
https://www.justice.gov/eoir/list-pro-bono-legal-service-providers
is a list of free legal service providers who may be able to assist you.

**Failure to Appear:** If you fail to appear at your hearing and the
Department of Homeland Security establishes by clear, unequivocal, and
convincing evidence that written notice of your hearing was provided and
that you are removable, you will be ordered removed from the United
States. Exceptions to these rules are only for exceptional circumstances.

**Change of Address:** The court will send all correspondence, including
hearing notices, to you based on the most recent contact information
you have provided, and your immigration proceedings can go forward in
your absence if you do not appear before the court.  If your contact
information is missing or is incorrect on the Notice to Appear, you must
provide the immigration court with your updated contact information within
five days of receipt of that notice so you do not miss important information.
Each time your address, telephone number, or email address changes,
you must inform the immigration court within five days.  To update your contact
information with the immigration court, you must complete a Form EOIR-33
either online at https://respondentaccess.eoir.justice.gov/en/ or by
completing the enclosed paper form and mailing it to the immigration
court listed above.

000258

**Internet-Based Hearings:** If you are scheduled to have an internet-based hearing, you will appear by video or telephone. If you prefer to appear in person at the immigration court named above, you must file a motion for an in-person hearing with the immigration court at least fifteen days before the hearing date provided above. Additional information about internet-based hearings for each immigration court is available on EOIR's website at https://www.justice.gov/eoir/eoir-immigration-court-listing.

**In-Person Hearings:** If you are scheduled to have an in-person hearing, you will appear in person at the immigration court named above. If you prefer to appear remotely, you must file a motion for an internet-based hearing with the immigration court at least fifteen days before the hearing date provided above.

For information about your case, please call **1-800-898-7180** (toll-free) or **304-625-2050.**

**The Certificate of Service on this document allows the immigration court to record delivery of this notice to you and to the Department of Homeland Security.**

---

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:MAIL[M]  PERSONAL SERVICE[P]  ELECTRONIC SERVICE[E]
TO:  [   ] Noncitizen | [ M ] Noncitizen c/o Custodial Officer |
     [   ] Noncitizen ATT/REP | [ P ] DHS
DATE: 9/12/23  BY:  COURT STAFF SC
Attachments:[ ] EOIR-33 [ ] Appeal Packet [ ] Legal Services List [ ] Other  NH

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
LAS VEGAS IMMIGRATION COURT

LEAD FILE: 216-644-998
IN REMOVAL PROCEEDINGS
DATE: Aug 29, 2023

TO:

     MARTINEZ-HERNANDEZ, DANIEL SOLOMAN
     NYE COUNTY DETENTION CENTER
     1521 S SIRI LANE
     PAHRUMP, NV  89060


RE: 216-644-998 MARTINEZ-HERNANDEZ, DANIEL SOLOMAN

### Notice of In-Person Hearing

Your case has been scheduled for a MASTER hearing before the immigration
court on:



Date:          Sep 11, 2023
Time:          08:00 A.M.
Court Address: 110 N. CITY PARKWAY, STE. 400, LAS VEGAS, NV 89106

**Representation:** You may be represented in these proceedings, at no
expense to the Government, by an attorney or other representative
of your choice who is authorized and qualified to represent persons
before an immigration court. If you are represented, your attorney
or representative must also appear at your hearing and be ready
to proceed with your case.  Enclosed and online at
https://www.justice.gov/eoir/list-pro-bono-legal-service-providers
is a list of free legal service providers who may be able to assist you.

**Failure to Appear:** If you fail to appear at your hearing and the
Department of Homeland Security establishes by clear, unequivocal, and
convincing evidence that written notice of your hearing was provided and
that you are removable, you will be ordered removed from the United
States. Exceptions to these rules are only for exceptional circumstances.

**Change of Address:** The court will send all correspondence, including
hearing notices, to you based on the most recent contact information
you have provided, and your immigration proceedings can go forward in
your absence if you do not appear before the court.  If your contact
information is missing or is incorrect on the Notice to Appear, you must
provide the immigration court with your updated contact information within
five days of receipt of that notice so you do not miss important information.
Each time your address, telephone number, or email address changes,
you must inform the immigration court within five days.  To update your contact
information with the immigration court, you must complete a Form EOIR-33
either online at https://respondentaccess.eoir.justice.gov/en/ or by
completing the enclosed paper form and mailing it to the immigration
court listed above.

000260

**Internet-Based Hearings:** If you are scheduled to have an internet-based hearing, you will appear by video or telephone. If you prefer to appear in person at the immigration court named above, you must file a motion for an in-person hearing with the immigration court at least fifteen days before the hearing date provided above. Additional information about internet-based hearings for each immigration court is available on EOIR's website at https://www.justice.gov/eoir/eoir-immigration-court-listing.

**In-Person Hearings:** If you are scheduled to have an in-person hearing, you will appear in person at the immigration court named above. If you prefer to appear remotely, you must file a motion for an internet-based hearing with the immigration court at least fifteen days before the hearing date provided above.

