No. 24–2966



IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
SAN FRANCISCO, CALIFORNIA

DANIEL MARTINEZ-HERNANDEZ,
(A 216 – 644 – 998),

PETITIONER, *PRO SE*,

v.

MERRICK B. GARLAND,
U.S. ATTORNEY GENERAL,

RESPONDENT.

Lower Agency Case No. A 216 – 644 – 998

Custody Status: <u>DETAINED</u>

PETITIONER'S *PRO SE* MOTION FOR APPOINTMENT OF COUNSEL

No. 24-2966

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

DANIEL MARTINEZ-HERNANDEZ,
(A 216 – 644 – 998),

PETITIONER, *PRO SE*,

v.

MERRICK B. GARLAND,
U.S. ATTORNEY GENERAL,

RESPONDENT.

CUSTODY STATUS: **DETAINED**

PETITIONER'S *PRO SE* MOTION FOR APPOINTMENT OF COUNSEL

Petitioner, Mr. Daniel Martinez-Hernandez is without the benefit of the assistance of counsel and is compelled to appear *Pro Se*, and hereby respectfully submits this instant Motion for Appointment of Counsel.

INTRODUCTION

Petitioner is a native and citizen of Guatemala. Petitioner is physically detained under the full custody of the Department ("DHS/ICE") in the United States at Nevada Southern Detention Center in Pahrump, Nevada. Petitioner sought relief in the form of

cancellation of removal under § 240A(a) of the Immigration and Nationality Act ("INA"); asylum under Section 208 of the INA; withholding of removal under Section 241(b)(3) of the INA, as amended; deferral of removal pursuant to 8 C.F.R. Sections 208.17(a) and 1208.17(a); and protection of removal under Article 3 of the Convention Against Torture ("CAT").

On October 17th, 2023 the Immigration Judge ("IJ") held a merits hearing. At the merits hearing, the "IJ" denied all forms of relief and entered a final order of removal. Here, it must be considered that during the proceedings, Petitioner showed signs of incompetency. Soon after the denial of relief from the IJ's decision, Petitioner timely appealed to the BIA where it affirmed the IJ's decision and ordered Petitioner removed. Subsequently, Petitioner submitted a timely Petition for Review Under INA § 242 and moved for an emergency stay of removal pursuant to this Court's General Order § 6.4(c).

In connection with the Petition for Review and this motion for appointment of counsel, Petitioner submitted an Affidavit Motion to Proceed *In Forma Pauperis* ("Form-4") to this Ninth Circuit Court.

This is a case where Petitioner possesses a well-founded fear of irreparable harm, torture and death in a country where no care or treatment for individuals with mental health issues exists without an up-front payment. Thus, it clearly reveals that Petitioner is highly likely to suffer irreparable harm, torture and death if he does not receive adequate medical treatment. It is important to point out that Petitioner has mental health

complications and his life depends on having access to adequate, extensive treatment, and access to the best possible medical care to manage his mental health complications.

Thus, Petitioner remains indefinitely detained under the custody of "DHS/ICE" and has been confined for a period far longer than the law mandates. Under 8 U.S.C. § 1231(a)(1)-(2), once the alien has been ordered removed, the Attorney General must carry out the removal within a period of 90 Days, during which time the alien shall be detained. The post-removal-period provision of the same statute, 8 U.S.C. § 1231(a)(6), allows for certain aliens to be detained beyond the removal period, but the Supreme Court explicitly limited this detention period in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

In that case, the Court held that § 1231(a)(6) restricts an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal, and that it "does not permit indefinite detention." *Zadvydas*, 533 U.S. at 689. The Court found that a presumption exists that an alien may not be held longer than six months; the general rule is that an alien may no longer be confined when there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. In *Clark v. Martinez*, the Supreme Court extended this holding to inadmissible aliens. 125 S. Ct. 716, 722 (2005). However, it is clear to say that the question as to whether Petitioner's detention is in violation of the laws of the United States is one for a federal habeas court to hear. 28 U.S.C. § 2241.

Given that Petitioner timely filed a Petition for Review and Motion for

Emergency Stay of Removal, Petitioner respectfully moves for appointment of counsel as it would benefit this Court's review and serve in the interests of justice. In addition, the affidavit accompanying Petitioner's request to proceed *in forma pauperis* demonstrates that Petitioner cannot afford to hire counsel. Thus, Petitioner respectfully requests for this Court to exercise favorable power and grant this motion and appoint counsel to assist Petitioner with this present case.