For information about your case, please call **1-800-898-7180** (toll-free) or **304-625-2050.**

**The Certificate of Service on this document allows the immigration court to record delivery of this notice to you and to the Department of Homeland Security.**

_____
CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:MAIL[M]  PERSONAL SERVICE[P]  ELECTRONIC SERVICE[E]
TO:  [   ] Noncitizen | [   ] Noncitizen c/o Custodial Officer |
     [   ] Noncitizen ATT/REP | [   ] DHS
DATE:_08/29/23_BY:  COURT STAFF  _H. CHAN_
Attachments:[ ] EOIR-33 [ ] Appeal Packet [ ] Legal Services List [ ] Other  NH



Use a smartphone's camera to scan the code on this page to read the notice online.

Usa la cámara de un teléfono inteligente para escanear el código de esta página y leer el aviso en línea.

Use a câmera do smartphone para digitalizar o código nesta página e ler o manual de instruções online.

使用智能手机摄像头扫描本页面的代码，即可在线阅读该通知。

ਨੋਟਿਸ ਨੂੰ ਔਨਲਾਈਨ ਪੜ੍ਹਨ ਲਈ ਇਸ ਪੰਨੇ 'ਤੇ ਕੋਡ ਨੂੰ ਸਕੈਨ ਕਰਨ ਲਈ ਸਮਾਰਟਫ਼ੋਨ ਦੇ ਕੈਮਰੇ ਦੀ ਵਰਤੋਂ ਕਰੋ।

অনলাইনে নোটিশ পড়ার জন্য এই পেজের কোডটি স্ক্যান করতে স্মার্টফোনের ক্যামেরা ব্যবহার করুন

सूचना अनलाइनमा पढ़न यस पृष्ठमा कोड स्क्यान गर्न स्मार्टफोनको क्यामेरा प्रयोग गर्नुहोस्।

Sèvi ak kamera yon telefòn entèlijan pou eskane kòd ki nan paj sa a pou li avi a sou entènèt.

استخدم كاميرا الهاتف الذكي لمسح الرمز الموجود في هذه الصفحة لقراءة الإشعار على الإنترنت

Чтобы прочитать уведомление онлайн, отсканируйте код на этой странице с помощью камеры вашего смартфона.

Utilisez l'appareil photo d'un téléphone intelligent pour scanner le code sur cette page afin de lire l'avis en ligne.

Uploaded on: 08/29/2023 at 11:29:21 AM (Pacific Daylight Time)   Base City: LVG

Allegations: Admits All; | Charges: Sustains All;
Designated Country: GUATEMALA |

DEPARTMENT OF HOMELAND SECURITY
## NOTICE TO APPEAR

DOB: 06/20/1968

Event No: BOI2202000014

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

Subject ID: 375599559          FINS: 1317360131          File No: 216 644 998

In the Matter of:

Respondent: DANIEL SOLOMAN MARTINEZ-HERNANDEZ _____ currently residing at:

IN DHS ICE CUSTODY: 1521 S. Siri Lane Pahrump,NEVADA, 89060          (208) 813-2101

(Number, street, city, state and ZIP code)          (Area code and phone number)

☐ You are an arriving alien.

☒ You are an alien present in the United States who has not been admitted or paroled.

☐ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;

2. You are a native of GUATEMALA and a citizen of GUATEMALA;

3. You entered the United States at an unknown location , on an unknown date;

4. You were not then admitted or paroled after inspection by an Immigration Officer.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to:          ☐ 8CFR 208.30          ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

110 N CITY PKWY STE 400 LAS VEGAS NV 89106. LAS VEGAS, NEVADA
*(Complete Address of Immigration Court, including Room Number, if any)*

on September 11, 2023 at     8:00 AM     to show why you should not be removed from the United States based on the
   (Date)          (Time)

charge(s) set forth above.          R7943 ROMAN - SDDO
*(Signature and Title of Issuing Officer)*

Date:   August 18, 2023          Boise , ID
*(City and State)*

Exh. 1 - Adm.     DHS Form I-862 (6/22)          Page 1 of 3

Allegations: Admits All; | Charges: Sustains All; | **Notice to Respondent**
Designated Country: GUATEMALA |
**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at **www.uscis.gov/i-589**. Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at **http://www.ice.gov/contact/ero**, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

**U.S. Citizenship Claims:** If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

<hr>

## Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before: _____

_____
*(Signature of Respondent)*

Date: _____

_____
*(Signature and Title of Immigration Officer)*

## Certificate of Service

This Notice To Appear was served on the respondent by me on  August 18, 2023  , in the following manner and in compliance with section 239(a)(1) of the Act.

☒ in person ☐ by certified mail, returned receipt # _____ requested ☐ by regular mail
☐ Attached is a credible fear worksheet.
☒ Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the  Spanish  language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____
*(Signature of Respondent if Personally Served)*

JENNIFER GRIFFIN - Deportation Officer
_____
*(Signature and Title of officer)*

EOIR - 2 of 3

DHS Form I-862 (6/22)
Exh. 1 - Adm.

Allegations: Admits All;  |  Charges: Sustains All;

Designated Country: GUATEMALA  |

**Privacy Act Statement**

**Authority:**
The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**
You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**
For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**
Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.

EOIR  —  3 of 3

DHS Form I-862 (6/22)
Exh. 1 - Adm.

000264