Mr. Daniel Martinez-Hernandez[1] is a lay person without any special education in law or immigration proceedings and does not understand the legal process. Even more, Petitioner lacks English proficiency and showed symptoms of mental defects. In this particular case, the agencies failed to conduct a sufficient inquiry into Petitioner's mental health because there was an indicia of incompetency, and Petitioner did not have the safeguard of counsel. As such, the agencies[2] should have conducted a competency hearing to ensure his Due Process rights were protected. Interestingly, where there are "indicia of incompetency," the agencies were required to properly investigate whether the Petitioner is competent for the purposes of immigration proceedings. *Matter of M-A-M-*, 25 I. & N. Dec. 474, 479-80 (BIA 2011). This same reasoning holds true for the Board ("BIA"). Relatedly, the agencies failed to address, much less investigate, Petitioner's mental incompetency for record development. At the very minimum, the agencies should have held a competency hearing to cover all bases, including due

---

1 Mr. Daniel Martinez-Hernandez is also referred to as the Petitioner.
2 Agencies is referred to as the IJ and the BIA.

process protection. The standard for mental incompetency "is a stringent one," under which "a person must show some inability to comprehend or to assist and participate in the proceedings, some inability to consult with or assist their counsel or their representative if *pro se*, and lack of a reasonable opportunity to present evidence and examine witnesses, including cross-examination of opposing witnesses." *Salgado*, 889 F.3d at 989; *Matter of M-A-M-*, 25 I. & N. Dec. at 474. By correctly applying this legal framework, the agencies were to hold a competency hearing.

The agencies should have conducted a competency inquiry, order a forensic evaluation to assess competency, and ultimately determine whether Petitioner is incompetent to represent himself, and whether a lawyer should be appointed to represent him. *Franco-Gonzalez v. Holder*, No. CV-10-0221 DMG (DTBx), 2014 U.S. Dist. LEXIS 156812, 2014 WL 5475097, at *1, 7-9 (C.D. Cal. Oct. 29, 2014) (requiring these procedures for class members, who are detainees "who have serious mental disorders or defects that may render them incompetent to represent themselves in immigration proceedings, and who presently lack counsel in their immigration proceedings"). Based on the record (audio recordings), Petitioner qualified to the receive the benefits as a *Franco-Gonzales* class member.

The agencies should have properly considered Petitioner's cognitive impairment on the ground that it may violate § 504 of the Rehabilitation Act, 29 U.S.C. § 794. Here Petitioner establishes a § 504 claim, in part because he was not appointed counsel, and

the agencies, in any event, erroneously failed to properly consider his mental impairments, disorders or defects for record development and due process protection, *inter alia*. The audio recordings reflect that Petitioner strongly showed mental defects, delays, confusions and responded with off-topic answers to the questions asked that would clearly render him incompetent.

Under § 504 of the Rehabilitation Act, "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency. . . ." 29 U.S.C. § 794(a). In this present case, the agencies failed to inquire Petitioner's mental impairments and failed to find whether Petitioner is an affirmative member of the *Franco-Gonzalez* class action.

The elements of a § 504 claim are as follows: the Petitioner must show that "(1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance." *L. H. v. Mill Valley Sch. Dist.*, No. 15-CV-05751-HSG, 2016 U.S. Dist. LEXIS 74191, 2016 WL 3162174, at *3 (N.D. Cal. June 7, 2016) (cleaned up). "An organization that receives federal funds violates Section 504 if it denies a qualified individual with a disability a reasonable accommodation that the individual needs in order to enjoy meaningful access to the benefits of public

services." *Franco-Gonzales v. Holder*, 767 F. Supp. 2d 1034, 1051 (C.D. Cal. 2010) (citing 28 C.F.R. § 35.130(b)(7)). This follows that either the IJ and/or BIA abused their discretion, *inter alia*, in denying relief.

Here, Petitioner does establish the third element of a § 504 claim: he was denied the opportunity to determine whether he qualifies for the benefits of the program solely by reason of his disability. Petitioner establishes this element because he had not been appointed an attorney and credibly testified that he cannot read or write, that he never went to school and that he suffered several violent blows to the head which may have furthered his serious mental disorders or defects that may render him incompetent to represent himself in immigration proceedings, and who presently lacked counsel in his immigration proceedings. *See Franco-Gonzalez v. Holder*, No. CV-10-0221 DMG (DTBx), 2014 U.S. Dist. LEXIS 156812, 2014 WL 5475097, at *1, 7-9 (C.D. Cal. Oct. 29, 2014). Petitioner was to be accorded additional accommodations, as required by law, at his merits hearing due to his mental impairments, disorders and defects. As such, this Court should appoint counsel for Petitioner as to afford him a fair judicial review. In addition, it would benefit this Court's review.

Interestingly, without the assistance of counsel, Petitioner would not be able to present important facts, expert witness, expert testimony, worsening political and country conditions, direct evidence, corroborative evidence, supporting documents or any compelling mitigating factors. This is a case where Petitioner intends to present pure

questions of law, interpretation of law, factual and legal issues, application of law to fact and serious innovative constitutional interpretations. But without the benefit of assistance of counsel, Petitioner would not be able to present or raise these issues.

This reveals that Petitioner would not be able to effectively challenge Respondent's position nor present all the favorable factors that would change the outcome of the case. Thus, it would cause Petitioner to suffer prejudice, and given that Petitioner would prevail on the merits, it would be a disadvantage to Petitioner and the judicial review would be unfair and unjust. Under these aggravating factors, Petitioner merits a grant of this motion and this Court should appoint counsel in this present case.

Interestingly, if an evidentiary hearing or motions hearing is held, Petitioner would need the assistance of counsel. Given the complexity of this case, an evidentiary or motions hearing is likely and thus, this Court should appoint counsel for Petitioner as it would benefit this Court's review and serve in the interest of justice and fairness. Under the fact that Petitioner has a high likelihood of success on the merits, this Court should appoint counsel.

While the temporary stay of removal remains in place until issuance of the mandate, this Ninth Circuit Court, in its discretion, should grant this instant motion for appointment of pro bono counsel. As noted, Petitioner timely petitioned for review of the agency's decision and in connection with the petition, Petitioner respectfully moves to proceed *in forma pauperis* and for appointment of counsel.

1.  **PETITIONER MERITS APPOINTMENT OF COUNSEL**

Assuming that a Petitioner has shown financial need, a district court may appoint counsel in a habeas proceeding under 28 U.S.C. § 2241 when the "interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In this case, the interest of justice is so required as the appointment of counsel would significantly minimize the risk of irreparable harm to Petitioner. Courts have often examined three elements in determining whether appointment of counsel is necessary: (1) the likelihood of success on the merits; (2) the complexity of the legal issues involved in the case; and (3) the ability of the Petitioner to present the case in light of its complexity. *See, e.g., Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); *Saldina v. Thornburgh*, 755 F. Supp. 507, 511 (D. Conn. 1991).

With respects to the Stay, Petitioner's removal in the foreseeable future is unlikely because Petitioner possesses a well-founded fear of torture and death as it is based on material changed circumstances, coupled with the worsening political and country conditions of Guatemala. Petitioner is prepared to pursue relief to the very end. Under the Supreme Court's decision in *Zadvydas*, Petitioner's continued detention is presumptively unreasonable as it reaches six months. Petitioner has a strong case because Petitioner has a high likelihood of success on the merits.

Moreover, Petitioner would encounter great difficulty in presenting the case alone. The House Report on the predecessor to § 3006A(a)(2)(B) recognized that habeas corpus proceedings often present "serious and complex issues of the law and fact" that

would necessitate the assistance of counsel. H.R. Rep. No. 1546, 91st Cong. 2d Sess. (1970), *reprinted in* 1970 U.S.C.C.A.N. 3982, 3993. In addition, the congressional report on § 3006A(2)(B) stated that a court *should* appoint counsel when "necessary to insure a fair hearing." *Id.* The complexity of this case poses an especially great obstacle for Petitioner and therefore the appointment of counsel would insure a fair judicial review and would preserve the record.

As noted, Petitioner is a lay person without special education in law. The issues presented in Petitioner's case are complex and Petitioner's fundamental right to freedom is at stake. It would be very difficult for Petitioner to respond to any defenses raised by the Respondent without the assistance of counsel.

Again, Petitioner has no knowledge of the American legal system and cannot understand the serious issues in this case. Considering that the immigration laws and the issues involved here are complex, Petitioner is unable to effectively or adequately represent himself. Given these complicated issues and laws involved in this case, coupled with Petitioner's inability to adequately represent the case at bar, as well as Petitioner's likelihood of success on the merits, Petitioner warrants appointment of counsel. Thus, Petitioner respectfully requests for this Honorable Court to exercise favorable authority in granting this motion and appoint counsel.

2. **APPOINTMENT OF COUNSEL IS NECESSARY BECAUSE DISCOVERY AND A REQUEST FOR STAY IS IMPERATIVE**

The rules governing habeas proceedings require the appointment of counsel in

certain circumstances. Under Rule 6(a), 28 U.S.C. foll. § 2254, a Judge must appoint counsel for Petitioner if it is "necessary for effective utilization of discovery procedures." In this particular case, the Respondent has information and documents relevant to Petitioner's case and without the assistance of counsel, Petitioner will not be able to effectively pursue relief, or discovery and, as a result, will not adequately present his claims. In weighing out these relevant factors, Petitioner will not have a fair and just opportunity for judicial review.

Again, given Petitioner's lack of familiarity with the legal procedures involved in requesting and obtaining discovery, and that Petitioner does not understand the complex legal issues regarding his case, particularly where there is a high likelihood of success on the merits, the aid of an attorney would be especially important in this case. Even if Petitioner were to obtain documents in discovery, without the assistance of counsel, he would not be capable of analyzing them to determine his likelihood of success. This particular case presents serious and complex issues of the law and facts that would clearly necessitate the assistance of counsel and to preserve a fair judicial review. Under these significant facts, Petitioner respectfully moves for appointment of counsel.

3. **AN EVIDENTIARY HEARING OR MOTIONS HEARING MAY BE NECESSARY**

Under Rule 8(c), 28 U.S.C. foll. § 2254, the court is required to appoint counsel in a habeas proceeding if an evidentiary hearing is needed. Here, Petitioner cordially asks this Court to appoint counsel in the event that an evidentiary hearing or motions hearing

is held. Notably, Petitioner's stay motion may be opposed by the Respondent and therefore, a motions hearing will most likely be necessary in this case. Regardless of any other issues, if an evidentiary or motions hearing is scheduled, the Court must appoint counsel for Petitioner. At the very least, the appointment of counsel would benefit this Court and serve in the interests of justice by ensuring a fair judicial review and preserving the full record.

Furthermore, in accordance with 8 C.F.R. § 240.6, an authorized officer (Judge) may grant a continuance "for good cause shown". In addition to the authority under 8 C.F.R. § 240.6, Petitioner's right to a continuance of removal proceedings must be measured against the Fifth Amendment's Due Process for a fair hearing. *Wong Yang Sung v. McGrath*, 339 U.S. 33 (1950). Pursuant to 8 U.S.C. § 1362, an alien in exclusion or deportation/removal proceedings has a right to counsel. Absent a counsel, Petitioner cannot adequately represent himself. Also, under 8 U.S.C. § 1362, an alien must have a full record preserved in order to prevent abuse. In this case, Petitioner must have a full record preserved. *Kwock Jan Fat v. White*, 25 U.S. 454 (1920). Proceedings at this time without the assistance of counsel would significantly risk violating Petitioner's rights to a fair trial. Under these significant factors, the Court should grant this present motion.

Here, the risk of error is heavily great because the Respondent is represented by trained and qualified attorneys while Petitioner is left unrepresented, suffers from mental issues and lacks English proficiency. *See Santosky v. Kramer*, 455 U.S. 745, 763 (1982)

(requiring clear and convincing evidence at parental termination proceedings because "numerous factors combine to magnify the risk of erroneous factfinding" including that "parents subject to termination proceedings are often poor, uneducated, or members of minority groups" and "[t]he State's attorney usually will be an expert on the issues contested"). This Court should appoint counsel as to comport with due process.

Because Petitioner is proceeding *pro se*, this Court should construe these submissions solicitously. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006). As such, Petitioner respectfully requests to grant this *pro se* motion for appointment of counsel for this judicial review. *See Jovel v. Holder*, 501 Fed. Appx. 708, 2012 U.S. App. LEXIS 26574 (9th Cir., Dec. 28, 2012).

## CONCLUSION

Based on these laws and facts, this Court should grant this motion and appoint counsel to effectively assist Petitioner with his petition for review and opening brief.

**Respectfully submitted on this 7th day of June, 2024.**

**Executed in Pahrump, Nevada.**

_____
Daniel Martinez-Hernandez
Alien No. 216 – 644 – 998
Nevada Southern Detention Center
2190 East Mesquite Avenue
Pahrump, NV 89060

# CERTIFICATE OF SERVICE

Petitioner: **DANIEL MARTINEZ-HERNANDEZ**

9th Cir. Case No. **24 – 2966**

Lower Agency Case No. **A 216 – 644 – 998**

---

I, Daniel Martinez-Hernandez, certify that on the date indicated below, I served a true and complete copy of the foregoing documents to the Assistant Chief Counsel for the Department of Homeland Security, Immigration & Customs Enforcement ("DHS/ICE") for the Las Vegas, Nevada Local Office and the opposing party through the institutional legal mail system by placing it in a pre-paid, stamped envelope and mailing it to:

**Assistant Chief Counsel for DHS/ICE**
501 South Las Vegas Blvd.
Suite 200
Las Vegas, NV 89101

**U.S. Department of Justice,**
**Civil Division,**
**Office of Immigration Litigation**
P.O. Box 878, Ben Franklin Station
Washington, DC 20044

**Respectfully submitted on this 7th day of June, 2024.**

_Dm //_
Daniel Martinez-Hernandez
Alien No. 216 – 644 – 998
Nevada Southern Detention Center
2190 East Mesquite Avenue
Pahrump, NV 89060